E-FILED
Wednesday, 25 March, 2009  08:37:39 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

UNITED STATES OF AMERICA and the
STATES OF CALIFORNIA, ILLINOIS,
NORTH CAROLINA, and OHIO,

     Plaintiffs,

     v.

DISH NETWORK L.L.C.,

      Defendant.

Case No.:

## COMPLAINT

Plaintiff, the United States of America, acting upon notification and authorization to the

Attorney General by the Federal Trade Commission ("FTC" or "Commission"), pursuant to

Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), and

Plaintiffs the States of California, Illinois, North Carolina, and Ohio (collectively the "State

Plaintiffs"), pursuant to statutes as set forth below, for their complaint allege:

### JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,

1337(a), 1345, and 1355; 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a) and 57b; and 47 U.S.C.

§ 227(f)(2); and over the state law claims pursuant to 28 U.S.C. § 1367.  This action

arises under 15 U.S.C. § 45(a) and 47 U.S.C. § 227(f)(2).

2.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), 1395(a), 15 U.S.C.

§§ 53(b) and 6103(e), and 47 U.S.C. § 227(f)(4).  A substantial part of the events or

omissions giving rise to the claims alleged in this Complaint occurred in this District.

3.      The State Plaintiffs notified the Federal Communications Commission of this civil action.

## FEDERAL PLAINTIFF

4.      Plaintiff, the United States of America, brings this action under Sections 5(a), 5(m)(1)(A),

13(b), 16(a) and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a) and

57b, and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act

(the "Telemarketing Act"), 15 U.S.C. § 6105, to obtain monetary civil penalties, a

permanent injunction, and other equitable relief from Defendant for violations of Section

5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule (the

"TSR" or "Rule"), 16 C.F.R. Part 310, as amended by 68 Fed. Reg. 4580, 4669 (January

29, 2003).

## STATE PLAINTIFFS

5.      Plaintiff, the People of the State of California, by and through its attorney, Edmund G.

Brown Jr., Attorney General of the State of California, is authorized by 47 U.S.C.

§ 227(f)(1) to file actions in federal district court to enjoin violations and enforce

compliance with the Telephone Consumer Protection Act ("TCPA") on behalf of

residents of the State of California and to obtain actual damages or damages of $500 for

each violation and up to treble that amount for each violation committed willfully or

knowingly.  Plaintiff, the People of the State of California, by and through Edmund G.

Brown Jr., Attorney General of the State of California, is authorized by California

Business & Professions Code Sections 17204 and 17593, and Sections 17206 and 17536, respectively, to obtain injunctive relief to halt acts of unfair competition and enforce compliance with California Business & Professions Code Sections 17200 and 17592 and for civil penalties of up to $2,500.00 for each violation of Sections 17200 and 17592.

6.  Plaintiff, The People of the State of Illinois, as *parens patriae*, by and through its Attorney General Lisa Madigan is authorized by 47 U.S.C. § 227(f)(1) to file actions in federal district court to enjoin violations of and enforce compliance with the TCPA on behalf of residents of the State of Illinois, and to obtain actual damages or damages of $500 for each violation, and up to treble that amount for each violation committed willfully or knowingly.  Plaintiff, The People of the State of Illinois, as *parens patriae*, by and through its Attorney General Lisa Madigan also is authorized by 815 ILCS 505/7 and 815 ILCS 305/30(d) to obtain injunctive and other relief to halt violations of and enforce compliance with 815 ILCS 505/1, *et seq*. and with 815 ILCS 305/1, *et seq*.

7.  Plaintiff State of North Carolina, by and through its Attorney General Roy Cooper, is authorized by 47 U.S.C. § 227(f)(1) to file actions in federal district court to enjoin violations, obtain injunctive relief, civil penalties, attorneys fees and other equitable relief, and to enforce compliance with the TCPA on behalf of residents of the State of North Carolina, and to obtain actual damages or damages of $500 for each violation, and up to treble that amount for each violation committed willfully or knowingly.  Plaintiff State of North Carolina, by and through its Attorney General, is also authorized by N.C. Gen. Stat. § 75-105 to bring enforcement actions to enjoin violations of and enforce compliance with the North Carolina Telephone Solicitations Act, N.C. Gen. Stat. §§ 75-

100 *et seq*. and to obtain civil penalties of up to $500 for the first violation of that Act, $1,000 for the second violation, $5,000 for the third and any other violations of the Act, and reasonable attorneys fees for willful violations.

8. Plaintiff, State of Ohio, by and through its Attorney General Richard Cordray, is authorized by 47 U.S.C. § 227(f)(1) to file actions in federal district court to enjoin violations of and enforce compliance with the TCPA on behalf of residents of the State of Ohio, and to obtain actual damages or damages of $500 for each violation, and up to treble that amount for each violation committed willfully and knowingly. Plaintiff State of Ohio, by and through its Attorney General Richard Cordray, is also authorized to obtain declaratory judgments, enjoin violations, and seek orders for consumer damages, civil penalties and other relief for violations of the Ohio Consumer Sales Practice Act, Ohio Revised Code 1345.01 *et seq.* and the Ohio Telephone Solicitation Sales Act, Ohio Revised Code Section 4719.01 *et seq*.

## DEFENDANT

9. DISH Network L.L.C. ("DISH Network") is a Colorado company with its principal place of business at 9601 S. Meridian Blvd., Englewood, Colorado 80112. DISH Network transacts business in the Central District of Illinois.

## THE TELEMARKETING SALES RULE
## AND THE NATIONAL DO NOT CALL REGISTRY

10. Congress directed the FTC to prescribe rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15 U.S.C. §§ 6101-6108, in 1994. On August 16, 1995, the FTC adopted the Telemarketing Sales Rule (the

4

"Original TSR"), 16 C.F.R. Part 310, which became effective on December 31, 1995. On January 29, 2003, the FTC amended the TSR by issuing a Statement of Basis and Purpose ("SBP") and the final amended TSR (the "Amended TSR"). 68 Fed. Reg. 4580, 4669.

11.    Among other things, the Amended TSR established a "do not call" registry, maintained by the Commission (the "National Do Not Call Registry" or "Registry"), of consumers who do not wish to receive certain types of telemarketing calls. Consumers can register their telephone numbers on the Registry without charge either through a toll-free telephone call or over the Internet at www.donotcall.gov.

12.    Consumers who receive telemarketing calls to their registered numbers can complain of Registry violations the same way they registered: through a toll-free telephone call or over the Internet, or by otherwise contacting law enforcement authorities.

13.    A "seller" is any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration. 16 C.F.R. § 310.2(z).

14.    A "telemarketer" is any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor. 16 C.F.R. § 310.2(bb).

15.    Since September 2, 2003, sellers, telemarketers, and other permitted organizations have been able to access the Registry over the Internet at telemarketing.donotcall.gov to download the registered numbers.

16.    Since October 17, 2003, sellers and telemarketers have been prohibited from calling a number on the Registry, and sellers are prohibited from causing a telemarketer do so in violation of the Amended TSR. 16 C.F.R. § 310.4(b)(1)(iii)(B).

17.    Since October 1, 2003, telemarketers have been prohibited from abandoning an outbound telephone call, and sellers are prohibited from causing a telemarketer to do so in violation of the Amended TSR.  16 C.F.R. § 310.4(b)(1)(iv).  An outbound telephone call is abandoned if a person answers it and the telemarketer does not connect the call to a sales representative within two (2) seconds of the person's completed greeting.  16 C.F.R. § 310.4(b)(1)(iv).

18.    The use of pre-recorded message telemarketing, where a sales pitch to a live consumer begins with or is made entirely by a pre-recorded message, violates the Amended TSR because the telemarketer is not connecting the call to a sales representative within two (2) seconds of the person's completed greeting.

19.    It is a violation of the Amended TSR for any person to provide substantial assistance or support to any telemarketer when that person knows or consciously avoids knowing that the telemarketer is engaged in any practice that violates § 310.4 of the Amended TSR.  16 C.F.R. § 310.3(b).

20.    Substantial assistance is more than a mere casual or incidental dealing with a seller or telemarketer that is unrelated to a violation of the Rule.  TSR SBP, 60 Fed. Reg. 43842 at 43852 (Aug. 23, 1995).

21.    Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C. § 6102(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Amended TSR constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

22.   Defendant DISH Network is a "seller" and a "telemarketer" engaged in "telemarketing," as defined by the Amended TSR, 16 C.F.R. § 310.2.  Defendant DISH Network is a seller, for example, since it provides satellite television programming to consumers. Defendant DISH Network is also a telemarketer, for example, since its employees, or call centers initiate or receive telephone calls to or from a consumer.

## THE TELEPHONE CONSUMER PROTECTION ACT

23.   The TCPA, enacted in 1991, amended the Communications Act of 1934 by adding 47 U.S.C. § 227, which requires the Federal Communications Commission ("FCC") to

> … initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. …  The regulations required by [the TCPA] may require the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations, and to make that compiled list and part thereof available for purchase.  If the Commission determines to require such a database, such regulations shall- … (F) prohibit any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database … .

47 U.S.C. § 227(c)(1) and (c)(3).

24.   In 1992, the FCC promulgated rules pursuant to the TCPA.

25.   On June 26, 2003, the FCC revised its rules and promulgated new rules pursuant to the TCPA.  These new rules provide for a national Do Not Call Registry.

26.   A relevant FCC Do Not Call Rule, 47 C.F.R. § 64.1200(c), provides in part: "(c) No person or entity shall initiate any telephone solicitation, as defined in paragraph (f)(12) of this section, to . . . (2) A residential telephone subscriber who has registered his or her

7

telephone number on the national do-not-call registry of persons who do not wish to

receive telephone solicitations that is maintained by the Federal Government."

27. The TCPA itself and another relevant FCC Rule, 47 U.S.C. § 227(a)(4) and 47 C.F.R.

§ 64.1200(f)(12), respectively, provide in part: "The term telephone solicitation means

the initiation of a telephone call or message for the purpose of encouraging the purchase

or rental of, or investment in, property, goods, or services, which is transmitted to any

person . . . ."

28. The TCPA itself and another relevant FCC Rule, 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R.

§ 64.1200(a)(2), respectively, provide that it is unlawful for a person to: "Initiate any

telephone call to any residential telephone line using an artificial or prerecorded voice to

deliver a message without the prior express consent of the called party unless the call . . .

[is specifically exempted by rule or order]."

29. The TCPA further provides in part:

> Whenever the attorney general of a State, or an official or agency
> designated by a State, has reason to believe that any person has
> engaged or is engaging in a pattern or practice of telephone calls or
> other transmissions to residents of that State in violation of this
> section or the regulations prescribed under this section, the State may
> bring a civil action on behalf of its residents to enjoin such calls, an
> action to recover for actual monetary loss or receive $500 in damages
> for each violation, or both such actions.  If the court finds the
> defendant willfully or knowingly violated such regulations, the court
> may, in its discretion, increase the amount of the award to an amount
> equal to not more than 3 times the amount available under the
> preceding sentence.

47 U.S.C. § 227(f)(1).

30.  This Court, in the exercise of its equitable jurisdiction, may award other ancillary relief to remedy injuries caused by DISH Network's violations of the TCPA.

## DEFENDANT'S BUSINESS PRACTICES

31.  Defendant DISH Network sells Dish Network satellite television programming to consumers throughout the United States.

32.  Defendant DISH Network markets its programming through a variety of methods, including telemarketing.

33.  (a)  Defendant DISH Network engages in telemarketing directly to consumers.

(b)  Defendant DISH Network also markets its programming through a network of authorized dealers.

(c)  DISH Network is both a "seller" and a "telemarketer" within the meaning of the TSR.

34.  DISH Network grants some authorized dealers the right and ability to conduct business through DISH Network's Order Entry System.

35.  DISH Network provides installers or installation services to consumers who were solicited by some authorized dealers.

36.  Since on or about October 17, 2003, DISH Network, directly and through one or more authorized dealers acting on its behalf, has initiated outbound telephone calls to numbers on the National Do Not Call Registry.

37.  Defendant DISH Network entered into oral or written contracts with, among others, Vision Quest, a Michigan company, New Edge Satellite, also a Michigan company,

Planet Earth Satellite, an Arizona company, Dish TV Now, a North Carolina company, and Star Satellite, a Utah company (the "Marketing Dealers").

38.     The Marketing Dealers are or have been authorized dealers of DISH Network.

39.     Through contracts with the Marketing Dealers and/or through other means, Defendant DISH Network authorizes the Marketing Dealers to market, promote and solicit orders for DISH Network or Dish Network programming, and to use the DISH Network or Dish Network trademark or trade name.

40.     Marketing Dealers agree to market, promote, and solicit orders on behalf of DISH Network.

41.     Defendant DISH Network has, directly or indirectly, offered to provide or provided financial payments to the Marketing Dealers.

42.     Through contracts with the Marketing Dealers and/or through other means, Defendant DISH Network maintains sole discretion to set the price for the programming offered to consumers; maintains sole discretion to determine the type of programming offered to consumers; and maintains sole discretion to determine which proposed orders solicited by the Marketing Dealers will be accepted.

43.     Through contracts with the Marketing Dealers and/or through other means, Defendant DISH Network pays commissions or other financial incentives to the Marketing Dealers for marketing, promoting or soliciting orders.

44.     Through contracts with the Marketing Dealers and/or through other means, Defendant DISH Network has the right to terminate the Marketing Dealers.

10

45.     DISH Network's authorized dealers hold themselves out as marketing DISH Network programming.

46.     Since on or about October 1, 2003, the Marketing Dealers have engaged in telemarketing on behalf of Defendant DISH Network.

47.     Since on or about October 17, 2003, Vision Quest, New Edge Satellite, and Planet Earth, acting on behalf of Defendant DISH Network, have directly, or through intermediaries, placed outbound calls to telephone numbers on the National Do Not Call Registry.

48.     Since on or about October 1, 2003, Defendants Dish TV Now and Star Satellite, acting on behalf of Defendant DISH Network, have directly, or through intermediaries, abandoned outbound telemarketing calls to consumers by failing to connect the call to a representative within two (2) seconds of the consumer's completed greeting.

49.     Since on or about October 1, 2003, Defendant DISH Network has received complaints from consumers stating that they received calls from Star Satellite LLC that delivered pre-recorded messages.

50.     Since on or about October 1, 2003, Defendant DISH Network has received complaints from consumers stating that they received calls from Dish TV Now that delivered pre-recorded messages.

51.     Since on or about October 1, 2003, Defendant DISH Network has provided substantial assistance or support to Star Satellite and/or Dish TV Now even though Defendant DISH Network knew or consciously avoided knowing that Star Satellite and/or Dish TV Now abandoned outbound telephone calls in violation of § 310.4(b)(1)(iv) of the TSR.

52.    Defendant DISH Network has provided substantial assistance or support to the Marketing

Dealers by, directly or indirectly, including but not limited to, making financial payments

to the Marketing Dealers, allowing the Marketing Dealers to market DISH Network

goods or services, allowing the Marketing Dealers to use the Dish Network trade name or

trademark, entering into contracts with consumers contacted by the Marketing Dealers,

collecting money from consumers contacted by the Marketing Dealers, providing services

to consumers contacted by the Marketing Dealers, in some cases, granting some

authorized dealers the right and ability to conduct business through DISH Network's

Order/Entry System, and in some cases, providing installers so that consumers can

receive Dish Network programming.

53.    Defendant DISH Network has been the subject of law enforcement actions by the states

of Missouri and Indiana alleging violations of state do not call laws.

54.    Defendant DISH Network has received consumer complaints alleging that although the

complaining consumer was on a do not call list or registry, the consumer still received a

telemarketing call regarding Dish Network programming.

55.    Defendant DISH Network has received consumer complaints alleging that the

complaining consumers received telemarketing calls that delivered a pre-recorded

message.

56.    DISH Network failed to monitor and enforce Star Satellite's and/or Dish TV Now's

compliance with the Amended TSR even though DISH Network was on notice of

possible violations of the law.

57.    DISH Network failed to implement an effective compliance program to monitor and

enforce its authorized dealers' compliance with the Amended TSR, including that of the

Marketing Dealers, even after it had received consumer complaints and had been the

subject of two state law enforcement actions related to do not call violations.

58.    Since on or about October 1, 2003, Defendant DISH Network caused the Marketing

Dealers to engage in violations of the Amended TSR through a variety of acts or

practices, including, but not limited to: (1) directly or indirectly offering to provide or

providing financial payments for sales of Dish Network programming; (2) entering into

relationships whereby the Marketing Dealers marketed on behalf of DISH Network; or

(3) by directly or indirectly offering to provide or providing financial payments for sales

of Dish Network programming, or by entering into relationships whereby the Marketing

Dealers marketed on behalf of DISH Network, and failing to monitor and enforce

compliance with the Amended TSR.

59.    In order to attempt to sell its products and services, DISH Network directs telemarketing

solicitations to, or causes them to be directed to, consumers in numerous states, including,

but not limited to, California, Illinois, North Carolina, and Ohio.

60.    Numerous California, Illinois, North Carolina, and Ohio consumers, as well as consumers

in other states, have filed complaints with either the FTC or the offices of their respective

Attorney General complaining that they have received telemarketing solicitations at their

residential telephone numbers which had been previously registered with the National Do

Not Call Registry and that such solicitations were made by or on behalf of DISH

Network.

13

61.     At all times relevant to this complaint, Defendant has maintained a substantial course of

        trade or business in the offering for sale and sale of goods or services via the telephone in

        or affecting commerce as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C.

        § 44.

62.     Defendant has engaged in telemarketing by a plan, program or campaign conducted to

        induce the purchase of goods or services by use of one or more telephones and which

        involves more than one interstate call.

### <u>VIOLATIONS OF THE TELEMARKETING SALES RULE</u>

### Count I
### (By the United States – Violating the National Do Not Call Registry)

63.     In numerous instances, in connection with telemarketing, Defendant DISH Network

        engaged in or caused a telemarketer to engage in initiating an outbound telephone call to

        a person's telephone number on the National Do Not Call Registry in violation of the

        TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B).

### Count II
### (By the United States – Abandoning Calls)

64.     In numerous instances, in connection with telemarketing, Defendant DISH Network has

        abandoned or caused telemarketers to abandon an outbound telephone call by failing to

        connect the call to a sales representative within two (2) seconds of the completed greeting

        of the person answering the call, in violation of the TSR, 16 C.F.R. § 310.4(b)(1)(iv).

**Count III**
**(By the United States – Assisting and Facilitating)**

65.     Defendant DISH Network has provided substantial assistance or support to Star Satellite
and/or Dish TV Now even though Defendant DISH Network knew or consciously
avoided knowing Defendant Star Satellite and/or Dish TV Now abandoned outbound
telephone calls in violation of § 310.4(b)(1)(iv) of the TSR.  Defendant DISH Network,
therefore, has violated 16 C.F.R. § 310.3(b).

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**COUNT IV**
**(By the State Plaintiffs – Violating the National Do Not Call Registry)**

66.     The People of the State of California, by Edmund G. Brown Jr., Attorney General of the
State of California, the People of the State of Illinois by Lisa Madigan, Attorney General
of the State of Illinois, the People of the State of North Carolina by and through Roy
Cooper, the Attorney General of North Carolina, and the People of the State of Ohio by
Richard Cordray, Attorney General of the State of Ohio bring this count pursuant to the
TCPA, complaining of Defendant DISH Network.

67.     State Plaintiffs seek a permanent injunction and other equitable relief, based upon DISH
Network's violations of the TCPA in connection with the placing of telemarketing
solicitations to consumers whose telephone numbers have been registered with the
National Do Not Call Registry.

68.     DISH Network, either directly or indirectly as a result of a third party acting on its behalf,
has violated 47 C.F.R. § 64.1200(c)(2) and 47 U.S.C. § 227(c), by engaging in a pattern
or practice of initiating telephone solicitations to residential telephone subscribers,

15

including subscribers in California, Illinois, North Carolina, and Ohio whose telephone numbers were listed on the National Do Not Call Registry.

69.    DISH Network's violations are willful and knowing.

**COUNT V**
**(By the State Plaintiffs – Violating the Prohibition against the Use of Artificial or Pre-Recorded Voices)**

70.    The People of the State of California, by Edmund G. Brown Jr., Attorney General of the State of California, the People of the State of Illinois by Lisa Madigan, Attorney General of the State of Illinois, the People of the State of North Carolina by and through Roy Cooper, the Attorney General of North Carolina, and the People of the State of Ohio by Richard Cordray, Attorney General of the State of Ohio, bring this count pursuant to the TCPA, complaining of Defendant DISH Network.

71.    State Plaintiffs seek a permanent injunction and other equitable relief, based upon DISH Network's violations of the TCPA in connection with the initiation of telephone calls to residential telephone lines using artificial or prerecorded voices to deliver a message without the prior express consent of the called party and without falling within specific exemptions delineated within the TCPA.

72.    DISH Network, either directly or indirectly as a result of a third party acting on its behalf, has violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227(b)(1)(B), by engaging in a pattern or practice of initiating telephone solicitations to residential telephone lines, including lines in California, Illinois, North Carolina, and Ohio, using artificial or prerecorded voices to deliver a message without the prior express consent of the called

16

party and where the call was not initiated for emergency purposes or exempted by rule or

order of the Federal Communications Commission under 47 U.S.C. § 227(b)(2)(B).

73.     DISH Network's violations are willful and knowing.

**COUNT VI**
**(By State of California for Violations of California Business and Professions**
**Code Section 17592 (California Do Not Call Law))**

74.     California Business & Professions Code section 17592(a)(1) defines as a "telephone

solicitor" any person or entity who, on his or her own behalf or through salespersons or

agents, announcing devices, or otherwise, makes or causes a telephone call to be made to

a California telephone number and seeks to rent, sell, promote, or lease goods or services

during those calls.

75.     California Business & Professions Code section 17592(c) prohibits telephone solicitors

from making or causing to be made telephone calls to California telephone numbers listed

on the National Do Not Call Registry and seeking to rent, sell, promote, or lease goods or

services during those calls.

76.     DISH Network, either directly or indirectly as a result of a third party acting on its behalf,

is a telephone solicitor pursuant to California Business & Professions Code section

17592(a)(1), and has violated Section 17592(c)(1) by making or causing to be made

telephone calls to California telephone numbers listed on the National Do Not Call

Registry and seeking to rent, sell, promote, or lease goods or services during those calls.

77.     Unless enjoined and restrained by order of the Court, Defendant will continue to engage

in such violations.

17

## COUNT VII
### (By State of California for Violations of California Business and Professions
### Code Section 17200 (Unfair Competition))

78.    Beginning at an exact date unknown to plaintiff and continuing to the present, Defendant

DISH Network has engaged in and continues to engage in unfair competition as defined

in California Business & Professions Code section 17200.  Defendant's acts of unfair

competition include, but are not limited to, the following:

(a)     DISH Network, either directly or indirectly as a result of a third party acting on its

behalf, has violated the TCPA at 47 U.S.C. § 227(c) and its regulations at 47 C.F.R.

§ 64.1200(c)(2), by engaging in a pattern or practice of initiating telephone solicitations

to residential telephone subscribers, including subscribers in California, whose telephone

numbers were listed on the National Do Not Call Registry.

(b)     DISH Network, either directly or indirectly as a result of a third party acting on its

behalf, has violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227(b)(1)(B), by engaging

in a pattern or practice of initiating telephone solicitations to residential telephone lines,

including lines in California,  using artificial or prerecorded voices to deliver a message

without the prior express consent of the called party and where the call was not initiated

for emergency purposes or exempted by rule or order of the Federal Communications

Commission under 47 U.S.C. § 227(b)(2)(B).

(c)     DISH Network, either directly or indirectly as a result of a third party acting on its

behalf, has violated California Business & Professions Code section 17592(c)(1) by

making or causing to be made telephone calls to California telephone numbers listed on

18

the National Do Not Call Registry and seeking to rent, sell, promote, or lease goods or

services during those calls.

(d)     DISH Network, either directly or indirectly as a result of a third party acting on its

behalf, has violated California Civil Code section 1770(a)(22)(A), which makes it an

unfair method of competition and unfair or deceptive act or practice to disseminate an

unsolicited prerecorded  message by telephone without an unrecorded, natural voice first

informing the person answering the telephone of the name of the caller or the

organization being represented, and either the address or telephone number of the caller,

and without obtaining the consent of that person to listen to the prerecorded message.

79.     Unless enjoined and restrained by order of the Court, Defendant will continue to engage

in such violations.

## COUNT VIII
### (By State of North Carolina for
### Violations of General Statutes § 75-102)

80.     North Carolina General Statutes § 75-102(a) provides that no telephone solicitor shall

make a telephone solicitation to a North Carolina telephone subscriber's telephone

number if the subscriber's telephone number appears in the latest edition of the National

Do Not Call Registry.  N.C. Gen. Stat. § 75-102(d) also requires telephone solicitors to

implement systems and procedures to prevent telephone solicitations to telephone

subscribers whose numbers appear in the National Do Not Call Registry and to monitor

and enforce compliance by its employees and independent contractors in those systems

and procedures.

19

81.    DISH Network, and/or third parties acting on DISH Network's behalf, has violated N.C. Gen. Stat. § 75-102(a) by making telephone solicitations to the telephone numbers of North Carolina telephone subscribers when those numbers were in the pertinent edition of the National Do Not Call Registry.

82.    DISH Network also violated N.C. Gen. Stat. § 75-102(d) by failing to monitor and enforce compliance by its employees, agents, and independent contractors in that, as set forth above, those persons made numerous telephone solicitations to the telephone numbers of North Carolina telephone subscribers when those numbers were in the pertinent edition of the National Do Not Call Registry.

83.    DISH Network willfully engaged in the actions and practices described above.

### COUNT IX
### (By State of North Carolina for
### Violations of General Statutes § 75-104)

84.    North Carolina General Statutes § 75-104 provides that, subject to some exceptions, no person may use an automatic dialing and recorded message player to make an unsolicited telephone call.  One of those exceptions allows a person to make such calls if prior to the playing of the recorded message a live operator, among other things, states the nature and length in minutes of the recorded message, and asks for and receives prior approval to play the recorded message from the person receiving the call.

85.    DISH Network, and/or third parties acting on DISH Network's behalf, has violated N.C. Gen. Stat. § 75-104 by using automatic dialing and recorded message players to make unsolicited telephone calls to North Carolina telephone subscribers without first having live operators inform the telephone subscribers of the nature and length of the recorded

message and asking for and obtaining permission to play the message from the person

receiving the call, and otherwise not complying with any of the exceptions set forth in

N.C. Gen. Stat. § 75-104.

86.    DISH Network willfully engaged in the practices described above.

**COUNT X**
**(By State of Illinois for Violations of 815 ILCS 305/30(b)**
**and 815 ILCS 505/2Z)**

87.    Illinois law, 815 ILCS 305/30(b), provides that no person shall play a prerecorded

message placed by an autodialer without the consent of the called party.

88.    A knowing violation of 815 ILCS 305/30(b) also is a violation of 815 ILCS 505/2Z,

which violation, pursuant to 815 ILCS 505/7, empowers the Court to award, among other

things, civil penalties, costs of suit, restitution, and a temporary, preliminary, or

permanent injunction.

89.    The Defendant, and/or third parties acting on its behalf, has violated 815 ILCS 305/30(b)

and 815 ILCS 505/2Z by knowingly playing or causing to be played prerecorded

messages placed by an autodialer without the consent of the called party.

**COUNT XI**
**(By State of Ohio for Violations**
**of the Ohio Consumer Sales Practices Act)**

90.    The Ohio Consumer Sales Practices Act, Ohio Revised Code 1345.02 and 1345.03

prohibits "suppliers" from engaging in unfair, deceptive and unconscionable consumer

sales practices.  The Defendant is a "supplier" as that term is defined in Ohio Revised

Code 1345.01(C), since Defendant engages in the business of effecting consumer

transactions, either directly or indirectly, for purposes that are primarily personal, family

or household within the meaning as specified in Revised Code 1345.01(A) of the Consumer Sales Practices Act.

91.   Defendant, either directly or as a result of a third party acting on its behalf, violated Ohio Revised Code Sections 1345.02(A) and 1345.03(A) by engaging in a pattern or practice of initiating telephone solicitations to residential telephone subscribers in the State of Ohio, whose telephone numbers were listed on the National Do Not Call Registry in violation of the TCPA, 47 U.S.C. § 227(c), and 47 C.F.R. 64.1200(c)(2) and/or in violation of the Telemarketing Sales Rule, 16 C.F.R. § 310.4(b)(1)(iii)(B).

92.   Defendant, either directly or indirectly as a result of a third party acting on its behalf, violated Ohio Revised Code Sections 1345.02(A) and 1345.03(A) by engaging in a pattern or practice of initiating telephone calls to residential telephone lines using artificial or prerecorded voices to deliver a message without the prior express consent of the called party and without falling within specified exemptions delineated within the TCPA in violation of the TCPA, 47 U.S.C. 227(B)(1)(b) and 47 C.F.R. 64.1200(a)(2).

## COUNT XII
**(By the State of Ohio for Violations of the Ohio Consumer Sales Practices Act and the Ohio Telephone Solicitation Sales Act)**

93.   Ohio Revised Code Section 4719.02 prohibits a person from acting as a "telephone solicitor" without first having obtained a certificate of registration or a registration renewal from the Ohio Attorney General pursuant to section 4719.03 of the Revised Code.  The Defendant is a "telephone solicitor" as that term is defined by Ohio Revised Code Section 4719.01(A)(8), in that the Defendant is a person that engages in telephone solicitations directly or through one or more salespersons either from a location in the

State of Ohio, or from a location outside the State of Ohio to persons in the State of Ohio, including, but not limited to, any such person that is an owner, operator, officer, or director of, partner in, or other individual engaged in the management activities of a business.

94.   Pursuant to Ohio Revised Code Section 4719.14, a violation of section 4719.02 is an unfair or deceptive practice in violation of section 1345.02.

95.   Defendant committed unfair and deceptive acts or practices in violation of Ohio Revised Code Sections 1345.02 and 4719.02 by acting as a telephone solicitor without first having obtained a certificate of registration from the Ohio Attorney General.

## CONSUMER INJURY

96.   Consumers in the United States have suffered and will suffer injury as a result of Defendant's violations of the TSR, the TCPA, California law, Illinois law, Ohio law, and North Carolina law.  Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

97.   Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any violation of any provision of law enforced by the FTC.

98.   Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d) (2008) and by 74 Fed. Reg. 857 (Jan. 9, 2009) (to be codified at 16 C.F.R. § 1.98(d)), authorizes this Court to award

monetary civil penalties of up to $11,000 for each violation of the TSR on or before February 9, 2009, and up to $16,000 for each violation of the TSR after February 9, 2009. Defendant's violations of the TSR were committed with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

99. This Court, in the exercise of its equitable jurisdiction, may award ancillary relief to remedy injury caused by Defendant's violations of the Rule and the FTC Act.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that this Court, as authorized by Sections 5(a), 5(m)(1)(A), 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b) and 57b, and pursuant to its own equitable powers:

### Prayer by All Plaintiffs

1. Enter judgment against Defendant and in favor of Plaintiffs for each violation alleged in this complaint;

### Prayer by Plaintiff United States of America

2. Award Plaintiff, the United States of America, monetary civil penalties from Defendant for every violation of the TSR;

3. Enter a permanent injunction to prevent future violations of the TSR and the FTC Act by Defendant;

### Prayer by the State Plaintiffs

4. Assess against Defendant and in favor of the State Plaintiffs damages of $1,500 for each violation of the TCPA found by the Court to have been committed by Defendant willfully and knowingly; if the Court finds Defendant has engaged in violations of the TCPA

which are not willful and knowing, then assessing against Defendant damages of $500 for each violation of the TCPA, as provided by 47 U.S.C. § 227;

5.  Permanently enjoin Defendant from violating the TCPA, both generally, and specifically, by enumerating the acts in which Defendant is permanently enjoined from engaging;

6.  Permanently enjoin Defendant from violating the TSR, the FTC Act, the TCPA, the relevant laws of California, Illinois, Ohio, and North Carolina;

## Prayer by Plaintiff State of California

7.  Permanently enjoin Defendant, its successors, agents, representatives, employees, and all persons who act in concert with Defendant from committing any acts of unfair competition as defined in Section 17200, or violations of the TCPA and California Do Not Call Law at Business & Professions Code Section 17592, including the violations alleged in Counts IV, V, VI, and VII pursuant to Business and Professions Code sections 17203 and 17593;

8.  Enter an order pursuant to California Business & Professions Code section 17593 and Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d) (2008) and by 74 Fed. Reg. 857 (Jan. 9, 2009) (to be codified at 16 C.F.R. § 1.98(d)), requiring that Defendant be ordered to pay a civil penalty to Plaintiff, the People of the State of California through the California Attorney General's Office, in the amount of Eleven Thousand Dollars ($11,000) for each violation of Business & Professions Code section 17592 by Defendant on or before February 9, 2009, and in the amount of Sixteen Thousand Dollars ($16,000)

for each violation of Business & Professions Code section 17592 by Defendant after February 9, 2009, according to proof;

9.    Enter an order pursuant to California Business & Professions Code sections 17206 and 17536, requiring that Defendant be ordered to pay a civil penalty to Plaintiff, the People of the State of California through the California Attorney General's Office, in the amount of Two Thousand Five Hundred Dollars ($2,500) for each violation of Business & Professions Code sections 17200 and 17592 by Defendant, according to proof;

10.   Make such orders or judgments, pursuant to California Business & Professions Code sections 17206 and 17534, as may be necessary to restore to any person in interest any money or property which Defendant may have acquired either directly or indirectly from such persons by means of unfair competition, pursuant to California Business & Professions Code section 17203 or by violating section 17592;

### Prayer by Plaintiff State of Illinois

11.   Enter an order pursuant to 815 ILCS 505/7, 815 ILCS 505/2Z, and 815 ILCS 305/30(d) assessing a civil penalty in the amount of Fifty Thousand Dollars ($50,000);

### Prayer by Plaintiff State of North Carolina

12.   Enter an order requiring Defendant to pay the State of North Carolina civil penalties in accordance with N.C. Gen. Stat. § 75-105, to pay the State of North Carolina reasonable attorneys fees for willful violations in accordance with N.C. Gen. Stat. § 75-105;

### Prayer by Plaintiff State of Ohio

13.   Enter an order pursuant to Ohio Revised Code Section 1345.07(A)(1) declaring that the acts and practices in which the Defendant engaged, as described in Counts XI and XII,

were in violation of the Ohio Consumer Sales Practices Act, Ohio Revised Code 1345.01 *et seq.*;

14. Permanently enjoin Defendant, its successors, agents, representatives, employees, and all person who act in concert with Defendant from engaging in unfair, deceptive or unconscionable acts or practices, including the conduct as specified in Counts IV, V, XI and XII, that are in violation of the Ohio Consumer Sales Practices Act, Ohio Revised Code 1345.01 *et seq.*, and from acting as a "telephone solicitor" in the State of Ohio without first having obtained a certificate of registration in violation of Revised Code Section 4719.02;

15. Enter an Order requiring Defendant to pay civil penalties to the Ohio Attorney General pursuant to Revised Code Section 1345.07, in the amount of twenty five thousand dollars ($25,000) for each violation of the Ohio Consumer Sales Practices Act;

16. Enter an Order requiring the Defendant to pay civil penalties to the Ohio Attorney General pursuant to Revised Code Section 4719.12, in the amount of not less than one thousand nor more than twenty-five thousand for each violation of the Ohio Telephone Solicitation Sales Act and award to the Ohio Attorney General his costs and expenses of the investigation and reasonable attorney fees incurred in the prosecution;

### **Prayer by All Plaintiffs**

17. Order Defendant to pay the costs of this action, including costs of investigation incurred by State Plaintiffs; and

18. Award Plaintiffs such other and additional relief as the Court may determine to be just and proper.

Dated:  March 25, 2009

FOR THE UNITED STATES OF
AMERICA:

MICHAEL F. HERTZ
Acting Assistant Attorney General

OF COUNSEL:
LOIS C. GREISMAN                                EUGENE M. THIROLF, Director
Associate Director for Marketing Practices      KENNETH L. JOST, Deputy Director
Federal Trade Commission                        Office of Consumer Litigation

ALLEN HILE, JR.                                   /s Daniel K. Crane-Hirsch
Assistant Director                               DANIEL K. CRANE-HIRSCH
Marketing Practices                              Lead counsel responsible for receipt of
                                                     telephone conference calls pursuant to
RUSSELL DEITCH                                       CDIL-LR 11.2 (2009)
GARY IVENS                                       Trial Attorney
Attorneys                                        Office of Consumer Litigation
Federal Trade Commission                         U.S. Department of Justice
600 Pennsylvania Ave. NW, Room 288               PO Box 386
Washington, DC  20580                            Washington, DC  20044-0386
Telephone: 202-326-2585 (Deitch),               Telephone: 202-616-8242
        202-326-2330 (Ivens)                     Fax: 202-514-8742
Fax: 202-326-3395                                daniel.crane-hirsch@usdoj.gov


                                                  /s James A. Lewis
                                                 JAMES A. LEWIS
                                                 Civil Division Chief
                                                 U.S. Attorney's Office for the Central District
                                                     of Illinois
                                                 318 S. 6th St.
                                                 Springfield, IL  62701-1806
                                                 Telephone: 217-492-4450
                                                 Fax: 217-492-4512
                                                 Jim.Lewis2@usdoj.gov


*Signatures continue …*

FOR THE PEOPLE OF THE STATE OF CALIFORNIA

EDMUND G. BROWN JR.
Attorney General of the State of California

Albert Norman Shelden
Deputy Attorney General

 /s Albert Norman Shelden
BY:  Albert Norman Shelden
Deputy Attorney General
Consumer Law Section
Office of the Attorney General
110 W. "A" Street, Suite 1100
San Diego, CA  92101-3702
Telephone: 619-645-2089
Fax: 619-645-2062
albert.shelden@doj.ca.gov

FOR THE PEOPLE OF THE STATE OF ILLINOIS

LISA MADIGAN
Attorney General of Illinois

 /s Elizabeth Blackston
BY:  Elizabeth Blackston, Assistant Attorney General; Chief, Consumer Fraud Bureau

 /s Jeffrey M. Feltman
BY:  Jeffrey M. Feltman
Illinois Bar No. 06237048
Assistant Attorney General
Consumer Fraud Bureau
1001 E. Main St.
Carbondale, IL  62901-3100
Telephone: 618-529-6418
Fax: 618-529-6403
jfeltman@atg.state.il.us

FOR THE STATE OF OHIO

RICHARD CORDRAY
Attorney General of Ohio

 /s Erin B. Leahy
Michael Ziegler
Erin B. Leahy
Assistant Attorneys General
Consumer Protection Section
Ohio Attorney General's Office
30 E. Broad St., 14th Floor
Columbus, OH  43215-3414
Telephone: 614-466-3980 (Ziegler)
            614-752-4730 (Leahy)
Fax: 866-768-2648
Michael.Ziegler@ohioattorneygeneral.gov
Erin.Leahy@ohioattorneygeneral.gov

FOR THE STATE OF NORTH CAROLINA

ROY COOPER
Attorney General of North Carolina

 /s Kevin Anderson
Kevin Anderson
Assistant Attorney General
Office of the Attorney General
114 W. Edenton St.
Raleigh, NC  27602-0629
Telephone: 919-716-6000
Fax: 919-716-6050
kander@ncdoj.gov

29