E-FILED
Thursday, 04 February, 2010 09:04:23 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 09-3073 |
| | ) | |
| DISH NETWORK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Dish Network, LLC's (Dish Network) Motion for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) or, in the Alternative, for Reconsideration (d/e 21) (Motion). This Court denied Dish Network's Motion to Dismiss. Opinion entered November 2, 2009 (d/e 20) (Opinion). Dish Network now asks the Court to certify the Opinion for interlocutory appeal, or in the alternative, to reconsider the Opinion. For the reasons set forth below, the Court sees no basis to certify the Opinion for interlocutory appeal and no basis for reconsideration. The Motion is, therefore, denied.

1

I.   CERTIFICATION FOR INTERLOCUTORY APPEAL

As explained more fully in the Opinion, the Plaintiffs filed an eleven-count First Amended Complaint and Demand for Jury Trial (d/e 5) (Complaint), alleging that Dish Network, directly and through its authorized dealers (Dealers) and third parties, violated the Federal Trade Commission's (FTC) Telemarketing Sales Rule (TSR), the Federal Trade Commission Act (FTC Act), the Telephone Consumer Protection Act (TCPA), and the Federal Communications Commission's Rule (FCC Rule) that regulates telemarketing. Opinion, at 2-7; 15 U.S.C. § 45; 47 U.S.C. § 227; 16 C.F.R. Part 310, as amended; 47 C.F.R. § 64.1200. Dish Network moved to dismiss: (1) those parts of Counts I, II, IV and V that allege that Dish Network is liable based on the actions of its Dealers with which it contracted to provide telemarketing services; (2) all of Count III; (3) all claims for civil penalties for violation of the FTC Act; and (4) those supplemental state law claims in Counts VI through XI that were based on interstate telephone calls. The Court denied the Motion for the reasons explained in the Opinion. Opinion, at 7-27.

Dish Network asserts that the Opinion raises six questions of law that are appropriate for interlocutory appeal:

> a. Whether "cause" under the TSR should be defined to impose strict liability on a seller for the telemarketing activity of a retailer regardless of whether the act constituting such "cause" related directly to a violation of the TSR;
>
> b. Whether a seller's successful use of the TSR's "safe harbor" procedures will shield it from the strict liability standard for third party acts as imposed by the Court;
>
> c. Whether a seller's mere compensation of third party retailers for their services, without more, is sufficient to constitute "substantial assistance" of a violation of the TSR under the Section 310.3(b);
>
> d. Whether an "on behalf" of claim under the TCPA requires allegations of control and authority by the seller relative to the entity making a telemarketing call;
>
> e. Whether TCPA preempts state law claims based on interstate calls; and
>
> f. Whether the FTC has violated the APA by advancing its theories of "causation" and "substantial assistance" liability in this case.

Motion, at 3-4.

This Court is directed to certify an interlocutory order, such as the Opinion, for immediate appeal if this Court is, "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

28 U.S.C. § 1292(b). In this case, the Court is of the opinion that: (1) the issues identified by Dish Network, other than the preemption issue, do not involve a controlling question of law as to which there is a substantial ground for differences of opinion; and (2) an immediate appeal of any of these issues, including the preemption issue, will not materially advance the ultimate termination of the litigation. Thus, this Court will not certify this matter for interlocutory appeal. The Court will discuss each of the six issues in order.

  A. <u>Definition of "Cause" Under the TSR</u>

  Dish Network moved to dismiss those parts of Counts I and II of the Complaint that allege that Dish Network violated the TSR by causing Dealers to violate the TSR because the Plaintiffs did not allege that Dish Network "caused" the Dealers to commit the alleged violations. <u>Defendant Dish Network LLC's Motion to Dismiss and Motion for Oral Argument (d/e 9) (Motion to Dismiss)</u>, ¶ 4. In ruling on this part of the Motion to Dismiss, the Court deferred to the FTC's definition of "cause" in the TSR. <u>Opinion</u>, at 15.

  Two recent Court of Appeals decisions establish that this Court must defer to an agency's construction of its own rules unless that construction

4

is plainly erroneous or inconsistent with the regulation. Clancy v. Office of Foreign Assets Control of U.S. Dept. of Treasury, 559 F.3d 595, 606 (7th Cir. 2009); Sierra Club v. Franklin County Power of Illinois, LLC, 546 F.3d 918, 931 (7th Cir. 2008). In Clancy, the Treasury Department's Office of Foreign Assets Control (OFAC) promulgated regulations that prohibited exporting goods and services to Iraq. Plaintiff Ryan Clancy traveled to Iraq in January 1990, to act as a human shield against the United States' threatened attack on Iraq at that time. When Clancy returned to the United States, the OFAC issued a Pre-penalty Notice (PPN) to Clancy that he had violated the OFAC regulation by exporting services. The OFAC took the position that Clancy had exported services to Iraq by acting as a human shield. Clancy, 559 F.3d at 597-99.

The Court of Appeals determined that the OFAC had the authority to interpret its own regulations in this manner, and further held that the Court of Appeals had to defer to the OFAC interpretation:

> We give substantial deference to an agency's interpretation of its own regulations "unless an 'alternative reading is compelled by the regulation's plain language or by other indications of the Secretary's intent at the time of the regulation's promulgation.'"

Id., at 605-06 (quoting Thomas Jefferson University v. Shalala, 512 U.S.

504, 512 (1994)).

In Sierra Club, the defendant was building a power plant. The Environmental Protection Agency (EPA) had promulgated regulations that stated that permits to build such plants would expire if construction was not commenced within eighteen months of the issuance of the permit. Sierra Club, 546 F.3d at 923. The general contractor for the defendant dug a hole to start construction within the eighteen-month window, but did no other work within the window. The Court of Appeals affirmed the District Court's determination that the permit expired because the defendant did not commence construction within the eighteen-month window. Id., at 930-31.

The Court of Appeals relied on an EPA interpretation set forth in a memorandum issued by Edward E. Reich, Director of Stationary Enforcement (Reich Memorandum). The Reich Memorandum defined the meaning of the term "commence construction" for purposes of the regulation. The Reich Memorandum stated that excavation of the site, alone, would not constitute commencing construction. Id., at 930-31. The Court of Appeals stated that it must follow the Reich Memorandum's interpretation:

6

> While the EPA did not promulgate the Reich Memorandum as part of its rulemaking authority, an "agency's interpretation [of its own regulations] must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation."

Id., 546 F.3d at 930 n.4. (quoting Thomas Jefferson University, 512 U.S. at 512). These recent opinions from the Court of Appeals establish that this Court must defer to an agency's interpretation of its regulations unless that interpretation is plainly erroneous or inconsistent with those regulations.

The FTC interpretation of the TSR was consistent with the plain meaning of the verb "cause". Opinion, at 10-14. This Court was obligated to defer to the FTC construction. Under the FTC interpretation, the Complaint stated a claim against Dish Network in Counts I and II for causing the TSR violations committed by the Dealers. Opinion, at 15. The Court finds no substantial grounds for differences of opinion regarding the Court's obligation to defer to the FTC in this instance. The definition of "cause" in the TSR, therefore, is not an issue that is appropriate for interlocutory appeal. 28 U.S.C. § 1292(b).

Additionally, an interlocutory appeal of the issue would not materially advance the ultimate termination of this litigation. Even if Dish Network prevailed on appeal, the parties must still litigate the allegations in Counts

I and II that Dish Network directly violated the TSR through the actions of its own employees.  See Matter of Hamilton, 122 F.3d 13, 15 (7th Cir. 1997) (interlocutory appeal not appropriate when appeal will not resolve additional claim pending before the district court).

B.  Effect of the TSR "Safe Harbor"

Dish Network next seeks interlocutory appeal on the effect of the TSR "safe harbor" provision on its liability.  The question posed is not a controlling question of law addressed in the Opinion.  The TSR "safe harbor" provisions were not at issue before the Court.  Dish Network's Motion to Dismiss did not challenge the sufficiency of any allegations in the Complaint regarding the TSR "safe harbor" provisions, and this Court did not rule on the sufficiency of any such allegations.  The Court only discussed the "safe harbor" provisions in connection with the meaning of "cause" in the TSR.  Opinion, at 11-13.  Thus, the issue is not appropriate for interlocutory appeal.  28 U.S.C. § 1292(b).

C.  Definition of Substantial Assistance

Count III of the Complaint alleged that Dish Network violated the TSR by providing substantial assistance to Dealers that were violating the TSR when Dish Network knew or consciously avoided knowing that the

8

Dealers were violating the TSR. The Court found that Dish Network allegedly provided substantial assistance to the Dealers by paying them to engage in telemarketing. Opinion, at 19. The Court sees no substantial basis for differences of opinion on this point. As the Court explained in the Opinion, a person provides substantial assistance to a another person to perform an act when the first person pays the other person to perform the act. Id. Here, the Plaintiffs alleged that Dish Network paid the Dealers to perform the act of telemarketing.[1] The Court sees no basis to certify this issue for interlocutory appeal.

D. The Definition of "On Behalf" in the TCPA

Counts IV and V of the Complaint alleged that Dish Network, directly and through third parties acting on its behalf, violated the TCPA. Dish Network moved to dismiss the portion of these counts regarding the acts of third parties because it contended that the Complaint did not allege sufficient facts to establish that the third parties acted on behalf of Dish Network. Motion to Dismiss, at 3. As this Court explained in the Opinion,

---

[1]The Court notes that Dish Network will not be held liable on Count III simply because it paid Dealers to provide telemarketing services. The Plaintiffs must also prove that: (1) the Dealers were violating the TSR, and (2) Dish Network knew or consciously avoided knowing that the Dealers were violating the TSR, but still kept paying the Dealers to continue the violations. Opinion, at 20.

9

"The plain meaning of the phrases 'on whose behalf' or 'on behalf of' is an act by a representative of, or an act for the benefit of, another." <u>Opinion</u>, at 23. This Court determined that the Plaintiffs stated sufficient allegations in the Complaint to "show that it is plausible that the Dealers acted as Dish Network's representatives, or for the benefit of Dish Network, when they conducted the alleged illegal telephone solicitations." <u>Id.</u>, at 24. This Court does not see a substantial ground for differences of opinion on the meaning of these common phrases.

Dish Network cites an opinion from the Southern District of Ohio and two state court opinions for the proposition that the Plaintiffs must allege facts showing agency principles of consent and control to state a TCPA claim against a seller for the actions of a telemarketer. <u>Charvat v. EchoStar Satellite, LLC</u>, __ F.Supp.2d __, 2009 WL 5062093 (S.D. Ohio 2009); <u>Charvat v. Farmers Ins. Columbus, Inc.</u>, 897 N.E.2d 167 (Ohio App. 2008); <u>Worsham v. Nationwide Ins. Co.</u>, 772 A.2d 868 (Md. App. 2001). The <u>Farmers</u> court applied the plain meaning of the phrase "on behalf of" to the facts before it. <u>Farmers</u>, 897 N.E.2d at 175-77. The <u>Worsham</u> court determined that the question of whether an insurance agent acted on behalf of an insurance company was an issue of fact. <u>Worsham</u>, 772 A.2d at 878-

10

79. The Worsham court and the EchoStar court looked to the insurance company's control of the local agent as a factor to determine whether the local agent acted on its behalf. Id.; EchoStar, 2009 WL 5062093 at *5.

This Court agreed that the question of whether one person acts on behalf of another is a factual issue. Opinion, at 24-25. Unlike EchoStar, Farmers, and Worsham, however, this case was not before this Court on summary judgment, so the parties did not present evidence. Dish Network will have the opportunity to present evidence to show that the Dealers, or other third parties, were not acting on its behalf. At this stage, the Court only determined that the Plaintiffs alleged enough to make it plausible that third parties acted on behalf of Dish Network. The EchoStar, Farmers, and Worsham cases, therefore, do not demonstrate a disagreement over a controlling question of law that is appropriate for interlocutory appeal. 28 U.S.C. § 1292(b).

Additionally, an interlocutory appeal of the issue would not materially advance the ultimate termination of this litigation. Even if Dish Network prevailed on appeal, the parties must still litigate the allegations in Counts IV and V that Dish Network directly violated the TCPA through the actions of its own employees. See Matter of Hamilton, 122 F.3d at 15.

E. TCPA Preemption of State Law

This Court determined that the TCPA provision regarding preemption did not preempt the state statutes on which the Plaintiffs brought the supplemental state law claims based on interstate calls. Opinion, at 25-27. This is an issue of law over which courts have disagreed. See Opinion at 26-27, and cases cited therein.

The Court is of the opinion, however, that certifying this issue for interlocutory appeal to the Court of Appeals would not materially advance the termination of the litigation. The parties would still need to litigate the remaining claims under the TSR and the TCPA. Those claims, particularly the TCPA claims, are based on many of the same transactions as the state law claims. The parties would, thus, need to litigate issues regarding these same transactions even if Dish Network would prevail on its preemption contention on interlocutory appeal. The preemption issue, therefore, is not appropriate for interlocutory appeal. See White v. Nix, 43 F.3d 374, 378-79 (8th Cir. 1994) (cited with approval in Matter of Hamilton, 122 F.3d at 15) (interlocutory appeal is not appropriate when the litigation will proceed in substantially the same manner regardless of the resolution of the issue proposed for appeal).

F.  Administrative Procedures Act Issue

Dish Network asks the Court to certify for appeal the question of whether the FTC violated the Administrative Procedures Act (APA) by its interpretation of the meaning of "cause" and "substantial assistance" within the TSR.  The Court is, again, of the opinion that this issue is not a controlling question of law as to which there is a substantial ground for differences of opinion.  The Court of Appeals has held that agencies can interpret their own regulations without resorting to the formal notice and comment requirements of the APA.  Clancy, 559 F.3d at 605-06; Sierra Club, LLC, 546 F.3d at 930-31.  In Clancy, the OFAC took the position that Clancy had exported services to Iraq by acting as a human shield.  The OFAC announced this interpretation to Clancy through a PPN rather than through an APA notice and comment procedure.  Clancy, 559 F.3d at 597-99.  The Court of Appeals determined that the OFAC had the authority to interpret its own regulations in this manner, and further held that it had to defer to the OFAC interpretation.  Id., at 605-06.  In Sierra Club, the Court of Appeals stated that an agency could interpret the meaning of its regulations without following formal rulemaking procedures:

> While the EPA did not promulgate the Reich Memorandum as

> part of its rulemaking authority, an "agency's interpretation [of its own regulations] must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation."

Sierra Club, 546 F.3d at 930 n.4. (quoting Thomas Jefferson University, 512 U.S. at 512).

Federal agencies, therefore, have the authority to interpret their own regulations without violating the APA. There are no substantial grounds for differences of opinion on this matter. The FTC has the authority to interpret the TSR without resorting to APA notice and comment procedures, and this Court must defer to that interpretation unless it is plainly erroneous or inconsistent with the regulation. Id. The FTC interpretations of "cause" and "substantial assistance" are not plainly erroneous or inconsistent with the TSR. Opinion, at 13-15, 19-20. This issue is not appropriate for interlocutory appeal.

II. RECONSIDERATION

In the alternative, Dish Network asks the Court to reconsider the Opinion. Motions for reconsideration, "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale De Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). Dish Network presents no newly discovered evidence,

and the Opinion contains no manifest errors of law or fact. The request for reconsideration is denied.

THEREFORE, Defendant Dish Network, LLC's Motion for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) or, in the Alternative, for Reconsideration (d/e 21) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: February 3, 2010

FOR THE COURT:

         s/ Jeanne E. Scott
         JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE