E-FILED
Friday, 30 July, 2010 06:54:04 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATES OF CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO,<br>Plaintiffs,<br>v.<br><br>DISH NETWORK, LLC,<br>Defendant. | Case No. 3:09-cv-03073 |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**
**TO DISH NETWORK, LLC**

Plaintiffs, the United States and the States of California, Illinois, North Carolina, and Ohio, through undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby submit their First Set of Interrogatories to Defendant Dish Network, LLC. Answers to these interrogatories must be served upon counsel for Plaintiffs within 30 days after service of these interrogatories at the addresses and e-mail addresses specified in the signature block, or at such other time or place as may be agreed upon counsel or ordered by the court.

**INSTRUCTIONS AND DEFINITIONS**

In responding to these Interrogatories, furnish all information and/or documents available, including information and/or documents in your or your agents' possession, custody, or control, or otherwise subject to your possession and/or control at the time of such production.

A. These interrogatories are continuing in nature, up to and during the course of the trial. Your response to these interrogatories must be supplemented as you obtain additional information affecting any of your responses.

B.  If you cannot answer all or part of any interrogatory in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

C.  If you assert a claim of privilege in responding to or objecting to any Interrogatory, the attorney asserting the privilege shall provide the following information:

   1.  describe the nature of the privilege which is being claimed;

   2.  for documents: (a) the type of document, (b) general subject matter of the document, (c) the date of the document, (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, and any other recipient to each other;

   3.  for oral communications: (a) the name of the person making the communication and the names of the persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication, (b) the date and place of communication, (c) the general subject matter of the communication.

D.  If you object to any part of an Interrogatory, answer all parts of such Interrogatory to which you do not object.

E. If anything is deleted from a document produced in response to an Interrogatory, list: (1) the reason for the deletion, and (2) the subject matter of the deletion.

F. The terms “you,” “your,” and “Dish Network” include Dish Network, LLC, its parents, subsidiaries, predecessors, employees, agents, and independent contractors. The terms “you,” “your,” and “Dish Network” also include Dish Network distributors All-Systems, Dow Electronics, Mid-State Distributing Co., CVS Systems, Inc., and RS&I, Inc., and their predecessors. For the purposes of this set of Requests for the Production of Documents only, the terms “you,” “your,” and “Dish Network” do not include Dish Network authorized dealers (or Order/Entry entities), such as Dish TV Now and Star Satellite.

G. The term “Authorized Dealer” means any person or entity authorized to market Dish Network goods or services.

H. The term “Order/Entry entity” means any entity that can directly enter sales into Dish Network’s Order/Entry system.

I. The term “person” includes any natural person and any business, legal, or government entity or association.

J. The term “identify” when used with respect to a natural person means to state: (1) the full name of the person, (2) his or her present or last known business and residential address and telephone number, (3) his or her email address, (4) his or her employer and position or title, (5) a description of his or her responsibilities, and (6) with respect to expert witnesses, the witness’s profession and qualifications. Once a person has been identified

in accordance with this subparagraph, only the name of that person need be listed in response to subsequent interrogatories requesting the identification of that person.

K. The term "identify" when used in respect to an authorized dealer (including an Order/Entry entity), or any other corporation, company, partnership, sole proprietorship or other entity, means to state: (1) the name of the entity, (2) the address of the entity, (3) the telephone number of the entity, (4) the name or names, titles, addresses, telephone numbers, and email addresses of your primary contacts with the entity, and (5) the dates Dish Network did or has done business with the entity.

L. The term "identify" with respect to legal actions means to state: (1) the full names of all parties, (2) each party's status (such as plaintiff, defendant, third-party defendant, or intervenor), (3) the case number, (4) the jurisdiction and specific court or tribunal, (5) the date the action was filed, (6) the date the action was finally disposed of, or else an indication that the action is still pending, (7) for each appeal, the full names of all parties to the appeal, (8) for each appeal, all docket numbers, (9) for each appeal, the jurisdiction and specific appellate court or tribunal, (10) for each appeal, the date filed, and (11) for each appeal, the date the appeal was finally decided or otherwise disposed of, or if the appeal is still pending, an indication to that effect.

M. The term "identify" with respect to documents means to state: (1) the type of document (e.g., "letter to John Doe, cc: Richard Roe"), (2) its date or approximate date, (3) its author or authors, (4) its recipient or recipients, (5) its subject matter, and (6) its present location or custodian (or in lieu thereof attach a copy of the document). You need not provide a description as detailed as the foregoing if the document is produced in response

to these Interrogatories and if such information is readily discernible from the document. To identify a document that was, but is no longer, in your possession or subject to your control, or in existence, state whether it (1) is missing or lost, (2) has been destroyed, (3) has been transferred, voluntarily or involuntarily, to others, or (4) has been otherwise disposed of; and in each instance, explain the circumstances surrounding the authorization for such disposition and state the date or approximate date thereof.

N. The term "identify" when used with respect to verbal communication, discussion, or meeting means to state: (1) the type of communication, discussion or meeting (e.g., telephone conversation, face-to-face conversation, staff meeting), (2) its date or approximate date, (3) the identity of its participants or attendees, and (4) its general subject matter.

O. The term "document" is used in the broadest sense of the word and means any written, recorded, or graphic material that is in the defendant's possession, custody, or control including but not limited to: memoranda, reports, letters, telegrams, facsimiles, electronic mail, voice mail, other electronic correspondence, and any other communications recorded in any form or medium; notes, minutes, and transcripts of conferences, meetings, depositions, and telephone or other communications; solicitations, advertisements, offers, confirmations, contracts and other agreements; statements, ledgers, invoices, receipts, customer or vendor lists, and other records of financial matters or commercial transactions; financial models, statistical models, surveys, studies, computer printouts, and other data compilations; notebooks, calendars, and diaries; plans, proposals, scripts, and specifications; publications, manuals, supplements, indices,

abstracts, pamphlets, and fliers; photographs, diagrams, graphs, charts, and other drawings; transparencies, view graphs, foils, slides, handouts, and multimedia presentations; photocopies, microfilm, microfiche, and other copies or reproductions; audio and video recordings; tape, disk (including all forms of magnetic, magneto-optical, and optical disks), and other electronic recordings. The term includes all drafts of a document; the original document (or an identical copy if the original is no longer available); and all copies that differ in any way from the original (including as to any notations, underlining, markings, or electronically imbedded comments or codes). The term also includes information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

P. The term “telemarketer” means any person, who in connection with telemarketing, initiates or receives telephone calls to or from a customer.

Q. The term “Telemarketing Sales Rule” or “TSR” means 16 C.F.R. § 310, including all versions of the Telemarketing Sale Rule or TSR from October 1, 2003 until the present.

R. The term “telemarketing” means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.

S. The term “telemarketing laws” includes the TSR; the Telephone Consumer Protection Act of 1991 (“TCPA”), Pub. L. No. 102-243, 105 Stat. 2394 (as subsequently amended), *codified at* 47 U.S.C. § 227; regulations promulgated by the Federal Communications Commission under the TCPA, *codified at* 47 C.F.R. § 64.1200; and state statutes,

regulations, and ordinances that restrict or prohibit telephone solicitations, including automatic-dialing and announcing devices.

T. The term "pre-recorded or abandoned calls" includes outbound telephone calls placed by a seller or telemarketer that are not connected to a sales representative within two (2) seconds of the completed greeting of the person answering the call; and includes telephone solicitations to residential telephone lines using artificial or prerecorded voices.

U. The singular shall be construed to include the plural, and the plural shall be construed to include the singular.

V. The word "each" shall be construed to include the word "every," and the word "every" shall be construed to include the word "each."

W. The word "any" shall be construed to include the word "all," and the word "all" shall be construed to include the word "any."

X. The word "or" shall be construed to include "and," and the word "and" shall be construed to include the word "or."

Y. The words phrases "referring to" or "relating to" means referring to, relating to, regarding, reflecting, discussing, constituting, mentioning, pertaining to, alluding to, or associated with.

Z. The time period for these interrogatories is October 1, 2003 to the present.

AA. The term "present" means up to and including the date of your final response to this request for the production of documents.

## INTERROGATORIES

1. Identify each person who, during the covered period, has had any involvement with monitoring or enforcing compliance, by you, any authorized dealer (including Order/Entry entities), or any telemarketer or any other entity selling Dish Network services, of telemarketing laws or your telemarketing policies or procedures.

2. Identify each person who, during the covered period, has reviewed, addressed, investigated, pursued, or responded to complaints relating to telemarketing by you, authorized dealers (including Order/Entry entities), or any telemarketer or any other entity selling Dish Network services.

3. Identify each person who receives, responds to, has received, or has responded to complaints relating to calls to telephone numbers on a state or the National Do Not Call Registry, pre-recorded calls, abandoned calls, the use of obscene or profane language in telemarketing calls, or instances where an individual stated that he or she did not want to be contacted.

4. Identify each authorized dealer not specifically contracted to provide telemarketing of Dish Network services that has received or been paid compensation, reimbursements, incentives, commissions, fees, or any other payment in relation to generating a new subscriber at any time over the time period covered by these Interrogatories, including the dates and amount of such payments. By "each dealer not specifically contracted to provide telemarketing," this Request means dealers whose contracts, at any relevant time, either specifically prohibited telemarketing, or were silent on whether the dealer was permitted to telemarket Dish Network services.

5.  Identify and describe all policies and procedures you have had at any time over the time period covered by these Interrogatories for investigating, pursuing, responding to, or addressing violations or suspected violations, by you, your authorized dealers (including Order/Entry entities), or any telemarketer or any other entity selling Dish Network services.

6.  Describe whether, and under what circumstances, you have required, at any time over the time period covered by these Interrogatories, authorized dealers (including Order/Entry entities), or any telemarketer or any other entity selling Dish Network services, to report to you when they received telemarketing complaints, including an explanation in full of any changes to such requirements during the time period covered by these Interrogatories, including dates and the reasons for each change.

7.  For each authorized dealer (including Order/Entry entities), telemarketer, and any other entity selling Dish Network services, that you have investigated, disciplined, terminated, or taken legal action against, at any time over the time period covered by these Interrogatories, based wholly or partly upon violations or suspected or alleged violations of telemarketing laws: Identify the entity and state in detail all indications of violations or suspected or alleged violations of telemarketing laws that led to—and all other explanations and reasons for—the investigation, discipline, termination, or legal action.

8.  For each authorized dealer (including Order/Entry entities), telemarketer, and any other entity selling Dish Network services, that you have investigated, disciplined, terminated, or taken legal action against, at any time over the time period covered by these Interrogatories, for reasons wholly other than violations or suspected violations of

telemarketing laws: Identify the entity and state in detail all acts and omissions that led to —and all other explanations and reasons for—the investigation, discipline, termination, or legal action.

9. Describe in detail the circumstances of each investigation, disciplinary action, termination, and legal action identified in response to the previous two interrogatories.

10. Describe in detail all Dish Network policies or procedures, including all persons involved with their implementation, relating to requiring prospective or actual authorized dealers (including Order/Entry entities), telemarketers, or any other person selling or seeking to sell Dish Network services, to report to Dish private lawsuits alleging violations of consumer-protection statutes (including but not limited to telemarketing laws), prosecutions or convictions for crimes or law violations other than minor traffic violations, or government investigations into their conduct (including but not limited to telemarketing-abuse enforcement actions).

11. Identify each Order/Entry entity from 2003 to the present, date of hire or contract; sales volume for each year; compensation, reimbursements, incentives, commissions, fees, and any other payments for each year; current status; and, if not currently an Order/Entry entity, the date or dates of any changes in status and the reasons for the change or changes in status. Identifying and producing Excel or other spreadsheets reflecting this information is sufficient to answer this interrogatory under Fed. R. Civ. P. 33(d).

12. Identify the top 100 Dish Network authorized dealers (including Order/Entry entities) by sales volume for each year from 2003 to the present, showing for each such entity, the date of hire or contract; sales volume for each year; compensation, reimbursements,

incentives, commissions, fees, and any other payments for each year; current status; and, if no longer an authorized dealer or no longer an Order/Entry entity, the date or dates of any changes in status and the reasons for the change or changes in status. Identifying Excel or other spreadsheets reflecting this information is sufficient to answer this interrogatory under Fed. R. Civ. P. 33(d).

Dated: May 5, 2010

Respectfully,

FOR THE UNITED STATES:

TONY WEST
Assistant Attorney General

EUGENE M. THIROLF, Director
KENNETH L. JOST, Deputy Director
Office of Consumer Litigation

/s Daniel K. Crane-Hirsch
DANIEL K. CRANE-HIRSCH

/s Patrick R. Runkle
PATRICK R. RUNKLE
Trial Attorneys
Office of Consumer Litigation
U.S. Department of Justice
PO Box 386
Washington, DC 20044-0386
Telephone: 202-616-8242 (Crane-Hirsch),
202-532-4723 (Runkle)
Fax: 202-514-8742
daniel.crane-hirsch@usdoj.gov
patrick.r.runkle@usdoj.gov

OF COUNSEL:
LOIS C. GREISMAN,
Associate Director for Marketing Practices

FRANK M. GORMAN,
Acting Assistant Director, Marketing Practices

RUSSELL DEITCH
GARY IVENS
Attorneys
Federal Trade Commission
600 Pennsylvania Ave. NW, Room 288
Washington, DC 20580
Telephone: 202-326-2585 (Deitch),
202-326-2330 (Ivens)
Fax: 202-326-3395

*Signatures continue …*

   /s James A. Lewis
JAMES A. LEWIS
Civil Division Chief
U.S. Attorney's Office for the Central District of Illinois
318 S. 6th St.
Springfield, IL 62701-1806
Telephone: 217-492-4450
Fax: 217-492-4512
Jim.Lewis2@usdoj.gov

FOR THE PEOPLE OF THE STATE OF CALIFORNIA

EDMUND G. BROWN JR.
Attorney General of the State of California

Albert Norman Shelden
Deputy Attorney General

/s Albert Norman Shelden
BY: Albert Norman Shelden
Deputy Attorney General
Consumer Law Section
Office of the Attorney General
110 W. "A" Street, Suite 1100
San Diego, CA 92101-3702
Telephone: 619-645-2089
Fax: 619-645-2062
albert.shelden@doj.ca.gov

*Signatures continue …*

FOR THE PEOPLE OF THE STATE OF ILLINOIS

LISA MADIGAN
Attorney General of Illinois

/s Elizabeth Blackston
BY: Elizabeth Blackston, Assistant Attorney General; Chief, Consumer Fraud Bureau

/s Jeffrey M. Feltman
BY: Jeffrey M. Feltman
Illinois Bar No. 06237048
Assistant Attorney General
Consumer Fraud Bureau
1001 E. Main St.
Carbondale, IL 62901-3100
Telephone: 618-529-6418
Fax: 618-529-6403
jfeltman@atg.state.il.us

FOR THE STATE OF OHIO

RICHARD CORDRAY
Attorney General of Ohio

/s Erin B. Leahy
Michael Ziegler
Erin B. Leahy
Assistant Attorneys General
Consumer Protection Section
Ohio Attorney General's Office
30 E. Broad St., 14th Floor
Columbus, OH 43215-3414
Telephone: 614-466-3980 (Ziegler)
614-752-4730 (Leahy)
Fax: 866-768-2648
Michael.Ziegler@ohioattorneygeneral.gov
Erin.Leahy@ohioattorneygeneral.gov

FOR THE STATE OF NORTH CAROLINA

ROY COOPER
Attorney General of North Carolina

/s Kevin Anderson
Kevin Anderson
Assistant Attorney General
Office of the Attorney General
114 W. Edenton St.
Raleigh, NC 27602-0629
Telephone: 919-716-6000
Fax: 919-716-6050
kander@ncdoj.gov