# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATES OF CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO,<br><br>Plaintiffs,<br><br>v.<br><br>DISH NETWORK L.L.C.,<br><br>Defendant. | Case No.: 3:09-cv-03073 (JES) (CHE)<br><br>**RESPONSES OF DEFENDANT DISH NETWORK L.L.C. TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO:

TONY WEST
Assistant Attorney General
EUGENE M. THIROLF, Director
KENNETH L. JOST, Deputy Director
Office of Consumer Litigation
DANIEL K. CRANE-HIRSCH
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
PO Box 386
Washington, DC  20044-0386
FOR THE UNITED STATES

LOIS C. GREISMAN
Associate Director for Marketing Practices
Federal Trade Commission
ALLEN HILE, JR.
Assistant Director, Marketing Practices
RUSSELL DEITCH
GARY IVENS
Attorneys
Federal Trade Commission
600 Pennsylvania Ave. NW, Room 288
Washington, DC  20580
OF COUNSEL FOR THE UNITED STATES

EDMUND G. BROWN JR.
Attorney General of the State of California
Albert Norman Shelden
Deputy Attorney General
Consumer Law Section Office of the Attorney General
110 W. "A" Street, Suite 1100
San Diego, CA  92101-3702
FOR THE PEOPLE OF THE STATE OF CALIFORNIA

JAMES A. LEWIS
Civil Division Chief
U.S. Attorney's Office for the Central District of Illinois
318 S. 6th St.
Springfield, IL  62701-1806

RICHARD CORDRAY
Attorney General of Ohio
Michael Ziegler Erin B. Leahy
Assistant Attorneys General
Consumer Protection Section
Ohio Attorney General's Office
30 E. Broad St., 14th Floor
Columbus, OH  43215-3414
FOR THE STATE OF OHIO

LISA MADIGAN
Attorney General of Illinois
Elizabeth Blackston, Assistant Attorney
General;
Chief, Consumer Fraud Bureau;
Jeffrey M. Feltman
Assistant Attorney General
Consumer Fraud Bureau
1001 E. Main St.
Carbondale, IL  62901-3100
FOR THE PEOPLE OF THE STATE OF
ILLINOIS

ROY COOPER
Attorney General of North Carolina
Kevin Anderson
Assistant Attorney General
Office of the Attorney General
114 W. Edenton St.
Raleigh, NC  27602-0629
FOR THE STATE OF NORTH CAROLINA

Defendant DISH Network L.L.C. ("Defendant") hereby responds and objects to plaintiffs the United States of America's and the States of California, Illinois, North Carolina and Ohio's (collectively, "Plaintiffs") Second Request For Production of Documents ("Document Requests").

DATED:  July 19, 2010

KELLEY DRYE & WARREN LLP

By:  s/Joseph A. Boyle _____
    Joseph A. Boyle
    200 Kimball Drive
    Parsippany, New Jersey 07054
    Phone:  (973) 503-5900
    Fax:  (973) 503-5950

    Counsel for Defendant
    DISH Network, L.L.C.

## DEFINITIONS

1.    "Action" shall mean the lawsuit captioned *United States of America and the States of California, Illinois, North Carolina, and Ohio v. DISH Network, L.L.C.,* venued in the United States District Court, Central District of Illinois, Springfield Division, Case No. 3:09-cv-03073.

2.    "Complaint" shall mean the Amended Complaint filed by Plaintiffs in this Action.

3.    "Defendant" shall refer to DISH Network, L.L.C.

4.    "DISH Network" shall refer to defendant DISH Network, L.L.C.

5.    "Document Requests" shall refer to Plaintiffs' Second Request for Production of Documents propounded by Plaintiffs dated May 5, 2010.

6.    "Plaintiffs" shall mean the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission, the States of California, Illinois, North Carolina and Ohio and any person or entity representing them (including attorneys).

7.    "You," "your," and "yourself" shall refer to Plaintiffs and their agents, representatives, officers, directors and employees.

## GENERAL OBJECTIONS

1.    The following responses to the Document Requests are based upon information presently known to be available to Defendant, and except where explicit facts are admitted herein, no incidental or implied admissions are intended hereby.  The fact that Defendant has responded to

3

any part of the Document Requests should not be taken as an admission that Defendant accepts or admits the existence of any facts set forth or presumed by the Document Requests or that such responses constitute admissible evidence.  The fact that Defendant has responded to part or all of any Request in the Document Requests is not intended and shall not be construed as a waiver by Defendant of all or any part of any objection to any Request.

2.      Defendant objects to the Document Requests to the extent that they seek information protected from disclosure by the attorney-client communication privilege, the attorney work product doctrine, or any other applicable privilege.

3.      Defendant objects to the Document Requests to the extent that they call for the identification of documents or information of a confidential and proprietary nature, within the meaning of Fed. R. Civ. P. 26.

4.      Defendant objects to the Document Requests to the extent that they seek confidential information.

5.      Defendant objects to the Document Requests to the extent that they call for the identification of documents or information in the possession, custody or control of persons or entities other than Defendant.  *See Wachovia Securities, LLC v. Loop Corp.*, No. 05 C 3788, 2008 WL 2625907 (N.D. Ill. June 27, 2008) (courts analyzing a party's control of documents in the possession of a non-party look to the following factors (1) the party's and non-party's corporate structure; (2) the degree of ownership; (3) the financial relationship between the party and non-party; (4) the amount of overlap of directors, officers, and employees; and (5) the party's access to the non-party's documents in the ordinary course of business).

6.      Defendant objects to the Document Requests to the extent that they seek information and/or documents regarding entities or individuals other than Defendant and Defendant's

employees.  Defendant is only responding on its behalf, and not on behalf of any other entity or individual.

7.    Defendant generally objects to the Document Requests to the extent that they call for legal conclusions in order to respond to them.

8.    Defendant generally objects to the Document Requests to the extent that they call upon Defendant to identify "all" or "any" persons, facts and/or documents on the grounds that such Requests are overly broad, seeks to impose an undue burden upon Defendant, and calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9.    Defendant generally objects to the Document Requests to the extent that they are vague, overbroad and/or sweeping, duplicative and harassing.   Responding to them, therefore, constitutes an overly burdensome and unnecessary undertaking

10.    Defendant generally objects to each of the Document Requests that demand information and/or documents relating to, or concerning, authorized dealers that are not identified in the Complaint.  Defendant will produce documents as they relate to DISH Network and the five authorized dealers identified in the Complaint (namely Vision Quest, New Edge Satellite, Planet Earth Satellite, Dish TV Now and Star Satellite).  To the extent that the Document Requests seek information and/or documents relating to the thousands of authorized dealers not identified in the Complaint, such Requests: (a) are vague, overbroad and/or sweeping, duplicative and harassing, (b) seek to impose an undue burden upon Defendant, and (c) call for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11.    Defendant generally objects to each of the Document Requests that demand information and/or documents relating to, or concerning, all telemarketers as such requests are: (a) are vague,

overbroad and/or sweeping, duplicative and harassing, (b) seek to impose an undue burden upon Defendant, and (c) call for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant will produce documents in its custody and control with respect to each document request that reference telemarketers, assuming such request relates to, or seeks information regarding, eCreek Solutions Group Inc. (hereinafter "eCreek") and ePLDT-Ventus (hereinafter "ePLDT").

12.     Defendant generally objects to the Document Requests to the extent that they call for private information and/or documents concerning employees or other individuals, or otherwise implicate individual privacy rights that may be protected by federal and state privacy laws.

13.     Defendant generally objects to the Document Requests to the extent that they seek the generation, compilation, or creation of documents or extraction of information that are not already in existence or that are not maintained by Defendant in the ordinary course of business. *See Alexander v. Fed. Bureau of Investigation*, 194 F.R.D. 305, 310 (D.D.C. 2000) (Fed. R. Civ. P. 34 "only requires a party to produce documents that are already in existence;" a party "is not required to prepare, or cause to be prepared, new documents solely for their production"); *Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.*, 576 F. Supp. 511, 513 (W.D. Pa. 1983) ("Rule 34 cannot be used to require the adverse party to prepare, or cause to be prepared, a writing to be produced for inspection, but can be used only to require production of things in existence.").  Courts have found it inappropriate to impose upon a party the duty of "sorting or analysis of data" or the "task of culling relevant [data] from a long list."  *Sanders v. Levy*, 558 F.2d 636, 642 n.7 (2d Cir. 1976), *rev'd on other grounds, Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978); *Flying J Inc. v. Pilot Travel Ctrs. LL*C, No. 1:06-CV-00030, 2009 WL 1835000, at *2 (D. Utah June 25, 2009) (refusing to require party to compile information for

response in the form of an Excel spreadsheet because "[t]he court does not read Fed. R. Civ. P. 34 . . . as permitting a request for production to require a responding party to create compilations and summaries.. . . [A] request for production cannot require a party to compile and summarize.").

14.     Defendant generally objects to the Document Requests to the extent that the information and/or documents requested are incapable of being readily retrieved from Defendant's computer system(s) and it would therefore be overly burdensome and costly to retrieve such information and documents.  Defendant will only produce such documents to the extent that they are in its possession and/or can be retrieved from its computer system(s) without placing an unnecessary burden or expense upon Defendant.

15.     The absence of an objection shall not be deemed to be an acknowledgment that documents and/or information responsive to the Document Requests exist.

16.     These objections and responses are based on information currently known to Defendant, after a reasonable inquiry.  Defendant reserves the right to supplement these responses if additional information and/or documents become known to it.

<u>**GENERAL OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**</u>

**1.     Instructions**

<u>**Instructions, Number 3.**</u>   Defendant objects to Instruction Number 3 of the Document Requests to the extent that it seeks to impose requirements upon Defendant beyond what is required by Fed. R. Civ. P. 26(b)(5).  Defendant will comply with this instruction to the extent required under Fed. R. Civ. P. 26(b)(5).

<u>**Instructions, Number 5.**</u>   Defendant objects to Instruction Number 5 of the Document Requests to the extent it seeks to require Defendant to produce documents "created, used, or in force at any time from the period of October 1, 2003 to the date on which production

7

is made."  Defendant will search and produce documents that were created within three years statute of limitations for TSR claims, four years statute of limitations for the TCPA claims and relevant statutes of limitations for state specific claims.

## 2.    Definitions

**Definitions, Number 1.**  Defendant objects to Plaintiffs' definition of the terms "you," "your," and "DISH Network" as said terms, as defined, constitute an inappropriate expansion of Defendant's possession, custody or control obligations under the Federal Rules of Civil Procedure.

**Definitions, Number 2.**  Defendant objects to Plaintiffs' definition of the term "Authorized Dealer" as said term, as defined, is impermissibly vague and broad, purports to include marketing in general and is not limited to the alleged telemarketing practices that are at issue in the Action.

**Definitions, Number 6.**  Defendant objects to Plaintiffs' definition of the term "Telemarketer" as said term, as defined, is vague and overbroad.

**Definitions, Number 8.**  Defendant objects to Plaintiffs' definition of the term "telemarketing" as the term is improperly defined.  For the purposes of responding to Plaintiffs' Document Request, Defendant will utilize the term "telemarketing" as it is defined by the TSR.

**Definitions, Number 9.**  Defendant objects to Plaintiffs' definition of the term "telemarketing laws" as impermissibly over broad because it purports to include statutes, regulations, and ordinances of all states and is not limited to state statutes of the four state plaintiffs in this Action.  For the purposes of responding to Plaintiffs' Document Requests, Defendant will utilize the term "telemarketing laws" to mean statutes, regulations, and ordinances of California, Illinois, North Carolina and Ohio only.

**Definitions, Number 10.**  Defendant objects to Plaintiffs' definition of the phrase "pre-recorded or abandoned calls" as the phrase is improperly defined.  The phrase as defined by Plaintiffs is a definition of "abandoned calls" under 47 C.F.R. 64.1200, and will therefore be limited to "abandoned calls" only.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      For each electronic call log produced in response to the FTC's 2005 CID (including call logs produced in 2007), and in response to Plaintiffs' First Request for Production of Documents (served March 12, 2010), documents sufficient to identify which call center placed each call.

**RESPONSE:**  Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) the term "sufficient to identify" is vague and ambiguous; (b) it calls for the generation, compilation, or extraction of information that is not already in existence or maintained by Defendant in the ordinary course of business; and (c) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

In addition, Defendant objects to this Request on the ground that the documents and/or information sought are not reasonably accessible because of the undue burden and cost associated with attempting to collect the documents and/or information sought.  Further, the large volume of calls referenced in the Request render any attempt to respond to the Request impractical, if not impossible.

Defendant reserves the right to amend and/or supplement its response to this Request.

2.     Documents sufficient to identify all Dish Network call centers that have been used for outbound telemarketing, including the dates during which Dish Network used the center for such purposes, the number of people involved in outbound telemarketing, and the volume of outbound telemarketing calls.

**RESPONSE**: Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is not limited to the time period that is relevant to this litigation; (b) the term "sufficient to identify" is vague and ambiguous; (c) to the extent it asks for the "number of people involved," the Request calls for the generation, compilation, or extraction of information that is not already in existence or maintained by Defendant in the ordinary course of business; (d) such demand is overly broad and seeks to impose an undue burden upon Defendant; and (e) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant states that it produced such a list to Plaintiffs in its correspondence dated April 27, 2010 and June 23, 2010. Defendant further states that it also responded to Plaintiffs' request seeking the volume of outbound telemarketing calls by producing Dish-00000001 and Dish-00000002 in response to Plaintiff's first request to produce documents.

Defendant reserves the right to amend and/or supplement its response to this Request.

3.      All complaints you received from any source relating to calls to numbers on a state or the National Do Not Call Registry.

            **RESPONSE**: Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all complaints;" (b) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for all complaints from "any" source; (c) the term "complaints" and phrase "relating to" are vague and ambiguous; (d) such demand is overly broad and seeks to impose an undue burden and cost upon Defendant; (e) it is not limited to the time period that is relevant to this litigation; and (f) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request because it seeks documents and/or information that relate to Do Not Call Registries of states other than California, Illinois, North Carolina and Ohio.

            Subject to and without waiving the foregoing objections, Defendant states that it will make available for review, through a spreadsheet indicating the location of such complaints and access to the facility where those complaints are located, all written complaints within its possession, custody or control that it received during the period within the relevant statutes of limitations of the respective telemarketing statutes regarding calls to numbers on a National Do Not Call Registry or similar state registries for the states of California, Illinois, North Carolina and Ohio.  Defendant reserves the right to amend and/or supplement its response to this Request.

4.      All complaints you received from any source relating to pre-recorded or abandoned calls.

        **RESPONSE**: Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all complaints;" (b) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for all complaints from "any" source; (c) the term "complaints" and phrase "relating to" are vague and ambiguous; (d) it is overly broad and seeks to impose an undue burden and cost upon Defendant; (e) it is not limited to the time period that is relevant to this litigation; and (f) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

        Subject to and without waiving the foregoing objections, Defendant states that that it will make available for review, through a spreadsheet indicating the location of such complaints and access to the facility where those complaints are located, all written complaints relating to pre-recorded or abandoned calls within its possession, custody or control that it received during the period within the relevant statutes of limitations of the respective telemarketing statutes.  Defendant reserves the right to amend and/or supplement its response to this Request.

5.      All complaints you received from any source relating to a person stating that he or she did not want to be called or contacted again or otherwise requesting that his or her name be placed on your entity-specific Do Not Call list or the entity-specific Do Not Call list of any telemarketer or any other entity selling Dish Network services.

**RESPONSE**: Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all complaints;" (b) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for all complaints from "any" source; (c) the phrase "relating to" is vague and ambiguous; (d) it is overly broad and seeks to impose an undue burden upon Defendant; (e) it is not limited to the time period that is relevant to this litigation; and (f) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant states that it will make available for review, through a spreadsheet indicating the location of such complaints and access to the facility where those complaints are located, all written complaints concerning the subject matter of this Action within its possession, custody or control that it received during the period within the relevant statutes of limitations of the respective telemarketing statutes regarding outbound telemarketing calls made by DISH Network, eCreek, ePLDT, Vision Quest, New Edge Satellite, Planet Earth Satellite, Dish TV Now and/or Star Satellite.   Defendant reserves the right to amend and/or supplement its response to this Request.

6.     All complaints you received from any source relating to obscene or profane language used in any telemarketing context, including obscene or profane language used in response to any Do Not Call request or complaint.

**RESPONSE**: Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all complaints;" (b) it is overly broad and/or sweeping, duplicative and harassing to the

extent that it asks for all complaints from "any" source; (c) the term "relating" is vague and ambiguous; (d) it is overly broad and seeks to impose an undue burden and cost upon Defendant; (e) it is not limited to the time period that is relevant to this litigation; and (f) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant reserves the right to amend and/or supplement its response to this Request.

7.      All complaints you received from any source that relate to any telemarketer hired or retained by Dish Network, and that relate to telemarketing.

        **RESPONSE**: Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all complaints;" (b) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for all complaints from "any" source; (c) the terms "complaint," "relate," "telemarketer" and "telemarketing" are vague and ambiguous; (d) it is overly broad and seeks to impose an undue burden upon Defendant; (e) it is duplicative of Plaintiffs' previous requests; (f) it is not limited to the time period that is relevant to this litigation; and (g) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

        Subject to and without waiving the foregoing objections, Defendant states that it will make available for review, through a spreadsheet indicating the location of such complaints and access to the facility where those complaints are located, all written complaints about ePLDT and eCreek concerning the subject matter of this Action within its possession, custody or control that it received during the period within the relevant statutes of limitations of the

respective telemarketing statutes.  Defendant reserves the right to amend and/or supplement its response to this Request.


8.      All complaints you received from any source relating to any authorized dealer (including Order/Entry entities), or any telemarketer or any other entity selling Dish Network services, and that relate to telemarketing.

        **RESPONSE**: Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all complaints;" (b) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for all complaints from "any" source; (c) the terms "complaints," "relating," "telemarketer," "telemarketing" and "any other entity" are vague and ambiguous; (d) it is overly broad and seeks to impose an undue burden and cost upon Defendant; (e) it is duplicative of Plaintiffs' previous requests; (f) it is not limited to the time period that is relevant to this litigation; and (g) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  In addition, Defendant objects to this Request to the extent that it seeks information and/or documents relating to, or concerning, authorized dealers that are not identified in the Complaint.

        Subject to and without waiving the foregoing objections, Defendant states that it will make available for review, through a spreadsheet indicating the location of such complaints and access to the facility where those complaints are located, all written complaints, within its possession, custody and control, about ePLDT, eCreek, Vision Quest, New Edge Satellite, Planet Earth Satellite, Dish TV Now and/or Star Satellite concerning the subject matter of this Action

that it received during the period within the relevant statutes of limitations of the respective telemarketing statutes.  Defendant reserves the right to amend and/or supplement its response to this Request.

9.      All responses to, and any other documents relating to complaints sought in requests 3 through 8.

**RESPONSE**: Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all responses;" (b) the terms "complaints" and "relating to" are vague and ambiguous; (c) such demand is overly broad and seeks to impose an undue burden upon Defendant; (d) it is duplicative of Plaintiffs' previous requests; (e) it is not limited to the time period that is relevant to this litigation; (f) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (g) it seeks production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Defendant states that the files that will be made available for inspection in response to Request Nos. 3 through 8 will contain written responses, to the extent they exist, that are within Defendant's possession, custody or control, as requested by this Request.  Defendant reserves the right to amend and/or supplement its response to this Request.

10.    Documents sufficient to identify all persons who received or responded to any complaints sought in requests 3 though 8.

       **RESPONSE**: Defendant hereby incorporates by reference as if set forth fully herein all qualifications and objections.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all persons;" (b) the term "complaints" and phrase "sufficient to identify" are vague and ambiguous; (c) such demand is overly broad and seeks to impose an undue burden upon Defendant; (d) it is duplicative of Plaintiffs' previous requests; (d) it is not limited to the time period that is relevant to this litigation; and (e) it seeks production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine.

       In addition, Defendant objects to this Request because Defendant has had a large number of employees with responsibility for responding to customer inquiries, including complaints, from October 1, 2003 to the present; it would therefore be impractical, if not impossible, to identify each individual employee, other than those identified in documents made available for review in response to Request Nos. 3 through 8.  Defendant reserves the right to amend and/or supplement its response to this Request.

11.    All documents that relate to any analysis or discussion of any complaints sought in requests 3 through 8, including all documents that discuss the relationship between a complaint and a particular call center, authorized dealer (including Order/Entry entities), or any telemarketer or any other entity selling Dish Network services.

       **RESPONSE**:      Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis

that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all documents;" (b) the terms "complaints," "relate," "telemarketer" and "any other entity" are vague and ambiguous; (c) it is overly broad and seeks to impose an undue burden and cost upon Defendant; (d) it seeks production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine; and (e) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  In addition, Defendant objects to this Request on the ground that the documents and/or information sought are not reasonably accessible because of the undue burden and cost associated with attempting to collect the documents and/or information sought.

Subject to and without waiving the foregoing general and specific objections, Defendant states that it does not maintain in the ordinary course of business specific documents that include the type of analysis and/or discussion identified in this Request.  In addition to those documents that were made available for inspection in response to Request Nos. 3 through 10, Defendant states that it will agree to conduct an electronic search for potentially responsive documents using mutually-agreed upon, and appropriately narrow, search terms for a reasonable number of custodians relating to complaints regarding DISH Network's outbound telemarketing calls, eCreek, ePLDT, Vision Quest, New Edge Satellite, Planet Earth Satellite, Dish TV Now and/or Star Satellite related to the subject matter of the Action.  Defendant reserves the right to amend/or supplement its response to this Request.


12.    All documents relating to compliance with, monitoring compliance with, enforcing compliance with, violations of, or suspected or alleged violations of, telemarketing laws by you,

your authorized dealers (including Order/Entry entities), or any telemarketer or any other entity selling Dish Network services.

**RESPONSE**:        Defendant hereby incorporates by reference as if set forth fully herein all qualifications and objections.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all documents;" (b) the terms "relating to," "telemarketing," "telemarketer" and "any other entity" are vague and ambiguous; (c) such demand is overly broad and seeks to impose an undue burden upon Defendant; (d) it is not limited to the time period that is relevant to this litigation; (e) it seeks production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine; (f) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (g) it seeks production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine. In addition, Defendant objects to this Request to the extent that it demands information and/or documents relating to, or concerning, authorized dealers that are not identified in the Complaint.

Subject to and without waiving the foregoing objections, Defendant states that it will produce: (a) its written policies related to the National Do Not Call Registry or similar state registries for the states of California, Illinois, North Carolina and Ohio and compliance with the TSR, TCPA and applicable telemarketing laws of those states related thereto; (b) non-privileged communications of such policies; and (c) any communications with Vision Quest, New Edge Satellite, Planet Earth Satellite, Dish TV Now, Star Satellite, eCreek and/or ePLDT regarding compliance with, or alleged violations of, such policies and/or the TSR, TCPA and/or similar

statutes, regulations, and ordinances of California, Illinois, North Carolina and Ohio that Defendant can locate after a reasonable search. Defendant reserves the right to amend and/or supplement its response to this Request.

13.    All written policies and procedures relating to compliance with, monitoring compliance with, enforcing compliance with, violations of, or suspected or alleged violations of telemarketing laws by you, your authorized dealers (including Order/Entry entities), or any telemarketer or any other entity selling Dish Network services.

    **RESPONSE**:    Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications. Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all written policies and procedures;" (b) the terms "relating to," "telemarketing" and "telemarketer" are vague and ambiguous; (c) it seeks to impose an undue burden upon Defendant; (d) it is not limited to the time period that is relevant to this litigation; and (e) it seeks production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine.

        Subject to and without waiving the foregoing objections, Defendant states that it will produce: (1) its written policies related to compliance, monitoring compliance, and/or enforcing compliance with the National Do Not Call Registry or similar state registries for the states of California, Illinois, North Carolina and Ohio and documents for Vision Quest, New Edge Satellite, Planet Earth Satellite, Dish TV Now, Star Satellite, eCreek and/or ePLDT and compliance with, or alleged violations of, such policies and/or the TSR, TCPA and/or similar

20

statutes, regulations, and ordinances of California, Illinois, North Carolina and Ohio relating to the subject matter of the Complaint, that Defendant can locate after a reasonable search.

Defendant reserves the right to amend and/or supplement its response to this Request.

14.    All documents relating to investigatory, disciplinary, enforcement, or legal actions you have taken in response to violations or suspected or alleged violations of telemarketing laws or of your policies or procedures relating to telemarketing.

**RESPONSE**:        Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all documents;" (b) the terms "relating to," "telemarketing" are vague and ambiguous; (c) it is overly broad and seeks to impose an undue burden and costs upon Defendant; (d) it is not limited to the time period that is relevant to this litigation; (e) it seeks production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine; and (f) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant states that it will produce documents relating to "investigatory, disciplinary, enforcement, or legal actions" that it has "taken in response to violations or suspected or alleged violations," by Defendant's employees and/or representatives of Vision Quest, New Edge Satellite, Planet Earth Satellite, Dish TV Now, Star Satellite, eCreek and/or ePLDT of the TSR, TCPA and/or similar statutes, regulations, and ordinances of California, Illinois, North Carolina and Ohio that Defendant can

locate after a reasonable search.  Defendant reserves the right to amend and/or supplement its response to this Request.

15.    For all authorized dealers (including Order/Entry entities), and all telemarketers and other entities selling Dish Network services, about which you have received telemarketing complaints from any source:

a.    All contracts between Dish Network and the entities;

b.    All applications from or on behalf of the entities to become an authorized dealer (including to become an Order/Entry entity) or to be a telemarketer for or otherwise to sell Dish Network services;

c.    All documents submitted with, in support of, or in relation to such applications; and

d.    All documents created while reviewing, approving, denying, responding to, addressing, or referring to such applications. or to documents submitted with, in support of or in relation to such applications

**RESPONSE**:       Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all" contracts, applications and documents and for "all" authorized dealers; (b) the terms "telemarketing," "telemarketer," "entities" and "complaints" are vague and ambiguous; (c) it is overly broad and seeks to impose an undue burden upon Defendant; (d) responding to it constitutes an overly burdensome and unnecessary undertaking; (e) it is not limited to the time period that is relevant to this litigation; (f) it seeks production of documents protected from

22

disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine; and (g) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  In addition, Defendant objects to this Request to the extent that it demands information and/or documents relating to, or concerning, authorized dealers that are not identified in the Complaint.

Subject to and without waiving the foregoing objections, Defendant states that it will produce the following: (1) all contracts between Dish Network and Vision Quest, New Edge Satellite, Planet Earth Satellite, Dish TV Now, Star Satellite, eCreek and ePLDT; (2) all applications submitted by Vision Quest, New Edge Satellite, Planet Earth Satellite, Dish TV Now and Star Satellite to become an authorized dealer, and by ePLDT and eCreek to become a telemarketer, and documents supporting such applications; (3) any non-privileged documents, in its custody, possession and control, that were created while reviewing the applications of the foregoing dealers and telemarketers to the extent that they relate to the subject matter of the Complaint.  Defendant reserves the right to amend and/or supplement its response to this Request.

16.    All documents relating to communications or discussions with any authorized dealer (including Order/Entry entities), or with any telemarketer or any other entity selling Dish Network services, relating to or referring to telemarketing complaints, or to violations or suspected or alleged violations of telemarketing laws or of your policies or procedures relating to telemarketing.

**RESPONSE**:       Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis

that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all" documents; (b) the terms "complaints," "telemarketer," "any other entity" and phrase "relating to" are vague and ambiguous; (c) such demand is overly broad and seeks to impose an undue burden upon Defendant; (d) responding to it constitutes an overly burdensome and unnecessary undertaking; (e) it is not limited to the time period that is relevant to this litigation; (f) it is duplicative of Plaintiffs' previous requests; and (g) it seeks production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine.  In addition, Defendant objects to this Request to the extent that it demands information and/or documents relating to, or concerning, authorized dealers that are not identified in the Complaint.

Subject to and without waiving the foregoing objections, Defendant states that, after conducting a reasonable search, it will produce responsive, non-privileged, documents regarding Vision Quest, New Edge Satellite, Planet Earth Satellite, Dish TV Now, Star Satellite, ePLDT and eCreek to the extent they refer to the violations alleged in the Complaint.  Defendant reserves the right to amend and/or supplement its response to this Request.

17.    All documents relating to your efforts to learn the identity of authorized dealers (including Order/Entry entities), or any telemarketer or any other entity selling Dish Network services, responsible for violations or suspected or alleged violations of any telemarketing law or any of your policies or procedures relating to telemarketing.

**RESPONSE**:    Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for

"all" documents; (b) the terms "relating to your efforts," "telemarketer," "any other entity" are vague and ambiguous; (c) such demand is overly broad and seeks to impose an undue burden upon Defendant; (d) responding to it constitutes an overly burdensome and unnecessary undertaking; (e) it is not limited to the time period that is relevant to this litigation; (f) it is duplicative of Plaintiffs' previous requests; (g) it seeks production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine; and (h) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant states that it will produce documents that can be located after a reasonable search relating to efforts it has made to determine whether representatives of Vision Quest, New Edge Satellite, Planet Earth Satellite, Dish TV Now, Star Satellite, eCreek and/or ePLDT allegedly violated the telemarketing laws that are the subject of this Action and/or Defendant's policies and procedures related thereto.  Defendant reserves the right to amend and/or supplement its response to this Request.

18.    All documents relating to actions or communications after you learned the identity of any authorized dealer (including Order/Entry entities), or any telemarketer or any other entity selling Dish Network services, that violated or potentially violated a telemarketing law or any of your policies or procedures relating to telemarketing, where the action or communication addressed, responded to, or referred to the violation or potential violation.

**RESPONSE**:    Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis

that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all" documents; (b) the phrase "relating to" and the terms "telemarketer," "telemarketing" and "any other entity" are vague and ambiguous; (c) the phrase "addressed, responded to, or referred" is vague and ambiguous; (d) it is overly broad and seeks to impose an undue burden upon Defendant; (e) it is not limited to the time period that is relevant to this litigation; (f) it seeks production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine; and (g) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant states that it will produce any communications, and any non-privileged documents, containing such communications or reference actions taken with respect to Vision Quest, New Edge Satellite, Planet Earth Satellite, Dish TV Now, Star Satellite, ePLDT and eCreek as a result of their alleged violations of the telemarketing laws that are subject of this Action and/or Defendant's policies and procedures related thereto that it can locate after a reasonable search.  Defendant reserves the right to amend and/or supplement its response to this Request.


19.    All documents relating to cooperation, collaboration, or any other interactions with law enforcement officials at any level of government, to identify, investigate, pursue, respond to, or address violations or suspected or alleged violations of telemarketing laws by you, your authorized dealers (including Order/Entry entities), or any telemarketer or any other entity selling Dish Network services.

26

**RESPONSE**:        Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all" documents; (b) the phrase "relating to" is vague and ambiguous; (c) it is overly broad and seeks to impose an undue burden upon Defendant; (d) it is not limited to the time period that is relevant to this litigation; (e) it seeks production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine; and (f) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant reserves the right to amend and/or supplement its response to this Request.

20.        All documents relating to cooperation, collaboration, or any other interactions with any consumer protection or consumer complaint entity (such as, but not limited to, the Better Business Bureau and Internet sites that let consumers post complaints about companies), to identify, investigate, pursue, respond to, or address violations or suspected or alleged violations of telemarketing laws by you, your authorized dealers (including Order/Entry entities), or any telemarketer or any other entity selling Dish Network services.

**RESPONSE**:        Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all" documents; (b) the terms "relating" and the phrase "consumer complaint entity" are vague and ambiguous; (c) it  is overly broad and seeks to impose an undue burden upon Defendant; (d)

it is not limited to the time period that is relevant to this litigation; (e) it seeks production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine; (f) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (g) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant reserves the right to amend and/or supplement its response to this Request.

21.    All documents relating to monitoring and enforcing compliance with telemarketing laws or any of your policies or procedures relating to telemarketing.

**RESPONSE**:    Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all" documents; (b) the term "relating to" is vague and ambiguous; (c) such demand is overly broad and seeks to impose an undue burden upon Defendant; (d) it is not limited to the time period that is relevant to this litigation; (e) it is duplicative of Plaintiffs' previous requests; (f) it seeks production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine; and (g) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant states that it will produce documents setting forth DISH Network's policies and procedures related to

compliance with the TSR, TCPA and/or similar statutes, regulations, and ordinances of California, Illinois, North Carolina and Ohio that Defendant can locate after a reasonable search. Defendant reserves the right to amend and/or supplement its response to this Request.

22.     All contracts between Dish Network and its Order/Entry entities.

**RESPONSE**:       Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.   Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all" contracts; (b) such demand seeks to impose an undue burden upon Defendant; (c) it is duplicative of Plaintiffs' previous requests; (d) it seeks information that is neither relevant to any of the claims or defenses raised by any party to this Action nor reasonably calculated to lead to the discovery of admissible evidence; and (e) it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant states that it will produce requested documents as they relate to DISH Network and the five authorized dealers identified in the Complaint (namely, Vision Quest, New Edge Satellite, Planet Earth Satellite, Dish TV Now and Star Satellite).   Defendant reserves the right to amend and/or supplement its response to this Request.

23.     For all entities hired, retained or used by Dish Network for telemarketing:

a.      All applications from or on behalf of the entities to become telemarketers for Dish Network;

b.      All documents submitted with, in support of, or in relation to such applications;

c.      All documents created while reviewing, approving, denying, responding to, addressing, or referring to such applications, or to documents submitted with, in support of, or in relation to such applications:

d.      All contracts between Dish Network and such entities;

e.      Documents sufficient to show the dates of contract or hire; sales volume for each year; outbound telemarketing call volume for each year; compensation, reimbursements, incentives, commissions, and any other payments for each year; current status; and, if not currently a telemarketer for Dish Network, the date or dates of any changes in status and the reasons for the change or changes in status.

**RESPONSE**:      Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all" applications, documents, and contracts; (b) such demand is overly broad and seeks to impose an undue burden upon Defendant; (c) responding to it constitutes an overly burdensome and unnecessary undertaking; (d) it calls for the disclosure of highly confidential and proprietary business or financial information and/or documents of Defendant; (e) it is duplicative of Plaintiffs' previous requests; (f) it is not limited to the time period that is relevant to this litigation; (g) it seeks information that is neither relevant to any of the claims or defenses raised by any party to this Action nor reasonably calculated to lead to the discovery of admissible evidence; and (h) the phrase "entities hired, retained or used" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant states that it will produce the requested documents as they relate to DISH Network and ePLDT and eCreek

that made outbound telemarketing calls during the period within the relevant statutes of limitations of the respective telemarketing statutes.  Defendant reserves the right to amend and/or supplement its response to this Request.

24.    All documents relating to any methods or processes by which prospective dealers or telemarketers apply or have applied to Dish Network to become authorized dealers (including Order/Entry entities), or telemarketers, including samples of all application forms sent to or used by prospective dealers or telemarketers, procedure, policies, manuals, checklists, and any other instructions or documents used by persons reviewing applications.

**RESPONSE**:        Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all" documents and "all" application forms; (b) such demand is overly broad and seeks to impose an undue burden upon Defendant; (c) responding to it constitutes an overly burdensome and unnecessary undertaking; (d) it calls for the disclosure of highly confidential and proprietary business or financial information and/or documents of Defendants; (e) it is duplicative of Plaintiffs' previous requests; (f) it is not limited to the time period that is relevant to this litigation; (g) it seeks information that is neither relevant to any of the claims or defenses raised by any party to this Action nor reasonably calculated to lead to the discovery of admissible evidence; and (h) the term "telemarketer" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant states that it will produce responsive documents as they relate to Vision Quest, New Edge Satellite, Planet Earth Satellite, Dish TV Now, Star Satellite, ePLDT and eCreek that Defendant can locate after a

reasonable search.  Defendant reserves the right to amend and/or supplement its response to this Request.

25.    All documents relating to the actual, possible or hypothetical costs of obtaining or maintaining compliance or increased compliance with any telemarketing law.

**RESPONSE**:        Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all" documents as it relates to "possible or hypothetical costs;" (b) such demand is overly broad and seeks to impose an undue burden upon Defendant as it relates to "actual" costs; (c) it is not limited to the time period that is relevant to this litigation; and (d) it seeks information that is neither relevant to any of the claims or defenses raised by any party to this Action, nor is it reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant states that it does not separately track the costs of "obtaining or maintaining compliance or increased compliance with any telemarketing law."   Defendant reserves the right to amend and/or supplement its response to this Request.

26.    All documents relating to any study, analysis, or discussion of actual, potential, or hypothetical costs or benefits of obtaining or maintaining compliance or increased compliance with any telemarketing law, including but not limited to any cost/benefit analyses of any possible, actual, or proposed steps you might or did take to obtain or maintain compliance or increased compliance with any telemarketing law.

**RESPONSE**:        Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all" documents; (b) such demand is overly broad and seeks to impose an undue burden upon Defendant; (c) responding to it constitutes an overly burdensome and unnecessary undertaking; (d) it calls for the disclosure of highly confidential and proprietary business or financial information and/or documents of Defendants; and (e) it seeks production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Defendant refers to its response to Request No. 25, except that Defendant will undertake to do a reasonable search and will produce, to the extent they exist, any non-privileged documents regarding "cost/benefit analyses of any possible, actual, or proposed steps" to "obtain or maintain compliance or increased compliance with any telemarketing law."   Defendant reserves the right to amend and/or supplement its response to this Request.

27.    All documents referred to in, identified in, or that provide part or all of the basis for your responses to, any Interrogatory propounded by Plaintiffs.

**RESPONSE**:        Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all" documents; (b) such demand is overly broad and seeks to impose an undue burden upon Defendant; (c) responding to it constitutes an overly burdensome and unnecessary undertaking;

(d) it is duplicative of Plaintiffs' previous requests; and (e) it seeks production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Defendant states that it will produce any document referred to any responses to interrogatories.  Defendant reserves the right to amend and/or supplement its response to this Request.

28.    All press releases and public statements that you have made or issued relating to telemarketing or compliance with, violations of, or suspected or alleged violations of telemarketing laws or any of your policies or procedures relating to telemarketing.

**RESPONSE**:        Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) the terms "telemarketing," "press releases" and "public statements" are vague and ambiguous; (b) it is not limited to the time period that is relevant to this litigation; (c) it seeks publicly available information; and (d) it seeks information that is neither relevant to any of the claims or defenses raised by any party to this Action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant states that it will produce applicable "press releases and public statements" related to compliance, violations of, or suspected or alleged violations of, the TSR, TCPA and/or similar statutes, regulations, and ordinances of California, Illinois, North Carolina and Ohio that Defendant can locate after a reasonable search.  Defendant reserves the right to amend and/or supplement its response to this Request.

29.     All documents relating to evaluations, assessments, analyses, or audits of compliance with, violations of, or suspected or alleged violations of telemarketing laws, or any of your policies or procedures relating to telemarketing, by you, your authorized dealers (including Order/Entry' entities), and any telemarketer or any other entity selling DISH Network services.

**RESPONSE**:        Defendant hereby incorporates by reference as if set forth fully herein all general objections and qualifications.  Defendant further objects to this Request on the basis that: (a) it is overly broad and/or sweeping, duplicative and harassing to the extent that it asks for "all" documents; (b) it is overly broad and seeks to impose an undue burden upon Defendant; (c) responding to it constitutes an overly burdensome and unnecessary undertaking; (d) it is duplicative of Plaintiffs' previous requests; (e) it is not limited to the time period that is relevant to this litigation; and (f) it seeks production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine.

            Subject to and without waiving the foregoing objections, Defendant states that it will produce non-privileged, non work-product documents for the relevant time period that relate to subject matter called for in this Request to the extent that it is related to compliance with, or alleged violations of, telemarketing laws referenced in the Complaint and any of Defendant's policies or procedures relating to such telemarketing.  Defendant reserves the right to amend and/or supplement its response to this Request.