**E-FILED**
Friday, 24 September, 2010  02:03:50 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATES OF CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO, <br>          Plaintiffs, <br>     v. <br><br> DISH NETWORK L.L.C., <br>          Defendant. | Case No. 3:09-cv-03073-MPM-BGC |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' JURY DEMAND

Sixteen months after Plaintiffs filed their Amended Complaint, Defendant Dish Network has moved to strike Plaintiffs' jury demand.  As discussed below, Plaintiff the United States presses its right to a jury determination of liability for civil penalties under the FTC Act.  The State Plaintiffs do not seek jury determinations under the TCPA or their State statutes.

Defendant's argument first states the uncontroversial propositions that the propriety and scope of equitable relief are for the Court, not a jury, to decide; and that the relevant statutes in this case are silent on the topic of the right to a jury trial.  Def. Mot. Strike (ECF # 55) at 4-5. Defendant next invites the Court to compare Plaintiffs' telemarketing enforcement action seeking equitable relief, civil penalties, and treble damages with actions brought in eighteenth-century English courts, and asserts that such actions, if they had existed, would have been brought in courts of chancery.  *Id*.  at 5-6.  This, Defendant concludes, means that there is no jury trial right available to Plaintiffs in the twenty-first century.  *Id*. at 7-9.  Defendant's motion fails because it is premised on critical inaccuracies and ignores relevant precedent.

1.    **THE UNITED STATES IS ENTITLED TO A JURY TRIAL**

The most obvious deficiency in Defendant's argument is that the Supreme Court has held that liability in civil-penalty actions is to be decided by a jury.  *Tull v. United States*, 481 U.S. 412 (1987).  The Supreme Court and the Seventh Circuit Court of Appeals have also specifically held that a jury trial right exists in Government enforcement actions, like this one, that seek both equitable relief and civil penalties.  *Id.*; *SEC v. Lipson*, 278 F.3d 656, 662 (7th Cir. 2002) ("Because the SEC was seeking both legal and equitable relief . . . Lipson was entitled to and received a jury trial.").

In *Tull*, a case cited but not adequately discussed in Defendant's motion, the Supreme Court applied a two-part test to conclude that the Seventh-Amendment jury-trial right is required in the context of an enforcement action by the Government seeking a combination of civil penalties and injunctive relief.  481 U.S. at 414.[1]  First, the Court compared the statutory action to eighteenth-century actions brought in the courts of England prior to the merger of the courts of law and equity.  *Id*. at 417-18.  Second, the Court examined the remedy sought to determine whether it was legal or equitable in nature.  *Id*.

Applying its test in the context of the Clean Water Act, the Court found that "[p]rior to the enactment of the Seventh Amendment, English courts had held that a civil penalty suit was a particular species of an action in debt that was within the jurisdiction of the courts of law."  *Id*. at 418.  "After the adoption of the Seventh Amendment, federal courts followed this English

---

[1] Although it was the defendant demanding the jury trial in *Tull*, the Supreme Court did not distinguish between the identities of the parties when applying its two-part test, and the distinction is not relevant here.  *Id*. at 417-18; *see also EEOC v. Corry Jamestown Corp.*, 719 F.2d 1219, 1224 (3d Cir. 1983).

common law in treating the civil penalty suit as a particular type of an action in debt, requiring a jury trial." *Id.* The Supreme Court thus found that "[a]ctions by the Government to recover civil penalties under statutory provisions therefore historically have been viewed as one type of action in debt requiring a trial by jury." *Id.* at 418-19.[2]

In assessing the second part of its inquiry, the Court found that a "civil penalty was a type of remedy at common law that could only be enforced in courts of law. Remedies intended to punish culpable individuals, as opposed to those intended simply to extract compensation or restore the status quo, *were issued by courts of law, not courts of equity*." *Id.* at 422 (emphasis added). In this assessment, the Court gave particular importance to the fact that the monies assessed against the defendant were "intended not simply to disgorge profits but also to impose punishment." *Id.* at 423.

Thus, Defendant's motion must fail; in *Tull*, the Supreme Court has already unequivocally settled this issue. Moreover, as discussed below, the monetary penalties sought by the United States are intended to punish, and not to "extract compensation or restore the status quo." *Id.* at 422.

Defendant spends three pages discussing prior civil cases brought by the Federal Trade Commission ("FTC"), all of which sought *only equitable relief* under Sections 13(b) and 19 of the FTC Act. Def. Mot. Strike at 7-9. This discussion is inapposite because Plaintiffs' Amended Complaint seeks civil penalties under Section 5(m), the civil-penalty provision of the FTC Act.

---

[2] Defendant cites *Medtronic, Inc. v. Intermedics, Inc.*, 725 F.2d 440 (7th Cir. 1984), for the proposition that mixed law-equity suits could only be brought in courts of equity before the combination of law and equity. But that case was about the appealability of an order, not the jury trial right; more importantly, the case is irrelevant because it was decided before *Tull* and *Lipson* and does not discuss the appropriate test.

3

*See* 15 U.S.C. § 45(m)(1)(A) ("The Commission may commence a civil action to recover a civil penalty. . . ."). Defendant inexplicably omits any discussion of § 45(m) and its express provision for civil penalty actions.

As in *Tull*, this proceeding is an action "by the Government to recover civil penalties under [a] statutory provision[]," and thus an action which, as the Supreme Court noted, "historically [has] been viewed as one type of action in debt requiring a trial by jury." *Tull*, 481 U.S. at 418-19. The Supreme Court's holding in *Tull* squarely applies, and the United States is entitled to a jury trial on Defendant's liability for civil penalties under the FTC Act.[3]

## 2.   THE UNITED STATES' CIVIL PENALTY CLAIMS ARE NOT MERELY "INCIDENTAL" TO ITS CLAIMS FOR EQUITABLE RELIEF

Defendant next argues that, even if there is a right to a jury trial on Plaintiffs' legal claims for civil penalties, no jury trial right exists where those legal claims are "incidental" to demands for equitable relief. Def. Mot. Strike at 11-13. Defendant invites the Court to determine whether Plaintiffs' legal claims are "incidental" to their equitable claims by adopting Dish Network's opinion of what constitutes Plaintiffs' "main remedy." *Id.* at 12. Unsurprisingly, Defendant asserts that Plaintiffs' equitable claims are their "main remedy." *Id.*

The Supreme Court has held, however, that the relevant inquiry is not the moving party's estimation of which of its opponent's claims are the most important, but rather whether the statute in question authorizes legal relief to be pursued apart from equitable relief. *Gwaltney of Smithfield v. Chesapeake Bay Found.*, 484 U.S. 49, 58 (1987). Specifically, the Court looks to

---

[3] The United States notes that the jury determines liability for civil penalties, while the Court sets the amount of those penalties. *See Tull*, 481 U.S. at 425-27.

4

whether the relevant statute provides a "separate grant of enforcement authority" for the forms of relief.  *Id*.; *Tull*, 481 U.S. at 425 ("Section 1319 does not intertwine equitable relief with the imposition of civil penalties.  Instead each kind of relief is separably authorized in a separate and distinct statutory provision.").

In such a situation, the Supreme Court has specifically foreclosed Defendant's argument here.  If a "legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact.  The right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought." *Curtis v. Loether*, 415 U.S. 189, 196 n.11 (1974).  Such is the case with the claims brought by the United States under the FTC Act.

The United States brought this case under, *inter alia*, Section 5(m) of the FTC Act, which provides for the recovery of civil penalties.  15 U.S.C. § 45(m).  As discussed *supra*, this statutory provision is logically and physically separate from Sections 13(b) and 19 of the FTC Act, which grant enforcement authority for equitable relief.  15 U.S.C. §§ 53(b), 57b.  As in *Tull*, the two forms of relief may be pursued independently; in fact, the Government often pursues injunctive relief apart from civil-penalty relief under the FTC Act, demonstrating that the two forms of relief are independent, rather than the one being "incidental" to the other.[4]

---

[4] Defendant proves this point by discussing, as noted above, a number cases brought by the FTC for injunctive relief only under Sections 13(b) and 19 of the FTC Act.  No jury trial right existed in those cases precisely because the Commission did not pursue civil penalties.  In addition, Defendant describes Sections 13(b) and 19 of the FTC Act as providing, *inter alia*, "fundamentally equitable" monetary relief.  Def. Mot. Strike at 11-13.  Plaintiffs agree with that assessment, but that is of no help to Defendant, because the United States' civil-penalty claim is brought under Section 5(m) of the FTC Act and seeks legal relief.

## CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Strike Plaintiff the United States' Jury Demand. As noted above, the State Plaintiffs do not seek jury determinations under the TCPA or their State statutes.

Respectfully,

Dated: September 24, 2010

FOR THE UNITED STATES:

TONY WEST
Assistant Attorney General

OF COUNSEL:
LOIS C. GREISMAN,
Associate Director for Marketing Practices

EUGENE M. THIROLF, Director
KENNETH L. JOST, Deputy Director
Office of Consumer Litigation

LAURA KIM
Assistant Director, Marketing Practices

  /s Daniel K. Crane-Hirsch
DANIEL K. CRANE-HIRSCH

RUSSELL DEITCH
GARY IVENS
Attorneys
Federal Trade Commission
600 Pennsylvania Ave. NW, Room 288
Washington, DC 20580
Telephone: 202-326-2585 (Deitch),
        202-326-2330 (Ivens)
Fax: 202-326-3395

  /s Patrick R. Runkle
PATRICK R. RUNKLE
Trial Attorneys
Office of Consumer Litigation
U.S. Department of Justice
PO Box 386
Washington, DC 20044-0386
Telephone: 202-616-8242 (Crane-Hirsch);
        202-532-4723 (Runkle)
Fax: 202-514-8742
daniel.crane-hirsch@usdoj.gov
patrick.r.runkle@usdoj.gov

*Signatures continue …*

6

/s Eric Long
ERIC LONG
Assistant U.S. Attorney
U.S. Attorney's Office for the Central District
     of Illinois
318 S. 6th St.
Springfield, IL  62701-1806
Telephone: 217-492-4450
Fax: 217-492-4512
Eric.Long@usdoj.gov

FOR THE PEOPLE OF THE STATE OF
CALIFORNIA

EDMUND G. BROWN JR.
Attorney General of the State of California

Albert Norman Shelden
Deputy Attorney General

/s Albert Norman Shelden
BY:  Albert Norman Shelden
Deputy Attorney General
Consumer Law Section
Office of the Attorney General
110 W. "A" Street, Suite 1100
San Diego, CA  92101-3702
Telephone: 619-645-2089
Fax: 619-645-2062
albert.shelden@doj.ca.gov

*Signatures continue ...*

FOR THE PEOPLE OF THE STATE OF
ILLINOIS

LISA MADIGAN
Attorney General of Illinois

/s Elizabeth Blackston
BY:  Elizabeth Blackston, Assistant Attorney
General; Chief, Consumer Fraud Bureau

/s Jeffrey M. Feltman
BY:  Jeffrey M. Feltman
Illinois Bar No. 06237048
Assistant Attorney General
Consumer Fraud Bureau
1001 E. Main St.
Carbondale, IL  62901-3100
Telephone: 618-529-6418
Fax: 618-529-6403
jfeltman@atg.state.il.us

FOR THE STATE OF OHIO

RICHARD CORDRAY
Attorney General of Ohio

 /s Erin B. Leahy
Michael Ziegler
Erin B. Leahy
Assistant Attorneys General
Consumer Protection Section
Ohio Attorney General's Office
30 E. Broad St., 14th Floor
Columbus, OH  43215-3414
Telephone: 614-466-3980 (Ziegler)
          614-752-4730 (Leahy)
Fax: 866-768-2648
Michael.Ziegler@ohioattorneygeneral.gov
Erin.Leahy@ohioattorneygeneral.gov

FOR THE STATE OF NORTH CAROLINA

ROY COOPER
Attorney General of North Carolina

 /s Kevin Anderson
Kevin Anderson
Special Deputy Attorney General
Office of the Attorney General
114 W. Edenton St.
Raleigh, NC  27602-0629
Telephone: 919-716-6000
Fax: 919-716-6050
kander@ncdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Henry T. Kelly
Kelley Drye & Warren LLP
(*via e-mail to* hkelly@kelleydrye.com)
Counsel for Defendant Dish Network, LLC

Joseph A. Boyle
Kelley Drye & Warren LLP
(*via e-mail to* jboyle@kelleydrye.com)
Counsel for Defendant Dish Network, LLC

Albert Norman Shelden
Deputy Attorney General
Consumer Law Section
California Office of the Attorney General
(*via e-mail to* albert.shelden@doj.ca.gov)
Counsel for Plaintiff State of California

Elizabeth Blackston
Chief, Consumer Fraud Bureau, Southern
     Region
Illinois Attorney General's Office
(*via e-mail to* eblackston@atg.state.il.us)
Counsel for Plaintiff State of Illinois

Jeffrey M. Feltman
Assistant Attorney General
Consumer Fraud Bureau
Illinois Attorney General's Office
(*via e-mail to* jfeltman@atg.state.il.us)
Counsel for Plaintiff State of Illinois


Michael S. Zeigler
Assistant Attorney General
Consumer Protection Section
Ohio Attorney General's Office
(*via e-mail to* michael.ziegler@
    ohioattorneygeneral.gov)
Counsel for Plaintiff State of Ohio


Daniel Kadane Crane-Hirsch
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
(*via e-mail to* daniel.crane-hirsch@usdoj
    .gov)
Counsel for Plaintiff United States of
    America


Eric Long
Assistant U.S. Attorney
U.S. Attorney's Office for the Central
    District of Illinois
(*via e-mail to* Eric.Long@usdoj.gov)
Counsel for Plaintiff United States of
    America


Erin B. Leahy
Assistant Attorney General
Consumer Protection Section
Ohio Attorney General's Office
(*via e-mail to* erin.leahy@
    ohioattorneygeneral.gov)
Counsel for Plaintiff State of Ohio


Kevin Anderson
Special Deputy Attorney General
Consumer Protection Division
North Carolina Office of the Attorney
    General
(*via e-mail to* kander@ncdoj.gov)
Counsel for Plaintiff State of North Carolina


Patrick Runkle
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
(*via e-mail to* Patrick.R.Runkle@usdoj.gov)
Counsel for Plaintiff United States of
    America

  /s Daniel K. Crane-Hirsch
DANIEL K. CRANE-HIRSCH
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
PO Box 386
Washington, DC  20044-0386
Telephone: 202-616-8242
Fax: 202-514-8742
daniel.crane-hirsch@usdoj.gov