E-FILED
Thursday, 09 December, 2010 10:32:12 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> and the STATES OF CALIFORNIA, <br> ILLINOIS, NORTH CAROLINA, <br> and OHIO, <br><br> Plaintiffs, <br><br> v. <br><br> DISH NETWORK, L.L.C., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 09-CV-3073 |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Dish Network L.L.C.'s (Dish) Motion to Strike Jury Demand (d/e 54) (Motion). Plaintiff United States of America (Government) seeks equitable relief under §§ 13(b) and 19 of the Federal Commission Act (FTC Act) and civil penalties under § 5(m)(1)(A) of the FTC Act. First Amended Complaint and Demand for Jury Trial (d/e 5) ¶¶ 94, 95; 15 U.S.C. §§ 45(m)(1)(A), 53(b), 57b. The Government demands a jury trial on the issue of liability on its civil penalties claim. The Government does not demand a jury trial on any other claims or issues, and the State Plaintiffs do not demand a jury trial on any claims or issues. Plaintiffs' Opposition to Defendant's Motion to Strike

Plaintiffs' Jury Demand (d/e 60), at 1.  Dish moves to strike the jury trial demand.  The Motion is denied because the Government has a right to a jury trial.

An action for civil penalties is an action at law for which the Seventh Amendment guarantees a right to a jury trial to determine liability.  Tull v. United States, 481 U.S. 412, 427 (1987).  The amount of civil penalties to be imposed is an issue for the Court, as well as the FTC's equitable claims under §§ 13(b) and 19.  Id.; see FTC v. World Travel Vacation Brokers, Inc., 861 F.2d 1020, 1027-28 (7th Cir. 1988); FTC v. H.N. Singer, Inc., 668 F.2d 1107, 1110-12 (9th Cir. 1982).  When, as here, "a 'legal claim is joined with an equitable claim, the right to a jury trial on the legal claim, including all issues common to both claims, remains intact.'" Tull, 481 U.S. at 425 (quoting Curtis v. Loether, 415 U.S. 189, 196 n.11 (1974)).  Thus, the Government is entitled to a jury trial on the issue of liability for civil penalties under FTC Act § 5(m)(1)(A).

Dish relies on numerous cases in which the FTC only sought equitable relief under FTC Act §§ 13(b) and 19.  See Defendant's Memorandum in Support of Its Motion to Strike Jury Demand (d/e 55), at 5-9.  Those cases do not apply because the FTC did not seek civil penalties.

Dish cites the Seventh Circuit's decision in Medtronic, Inc. v. Intermedics, Inc., for the proposition that a case that sought both legal and equitable relief in eighteenth century England could have only been brought in a court of equity. Medtronic, Inc., 725 F.2d 440, 442 (7th Cir. 1984). The Medtronic Court was addressing whether a party could appeal the denial of a stay, not whether a party had a Seventh Amendment right to trial by jury. The Supreme Court makes it clear that the right to a jury trial exists in actions for civil penalties, and the right to a jury trial remains intact even though legal and equitable claims are joined in the same action. Tull, 481, U.S. at 425, 427. The Government, therefore, has a right to demand a jury trial on the issue of liability on its claim for civil penalties. The Motion is denied.

THEREFORE, Defendant Dish Network L.L.C.'s Motion to Strike Jury Demand (d/e 54) is DENIED. Plaintiff United States of America is entitled to a jury trial on the issue of liability on its claim for civil penalties under FTC Act § 5(m)(1)(A).

ENTER: December 9, 2010

        *s/ Byron G. Cudmore*
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE