E-FILED
Wednesday, 29 December, 2010 04:24:57 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09-3073 |
| DISH NETWORK, L.L.C., | ) ) ) | |
| Defendants. | ) | |

OPINION

The Court now considers Defendant DISH Network, L.L.C.'s "Objection and Appeal From the Opinion and Order of Magistrate Cudmore entered on December 9, 2010" (hereinafter the "Appeal")(d/e 72). For the reasons stated below, Defendant DISH Network, L.L.C.'s ("DISH") Appeal is DENIED. Due to the denial of the Appeal, DISH's "Emergency Motion for a Stay Pending Appeal of the Court's December 9, 2010, Order" (d/e 74) is DENIED AS MOOT.

FACTS

The Plaintiffs allege that DISH, through its sales force and its dealers, violated the Telemarketing Sales Rule ("TSR") and the Federal

1

Communication Commission ("FCC") Rule that regulates telemarketing. The Plaintiffs allege that DISH and its dealers: (1) called numbers on the "Do Not Call" List; (2) abandoned calls; and (3) used pre-recorded sales pitches. Among other things, the Plaintiffs allege that DISH authorized dealers to engage in telemarketing on DISH's behalf to sell DISH's products and services. The Plaintiffs also allege that DISH received complaints from consumers regarding the dealers' telemarketing practices. Thus, DISH knew or consciously avoided knowing that the dealers were violating the TSR and the FCC Rule.

Based on these and other allegations, Plaintiff the United States of America filed a Complaint seeking an injunction and civil penalties for violation of the Federal Trade Commission Act. See Complaint (d/e 1). Count I alleged that DISH called telephone numbers on the "Do Not Call" List and caused its dealers to do the same. Count II alleged that DISH abandoned outbound calls and caused dealers to do the same. Count III alleged that DISH provided substantial assistance and support to certain dealers when DISH knew or consciously avoided knowing that dealers were abandoning outbound calls in violation of the TSR. Id. at Counts I-III.

In Counts IV and V, Plaintiffs the Attorneys General of California,

Illinois, North Carolina, and Ohio sought injunctions and damages for violations of the Telephone Consumer Protection Act ("TCPA"), 16 C.F.R. Pt. 310; 47 U.S.C. § 227(f)(1). See Complaint at Counts IV-V. Count IV alleged that DISH, either directly or through third parties acting on its behalf, called telephones on the "Do Not Call" List in violation of the TCPA. Count V alleged that DISH, either directly or through third parties acting on its behalf, used pre-recorded sales pitches in violation of the TCPA. See Complaint at Count V. In addition to these federal claims, each state Attorney General also seeks relief under each state's respective statute that prohibit these forms of telephone solicitations. See Complaint at Counts VI-XI.

In an Opinion dated November 2, 2009, the Court denied a motion to dismiss which DISH filed. See d/e 20. On February 4, 2010, the Court denied DISH's "Motion for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) or, in the Alternative, for Reconsideration". See d/e 32.

On July 30, 2010, Plaintiffs State of California, State of Illinois, State of North Carolina, State of Ohio and the United States of America collectively filed their "First Motion to Compel Production of Documents and Answers to Interrogatories". See d/e 47. DISH voluntarily produced

certain documents on August 9 and 16, 2010, but that did not resolve the parties' discovery dispute. Thus, United States Magistrate Judge Byron G. Cudmore decided the motion in an Opinion dated December 9, 2010 (hereinafter the "December 9 Opinion"). See d/e 65.

On December 23, 2010, DISH filed its "Objection to and Appeal From the Opinion and Order of Magistrate Cudmore Entered on December 9, 2010." See d/e 72. DISH also filed an accompanying memorandum of law. See d/e 73 (hereinafter the "Memorandum"). Additionally, DISH filed an "Emergency Motion for a Stay Pending Appeal of the Court's December 9, 2010, Order". See d/e 74. Because resolution of the Appeal resolves DISH's emergency motion and both issues can be disposed of favorably towards Plaintiffs without awaiting their response(s), the Court now issues its Opinion.

## STANDARD

A magistrate judge has authority to hear matters that are not dispositive of a claim or defense. See Fed.R.Civ.P. 72(a) and 28 U.S.C. § 636(b)(1)(A) (the "Magistrates Act"). These include discovery motions. See Crispin v. Christian Audigier, Inc., 717 F.Supp.2d 965, 970 (C.D.Cal. 2010), citing Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th

Cir.1991) ("Nondispositive issues include discovery sanctions"); Hoar v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990)("Matters concerning discovery generally are considered 'nondispositive' of the litigation.").

When a district court considers objections to an appeal from a magistrate judge's rulings on nondispositive matters, the magistrate judge's disposition will be set aside only if it is "clearly erroneous or contrary to law." See Fed.R.Civ.P. 72(a); § 636(b)(1)(A); see also Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 595 (7th Cir. 2006); Bobkoski v. Board of Educ. of Cary Consol. School Dist., 141 F.R.D. 88, 90 (N.D.Ill.1992). Upon review, the "clearly erroneous" standard applies to a magistrate judge's findings of fact and is "significantly deferential, requiring 'a definite and firm conviction that a mistake has been committed.'" Concrete Pipe & Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 623, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993); see Security Farms v. International Brotherhood of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991) (holding that discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Rule 72(a)). By contrast, "[t]he 'contrary to law' standard . . . permits independent review of purely legal

determinations by the magistrate judge." F.D.I.C. v. Fidelity & Deposit Co. of Md., 196 F.R.D. 375, 378 (S.D.Cal. 2000), citing Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law.").

Under the clear error standard of review, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." See Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997). When a discovery order is based upon the interpretation of law, review is plenary (a/k/a "de novo"). See In re Cendant Corp. Sec. Litig., 343 F.3d 658, 661 (3d Cir. 2003).

## ANALYSIS

I. Discoverability of Materials

The party opposing discovery has the burden of showing the discovery is . . . unduly burdensome.") See Flomo v. Bridgestone Americas Holding, Inc., No. 1:06-CV-00627-DFH-JMS, 2009 WL 1456736, at *2 (S.D.Ind. May 20, 2009). A court may limit discovery if it determines that the burden of the discovery outweighs its likely benefit. See Fed.R.Civ.P. 26(b)(2)(iii); Wiginton v. CB Richard Ellis, Inc., 229 F.R.D. 568, 571

(N.D.Ill.2004). To make such a determination, courts consider what has been dubbed the proportionality test of Rule 26(b)(2)(iii): the needs of the case, the amount in controversy, the resources of the parties, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Id. In this way, parties are protected from unduly burdensome or expensive discovery requests. Id. However, if the burden of producing discovery materials does not outweigh the potential benefit, a motion to compel should be allowed. See Gregg v. Local 305 IBEW, No. 1:08-CV-160, 2009 WL 1325103, at *8 (N.D.Ind. May 13, 2009).

DISH's Appeal tries to limit Plaintiffs' discovery to DISH and the five authorized dealers (the "5 Dealers")[1] identified in the Complaint. See Memorandum at p. 4. In DISH's view, the Complaint's allegations can only be read to refer to itself and the 5 Dealers; thus, discovery has to be limited to them. Id. at p. 6. The Court disagrees.

Paragraph 47 of the Complaint states that ". . .Vision Quest, New Edge Satellite, and Planet Earth, acting on behalf of Defendant DISH Network, have directly, *or through intermediaries*, placed outbound calls to

---

[1]The 5 Dealers are Vision Quest, New Edge Satellite, Planet Earth Satellite, Dish TV Now and Star Satellite. See Complaint at ¶¶ 47-50; see also, Memorandum at p. 4.

numbers on the National Do Not Call Registry.  <u>Id.</u> (emphasis added).

Similarly, ¶48 of the Complaint states that ". . . Dish TV Now and Star

Satellite, acting on behalf of Defendant DISH Network, have directly, *or*

*through intermediaries*, abandoned outbound telemarketing calls to

consumers . . . ."  <u>Id.</u> (emphasis added).  Since the above-referenced

language[2] clearly refers to DISH, the 5 Dealers and intermediaries, the

Magistrate Judge correctly held that DISH is required to produce discovery

materials related to all dealers and intermediaries.  <u>See</u> <u>Opinion</u> dated

December 9, 2010, at p. 9.  Moreover, since the Complaint alleges that the

intermediaries acted wrongfully and did so at the direction of DISH's 5

Dealers, information about the intermediaries' actions is directly relevant to

this lawsuit.  <u>See</u> Fed.R.Civ.P. 26(b)(1)(non-privileged information is

discoverable if it is relevant to any party's claim or defense).

DISH also argues that it will be unduly burdensome for it to produce

such discovery material since there are approximately 7,500 current

authorized dealers and thousands of former authorized dealers.  <u>See</u>

<u>Memorandum</u> at pp. 6-7.  DISH contends that the materials will be difficult

---

[2]Similar language concerning "third parties acting on [DISH's] behalf" is found in ¶¶ 68 and 72 of the Complaint.  <u>Id.</u>

to compile due to their voluminous quantity. Id. at p. 15. The Court is not unsympathetic to DISH; however, it is not persuaded.

Just because materials are voluminous or difficult to compile, they are not unduly burdensome. If they are relevant, they are discoverable subject to the proportionality test of Rule 26(b)(2)(iii). See Wiginton, 229 F.R.D. at 571. Since it has been determined that all dealer materials are relevant, DISH—as the party opposing discovery—must prove that discovery violates the proportionality test. See Flomo, No. 1:06-CV-00627-DFH-JMS, 2009 WL 1456736, at *2; Wiginton v. CB Richard Ellis, Inc., 229 F.R.D. at 571. DISH has failed to prove that the sought-after discovery materials are unnecessary given the needs of the case or the importance of the proposed discovery in resolving the issues. See Wiginton, 229 F.R.D. at 571. Moreover, DISH has not attempted to show the discovery is unnecessary relative to the amount in controversy, the resources of the parties or the importance of the issues at stake. Id. Thus, DISH's Appeal fails as to this issue.[3]

---

[3] Additionally, DISH contends that the Plaintiffs failed to satisfy the pleading standards set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557-59, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). See Memorandum at pp. 13-14. This issue was not before the Magistrate Judge and was not a basis for the December 9 Opinion. Accordingly, the issue cannot be raised in this appeal. See Grammer v. Aetna Life Ins. Co., 286 Fed.Appx. 947, 949 (7th Cir. 2008), citing REI Transport, Inc. v. C.H.

9

II. Law of the Case

Under the law of the case doctrine, a court generally should not reopen issues decided in earlier stages of the same litigation. See Agostini v. Felton, 521 U.S. 203, 236, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997). However, the doctrine "authorizes such reconsideration [of a previous ruling in the same litigation] if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." Santamarina v. Sears, Roebuck & Co., 466 F.3d 570, 572 (7th Cir. 2006). Law of the case is a discretionary doctrine that does not limit a district court's power to reopen what already has been decided. See Menzer v. United States, 200 F.3d 1000, 1004 (7th Cir. 2000) (law of the case doctrine does not bar a trial court from revisiting its own evidentiary rulings); Avitia v. Metro. Club of Chicago, Inc., 49 F.3d 1219, 1227 (7th Cir. 1995) (the doctrine of the law of the case is "no more than a presumption, one whose strength varies with the circumstances; it is not a straitjacket.").

DISH is concerned that the December 9 Opinion's reference to a

---

Robinson Worldwide, Inc., 519 F.3d 693, 697, n.2 (7th Cir. 2008) (a prerequisite to raising an argument on appeal is that the argument was raised during a prior stage of the litigation). In any event, DISH has raised this same argument in its pending Motion for Judgment on the Pleadings. See d/e 70.

10

"finding" in the District Court's November 2, 2009, Opinion may constitute law of the case on that "finding". See Memorandum at pp. 17-18. DISH has gone a bit overboard about the "finding".

The "finding" was nothing more than a recitation of facts laid out by the Magistrate Judge to give context to his own discovery ruling. In the recitation, the Magistrate Judge correctly stated that the District Court previously addressed the meaning of word "cause" when the District Court denied DISH's Motion to Dismiss. See December 9 Opinion at pp. 4-5 (Cudmore, J.)(d/e 65), citing Opinion dated November 2, 2009 (Scott, J.)(d/e 20). Contrary to DISH's position, the December 9 Opinion never suggested that the District Court determined that DISH "caused" any injuries, was a "seller" for purposes of the TSR or that authorized dealers are Dish's "telemarketers" under the TSR. Compare DISH's Memorandum at pp. 17-18 with December 9 Opinion at pp. 4-5.

Until a judge actually decides that DISH caused any injuries, that DISH was a "seller", or who is a "telemarketer", there is no law of the case on those issues. Thus, DISH's appeal is baseless as to these points.

III. Clarification of the Deadline Date

DISH states that "[i]t is unclear whether the [Magistrate Judge] is

directing a full and complete production of documents and responses to interrogatories be made by January 15, 2001". See Memorandum at p. 19. Therefore, DISH asks the Court to clarify the December 9 Opinion. Id.

If DISH cannot ascertain a deadline, the appropriate course is to seek clarification from the Magistrate Judge. This is sensible since the Magistrate Judge issued the Order and is in the best position to clarify or modify it. Once the deadline is ascertained, and if DISH cannot meet it, DISH may then confer with opposing counsel, seek an extension from the Magistrate Judge and show good cause for relief if an extension is not granted. DISH has not done any of this. However, to lessen any hardship which may result from a January 15, 2011, deadline, the Court has issued a text order extending that deadline to February 15, 2011. See Text Order dated December 28, 2010.

IV. Scrivener's Error

Similar to its claim that the discovery deadline needs clarification, DISH contends that the December 9 Opinion contains a typographical error insofar as it directed DISH to answer interrogatories 13, 14, 15, 18 and 19. See Memorandum at p. 17. DISH states that it "has appealed this aspect of the Order to protect its interests and to clarify its discovery obligations".

12

Id.

As the Court stated previously, if the Magistrate Judge's Order is unclear to DISH then DISH should seek clarification from the Magistrate Judge pursuant to Federal Rule of Civil Procedure 59(e).[4] Until DISH does so, and unless it can show a basis for relief, an appeal is unwarranted.

CONCLUSION

THEREFORE, Defendant DISH Network, L.L.C.'s Objection and Appeal From the Opinion and Order of Magistrate Cudmore Entered on December 9, 2010 (d/e 72) is DENIED. Due to the denial of the Appeal, DISH's "Emergency Motion for a Stay Pending Appeal of the Court's December 9, 2010, Order" (d/e 74) is DENIED AS MOOT.

ENTERED this 29th day of December, 2010

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

---

[4]Since the Rule 59(e) motion has to be filed within 28 days of the December 9, 2010, Order, DISH would be wise to file a Rule 59(e) motion soon. See Fed.R.Civ.P. 59(e) (stating 28-day filing deadline).