**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| and the STATES of CALIFORNIA, | ) | |
| ILLINOIS, NORTH CAROLINA, | ) | |
| AND OHIO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  09-3073 |
| | ) | |
| DISH NETWORK L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

### AMENDED OPINION[1]

BYRON G. CUDMORE, U.S. Magistrate Judge:

This matter comes before the Court on Plaintiffs United States of America (Government) and the States of California, Illinois, North Carolina, and Ohio's (State Plaintiffs) First Motion to Compel Production of Documents and Answers to Interrogatories (d/e 47) (Motion).  For the reasons set forth below, the Motion is allowed in part and denied in part.

---

[1]  The Court originally issued an Opinion on December 9, 2010.  See d/e 65. Page 11 of that Opinion referred to "Interrogatories 13, 14, 15, 18 and 19" since that was how Plaintiff identified the Interrogatories.  On January 7, 2011, the parties filed their Consent Motion for Correction of Clerical Error (the "Consented Motion") wherein they asked the Court to delete references to "Interrogatories 13, 14, 15, 18 and 19" from page 11 of the Opinion and refer instead to "Interrogatories 4, 5, 6, 9 and 10".  See d/e 79.  The Court allowed the parties' Consented Motion in a Text Order dated January 7, 2011.  The Text Order struck the December 9, 2010, Opinion so that this Amended Opinion could be issued in its place.  The Amended Opinion has no effect in this case other than to correct the designation of the aforementioned interrogatories.

<u>BACKGROUND</u>

The Plaintiffs allege that Dish Network, L.L.C., directly and through its authorized dealers and third party telemarketers, engaged in telemarketing that violated the Telemarketing Sales Rule (TSR), the Telephone Consumer Protection Act (TCPA), and relevant state consumer protection statutes in each of the Plaintiff States. <u>Amended Complaint (d/e 5) (Complaint)</u> ¶¶ 4-7; 16 C.F.R. Part 310; 47 U.S.C. § 227(f)(1); California Business & Professions Code §§ 17200 and 17592; 815 ILCS 505/7 & 815 ILCS 305/30(d); N.C. Gen. Stat. § 75-105; Ohio Rev. Code § 1345.01 et seq. A violation of the TSR is considered an unfair or deceptive practice in or affecting commerce, in violation of § 5(a) of the Federal Trade Commission Act (FTC Act). 15 U.S.C. §§ 45(a) & 57a(d)(3); 15 U.S.C. § 6102(c). The Government seeks an injunction and ancillary equitable relief, as well as civil penalties, for violation of the TSR and the FTC Act. <u>Complaint</u> ¶ 4, 21. The State Plaintiffs seek injunctions and statutory treble damages for willful violations under the TCPA and additional remedies under the applicable State statutes. <u>Complaint</u> ¶¶ 5-8.

Since October 17, 2003, the TSR and rules promulgated by the Federal Communications Commission (FCC) under the TCPA have prohibited sellers and telemarketers from calling consumers' telephone numbers registered on the National Do Not Call Registry and State Do Not

Call Registries.  <u>Complaint</u> ¶¶ 16, 25.  In addition, the TSR prohibits sellers and telemarketers from calling consumers and abandoning the call before a live sales person speaks to a consumer who answers the phone (referred to as "abandoning" a call).  <u>Complaint</u> ¶¶ 17-19.  The TCPA, and the FCC regulations promulgated thereunder, also prohibit sellers, and those acting on their behalf, from calling consumers who have instructed the seller or telemarketer not to call them again, and from using automatic calling systems that use pre-recorded sales pitches rather than a live sales person to speak with the consumer.  <u>Complaint</u> ¶¶ 25-28.

The Plaintiffs allege that Dish sells satellite television programming and related goods and services to consumers directly and through authorized dealers and third party telemarketers.  The Plaintiffs allege:

> 36.  Since on or about October 17, 2003, DISH Network, directly and through one or more authorized dealers acting on its behalf, has initiated outbound telephone calls to numbers on the National Do Not Call Registry.

> 37.  Defendant DISH Network entered into oral or written contracts with, among others, Vision Quest, a Michigan company, New Edge Satellite, also a Michigan company, Planet Earth Satellite, an Arizona company, Dish TV Now, a North Carolina company, and Star Satellite, a Utah company (the "Marketing Dealers").

<u>Complaint</u> ¶¶ 36-37.

The Government alleges that Dish violated the TSR by calling consumers who are on State or National Do Not Call Registries and by

calling consumers and then abandoning the calls without speaking to the consumers.  Complaint ¶¶ 63 (Count I), 64 (Count II).  The Government also alleges that Dish caused Marketing Dealers to violate the TSR.  Complaint ¶ 58, 63, 64.  The Government alleges that Dish provided substantial assistance to Star Satellite and/or Dish TV Now when Dish knew or consciously avoided knowing that Star Satellite and/or Dish TV Now were violating the TSR.  Complaint ¶ 65 (Count III).

The District Court previously addressed the meaning of "cause" under the TSR.  The Federal Trade Commission (FTC) promulgated the TSR.  This Court must defer to the FTC's interpretation of the meaning of causation in the TSR.  Opinion dated November 2, 2009 (d/e 20), at 9-15; Opinion dated February 3, 2010 (d/e 32), at 4-8; see Joseph v. Holder, 579 F.3d 827, 832 (7th Cir. 2009); Clancy v. Office of Foreign Assets Control of United States Dept. of Treasury, 559 F.3d 595, 606 (7th Cir. 2009); Sierra Club v. Franklin County Power of Illinois, LLC, 546 F.3d 918, 931 (7th Cir. 2008).  Under the FTC interpretation of the TSR, Dish "'causes' the telemarketing activity of a telemarketer by retaining the telemarketer and authorizing the telemarketer to market the seller's products and services. . . . [T]he seller is liable for the telemarketer's violations of the TSR unless safe harbor provisions apply."  Opinion dated November 2, 2009, at 14.

The State Plaintiffs allege that Dish, directly or through third parties

acting on its behalf, violated the TCPA, and FCC regulations promulgated thereunder, by calling consumers in the Plaintiff States who were on the National Do Not Call Registry and by using prerecorded sales pitches in calls. Complaint ¶¶ 68 (Count IV) and 72 (Count V). The State Plaintiffs allege the violations were willful. Complaint ¶¶ 69, 73.

The District Court determined that third parties, such as dealers or telemarketers, acted on behalf of Dish if the dealers or telemarketers "acted as Dish Network's representatives, or for the benefit of Dish Network, when they conducted the alleged illegal telephone solicitations." Opinion entered November 2, 2009, at 24.

This Court entered the Scheduling Order (d/e 34) on March 15, 2010. On May 5, 2010, the Plaintiffs served Defendant Dish Network, LLC (Dish) with the Plaintiffs' First Set of Interrogatories (Interrogatories) and the Plaintiffs' Second Request for Production Documents (RFP). Motion, Exhibits 1 and 2. Dish responded on July 19, 2010. Dish objected to parts of the Interrogatories and RFP, provided some answers to some of the Interrogatories, but produced no documents at that time. Counsel for the parties contacted each other regarding Dish's response. This Court determined at a telephonic hearing that the parties met the obligation to meet and confer regarding their dispute over Dish's response. Minute Entry entered July 23, 2010; see Fed. R. Civ. P. 37(a)(1). The Plaintiffs

then filed this Motion on July 30, 2010.

Dish subsequently produced documents on August 9, 2010, and August 16, 2010. The subsequent production by Dish did not resolve all of the issues raised by the Motion. The Plaintiffs still ask this Court to overrule Dish's objections and compel Dish to make a more complete response to the Interrogatories and a more complete production of documents in response to the RFP.

ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. Federal Rule of Civil Procedure 33 allows parties to serve interrogatories inquiring into any matter within the scope of Rule 26(b). Fed. R. Civ. P. 33(a). Similarly, Rule 34 allows a party to serve requests for the production of documents that are within the scope of Rule 26. Fed. R. Civ. P. 34(a). A party may seek an order compelling disclosure when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv) & (a)(4). The Court has broad discretion when reviewing a discovery dispute and "should

independently determine the proper course of discovery based upon the arguments of the parties." Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir.1996). With these principles in mind, the Court turns its attention to the contested discovery requests.

The Plaintiffs raise fifteen points in the Motion. The Court will address them in the order raised.

1.    Objection Based on Statute of Limitations

The Interrogatories and the RFP generally sought information and documents covering the period from October 1, 2003, to the present. Some of the Interrogatories sought information from 2003 to the present. Dish objected on the grounds that the Interrogatories and RFP should be limited to the applicable period of limitations.[2] The Court has carefully considered the matter and overrules the objection. Information regarding practices before the applicable period of limitations may be relevant to issues such as intent and knowledge. See United States v. International Ass'n of Bridge, Structural and Ornamental Iron Workers, Local No. 1, 438 F.2d 679, 683 (7th Cir. 1971).

Dish argues that intent is not an issue in this case. The Court disagrees. Several claims raise issues of knowledge or intent. The

_____

[2]The parties disagree on the applicable statute of limitations. This Court does not need to reach this issue to resolve the Motion.

Government is seeking civil penalties under FTC Act § 5(m).  <u>Complaint</u>, at

24 <u>Prayer for Relief</u> ¶ 2.  To recover civil penalties, the United States must

prove "actual knowledge or knowledge fairly implied on the basis of

objective circumstances that such act is unfair or deceptive and is

prohibited by such rule."  15 U.S.C. § 45(m)(1)(A).  The Government

alleges that Dish provided substantial assistance to Star Satellite and/or

Dish TV Now when Dish knew or consciously avoided knowing that Star

Satellite and/or Dish TV Now was violating the TSR.  <u>Complaint</u> ¶ 65.

Finally, the State Plaintiffs are seeking treble damages for knowing

violations of the TCPA.  <u>Complaint</u>, at 24 <u>Prayer for Relief</u> ¶ 4.  Each of

these claims puts at issue Dish's knowledge or intent.  Evidence of events

that occurred before the applicable limitations period would be relevant or

is reasonably calculated to lead to admissible evidence that may be

relevant to these issues.  The objection is overruled.  Dish is directed to

answer fully for the time period requested.

2.      <u>Response Limited to Five Dealers</u>

Several Interrogatories and the RFP sought information and

documents related to all authorized dealers and telemarketers that

marketed Dish products and services.  Dish objected to providing

information or documents regarding dealers other than the five authorized

dealers listed in paragraph 37 of the Complaint, quoted above.[3]  Dish

argued that the Complaint is limited to those five dealers and so

information regarding other dealers would not be relevant.  The Court again

disagrees.  Counts IV and V allege liability for the actions of all third parties

that acted on behalf of Dish.  The claims in those Counts, at least, are not

limited to the five dealers listed in paragraph 37.  The objection, therefore,

is overruled.  Dish is directed to provide responses and documents that

relate to all authorized dealers and telemarketers.

3.     Failure to Produce Documents

The Plaintiffs complain that Dish has not produced any documents.

This issue is not moot since Dish has produced documents.

4.     Make Available Paper Documents

The Plaintiffs complain that Dish responded to the RFP by stating

that it would make available for inspection and copying consumer

complaints kept in paper form instead of providing the documents in

electronic format.  Rule 34 authorizes a party to respond to a request to

---

[3]The parties dispute whether the claims in Counts I and II are limited to Dish and the five dealers or whether the claims cover additional dealers.  Paragraph 37 defines the term "Marketing Dealers." Dish takes the position that the five dealers listed are the only Marketing Dealers.  The Government claims that the phrase "among others" in paragraph 37 means that the term "Marketing Dealers" included other dealers beyond the five listed.  Reply in Support of Plaintiffs' First Motion to Compel Production of Documents and Answers to Interrogatories (d/e 50), at 5.  The Court does not need to resolve this issue because the claims in Counts IV and V cover any third party acting on behalf of Dish, not just the five listed dealers.

produce by making documents available for inspection and copying.  Fed. R. Civ. P. 34(a)(1).  If Dish only keeps these documents in paper form, then it may make the documents available in paper form for inspection and copying as stated in the response.  If, however, Dish also keeps these documents in electronic form, then it must make the documents available in electronic form to the Plaintiffs in the manner set forth in the parties' Electronic Stored Information Agreement (ESI Agreement).  Fed. R. Civ. P. 34(b)(2)(E); see Motion, Exhibit 24, ESI Agreement.  Dish claims that it has made documents available in electronic format now.  If so, then this issue is moot.  Dish, however, must also provide the additional documents that relate to all authorized dealers and documents that go back to the relevant date in 2003.

5.    Obligation to Compile Information

Dish objected to the Interrogatories and RFP to the extent that called for the generation, compilation, or creation of documents that are not already in existence or that are not maintained by Dish in the ordinary course of business.  The objection is overruled with respect to Dish's obligation to answer the Interrogatories.  Interrogatories ask questions. The recipient of the interrogatory must prepare a written answer.  That necessarily requires creating a document.  The recipient of an interrogatory must provide information that is available to it.  Fed. R. Civ. P. 33(b)(1)(B).

If the Interrogatory asks for information that Dish does not have available to it, Dish may so answer; but it must answer. The process of answering may require compiling available information.

The objection is sustained with respect to the RFP. The recipient of the RFP must produce or make documents in its possession available for inspection in copying. <u>Fed. R. Civ. P.</u> 34(a). Rule 34 does not require a recipient to compile data or generate new documents. <u>See</u> <u>Fed. R. Civ. P.</u> 34(b)(2).

The Plaintiffs further complain that Dish responded to Interrogatories 4, 5, 6, 9 and 10 by stating that it would produce documents. Dish may do so only if the burden of deriving or ascertaining the answer from the documents will be substantially the same for either party. If so, Dish must specify the record in sufficient detail to enable the Plaintiffs to derive the answer and must make the records available. <u>Fed. R. Civ. P.</u> 33(d). Dish is therefore ordered to answer Interrogatories 4, 5, 6, 9 and 10 or, if Rule 33(d) applies, then Dish's response must meet the requirements of Rule 33(d)(1) and (d)(2).

6.    <u>Applicable State Laws</u>

The Plaintiffs asked for information and documents about any violations of state laws that restrict or prohibit telephone solicitations including automatic dialing and announcing devices. Dish objected to

providing information and documents about violations of state statutes other than the statutes of the four Plaintiff States. The Court has carefully considered Dish's objections and overrules them. Dish argues that the other states are not relevant. The Court disagrees. Acts that violate other State telephone solicitation statutes, in many cases, may also violate the TSR and the TCPA. Thus, information about violations of other State statutes besides the statutes in the Plaintiff States is reasonably calculated to lead to evidence of violations of the TSR and the TCPA.

In addition, evidence regarding other state enforcement actions would also be relevant to issues of knowledge. Enforcement actions by other States may have put Dish on notice that one or more dealer or telemarketer was violating the TSR or TCPA. This could be relevant to show that subsequent violations of the TCPA on behalf of Dish by that particular dealer or telemarketer were willful. Dish's objection is overruled and it must provide responses to the requests.

7.  Confidential Information

Dish included a general objection to providing confidential information. Dish, however, has disclosed that no information has been withheld as confidential. Defendant Dish Network L.L.C.'s Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Production of Documents and Answers to Interrogatories (d/e 48), at 19. This objection is moot.

8.  Documents Related to Persons and Entities Other Than Dish and Dish Employees

Dish objected to producing documents and answering Interrogatories regarding entities or individuals other than Dish and Dish employees, two telemarketers, and the five retailers listed in paragraph 37 of the Complaint. The objection is overruled.  Dish is directed to answer Interrogatories and produce responsive documents for all dealers and telemarketers for the reasons discussed above.

9.  Interrogatories 1-3

Interrogatories 1-3 state:

1.  Identify each person who, during the covered period, has had any involvement with monitoring or enforcing compliance, by you, any authorized dealer (including Order/Entry entities), or any telemarketer or any other entity selling Dish Network services, of telemarketing laws or your telemarketing policies or procedures.

2.  Identify each person who, during the covered period, has reviewed, addressed, investigated, pursued, or responded to complaints relating to telemarketing by you, authorized dealers (including Order/Entry entities), or any telemarketer or any other entity selling Dish Network services.

3.  Identify each person who receives, responds to, has received, or has responded to complaints relating to calls to telephone numbers on a state or the National Do Not Call Registry, pre-recorded calls, abandoned calls, the use of obscene or profane language in telemarketing calls, or instances where an individual stated that he or she did not want to be contacted.

Interrogatories, Nos. 1, 2, and 3.  Dish objected to these Interrogatories as overly broad and unduly burdensome because they ask for each and every person with any involvement.  After objecting, Dish answered each of the three Interrogatories by listing eight executives and four in-house attorneys.  Motion, Exhibit 6, Responses of Defendant Dish Network L.L.C. to Plaintiffs' First Set of Interrogatories, at 8-12.  The Plaintiffs responded that Dish should make a reasonable interpretation of the requests,

> Dish fails to recognize that there is a middle ground between interpreting Plaintiffs' interrogatories to require naming every mail clerk who may have opened an envelope with a telemarketing complaint, and naming the same twelve people–eight (current) high-level managers and four (current) members of its in-house counsel department–in response to three different interrogatories. . . .  Dish is required to provide a reasonably complete list, along with contact information, of persons with the responsibilities about which Plaintiffs inquired.

Reply in Support of Plaintiffs' First Motion to Compel Production of Documents and Answers to Interrogatories (d/e 50), at 11-12.  Dish should not be required to interpret the middle ground in the request.  The Plaintiffs should more carefully define the "persons with responsibilities" in their requests.  The objection is, therefore, sustained; however, the Plaintiffs are authorized to revise and re-serve Interrogatories 1, 2, and 3 to clarify the requests.

10.    Interrogatory 4

Interrogatory 4 states:

4. Identify each authorized dealer not specifically contracted to provide telemarketing of Dish Network services that has received or been paid compensation, reimbursements, incentives, commissions, fees, or any other payment in relation to generating a new subscriber at any time over the time period covered by these Interrogatories, including the dates and amount of such payments. By "each dealer not specifically contracted to provide telemarketing," this Request means dealers whose contracts, at any relevant time, either specifically prohibited telemarketing, or were silent on whether the dealer was permitted to telemarket Dish Network services.

Interrogatories, No. 4. Dish objected to the Interrogatory. The Court has carefully considered Dish's objections and overrules them. Dish objected, in part, because the Interrogatory asked for information about dealers other than the five dealers listed in paragraph 37 of the Complaint. As explained above, the identity of the dealers that act on behalf of Dish is relevant to the claims in Counts IV and V. Dish is directed to answer the Interrogatory.

11. Interrogatory 8

Interrogatory 8 states:

8. For each authorized dealer (including Order/Entry entities), telemarketer, and any other entity selling Dish Network services, that you have investigated, disciplined, terminated, or taken legal action against, at any time over the time period covered by these Interrogatories, for reasons wholly other than violations or suspected violations of telemarketing laws: Identify the entity and state in detail all acts and omissions that led to—and all other explanations and reasons for—the investigation, discipline, termination, or legal action.

Interrogatories, No. 8. Dish objected to the Interrogatory. The Court has carefully considered Dish's objections and overruled them. Dish objected, in part, on relevance grounds. The Plaintiffs argue that information about Dish's response to other complaints is relevant to see if Dish treated complaints about the alleged telemarketing violations differently than other complaints. The Court agrees that there is some marginal relevance to the treatment of other complaints. If Dish responded vigorously to other complaints, but ignored telemarketing complaints, such evidence might tend to prove willfulness for the TCPA claims. Dish is directed to answer the Interrogatory.

12. RFP 6, 19, 20, and 25

The Plaintiffs ask this Court to compel Dish to respond to RFP 6, 19, 20, and 25. Dish objected to these requests to produce and did not indicate that it would produce any responsive documents.

RFP 6 states:

6. All complaints you received from any source relating to obscene or profane language used in any telemarketing context, including obscene or profane language used in response to any Do Not Call request or complaint.

RFP, No. 6. Dish objected to this request. The Court has carefully reviewed Dish's objections and overrules them. The treatment of complaints other than violations of the TSR, TCPA, and relevant Plaintiff

State statutes are marginally relevant to the issue of intent. The time period is limited to complaints submitted after October 1, 2003. The Plaintiffs' other requests for complaint documents (RFP 3-5, 6, 7) may include most of the documents sought here, but some documents may be responsive to this request alone. Dish is directed to produce the requested documents.

RFP 19 states:

19. All documents relating to cooperation, collaboration, or any other interactions with law enforcement officials at any level of government, to identify, investigate, pursue, respond to, or address violations or suspected or alleged violations of telemarketing laws by you, your authorized dealers (including Order/Entry entities), or any telemarketer or any other entity selling Dish Network services.

RFP, No. 19. Dish objected to this request. The Court has carefully reviewed Dish's objections and overrules them, except with respect to claims of privilege. Dish's involvement with law enforcement regarding violations of telemarketing laws is relevant to the issue of knowledge and intent. The time period is limited to the period after October 1, 2003. Dish is directed to produce the requested documents, except for those for which Dish asserts a claim of privilege. With respect to the documents for which Dish asserts a privilege, Dish is directed to provide the Plaintiffs with a privilege log that identifies each document (including the author, the date

the document was written, and the recipient of the document) and the

privilege asserted with respect to the document.

RFP 20 states:

20. All documents relating to cooperation, collaboration, or any other interactions with any consumer protection or consumer complaint entity (such as, but not limited to, the Better Business Bureau and Internet sites that let consumers post complaints about companies), to identify, investigate, pursue, respond to, or address violations or suspected or alleged violations of telemarketing laws by you, your authorized dealers (including Order/Entry entities), or any telemarketer or other entity selling Dish Network services.

RFP, No. 20. Dish objected to this request. The Court has carefully

reviewed Dish's objections and overrules them, except with respect to

claims of privilege. Dish's involvement with consumer complaint entity

regarding violations of telemarketing laws is relevant to the issue of

knowledge and intent. The time period is limited to the period after October

1, 2003. Dish is directed to produce the requested documents, except for

those for which Dish asserts a claim of privilege. With respect to the

documents for which Dish asserts a privilege, Dish is directed to provide

the Plaintiffs with a privilege log that identifies each document (including

the author, the date the document was written, and the recipient of the

document) and the privilege asserted with respect to the document.

RFP 25 states:

25.     All documents relating to the actual, possible, or
        hypothetical costs of obtaining or maintaining compliance
        or increased compliance with any telemarketing law.

RFP, No. 25.  Dish objected to this request.  Dish also stated, "that it does

not separately track the cost of 'obtaining or maintaining compliance or

increased compliance with any telemarketing law.'"  Motion, Exhibit 7,

Responses to Defendant Dish Network L.L.C. to Plaintiffs' Second Request

for Production of Documents, at 32.  The Court has carefully considered

Dish's objections and overrules them to the extent that Dish is directed to

produce documents that address or discuss the actual, possible or

hypothetical costs of obtaining or maintaining compliance or increased

compliance with any telemarketing law.  The objection to the request for all

documents relating to actual costs is sustained as overly broad because it

could require production of virtually all cost data, at least all cost data

related to marketing.  The Court sees no relevance to such cost data.  The

cost of compliance in not an element of any claim and is not asserted as an

affirmative defense to any claim.  See Complaint; Answer to First Amended

Complaint (d/e 26).

        Proof that Dish personnel discussed the cost of compliance,

however, could be relevant to the issue of knowledge.  Dish, therefore, is

directed to produce documents in its possession that address or discuss

the actual, possible or hypothetical costs of obtaining or maintaining

compliance or increased compliance with any telemarketing law.

13.   RFP 1

The Plaintiffs request the following documents:

1.   For each electronic call log produced in response to the
     FTC's 2005 CID (including call logs produced in 2007),
     and in response to Plaintiffs' First Request for Production
     of Documents (served March 12, 2010), documents
     sufficient to identify which call center placed each call.

RFP, No. 1.  Dish objected that the phrase "sufficient to identify" is vague

and ambiguous and improperly called for Dish to compile data to identify

the call center.  The Court agrees.  Dish should not have to decide how

many documents is sufficient.  The Plaintiffs, further, cannot use a request

to produce to ask Dish to identify which call center placed each call.  That

request is an interrogatory, not a request to produce.  Dish's objection,

therefore, is sustained; however, the Plaintiffs are given leave to revise and

re-serve this request to Dish.

Dish also objects on the grounds of relevance.  The relevance

objection is overruled.  Identifying the source of an illegal call is reasonably

calculated to lead to witnesses who would have personal knowledge of the

illegal activity.  If the Plaintiffs serve a revised request for such information,

Dish is directed to produce responsive documents.

14.   Responses that produced only a subset of requested information

The Plaintiffs state that:

Dish responded to many of Plaintiffs' document requests by asserting objections and then saying that Dish would produce (or provide hard-copy access to) a reworded and narrower version of Plaintiffs' document request that covers fewer documents.

Motion, at 22.  The Plaintiffs cite Dish's responses to RFPs 2 and 12 as examples.

The Court does not see any redefinition in these responses.  Rather, Dish asserted its consistent objections to requests for documents about events before the applicable limitation periods and about dealers and telemarketers other than the five named in paragraph 37 of the Complaint. The Court has overruled those objections.  Thus, the Court has already directed Dish to provide complete responses.

15.  Definitions

Dish objected to certain definitions used by the Plaintiffs.  Plaintiffs ask the Court to overrule the objections.  The Court agrees that a party may define its terms in its own discovery requests.[4]  The terms, as defined, may also lead to objections to the actual discovery requests.  A party, however, should be able to define its own terms in its own documents.  The

---

[4]For example, the Plaintiffs included five different definitions of the word "identify" that define the word to include up to ten different pieces of information, depending on the person, place, thing, or event identified.  Interrogatories, Definitions ¶¶ J., K., L., M., and N.  Dish could arguably count each piece of information in each applicable definition as a subpart of any Interrogatory that used the word "identify", and object to answering any Interrogatory after Dish answered the maximum number of Interrogatories, including subparts, allowed in the case.

objections to the definitions are overruled.

THEREFORE, Plaintiffs' First Motion to Compel Production of Documents and Answers to Interrogatories (d/e 47) is ALLOWED in part and DENIED in part.  Dish is directed to supplement its responses as set forth in this Opinion by January 15, 2011.  To the extent that the Court gave the Plaintiffs leave to revise an Interrogatory or RFP, the Plaintiffs are directed to serve the revised discovery request by January 15, 2011.  Under Rule 37(a)(5)(C), when a Rule 37 Motion is allowed, in part, and denied, in part, the Court may, after affording opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion.  Given the circumstances of the instant case and the disposition of the pending Motion, the Court deems it appropriate for each party to bear its or their own expenses.

ENTER: January 10, 2011

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE