IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | ) ) |
| Plaintiffs, | ) ) ) |
| v. | )  No. 09-3073 |
| DISH NETWORK L.L.C., | ) ) ) |
| Defendant. | ) |

OPINION

The Court now considers Defendant DISH Network L.L.C.'s Motion for Judgment on the Pleadings Dismissing Claims of Liability Based Upon the Conduct of Third Parties Not Identified in the Complaint. See d/e 70.

FACTS[1]

Plaintiffs the United States of America, the State of California, the State of Illinois, the State of North Carolina and the State of Ohio (collectively "Plaintiffs") allege that Defendant DISH Network L.L.C. ("DISH") is a seller of satellite television programming to consumers

---

[1] The Court partially adopts the facts stated in DISH's Memorandum of Law In Support of Its Motion for Judgment on the Pleadings Dismissing Claims of Liability Based Upon the Conduct of Third Parties Not Identified in the Complaint ("DISH's Memorandum"). See d/e 71, at 3-4.

1

throughout the United States and that DISH accomplishes this by using a network of dealers. See Complaint (d/e 1) ¶¶ 31, 32, 33(a), 34, 35. Plaintiffs also allege:

> Defendant DISH Network entered into oral or written contracts with, among others, Vision Quest, a Michigan company, New Edge Satellite, also a Michigan company, Planet Earth Satellite, an Arizona company, Dish TV Now, a North Carolina company, and Star Satellite, a Utah company (the "Marketing Dealers").

Id. at ¶ 37.

Plaintiffs further allege that Vision Quest, New Edge Satellite and Planet Earth (but not DISH TV Now or Star Satellite) placed outbound calls to telephone numbers on the "Do Not Call Registry" and that DISH TV Now and Star Satellite (but not Vision Quest, New Edge Satellite, or Planet Earth Satellite, or DISH itself) "abandoned outbound telemarketing calls to consumers by failing to connect the call to a representative within two (2) seconds of the consumer's completed greeting." Id. at ¶¶ 47-48.

Paragraph 58 of Plaintiffs' Complaint alleges that:

> Since on or about October 1, 2003, Defendant DISH Network caused the Marketing Dealers to engage in violations of the Amended TSR [Telemarketing Sales Rule] through a variety of acts or practices, including, but not limited to: (1) directly or indirectly offering to provide or providing financial payments for sales of Dish Network programming; (2) entering into relationships whereby the Marketing Dealers marketed on

2

> behalf of DISH Network; or (3) by directly or indirectly offering to provide or providing financial payments for sales of Dish Network programming, or by entering into relationships whereby the Marketing Dealers marketed on behalf of DISH Network, and failing to monitor and enforce compliance with the Amended TSR.

Id.

On May 21, 2009, DISH moved to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). See d/e 9 (the "Rule 12(b)(6) Motion"). The Court denied DISH's Motion, finding that Plaintiffs Complaint sufficiently stated claims under the notice pleading requirements of Federal Rule of Civil Procedure 8(a). See United States v. Dish Network, L.L.C., 667 F.Supp.2d 952, 964 (2009) (Scott, J.).

On December 23, 2011, DISH filed the instant Motion. See d/e 70 (the "Rule 12(c) Motion"). In it, DISH raised an argument it never raised in its Rule 12(b)(6) Motion. DISH contended that all claims seeking to impose liability on DISH for the actions of unidentified third parties should be dismissed pursuant to Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and its progeny. DISH argued that the Complaint's failure to specifically identify third parties and the omission of the third parties' particularized conduct violates Twombly. See DISH's

Memorandum at 4.

## STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties. Id. Rule 12(c) motions are reviewed under the same standard courts employ for assessing a Rule 12(b)(6) motion to dismiss for failure to state a claim. See Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citation omitted). Thus, the court views the facts in the complaint in the light most favorable to the nonmoving party. Id. (citation omitted).

## ANALYSIS

Although DISH has filed a Rule 12(c) Motion, it asks the Court to do more than decide whether Plaintiffs' Complaint should be dismissed for omitting the identities of third parties. DISH also asks the Court to resolve a discovery dispute. The Court will decide the Rule 12(c) Motion and then resolve the discovery issue.

I. IDENTIFICATION OF THIRD PARTIES

DISH moves to dismiss all claims that "seek to impose liability on DISH arising out of conduct by third parties not specifically identified in the Complaint." See DISH's Memorandum at 16. DISH's Motion is

4

predicated on Brooks v. Ross, 578 F.3d 574 (7th Cir. 2009); Twombly, 550 U.S. 544; Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); and Security Service Federal Credit Union v. First Am. Mortgage Funding, LLC, 2010 WL 1268082 (D.Colo. March 30, 2010). See DISH's Memorandum at 4.

In Brooks, the Seventh Circuit considered Twombly, Iqbal and Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) and found that those decisions collectively required:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

See Brooks, 578 F.3d at 581.

Although this Court did not cite Brooks when it denied DISH's Rule 12(b)(6) Motion, the Court nonetheless applied the Brooks criteria. See Dish Network, L.L.C., 667 F.Supp.2d at 964 (finding Plaintiffs' claims were sufficient). Once that criteria was satisfied, Plaintiffs' claims were sufficient to overcome a motion under Rule 12(b)(6) or its virtual twin, Rule 12(c).

Thus, while DISH may want Plaintiffs to allege additional facts, Plaintiffs are not required to do so. Despite the absence of the third parties' identities, DISH still has notice of Plaintiffs' claims, the same facts still plausibly state the same claims, and the claims still do more than recite elements and conclusions of law. Therefore, Plaintiffs' claims satisfy <u>Twombly</u>, <u>Iqbal</u>, <u>Erickson</u> and <u>Brooks</u>. Information beyond that which is contained in Plaintiffs' Complaint can be sought through discovery. <u>See</u>, i.e., <u>Kramer v. Autobytel, Inc.</u>, 2010 WL 5463116 (N.D.Cal. 2010) ("because the [Telephone Consumer Protection Act] is designed to combat mass unsolicited commercial telemarketing, at times involving thousands of calls or text messages, notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every text message").

DISH fares no better by citing <u>Security Service</u>. In <u>Security Service</u>, plaintiffs alleged that 26 defendants engaged in fraudulent misrepresentation and that the defendants "aided and abetted" a breach of fiduciary duty. <u>Id.</u> at *1. DISH incorrectly contends that <u>Security Service</u> found "that the failure to identify the specific entity whom a defendant allegedly aided and abetted 'is untenable and in conflict with [the] binding

6

authority' of Twombly and Iqbal." See DISH's Memorandum at 9; see also DISH's Reply at 4 (stating that Security Service held that Twombly and Iqbal required a plaintiff to identify third parties whose conduct is imputed to a defendant). In fact, the Security Service opinion determined that the failure to identify defendants named in a plaintiff's fraud claim violated Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. Id. at *2 (emphasis added). Since there is no fraud claim in the instant case, the heightened pleading standard which necessitated the defendants' identification in Security Service is totally absent here.

As for Security Service's discussion of Twombly and Iqbal, the court said that a claim is defective if it simply gives a formulaic recitation of elements and omits allegations which plausibly support relief. See Security Service, 2010 WL 1268082 at *3, citing Twombly, 550 U.S. at 570 and Iqbal, ___U.S.___, 129 S.Ct. at 1949. Nothing in Security Service's discussion of Twombly and Iqbal suggests that a claim is defective if it omits third parties' identities. See Security Service, 2010 WL 1268082 at *3. Thus, contrary to DISH's assertion, so long as a claim satisfies Rule 8(a)(2) and the pleading standards set forth in Twombly and Iqbal, a claim will not

7

be dismissed merely because third parties are not identified by name.[2]

II.   DISCOVERY ISSUE

"District judges enjoy broad discretion in settling discovery disputes." Corley v. Rosewood Care Ctr., Inc., 142 F.3d 1041, 1052 (7th Cir. 1998). When deciding the meaning of a contested allegation, the language in a complaint should be read in a natural and ordinary fashion. See Abcarian v. McDonald, 617 F.3d 931, 937 (7th Cir. 2010); see also, Tamayo v. Balgojevich, 526 F.3d 1074, 1092 (7th Cir. 2008).

DISH asks the Court to resolve a discovery issue arising from ¶ 37 of Plaintiffs' Complaint. That paragraph alleges that:

> Defendant DISH Network entered into oral or written contracts with, among others, Vision Quest, a Michigan company, New Edge Satellite, also a Michigan company, Planet Earth Satellite, an Arizona company, Dish TV Now, a North Carolina company, and Star Satellite, a Utah company (the "Marketing Dealers").

Id.

In an Opinion issued on December 9, 2010, United States Magistrate Judge Cudmore stated:

The parties dispute whether the claims in Counts I and II are

---

[2] Given the misstatement of Security Service's holding, all counsel all reminded that Federal Rule of Civil Procedure 11(b)(2) applies to all pleadings, motions and other papers filed with the Court.

> limited to Dish and the five dealers or whether the claims cover additional dealers. Paragraph 37 [of the Complaint] defines the term "Marketing Dealers." Dish takes the position that the five dealers listed are the only Marketing Dealers. The Government claims that the phrase "among others" in paragraph 37 means that the term "Marketing Dealers" included other dealers beyond the five listed. <u>Reply in Support of Plaintiffs' First Motion to Compel Production of Documents and Answers to Interrogatories (d/e 50)</u>, at 5. The Court does not need to resolve this issue because the claims in Counts IV and V cover any third party acting on behalf of Dish, not just the five listed dealers.

<u>Id.</u> (d/e 65) at 9, n.2.

DISH argues that deciding the meaning of the phrase "among others" in relation to the balance of ¶ 37's language will determine whether Plaintiffs are entitled to discovery from five dealers or the approximately 7,500 current and former dealers who sell or sold DISH's services. See <u>DISH's Memorandum</u> at 6. Since Judge Cudmore's Opinion decided that the allegations in Counts IV and V of the Complaint entitled Plaintiffs to discoverable information about all current and former dealers within the Complaint's applicable time period, discoverability is not really in doubt. <u>Id.</u> at 8-9. The only open question following Judge Cudmore's Opinion is whether the claims in Counts I and II are limited to the five dealers specifically identified in ¶ 37.

Although the issue is significant, it is not complex. A natural reading of ¶ 37's language plausibly shows that Plaintiffs allege DISH entered into contracts with numerous Marketing Dealers. The five dealers were simply "among others" with whom DISH had contracts. As such, Plaintiffs' claims are not limited to the five dealers specifically identified in ¶ 37 and discovery is not limited to those five dealers. Such a finding is appropriate given DISH's earlier argument that all third parties must be identified. While that argument failed, it revealed that all parties believe the actions of third party Marketing Dealers are relevant and discoverable.

## CONCLUSION

THEREFORE, Defendant DISH Network L.L.C.'s Motion for Judgment on the Pleadings Dismissing Claims of Liability Based Upon the Conduct of Third Parties Not Identified in the Complaint (d/e 70) is DENIED.

ENTERED this 28th day of January, 2011

MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE