IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09-3073 |
| DISH NETWORK, L.L.C., | ) ) | |
| Defendant. | ) | |

OPINION

The Court now considers Defendant DISH Network, L.L.C.'s Motion to Stay This Action Pursuant to the Doctrine of Primary Jurisdiction, or in the Alternative to Stay All Counts IV-XI to the Extent They Claim "On Behalf Of" Liability and Refer That Issue to the Federal Communications Commission. See d/e 67 (the "Motion"). For the reasons stated below, DISH's Motion is ALLOWED IN PART.

FACTS

Plaintiffs The United States of America and the States of California, Illinois, North Carolina and Ohio allege that DISH, through its sales force and its dealers, violated the Telephone Consumer Protection Act, 47 C.F.R.

§ 64.1200(c), (f)(7) (the "TCPA"), the Telemarketing Sales Rule, 16 C.F.R. § 310.4(b)(1)(iii)(B) (the "TSR"), the Federal Communication Commission ("FCC") Rule that regulates telemarketing (47 C.F.R. § 64.1200(f)(7)) and various state laws prohibiting telephone solicitations. The Plaintiffs allege that DISH and its dealers: (1) called numbers on the "Do Not Call" List; (2) abandoned calls; and (3) used pre-recorded sales pitches.

The Plaintiffs allege that DISH authorized dealers to engage in telemarketing on DISH's behalf to sell DISH's products and services. The Plaintiffs also allege that DISH received complaints from consumers regarding the dealers' telemarketing practices. Thus, DISH knew or consciously avoided knowing that the dealers were violating the TSR and the FCC Rule.

Based on these and other allegations, Plaintiffs filed a Complaint seeking an injunction and civil penalties for violation of the Federal Trade Commission Act. See Complaint (d/e 1). Count I alleged that DISH called telephone numbers on the "Do Not Call" List and caused its dealers to do the same. Count II alleged that DISH abandoned outbound calls and caused dealers to do the same. Count III alleged that DISH provided substantial assistance and support to certain dealers when DISH knew or consciously

2

avoided knowing that dealers were abandoning outbound calls in violation of the TSR.  Id. at Counts I-III.

In Counts IV and V, Plaintiffs the Attorneys General of California, Illinois, North Carolina, and Ohio sought injunctions and damages for violations of the TCPA, 16 C.F.R. Pt. 310; 47 U.S.C. § 227(f)(1).  See Complaint at Counts IV-V.  Count IV alleged that DISH, either directly or through third parties acting on its behalf, called numbers on the "Do Not Call" List in violation of the TCPA. Count V alleged that DISH, either directly or through third parties acting on its behalf, used pre-recorded sales pitches in violation of the TCPA.  See Complaint at Count V.  In addition to these federal claims, each state Attorney General also seeks relief under each state's respective statute that prohibits these forms of telephone solicitations.  See Complaint at Counts VI-XI.

DISH moves the Court to apply the primary jurisdiction doctrine and stay all TCPA-related proceedings so that the phrase "on behalf of" can be referred to the Federal Communications Commission for interpretation. See DISH's Memorandum of Law in Support of Motion to Stay This Action Pursuant to the Doctrine of Primary Jurisdiction, or in the Alternative to Stay All Counts IV-XI to the Extent They Claim "On Behalf Of" Liability

3

and Refer That Issue to the Federal Communications Commission ("DISH's Memorandum") (d/e 68). The matter has been fully briefed and the Court has considered the parties' arguments.

## STANDARD

The primary jurisdiction doctrine "is a prudential doctrine under which courts may, under appropriate circumstances, determine that the initial decisionmaking responsibility should be performed by the relevant agency rather than the courts." See Syntek Semiconductor Co. v. Microchip Tech., Inc., 307 F.3d 775, 780 (9th Cir. 2002). The doctrine should be invoked sparingly since it often results in added expense and delay to the litigants. See United State v. McDonnell Douglas Corp., 751 F.2d 220, 224 (8th Cir. 1984); Mississippi Power & Light Co. v. United Gas Pipeline Co., 532 F.2d 412, 418-19 (5th Cir. 1976).

The doctrine does not implicate a federal court's subject matter jurisdiction. See Syntek, 307 F.3d at 780. Even if the doctrine applies and an issue is referred to an administrative agency, the federal court retains jurisdiction. See Reiter v. Cooper, 507 U.S. 258, 268, 113 S.Ct. 1213, 122 L.Ed.2d 604 (1993). "Referral" is a term of art which, practically speaking, allows a court to either stay a proceeding or dismiss a case without prejudice

4

in order to allow parties to pursue administrative action. See Syntek, 307 F.3d at 782 n.3. Because the Federal Communications Act does not provide a mechanism whereby the Court can directly refer the matter to the FCC, it is incumbent upon the parties to file an administrative complaint. See Reiter, 507 U.S. 258, 268.

There is "no fixed formula" for applying the primary jurisdiction doctrine. See United States v. Western Pac. R. Co., 352 U.S. 59, 63, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956); see also Arsberry v. Illinois, 244 F.3d 558, 563-64 (7th Cir. 2001). Applicability turns on the "superordinate question" of "whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation." See Western Pac., 352 U.S. at 64, 77 S.Ct. 161. To make that assessment, courts often consider: (1) whether the question at issue is one within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; (2) whether the question at issue is particularly within the agency's discretion; (3) whether there exists a substantial danger of inconsistent ruling; and (4) whether a prior application to the agency has been made. See, i.e., Davel Communications, Inc. v. Qwest Corp., 460 F.3d

5

1075, 1086-87 (9th Cir. 2006); Nat'l Communications Ass'n, Inc. v. Am. Tel. and Tel., Co., 46 F.3d 220, 222 (2d Cir. 1995).[1]

## ANALYSIS

In Charvat v. Echostar Satellite, LLC, ___F.3d___, 2010 WL 5392875 (6th Cir. 2010), the Sixth Circuit held that the phrase "on behalf of" was a matter which necessitated FCC interpretation and; thus, the court found that primary jurisdiction existed. Id. at **6-7.[2] The Charvat decision turned on the need for uniformity, discretion and expertise--concepts which were much akin to the multi-factor test espoused in Davel. See Charvat, 2010 WL 539875 at **6-7. In Charvat's view, the volume of lawsuits pending in federal courts "heightens the risk that individuals and companies will be subject to decisions pointing in opposite directions". Id. at *6. Moreover, Congress vested the FCC with the power to implement and

---

[1]Additionally, courts often "balance the advantages of applying the doctrine against the potential costs resulting from complications and delay in the administrative proceedings." See Nat'l Communications Ass'n, Inc., 46 F.3d at 222. However, the Supreme Court has never identified judicial economy as a relevant factor. See Tassy v. Brunswick Hosp. Ctr., Inc., 296 F.3d 65, 68 n.2 (2d. Cir. 2002). Because the Supreme Court never identified judicial economy as a relevant factor, this Court will not graft that factor onto the multi-factor test stated above. To the extent that expenditure of resources is relevant, factors three and four of the multi-factor test address that concern.

[2]DISH is the successor in interest to the now defunct entity known as Echostar Satellite, LLC.

6

interpret the TCPA and the FCC has comparatively greater expertise than courts for addressing the meaning and bounds the statute's language. Id. at **6-7. For these reasons, the Sixth Circuit concluded that primary jurisdiction existed and the FCC should be given an opportunity to decide what "on behalf of" means in the context of the TCPA. Id. at *8. Thus, the Court concluded that referral to the FCC was appropriate. Id.

While Plaintiffs resist primary jurisdiction and DISH argues for it, the parties had completely opposite views when the "on behalf of" language was at issue in Charvat. While this creates a definite credibility gap for the parties, their change in perspective recent shift is easily explained. Because DISH prevailed at the trial court level and had no incentive to seek an FCC determination which might jeopardize DISH's victory. For their part, the Department of Justice and the FCC were not parties to Charvat. However, since Charvat posed a precedent which might interfere with uniform application of the TCPA by importing state agency law into a federal statute, the Department of Justice and the FCC filed an amici brief wherein they argued that the TCPA's phrase "on behalf of" should be divined by the FCC via primary jurisdiction. DISH resisted.

Unfortunately, neither DISH nor plaintiff Charvat ever sought

referral. Because only a party to litigation can seek referral under primary jurisdiction, the Department of Justice and the FCC have been unable to obtain a referral. Thus, while the "on behalf of issue" could have been under the FCC's review for months already, DISH's actions have prevented review.

Be this as it may, Charvat's analysis squarely applies. Considerations of uniformity, discretion and expertise all militate in favor of primary jurisdiction since only the FCC can disambiguate the phrase "on behalf of". Id. at *7, citing In re StarNet, Inc., 355 F.3d 634, 639 (7th Cir. 2004). If these considerations are repackaged per Davel's four-factor test, the only difference is that the Court would have to consider whether a prior application to the agency has been made. See Davel, 460 F.3d 1087; see also Ellis v. Tribune Television, Co., 443 F.3d 71, 86 (2d Cir. 2006)(citation omitted)("If prior application to the agency is present, this factor provides support for the conclusion that the doctrine of primary jurisdiction is appropriate."). While no prior application to the FCC has been made regarding the "on behalf of" issue, the other three factors overwhelmingly support primary jurisdiction. Accordingly, the Court finds that primary jurisdiction exists under either Charvat's analysis or Davel's

analysis.

Having found that primary jurisdiction exists, the Court must suspend proceedings on the TCPA claim until the FCC concludes administrative action. See Western Pac., 352 U.S. at 64.[3] However, this is unlikely to have any tangible impact on near-term litigation issues. In addition to TCPA claims, this case involves violations of the FTC Act, the Telemarketing Act, the Telephone Sales Rule and various state consumer protection statutes. Since nothing is stayed regarding those alleged violations, discovery will proceed on matters related to those claims. Moreover, because the discoverable evidence pertaining to those claims is the same as the discoverable evidence pertaining to the TCPA violations, the stay has no practical affect on discovery.

## CONCLUSION

THEREFORE, Defendant DISH Network, L.L.C.'s Motion to Stay This Action Pursuant to the Doctrine of Primary Jurisdiction, or in the Alternative to Stay All Counts IV-XI to the Extent They Claim "On Behalf

---

[3] Some courts have allowed discovery to proceed pending an agency's resolution of a referred issue. See, i.e., Flying J, Inc. v. Sprint Communications Co., L.L.P., 2007 WL 2461768, (D.Utah 2007). While that has great practical appeal given the prospective delay caused by agency review, Supreme Court jurisprudence requires courts to suspend all proceedings exclusively related to a referred issue. See Western Pac., 352 U.S. at 64.

Of" Liability and Refer That Issue to the Federal Communications Commission (d/e 67) is ALLOWED IN PART.  All proceedings related exclusively to TCPA matters are STAYED.  However, the parties may proceed on discovery and other matters related to any non-TCPA claims.

To resolve the meaning of the phrase "on behalf of", the parties are ORDERED to jointly file an administrative complaint with the FCC seeking the FCC's interpretation of the phrase "on behalf of".  The administrative complaint (a/k/a an "application" or a "referral") must be filed by February 18, 2011.  Once the FCC resolves the administrative complaint, the parties will, within seven (7) business days, jointly submit a status report to this Court notifying it of the FCC's action.  The parties are directed to attach a copy of the FCC's resolution to the status report.

ENTERED this 4th day of February, 2011

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE