UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATES OF CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO,<br>        Plaintiffs,<br>   v.<br>DISH NETWORK, LLC,<br>        Defendant. | Case No. 3:09-cv-03073 |

## PLAINTIFFS' SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO DISH NETWORK, LLC

Pursuant to Fed. R. Civ. P. 34(b)(a), Plaintiffs, the United States of America and the States of California, Illinois, North Carolina, and Ohio, request that Defendant Dish Network, LLC, produce the documents described herein within thirty (30) days pursuant to the parties' electronic production agreement.

## INSTRUCTIONS

1. These requests impose a continuing obligation, which extends up to and during the course of trial in this case. Responsive documents that you obtain or discover after your initial production must be produced promptly by supplemental production to the fullest extent provided by law. *See* Fed. R. Civ. P. 26(e).

2. If a document is no longer in your possession or subject to your control, state when it was most recently in your possession or subject to your control, what disposition was made of it, and the name, address, and telephone number of all persons who presently have possession or control of it. If documents have been destroyed, altered or otherwise changed, state when they were destroyed, altered or otherwise changed, identify the person who destroyed, altered, or otherwise changed them, identify the person who directed that

they be destroyed, altered or otherwise changed, state the reasons they were destroyed, altered or otherwise changed, and identify and produce copies of all communications and documents that relate to the destruction, alteration or change of the documents.

3. Documents withheld on grounds of privilege or protection: If you withhold from disclosure any requested document on the basis of any asserted privilege or protection, including attorney-client privilege and work product protection, state the nature of the privilege or protection claimed and the basis for the claim as to each specific document request. Each document claimed as privileged or protected shall be unambiguously described by setting forth at least:

   a. the identity of all persons who initiated, received, or were privy to the document;

   b. whether any such persons were counsel to you and were acting in such capacity, and if so, which ones;

   c. if attorney-client or work-product protection is asserted, the identity of the asserted client(s);

   d. the date of the document;

   e. its Bates numbers;

   f. its length in pages (or, if it is a native-format file not easily converted to TIFF format, the document's format and size, *e.g.*, "Excel, 136 Kb");

   g. its subject matter; and

   h. a statement of the specific reasons for the assertion of privilege or protection as to the specific document. Pursuant to Fed. R. Civ. P. 26(b)(5), the statement of

        reasons must be sufficiently detailed and specific to enable plaintiff to assess the applicability of the privilege or protection as to the specific withheld document.

4. Alleged ambiguities: If you believe any request for production of documents, definition, or instruction is ambiguous in a way that affects your response, identify the specific word or phrase you believe is ambiguous; which of your document production(s) is or are affected by the alleged ambiguity; and how you are construing the alleged ambiguity in your document production(s).

5. Unless otherwise indicated, the documents to be produced are those created, used, or in force at any time from the period October 1, 2003, to the date on which production is made pursuant to these requests.

6. You are required to produce any responsive documents in your possession or control, whether in hard copy or in electronic form, and whether located in your home, place of business, a storage facility, or on a computer, laptop, Blackberry, or other electronic device, or elsewhere.

7. Submit each document in its entirety even if only a portion relates to a specific request. This means that unless you properly interpose an objection, the document shall not be edited, cut, or redacted, and shall include all appendices, tables, or other attachments, and all other documents incorporated into the document or attachments. If an objection is made to producing a document, the portion(s) of that document not subject to objection should be produced with the portion(s) objected to redacted and clearly indicated as redacted.

8. Any request for information that pertains to a company, business entity, or individual shall be deemed to include the subsidiaries, affiliates, officers, agents, servants, and employees of the company, business entity, or individual and those persons in active concert or participation with the company, business entity, or individual.

## DEFINITIONS

1. The terms "you," "your," and "Dish Network" include Dish Network, LLC, its parents, subsidiaries, predecessors, employees, agents, and independent contractors, including Echostar and Nagrastar. The terms "you," "your," and "Dish Network" also include Dish Network distributors All-Systems, Dow Electronics, Mid-State Distributing Co., CVS Systems, Inc., and RS&I, Inc., and their predecessors. For the purposes of this set of Requests for the Production of Documents only, the terms "you," "your," and "Dish Network" do not include Dish Network authorized dealers (or Order/Entry entities), such as Dish TV Now and Star Satellite.

2. The terms "Authorized Dealer" or "retailer" mean any person or entity authorized to market Dish Network goods or services.

3. The terms "Established Business Relationship" or "EBR" mean a relationship between Dish and a consumer, based on either the consumer's past purchase of Dish goods and services within the 18 months preceding a telemarketing call to that consumer, or a consumer's inquiry or application regarding Dish products and services within the three months preceding a telemarketing call to that consumer.

4. The term "person" includes any natural person and any business, legal, or government entity or association.

5. The term "document" is used in the broadest sense of the word and means any written, recorded, or graphic material that is in the defendant's possession, custody, or control including but not limited to: memoranda, reports, letters, telegrams, facsimiles, electronic mail, voice mail, other electronic correspondence, and any other communications recorded in any form or medium; notes, minutes, and transcripts of conferences, meetings, depositions, and telephone or other communications; solicitations, advertisements, offers, confirmations, contracts and other agreements; statements, ledgers, invoices, receipts, customer or vendor lists, and other records of financial matters or commercial transactions; financial models, statistical models, surveys, studies, computer printouts, and other data compilations; notebooks, calendars, and diaries; plans, proposals, scripts, and specifications; publications, manuals, supplements, indices, abstracts, pamphlets, and fliers; photographs, diagrams, graphs, charts, and other drawings; transparencies, view graphs, foils, slides, handouts, and multimedia presentations; photocopies, microfilm, microfiche, and other copies or reproductions; audio and video recordings; tape, disk (including all forms of magnetic, magneto-optical, and optical disks), and other electronic recordings. The term includes all drafts of a document; the original document (or an identical copy if the original is no longer available); and all copies that differ in any way from the original (including as to any notations, underlining, markings, or electronically imbedded comments or codes). The term also includes information stored in, or

accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

6. The term "present" means up to and including the date of your final response to this request for the production of documents.

7. Use of the singular shall be deemed to include the plural. As used herein, the terms **"and"** and **"or," "any"** and **"all,"** and **"each"** and **"every"** shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, to achieve the fullest disclosure of information.

8. The phrases "referring to" and "relating to" mean referring to, relating to, regarding, reflecting, discussing, constituting, mentioning, pertaining to, alluding to, or associated with.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Records of Dish's January 1, 2002 – September 30, 2007 outbound calls, to include for every call the campaign name, date, and time information, as well as—for the calls after October 17, 2003—Dish's EBR assertions, if any, for specific calls.

2. For each of the following campaigns identified in Dish's 2007-2010 call records, all information associated with the creation, approval, and dialing of each campaign —including but not limited to the script for the campaign, the automated voice message recording played as part of the campaign, all documents associated with the manner in which the calling list was created and transferred among Dish employees and/or vendors, all records indicating the results of individual calls (*e.g.*, whether the automated voice

message was played to a live consumer and/or left on voicemail, etc.), and all documents associated with the scrubbing of the campaign calling lists against any do-not-call list:

| | | |
|---|---|---|
| AM 090507GREEK | AM 110107HINDI | AM GERMAN KINO FREE |
| AM 090607CHIN | AM 110907CHINESE | AM GERMAN LOC 999 |
| AM 090607FILI | AM 110907GREEK | AM GREATWALL 01/28 |
| AM 090607KORE | AM 111607KINO | AM GREATWALL 02/04 |
| AM 091107ARAB | AM 112707LEON | AM GREATWALL 02/11 |
| AM 091107GREEK | AM ARABIC LOC 999 | AM GREEK LOC 999 |
| AM 091207CHIN | AM AZTECA (BAKE)DVR | AM ISRAELI FP(01/31) |
| AM 091307KINO | AM AZTECA (BAKE)NDVR | AM ITALIAN LOC 999 |
| AM 091407FRENCH | AM AZTECA (SDIE) DVR | AM KOREAN LOC 999 |
| AM 091407GERMAN | AM AZTECA (SDIE)NDVR | AM KOREAN OLYMPICS |
| AM 092107FREEHD | AM AZTECA (SPGS) DVR | AM LATINO CHURN |
| AM 092607DV | AM AZTECA (SPGS)NDVR | AM PENNY MAX |
| AM 092807$100 | AM AZTECA NO DVR | AM POLISH LOC 999 |
| AM 100407INDUSM | AM AZTECA W/ DVR | AM PRTGSE LOC 999 |
| AM 100407INDUSV | AM BRAZIL LOC 999 | AM RUSSIAN LOC 999 |
| AM 100507ZEE | AM CHINESE AUTO | AM SASIAN LOC 999 |
| AM 100807INDUS | AM CHINESE LOC 999 | AM UKRANIAN LOC 999 |
| AM 101807SHO | AM CHINESE OLYMPICS | AM URDU/PAK LOC 999 |
| AM 102307HINDI | AM FRENCH BOQ(02/01) | AM_ADHOC_RUSS_MEGPK |
| AM 103007ARAB1 | AM FRENCH BOUQUET | |
| AM 103007ARAB2 | AM FRENCH LOC 999 | |

3. For each of the following campaign codes identified in Dish's 2007-2010 call records, all information associated with the creation, approval, and dialing of each campaign —including but not limited to the script for each campaign and all documents associated with the scrubbing of the call list for the campaign against any do-not-call list.

| | |
|---|---|
| OR VOL TRAIL (20MTH) | OR VOL TRAIL (20MTH) |
| OR VOL TRAIL (17MTH) | HG ACQ (31MTH) |
| OR VOL TRAIL (18MTH) | OR VOL TRAIL (59MTH) |
| EP VOL TRAIL (20MTH) | OR VOL TRAIL (51MTH) |
| EP VOL TRAIL (22MTH) | BF VOL TRAIL (22MTH) |
| OR VOL TRAIL (61MTH) | EC_VWIN_TRL_22M_ESP |

4. Documents reflecting or related to Dish's provision to any entity of consumer leads that included phone numbers, including leads called "LTS" leads that may have been given to Dish retailer Defender Security and/or any other retailer, regional service provider, or distributor.   *See* DISH5-0000066604.

5. Documents reflecting or related to all "LTS" consumer leads captured, either directly or through Equifax, from Dish's Order Entry Partner Tool and all records associated with the process by which such leads were captured and dialed by Dish.   *See* DISH5-0000066933.

Dated:   April 6, 2012

OF COUNSEL:

LOIS C. GREISMAN
Associate Director for Marketing Practices

ROBERTO ANGUIZOLA
Assistant Director, Marketing Practices

RUSSELL DEITCH
GARY IVENS
Attorneys
Federal Trade Commission
600 Pennsylvania Ave. NW, Room 288
Washington, DC   20580
Telephone: 202-326-2585 (Deitch),
202-326-2330 (Ivens)
Fax: 202-326-3395

Respectfully,

FOR THE UNITED STATES:

STUART F. DELERY
Acting Assistant Attorney General
MAAME EWUSI-MENSAH FRIMPONG
Acting Deputy Assistant Attorney General

MICHAEL S. BLUME, Director
KENNETH L. JOST, Deputy Director

_____/s/_____
LISA K. HSIAO
DANIEL K. CRANE-HIRSCH
PATRICK R. RUNKLE
SANG H. LEE
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
PO Box 386
Washington, DC   20044-0386
Telephone: 202-532-4892 (Hsiao)
202-616-8242 (Crane-Hirsch)
202-532-4723 (Runkle)
202-532-4793 (Lee)
Fax: 202-514-8742
Lisa.K.Hsiao@usdoj.gov
Daniel.Crane-Hirsch@usdoj.gov
Patrick.R.Runkle@usdoj.gov
Sang.H.Lee@usdoj.gov

ERIC LONG
Assistant U.S. Attorney
U.S. Attorney's Office for the Central District of Illinois
318 S. 6th St.
Springfield, IL   62701-1806
Telephone: 217-492-4450
Fax: 217-492-4512
Eric.Long@usdoj.gov

| | |
|---|---|
| FOR THE PEOPLE OF THE STATE OF CALIFORNIA<br><br>KAMALA D. HARRIS<br>Attorney General of the State of California<br>ALBERT NORMAN SHELDEN<br>Deputy Attorney General<br>Consumer Law Section<br>Office of the Attorney General<br>110 W. "A" Street, Suite 1100<br>San Diego, CA  92101-3702<br>Telephone: 619-645-2089<br>Fax: 619-645-2062<br>albert.shelden@doj.ca.gov | FOR THE PEOPLE OF THE STATE OF ILLINOIS<br><br>LISA MADIGAN<br>Attorney General of Illinois<br>ELIZABETH BLACKSTON<br>Assistant Attorney General; Chief, Consumer Fraud Bureau<br><br>JEFFREY M. FELTMAN<br>Illinois Bar No. 06237048<br>Assistant Attorney General<br>Consumer Fraud Bureau<br>1001 E. Main St.<br>Carbondale, IL  62901-3100<br>Telephone: 618-529-6418<br>Fax: 618-529-6403<br>jfeltman@atg.state.il.us |
| FOR THE STATE OF OHIO<br><br>MIKE DEWINE<br>Attorney General of Ohio<br>MICHAEL ZIEGLER<br>ERIN B. LEAHY Assistant Attorneys General<br>Consumer Protection Section<br>Ohio Attorney General's Office<br>30 E. Broad St., 14th Floor<br>Columbus, OH  43215-3414<br>Telephone: 614-466-3980 (Ziegler)<br>            614-752-4730 (Leahy)<br>Fax: 866-768-2648<br>Michael.Ziegler@ohioattorneygeneral.gov<br>Erin.Leahy@ohioattorneygeneral.gov | FOR THE STATE OF NORTH CAROLINA<br><br>ROY COOPER<br>Attorney General of North Carolina<br>KEVIN ANDERSON<br>Special Deputy Attorney General<br>Office of the Attorney General<br>114 W. Edenton St.<br>Raleigh, NC  27602-0629<br>Telephone: 919-716-6000<br>Fax: 919-716-6050<br>kander@ncdoj.gov |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Request for Production was served via email this 6th day of April, 2012, upon each of the persons listed below:

        Lisa K. Hsiao
        Patrick R. Runkle
        Sang R. Lee
        LisaK.Hsiao@usdoj.gov
        PatrickR.Runkle@usdoj.gov
        SangR.Lee@usdoj.gov

        Counsel for the United States

        Albert Norman Shelden
        Jeffrey M. Feltman
        Michael Ziegler
        Erin B. Leahy
        Kevin Anderson
        albert.shelden@doj.ca.gov
        feltman@atg.state.il.us
        Michael.Ziegler@ohioattorneygeneral.gov
        Erin.Leahy@ohioattorneygeneral.gov
        kander@ncdoj.gov

        Counsel for California, Illinois, Ohio, and North Carolina

        Joseph A. Boyle
        Lauri A. Mazzuchetti
        jboyle@kelleydrye.com
        lmazzuchetti@kelleydrye.com

        Counsel for Dish Network, LLC

        s/ Patrick R. Runkle
        PATRICK R. RUNKLE