IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO,<br><br>        Plaintiffs,<br><br>        v.<br><br>DISH NETWORK, L.L.C.,<br><br>        Defendant. | No. 09-cv-3073 |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant's Motion for Reconsideration of the Court's June 12, 2012, Order Granting in Part and Denying in Part Plaintiff's Motion to Compel and Motion for Partial Stay of that Order (d/e 156) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

The Court allowed in part the Plaintiffs' Motion to Compel Production of Documents Over Defendant's Privilege Assertions (d/e 95) (Motion to Compel). Opinion entered June 12, 2012 (d/e 151) (Opinion 151). The Court conducted an in camera review of several thousand documents and directed Defendant Dish Network L.L.C. (Dish) to produce some of the documents, but not others. The Court determined that the withheld

documents were privileged under the attorney client or work product privileges.  Opinion 151, at 10-15.

Dish now asks the Court to reconsider that ruling with respect to 108 documents that the Court ordered to be produced.  Dish argues that the Court inadvertently omitted most of these documents from the list of documents that should have been designated as privileged.  Dish also asks the Court to order the redaction of some documents that contain some privileged information unrelated to this case.  Dish submits the declaration of one of its counsel, Lewis Rose, to support the Motion.  Motion, attached Declaration of Lewis Rose (Rose Declaration).

Motions to reconsider serve the purpose to correct manifest errors of law or fact or to present newly discovered evidence.  Caisse Nationale De Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). The Rose Declaration does not contain newly discovered evidence, but only provides information that could have been submitted in response to the Motion to Compel.  The Court, therefore, will not consider the Rose Declaration in resolving the Motion.  Dish further should have asserted the redaction argument in the response to the Motion to Compel.  That argument is, thus, waived.

The Court, however, has reviewed the documents identified by Dish to determine whether the face of some of the documents demonstrate that

the Court made an inadvertent, but manifest error in finding that the documents were not protected by the attorney client or work product privileges.

The Court identified in Opinion 151 several types of documents at issue that were privileged,

> Many documents were prepared in anticipation of litigation or for trial. Many relate to confidential legal advice related to litigation. Many reflect legal advice relating to matters unrelated to the Rule. Many involve communications with outside counsel who did not perform monitoring or compliance functions.

Opinion 151, at 10-11. Upon review of the 108 documents identified in the Motion, the Court finds that the face of several of the documents demonstrate that they are privileged for one or more of these reasons. In particular, several of the documents were prepared in anticipation of litigation or for trial and several involved communications with outside counsel who did not perform monitoring or compliance functions. The Court, therefore, reconsiders Opinion 151 to the extent that the following documents identified by the numbers assigned on the Plaintiffs' Challenge Log and Supplemental Challenge Log,[1] are privileged: 102-130, 44, 45, 46, 48, 50, 52, 53, 55, 56, 57, 61-68, 70, 965, 1371-1374, 1672, 1681,

---

[1] Motion to Compel, Exhibit 1, Challenge Log; and Supplemental Challenge Log (d/e 99).

1721, 1724, 2155, 2411, 2724, 3175, 3302, 3532, 3678, 3702, 3912, 4270, 4346, 4348, 4491, 4492, and 4494.

The Motion is denied with respect to the remaining documents listed in the Motion. The Court's review of these remaining documents does not demonstrate that the Court made a manifest error. The documents relate to compliance activities by in-house counsel or they are not privileged because they involved communications with third parties. See Opinion 151, at 7-9.

Dish's request for reconsideration and redaction of certain documents is denied because Dish waived the redaction argument by not raising the issue in its response to the Motion to Compel. If necessary, Dish may seek modification to the Protective Order Governing the Production of Discovery Material (d/e 35) to limit disclosure of this information.

WHEREFORE the Defendant's Motion for Reconsideration of the Court's June 12, 2012, Order Granting in Part and Denying in Part Plaintiff's Motion to Compel and Motion for Partial Stay of that Order (d/e 156) is ALLOWED in part and DENIED in part. The Court's Opinion entered June 12, 2012 (d/e 151) is reconsidered to the extent that the Defendant Dish Network, LLC, is not required to produce the following Documents listed on the Plaintiffs' Challenge Logs because these documents are privileged: 102-130, 44, 45, 46, 48, 50, 52, 53, 55, 56, 57,

61-68, 70, 965, 1371-1374,1672, 1681, 1721, 1724, 2155, 2411, 2724, 3175, 3302, 3532, 3678, 3702, 3912, 4270, 4346, 4348, 4491, 4492, and 4494.  The Motion is otherwise denied.  Opinion 151 otherwise remains in full force and effect.  Defendant Dish Network, LLC, is directed to produce by July 22, 2012, the remaining unprivileged documents that have not yet been produced.

ENTER:    July 9, 2012

                               *s/ Byron G. Cudmore*
                               BYRON G. CUDMORE
                         UNITED STATES MAGISTRATE JUDGE