IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> and the STATES of CALIFORNIA, <br> ILLINOIS, NORTH CAROLINA, <br> and OHIO, <br><br> Plaintiffs, <br><br> v. <br><br> DISH NETWORK, L.L.C., <br><br> Defendant. | No. 09-cv-3073 |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Dish Network, LLC's (Dish) Motion for Leave to Conduct two Depositions after the Close of Discovery and to Compel Certain Discovery from Plaintiffs (d/e 159) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

Dish wishes to depose Plaintiffs' witness and Federal Trade Commission (FTC) employee Kathy French. The Plaintiffs have no objection to Dish's request to depose French after the close of fact discovery. The Plaintiffs had agreed to French's deposition, but the

deposition has been delayed because French has been ill.  This portion of the Motion is ALLOWED.

Dish next moves to compel Plaintiff United States of America to produce a witness to testify on the subject of caller identification spoofing.  On May 24, 2012, Dish served a notice on Defendants pursuant to Federal Rule of Civil Procedure 30(b)(6) to provide a deponent for this purpose.  Dish had originally served a notice of deposition of Plaintiffs on May 4, 2012, to depose Jason Weinstein, United States Department of Justice Deputy Assistant Attorney General for the Criminal Division, to testify regarding identification spoofing.  After discussions between counsel, Dish substituted the Rule 30(b)(6) notice.

The United States now objects that Dish has not complied with the requirements of 28 C.F.R. § 16.23(c).  Section 16.23(c) states,

> (c) If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.

28 C.F.R. § 16.23(c).  Dish did not provide the affidavit required by §16.23(c) with either the May 4, 2012, notice to depose Deputy Assistant Attorney General Weinstein or the May 24, 2012, Rule 30(b)(6) notice.

The failure to comply with § 16.23(c) means that the Court cannot compel the deposition. Dish complains that the Plaintiffs agreed to provide a person for this deposition. There seems to be some indication that the Plaintiffs changed positions during the parties' discussions, but in light of §16.23(c), the Court does not have the authority to compel the requested deposition. This portion of the Motion is DENIED.

Last, Dish moves for permission to conduct a Rule 30(b)(6) deposition of a representative of AT&T Government Solutions, Inc. (AT&T) after the close of fact discovery. Dish served a subpoena on AT&T with the Rule 30(b)(6) notice on April 30, 2012. AT&T acknowledged service on May 10, 2012, but stated that it was having difficulty locating a person who could act at the Rule 30(b)(6) representative who had knowledge of the topic of the deposition. Motion, attached Declaration of Lauri Mazzuchetti, ¶ 10.

The parties agreed to extend the time to conduct several depositions, including this one, until June 30, 2012, and the Court approved the requested extension. Consent Motion for a Limited Extension of Discovery (d/e 139); Text Order Entered May 23, 2012. On June 28, 2012, AT&T notified Dish that the former AT&T employee who had initially agreed to be the Rule 30(b)(6) witness changed her mind, and AT&T would need time to

locate and designate another witness.  Dish, therefore, asks for additional time to complete this deposition after the June 30, 2012, deadline.

The Plaintiffs object on the grounds that Dish did not move diligently to complete this discovery.  A party must demonstrate good cause to modify the scheduling order.  Fed. R. Civ. P. 16(b)(4).  To demonstrate good cause, the party must demonstrate that it acted diligently.  See Anderson v. City of West Bend Police Dept., 774 F.Supp.2d 925, 934 (E.D. Wisc. 2011).  The Court has reviewed the material submitted by the parties and finds that Dish has diligently pursued this discovery and has demonstrated good cause for the requested modification of the discovery schedule.  The Court, therefore, will give Dish additional time to complete the deposition.  This portion of the Motion is ALLOWED.

WHEREFORE This matter comes before the Court on Defendant Dish Network, LLC's (Dish) Motion for Leave to Conduct two Depositions after the Close of Discovery and to Compel Certain Discovery from Plaintiffs (d/e 159) is ALLOWED in part and DENIED in part.  Defendant Dish Network, LLC, is given leave to conduct the deposition of FTC employee Kathy French when French is well enough to sit for the deposition.  Dish Network, LLC, is also given leave to conduct the pending Rule 30(b)(6) deposition of the representative of AT&T Government

Solutions, Inc., to be completed by September 28, 2012.  The Motion is otherwise denied.

ENTER:    July 20, 2012

    *s/ Byron G. Cudmore*    
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE
