CENTRAL DISTRICT OF ILLINOIS

SPRINGFIELD DIVISION

UNITED STATES OF AMERICA and the STATES OF CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO,

    Plaintiffs,

    v.

DISH NETWORK L.L.C.,

    Defendant.

Case No.: 3:09-cv-03073-SEM-BGC

**DECLARATION OF LAURI A. MAZZUCHETTI**

I, Lauri A. Mazzuchetti, declare as follows:

    1.    I am an attorney-at-law and a member of the firm of Kelley Drye & Warren LLP, with offices at 200 Kimball Drive, Parsippany, New Jersey 07054, counsel for defendant DISH Network L.L.C. ("DISH") in the above-referenced action. I make this declaration in support of DISH's Motion to Strike Newly Disclosed Opinions in the Rebuttal Report of Dr. Erez Yoeli (the "Motion"). I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify as follows.

    2.    On July 27, 2012, plaintiffs United States of America and the States of California, Illinois, North Carolina, and Ohio (together, "Plaintiffs") served their initial expert report of Dr. Erez Yoeli. Attached hereto as Exhibit A is true and correct copy of Dr. Yoeli's initial report, with exhibits omitted.

    3.    The same day, DISH served the expert report of John Taylor. Attached hereto as Exhibit B is a true and correct copy of Mr. Taylor's report.

4. Plaintiffs served DISH with Dr. Yoeli's rebuttal report on October 16, 2012. Attached hereto as Exhibit C is a true and correct copy of Dr. Yoeli's rebuttal report, with exhibits omitted. Prior to serving the rebuttal report on October 16, Plaintiffs never told DISH, its counsel, or its expert that Dr. Yoeli would be presenting new opinions regarding the number of alleged violations in this case, and never warned anyone that his new opinion effected a 325% increase in the number of alleged violations and, thus, the potential fines in this matter.

5. Based on how long it took DISH to prepare its analysis of the data reflected in Dr. Yoeli's initial expert report, it would take DISH many months to perform call record analysis to rebut the new opinions set forth in the rebuttal report, including: conducting an analysis on whether each of the alleged millions of calls at issue occurred before or after February 9, 2009; conducting an analysis of the millions of calls at issue by State; intensive call record analysis as to the voluminous call records of Guardian, JSR, and Defender; and, as to the new opinions regarding the 2003-2007 calls, DISH would need additional information from Plaintiffs regarding what call records they analyzed, and would need multiple months to conduct the same type of call record analysis that was conducted with respect to the 2007-2010 records.

6. Attached hereto as Exhibit D is a true and correct copy of an email I sent Lisa Hsiao, counsel for Plaintiffs, on November 9, 2010, and Ms. Hsiao's response.

7. Attached hereto as Exhibit E is a true and correct copy of an email, with attachment omitted, that Ms. Hsiao sent me on January 20, 2011.

8. Upon receiving the spreadsheet attached to Exhibit E, DISH performed an intensive review of the campaign IDs provided thereon, and on March 11, 2011, returned to Plaintiffs an updated spreadsheet listing telephone campaigns that were: (a) telemarketing; (b) not telemarketing; and (c) situations where DISH was unable to identify the type of call based on

the campaign ID alone or without an individual analysis of each particular call. With respect to the third category, the parties had planned to hold off on DISH engaging in an intensive manual effort unless it was determined later on that any such records turned out to be telemarketing related. In addition, to assist with EBR analysis, DISH intended to provide a list of campaigns that were, by their nature, calls directed to existing customers. It was decided, however, that it made the most sense to whittle down the voluminous call records to alleged hits to the National Do Not Call Registry before completing the intensive effort associated with preparing such a list.

9. Plaintiffs' January 20, 2011 spreadsheet, and the campaign IDs listed thereon, became the focus for all call record analysis by the Parties that ensued thereafter.

10. Attached hereto as Exhibit F is a May 31, 2012 letter from me to Ms. Hsiao, with enclosures omitted.

11. Attached hereto as Exhibit G is a December 23, 2011 letter from Ms. Hsaio, with enclosures omitted.

12. Attached hereto as Exhibit H is a true and correct copy of Plaintiffs' Sixth Request For Production Of Documents, propounded on April 6, 2012.

13. Attached hereto as Exhibit I is a true and correct copy of Plaintiffs' Supplemental Disclosures, served on May 14, 2012.

14. Attached hereto as Exhibit J is a true and correct copy of a July 11, 2012 letter from me to Ms. Hsiao, with enclosures omitted.

I declare under penalty of perjury that the foregoing statements are true and correct and acknowledge that if they are willfully false I am subject to punishment under penalty of perjury.

                                                              Lauri A. Mazzuchetti

Dated: November 12, 2012