IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| and the STATES OF CALIFORNIA, ) | |
| ILLINOIS, NORTH CAROLINA, ) | |
| and OHIO, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 09-3073 |
| ) | |
| DISH NETWORK, L.L.C., ) | |
| ) | |
| Defendant. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Defendant Dish Network L.L.C.'s Motion to Maintain Seal on Certain Documents Previously Filed Under Seal in this Action (d/e 273). The Motion is GRANTED IN PART and DENIED IN PART. The parties have reached an agreement regarding 40 of the disputed documents. The Court accepts the parties' agreements regarding those documents. The remaining six documents will be unsealed.

I.  BACKGROUND

In its March 12, 2013 Opinion, this Court noted that numerous pleadings were sealed in the Court file and advised the parties that the Court intended to unseal those documents.  See Opinion, p. 21-22 (d/e 258).  However, the Court gave the parties leave to file a motion identifying specific documents that should remain sealed and gave the non-moving party leave to respond to any such motion.

On April 11, 2013, Defendant filed a Motion to Maintain the Seal on Certain Documents Previously Filed Under Seal in this Action (d/e 273) and a memorandum in support thereof.  Defendant identifies 46 documents that Defendant believes should remain sealed.  These documents include:  (1) 40 documents containing "personally identifying information"; (2) five sets of documents reflecting settlement communications between Defendant and the Federal Trade Commission (Settlement Documents) (see d/e 135-22; 143-25; 143-26; 143-30; and 203-8); and (3) one document that Defendant describes as a "confidential and sensitive business document" that contains the terms of

payments made by Defendant to several retailers (Retailer Payment Document) (d/e 50-5).

Plaintiffs object to Defendant's Motion. First, Plaintiffs assert that many of the documents containing personally identifying information can be redacted and has provided redacted versions of those filings. See d/e 282 (corrected version). Plaintiffs also claim that several of those documents have already been made public and therefore should be unsealed. Second, Plaintiffs assert that the Settlement Documents should be unsealed because there is no generally recognized privilege over such documents. Finally, Plaintiffs argue that the Retailer Payment Document does not contain trade secrets and contains information Plaintiffs will use to prove their claims.

The Court granted Defendant leave to file a Reply. In that Reply, Defendant agrees with Plaintiffs' suggested handling of the documents containing personally identifying information. Defendant asserts, however, that good cause exists to maintain the seal on the Settlement Documents and the Retailer Payment Document. Defendant also

Page 3 of 16

submits redacted versions of some of those documents. See d/e 284, Exhibits A and B.

The Court granted Plaintiffs leave to file a surreply. In their surreply, Plaintiffs object to Defendant's proposed redactions to the Settlement Documents and Retailer Payment Document.

## II. LEGAL STANDARD

A presumption exists that the court record will be open absent compelling reasons. Charvat v. Echostar Satellite, LLC, 269 F.R.D. 654, 656 (S.D. Ohio 2010). The Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." Hicklin Eng'g L.C. v. R.J. Bartell, 439 F.3d 346, 348 (7th Cir. 2006).

Documents may be sealed only upon a showing of good cause. Citizens First National Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 946 (7th Cir. 1999). "[O]nly genuine trade secrets or information within the scope of a requirement such as Fed.R.Crim.P.

6(c)(2) ("matters occurring before the grand jury"), may be held in long-term confidence." Union Oil Co of Cal. v. Leavell, 220 F.3d 562, 568 (7th Cir. 2000); see also Fed.R.Civ.P. 26(c)(1)(G) (providing that a court, for good cause shown, may issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way").

### III. ANALYSIS

A.  Some of the Documents Containing Personally Identifying Information Shall Be Unsealed while Others Shall Remain Sealed With Redacted Versions Included in the Record

In its Motion, Defendant seeks to keep 40 documents sealed on the basis that the documents contain consumer personally identifying information. Defendant asserts that these documents contained personally identifying information, including names of non-party consumers, telephone numbers, mailing addresses, and email addresses.

Plaintiffs respond that: (1) 31 of the documents should remain sealed but that copies redacting the personally identifying information should be made available in the public record; Plaintiffs provided those

redacted copies at d/e 281 and d/e 282 (corrected version); (2) the documents contained at docket entries 50-24, 206-23 (Exhibit 23), 245-1 (Exhibit A), 252-1 (Exhibit A), and 226-11 (Exhibit K), should be unsealed because either the document or the information contained therein is already in the public docket; (3) the letter at d/e 95-41 (Exhibit 40) should be unsealed because the only personally identifying information in the document was also provided in a public complaint filed in New York state court; and (4) the three consumer declarations in d/e 50-34, 50-35, and 50-36 should remain sealed because redacted versions are already contained in the public record at d/e 52-34, 52-35, and 52-36.

 Defendant agrees with Plaintiffs' resolution of the documents containing the personally identifying information. See Def.'s Reply, p. 1 n. 1. The Court finds this resolution appropriate. See, e.g. Lands' End, Inc. v. Connecticut Shotgun Mfg. Co., 2009 WL 1444403, at *1 (W.D. Wis. 2009) (wherein redacted versions of the documents were filed in the public record and unredacted versions were filed under seal); see also,

e.g., CDIL-LR 5.11(providing for the filing of a sealed unredacted document under certain circumstances when a redacted version is filed in the public record). Moreover, good cause exists for redacting the personally identifying information in 31 of the documents as reflected in d/e 282.

B.   The Settlement Documents Shall be Unsealed

Defendant next asserts that certain documents reflecting settlement negotiations between Defendant and the Federal Trade Commission should remain sealed. Defendant supports the Motion with the Declaration of Joseph A. Boyle, one of Defendant's attorneys. According to Boyle, the Settlement Documents contain sensitive and confidential information regarding Defendant's business. Boyle Decl. ¶ 10. Boyle also asserts that unsealing these documents would have a chilling effect on others attempting settlements, will compromise ongoing settlement efforts, and discourages out of court dispute resolution. Boyle Decl. ¶ 11.

Plaintiffs argue there is no generally recognized privilege over settlement communications. Plaintiffs further note that Federal Rule of

Evidence 408 addresses the introduction of settlement communications into evidence but not the discoverability or privilege. See Fed.R.Evid. 408 (evidence of settlement negotiations is not admissible).

In Reply, Defendant argues the documents contain information regarding total telephone numbers called, error rates associated with those calls, information regarding Defendant's retailers, and categories of those retailers. Defendant submits redacted versions of some of those documents (d/e 143-26 and 203-8; 143-25) at d/e 284, page 9-25 (Exhibit A).

Plaintiffs are correct that no generally recognized settlement-negotiation privilege exists. See Pactiv Corp. v. Multisorb Techs., Inc., 2012 WL 1831517, at *5 (N.D. Ill. 2012) (finding no discovery privilege exists regarding settlement negotiations). Defendant is also correct that there is a policy interest in facilitating and encouraging settlements, which may be well-served by preserving the confidentiality of communications made during settlement negotiations. See, e.g., Franklin

United Methodist Home, Inc. v. Lancaster Pollard & Co., --- F. Supp. 2d ---, 2012 WL 5472089, at *8 (S.D. Ind. 2012).

In this case, however, a review of the documents does not show that they contain information that should be kept from the public view.  Two of the letters (the February 3, 2012 letter and the August 11, 2011 letter, speak only in the broadest terms about the analysis of the call records.  These letters do not contain any trade secrets or the type of business information that would warrant sealing them.

The information Defendant seeks to redact in the August 14, 2008 and May 21, 2008 letter (see d/e 284, pp. 9-25 (Exhibit A) showing proposed redactions) includes the number of calls made by Defendant or its retailers, the number of active Order Entry (O/E) retailers, the number of activations per month, and the percentage of activations by retailer or groups of retailers.  Defendant has not adequately explained how this information—which is now nearly five years old—is confidential business information, the disclosure of which would put Defendant at a

competitive disadvantage. Therefore, Defendant has not met its burden of showing the Settlement Document should remain under seal.

C. The Retailer Payment Document Shall be Unsealed

Defendant also seeks to keep the Retailer Payment Document under seal. This five page document lists the "activations" and "dollars" for five different retailers for the years 2005 through 2010. Defendant has submitted a redacted version of the Retailer Payment Document which redacts the "activation" and "dollars" information.

Defendant supports the Motion with the Declaration of Blake Van Emst, Vice President of Retail Services. Van Emst describes the Retailer Payment Document as a spreadsheet that details Defendant's payment schedule and activation rates for five third-party retailers who sold Defendant products and services from 2005 to 2010. Van Emst Decl. ¶ 5. According to Van Emst, the sales and marketing information, activation rates, and payment schedules to retailers contained in the Retailer Payment Document is information known only to Defendant and is treated as confidential by Defendant. Van Emst Decl. ¶ 7. Van

Emst asserts that the information contained in the Retailer Payment Document would provide valuable, competitive information to Defendant's customers. Van Emst. Decl. ¶ 8. Competitors could use the information to determine the "market value [Defendant] places on its various retailers based on factors such as demographics, geographic location and activation rates that [Defendant] considers when determining whether to retain or how to compensate a particular independent third party retailer." Van Emst Decl. ¶ 8. Van Emst claims that disclosure of the business relationship and financial aspects of those relationships between Defendant and its third-party retailers would have a detrimental impact on Defendant and affect Defendant's competitive advantage. Van Emst Decl. ¶ 9. Defendant also asserts that Defendant's financial arrangements with its retailers are not at issue in this action. Def. Mem. p. 3.

 Plaintiffs disagree, noting that the Retailer Payment Document appears to be only a general accounting of retailer payments and does not break down the payments to reveal the actual payment rates. Pls.' Resp.

p. 8.  Plaintiffs further assert that even assuming that the document contains the information Defendant claims, the information is not subject to trade-secret protection.  Finally, Plaintiffs assert that Defendant's financial arrangements with its retailers are at issue in this lawsuit because Plaintiffs will argue that Defendants' continued payments to retailers, coupled with Defendant's knowledge of the retailers' illegal telemarketing conduct, constituted substantial assistance and facilitation of illegal marketing.

  The Court agrees with Plaintiffs.  The Retailer Payment Document appears to be only a general accounting of retailer payments and does not appear to contain the "sales and marketing information," or "payment schedules" as stated by Van Emst.  Moreover, the information it does contain appears to be the same type of information already contained in the public record in another case.  See United States v. Masek, 588 F.3d 1283, 1286 (10th Cir. 2009) (in criminal prosecution of the owner of a retailer for Echostar (now Dish), the Court noted that "[t]he average amount paid to a retailer per account is approximately $400").

Defendant has failed to meet its heavy burden of showing good cause for maintaining the documents under seal.  Finally, Defendant's broad assertion that release of the information would result in competitive injury is insufficient.  See Chicago Mercantile Exchange, Inc. v. Technology Research Group, LLC, 276 F.R.D. 237, 241 (N.D. Ill. 2011) (finding the plaintiff failed to meet the heavy burden of showing good cause for maintaining the documents under seal because a broad assertion of competitive injury was insufficient).

While Defendant may not want the public to know how many activations a particular retailer achieves or how much they are paid, this is not information that warrants being sealed from the public.  As stated by the Seventh Circuit in Union Oil, 220 F.3d at 567-68 (internal citations omitted):

> Many a litigant would prefer that the subject of the case—how much it agreed to pay for a construction pipeline, how many tons of coal its plant uses per day, and so on—be kept from the curious (including business rivals and customers), but the tradition that litigation is open to the public is of very long standing.  People who want secrecy should opt for arbitration.  When they call on the courts, they must accept

the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.

IV.  CONCLUSION

For all these reasons, Defendant Dish Network L.L.C.'s Motion to Maintain Seal on Certain Documents Previously Filed Under Seal in this Action (d/e 273) is GRANTED IN PART and DENIED IN PART.

THE CLERK OF THE COURT IS DIRECTED AS FOLLOWS:

(1) The following documents containing personally identifying information shall remain sealed: 95-20 (Exhibit 19); 95-21 (Exhibit 20); 95-23 (Exhibit 22); 95-26 (Exhibit 25); 95-27 (Exhibit 26); 95-29 (Exhibit 28); 95-31 (Exhibit 30); 95-32 (Exhibit 31); 95-35 (Exhibit 34); 95-36 (Exhibit 35); 95-37 (Exhibit 36); 95-38 (Exhibit 37); 95-40 (Exhibit 39); 95-42 (Exhibit 41); 143-12 (Exhibit 12); 143-18 (Exhibit 18); 143-27 (Exhibit 27); 143-28 (Exhibit 28); 143-33 (Exhibit 33); 149; 149-7 (Exhibit 7); 149-8 (Exhibit 8); 149-9 (Exhibit 9); 149-10 (Exhibit 10); 152-2, pp. 44-63 (Exhibit E); 167-14 (Exhibit 14); 196-9 (Exhibit I); 200-11 (Exhibit 11); 201-26 (Exhibit 25); 201-33 (Exhibit 32); 245-10 (Exhibit J).  However, redacted versions of those documents shall be

available at d/e 282, which shall be unsealed. Because d/e 282 is a corrected version of d/e 281, d/e 281 is STRUCK.

(2)  The three consumer declarations filed under seal (d/e 50-34, 50-35, and 50-36) shall remain under seal because redacted versions are already contained in the record (d/e 52-34, 52-35 and 52-36).

(3)  The United States' Responses to Dish's First Set of Interrogatories Directed to the United States filed at d/e 50-24, 206-23 (Exhibit 23), 245-1 (Exhibit A), and 252-1 (Exhibit A) shall be unsealed because the document was previously filed without redactions and in the public record at d/e 48-2 (Exhibit C) and d/e 52-24. Moreover, the State of Illinois' Responses to Dish's First Set of Interrogatories Directed to the State of Illinois, d/e 226-11 (Exhibit K), shall also be unsealed as it contains the same language as contained in the United States' response.

(4)  The document filed at d/e 95-41 (Exhibit 40) (Letter regarding <u>Montel Noble v. EchoStar Communications Corp.</u>) shall be unsealed because the personally identifying information contained in that

document was provided in a public complaint filed in New York state court.

(5) The Settlement Documents filed at d/e 135-22 (Exhibit 22), 143-25 (Exhibit 25), 143-26 (Exhibit 26), 143-30 (Exhibit 30), and 203-8 (Exhibit 8), shall be unsealed.

(6) The Retailer Payment Document filed at d/e 50-5 shall be unsealed.

(7) The remaining sealed documents not otherwise addressed herein shall be unsealed.

ENTER: May 3, 2013

FOR THE COURT:

                                              s/Sue E Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE