IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
| and the STATES OF CALIFORNIA, ) | | |
| ILLINOIS, NORTH CAROLINA, ) | | |
| and OHIO, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | No. 09-3073 | |
| ) | | |
| DISH NETWORK, L.L.C., ) | | |
| ) | | |
| Defendant, ) | | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Defendant Dish Network L.L.C.'s 28 U.S.C. § 1292(b) Motion for Certification of an Interlocutory Appeal (d/e 277).  The Motion is DENIED.  The questions on which Defendant seeks certification are not controlling questions of law on which there is a substantial ground for difference of opinion.  Because all of the statutory factors for certifying an interlocutory appeal are not met, certification of an interlocutory appeal is not appropriate.

I.  BACKGROUND

On January 17, 2013, this Court, sua sponte, entered a Text Order setting the matter for a hearing.  The Text Order advised the parties that the Court was considering consolidating this case, Case No. 09-3073, with the newly filed case of Federal Trade Commission v. Dish Network, L.L.C. , Case No. 12-3221 and/or allowing Plaintiffs leave to amend their complaint in this case to raise the claims contained in Case No. 12-3221. See January 17, 2013 Text Order.

On March 12, 2013, following the hearing, this Court vacated Judge Cudmore's ruling (d/e 155) on Plaintiffs' Motion for Leave to File Second Amended Complaint.  See Opinion (d/e 258); Sec. Am. Compl. (d/e 257) (containing a new Count II).  After noting that Judge Cudmore's disposition could be set aside only if it were clearly erroneous or contrary to law, the Court found that under the circumstances of the case leave to amend should have been granted.  March 2013 Opinion, p. 16.  This Court granted Plaintiffs leave to file their Second Amended Complaint.

Defendant filed a Motion to Reconsider (d/e 264), to which Plaintiffs responded (d/e 275).  On April 16, 2013, the Motion to Reconsider was denied by way of a Text Order.

On April 22, 2012, Defendant filed the Motion for Certification of an Interlocutory Appeal at issue herein.  Defendant asks that the Court certify the March 12, 2013 Opinion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## II.  LEGAL STANDARD

A district judge may certify an interlocutory appeal of a nonfinal order if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); see also Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief and Dev., 291 F.3d 1000, 1007 (7th Cir. 2002).  The request must also be filed within a reasonable time.  Ahrenholz v. Board of Tr. of the Univ. of Ill., 219 F.3d 674, 675 (7th Cir. 2000).

Each of these criteria must be met before a district court can certify its order for an immediate appeal. <u>Ahrenholz</u>, 291 F.3d at 675. Once the district court certifies the request for an appeal, the Court of Appeals has the discretion to permit the appeal from such order. 28 U.S.C. § 1292(b). Section 1292(b) "must be used sparingly lest interlocutory review increase the time and expense required for litigation." <u>Asher v. Baxter Intern. Inc.</u>, 505 F.3d 736, 741 (7th Cir. 2007).

### III.  ANALYSIS

Defendant asserts that this Court's March 2013 Opinion presents numerous questions of law that meet the statutory criteria for certification. Defendant identifies the questions as follows:

> 1. May a Court <u>sua sponte</u> grant a previously denied motion for leave to amend complaint, following the close of all discovery and after the plaintiff filed a second lawsuit asserting a similar claim, and where such amendment prejudices the procedural and substantive rights of the defendant?
>
> 2. May a Court <u>sua sponte</u> substitute an amendment of a complaint for consolidation of two separate cases under Federal Rule of Civil Procedure 42?

> 3. Is the Court required to apply the "clearly erroneous" standard under Federal Rule of Civil Procedure 72 when <u>sua sponte</u> reviewing a Magistrate Judge's Order denying a motion for leave to amend under Federal Rule of Civil Procedure 15?

Defendant argues that each of the statutory criteria are met: that the Opinion involves (1) a controlling question of law; (2) to which there is a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

An immediate appeal may concededly materially advance the ultimate termination of the litigation. If the Court of Appeals ruled in Defendant's favor so that Plaintiffs were not granted leave to file the new Count II, such ruling would narrow the issues, shorten the length of any trial, and the remaining claims would proceed to trial more quickly. <u>See</u>, e.g., <u>General Dynamics Corp. v. American Tel. & Tel. Co.</u>, 658 F. Supp. 417, 419 (N.D. Ill. 1987). However, Defendant has not shown that the Opinion involves any controlling question of law on which there is a substantial ground for difference of opinion.

In the March 2013 Opinion, this Court sua sponte determined that Magistrate Judge Cudmore clearly erred by denying Plaintiffs' Motion for Leave to File Second Amended Complaint.  Defendant argues that the March 2013 Opinion should be certified for an interlocutory appeal.

Defendant asserts that the March 2013 Opinion involves controlling questions of law.  A question of law generally refers to "a question regarding the meaning of a statutory or constitutional provision, regulation or common law doctrine."  Boim, 291 F.3d at 1007; but see also In re Text Messaging Antitrust Litigation, 630 F.3d 622, 626 (7th Cir. 2010) (noting "that application of a legal standard is a controlling question of law" where the legal standard is unsettled).

According to the Seventh Circuit, the idea behind the question-of-law requirement is that, "if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." Ahrenholz, 219 F.3d at 675; see also, e.g., Resolution Trust Corp. v. Gallagher, 1992 WL 315218, at *4

(N.D. Ill. 1992) (finding that whether a statute preempted federal common law causes of actions was a controlling question of law). A question of law is controlling if "its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." <u>Sokaogon Gaming Enter. Corp. v. Tushi-Montgomery Assocs., Inc.</u>, 86 F.3d 656, 659 (7th Cir. 1996).

Defendant attempts to narrowly frame the issues in the March 2013 Opinion as follows: (1) whether this Court may <u>sua sponte</u> reconsider an order denying leave to amend a complaint when doing so prejudices the procedural and substantive rights of the defendant; (2) whether the Court has the power to allow amendment to the complaint rather than consolidate the case with another case; and (3) whether the Court was required to apply the clearly erroneous standard when <u>sua sponte</u> reviewing a magistrate judge's order denying a motion for leave to amend.

Despite this framing of the issues, however, Defendant actually appears to be challenging the Court's decisions to <u>sua sponte</u> reconsider

Magistrate Judge Cudmore's Order and grant the motion for leave to amend rather than to consolidate this case with Case No. 12-3221. Those issues are not pure questions of law that the Seventh Circuit can decide "quickly and cleanly without having to study the record." Ahrenholz, 219 F.3d at 675.  Instead, resolution of the issues in this Court's March 2013 Opinion are fact specific, which generally make them inappropriate for an appeal under § 1292(b).  See, e.g., Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc., 202 F.3d 957, 958 (7th Cir. 2000) (noting, in class certification case, that the question of whether legal and factual questions common to the class predominate over individual questions seemed "rather too fact-specific to be suitable for a 1292(b) appeal"); In re Beale, 2008 WL 538913, at *4 (N.D. Ill. 2008) (finding that a fact-specific issue was not appropriate for interlocutory review); Solis v. Kirschenbaum, 2013 WL 1451980, at *5 (E.D. N.Y. 2013) (reasonableness of a fee award is a factual determination and not a controlling question of law appropriate for interlocutory review).

Even if the Court accepts Defendant's narrow characterization of the issues, Defendant has not shown a substantial ground for difference of opinion. The Seventh Circuit has held that a district judge may <u>sua sponte</u> reconsider a decision by the Magistrate Judge. <u>See</u> <u>Schur v. L.A. Weight Loss Centers, Inc.</u>, 577 F.3d 752, 760 (7th Cir. 2009) (stating "the district judge remains the final authority in the case, and he may reconsider <u>sua sponte</u> any matter determined by a magistrate judge"); <u>see also</u>, e.g., <u>Kruger v. Apfel</u>, 214 F.3d 784, 787 (7th Cir. 2000) (noting that "even without considering the objections, the district judge should have reviewed the magistrate judge's recommendation for clear error"). Moreover, a district court has the discretion to control its docket. <u>See</u> <u>Reales v. Consol. Rail Corp.</u>, 84 F.3d 993, 996 (7th Cir. 1996).

Therefore, because Defendant has failed to show that the March 2013 Opinion involves controlling questions of law on which there is a substantial ground for difference of opinion, the request for certification of an interlocutory appeal is denied.

IV.  CONCLUSION

For the reasons stated, Defendant Dish Network L.L.C.'s 28 U.S.C. § 1292(b) Motion for Certification of an Interlocutory Appeal (d/e 277) is DENIED.

ENTER: May 10, 2013

FOR THE COURT:

                                              <u>s/Sue E Myerscough</u>
                                        SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE