**E-FILED**
Friday, 24 May, 2013  05:01:02 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| and the STATES OF CALIFORNIA, | ) | |
| ILLINOIS, NORTH CAROLINA, | ) | |
| and OHIO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 09-3073 |
| | ) | |
| DISH NETWORK, L.L.C., | ) | |
| | ) | |
| Defendant, | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on the Motion to Strike Dish's
Insufficient Defenses Pursuant to Federal Rule of Civil Procedure 12(f)
(Motion to Strike) (d/e 276) filed by Plaintiffs United States of America
and the States of California, Illinois, North Carolina, and Ohio.
Plaintiffs' Motion is DENIED.  At this point in the litigation, the Motion
to Strike only serves to delay the proceedings, and Plaintiffs received fair
notice of the nature of the defenses.

Page 1 of 7

## I.  BACKGROUND

This action was originally filed in March 2009.  In April 2009, Plaintiffs filed a First Amended Complaint and Demand for Jury Trial (d/e 5) containing eleven counts.  Count I alleged that Defendant called telephone numbers on the "Do Not Call" List and caused its dealers to do the same.  Count II alleged that Defendant abandoned outbound calls and caused dealers to do the same.  Count III alleged that Defendant provided substantial assistance and support to certain dealers when Defendant knew or consciously avoided knowing that dealers were abandoning outbound calls in violation of the Telemarketing Sales Rule. Counts IV and V alleged violations of the Telephone Consumer Protection Act.   In Counts VI through XI, each state Attorney General sought relief under the state's respective statute prohibiting these forms of telephone solicitations.[1]  In December 2009, Defendant filed an

---

[1] In February 2011, the Court stayed all proceedings related exclusively to the Telephone Consumer Protection Act matters and ordered the parties to jointly file an administrative complaint with the Federal Communications Commission seeking an interpretation of the phrase "on behalf of."  See Opinion (d/e 86).

Answer and Affirmative Defenses which contained 13 affirmative defenses.  See Answer (d/e 26).

On March 12, 2013, Plaintiffs filed their Second Amended Complaint and Demand for Jury Trial (d/e 257), adding a new Count II, which alleged that Defendant violated the entity-specific do-not-call rule. On March 29, 2013, Defendant filed an Answer to the Second Amended Complaint and Affirmative Defenses (d/e 263).  The affirmative defenses included all of the affirmative defenses raised in the first Answer plus an additional 11 affirmative defenses.

Plaintiffs have now filed a Motion to Strike 14 of Defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).

## II.  LEGAL STANDARD

Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed.R.Civ.P. 12(f).  As a general rule, motions to strike are disfavored because such motions often serve only to delay proceedings.  See Heller Financial, Inc. v. Midwhey Powder Co., Inc.,

883 F.2d 1286, 1294 (7th Cir. 1989) (citing United States v. 416.81 Acres of Land, 514 F.2d 627, 631 (7th Cir. 1975)).  The Court is "reluctant to strike affirmative defenses because the plaintiff is not required to file a responsive pleading and is deemed to have denied all allegations in the affirmative defenses."  Central Laborers' Pension, Welfare & Annuity Funds v. Parkland Environmental Group, Inc., 2011 WL 4381429, at *1 (C.D. Ill. 2011) (citing Fed.R.Civ.P. 7(a) and 8(b)(6)).  However, if a motion to strike removes unnecessary clutter from the case, it can serve to expedite, not delay.  See Heller Financial, Inc., 883 F.2d at 1294.

"Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact."  Heller Financial, Inc., 883 F.2d at 1294.  To be legally sufficient, affirmative defenses must be set forth in a "short and plain statement" of the defense.  Id. (citing Fed.R.Civ.P. 8(a); Bobbitt v. Victorian House, Inc., 532 F. Supp. 734, 737 (N.D. Ill. 1982)).  Defenses that are essentially reiterations of the defendant's answers are redundant and may be struck.

See Convergence Aviation, Ltd. v. United Technologies Corp., 2011 WL 1337099, at *2 (N.D. Ill. 2009).  If an affirmative defense is defective, leave to amend should be freely granted as justice requires under Federal Rule of Civil Procedure 15(a).  See Heller Financial, Inc., 883 F.2d at 1294.  This Court has broad discretion when determining whether to strike an affirmative defense under Rule 12(f).  See Delta Consulting Group, Inc. v. R. Randle Construction, Inc., 554 F.3d 1133, 1141-42 (7th Cir. 2009).

## III. ANALYSIS

In their Motion to Strike Affirmative Defenses, Plaintiffs assert that the First, Second, Third, Fifth, Sixth, and Sixteenth Affirmative Defenses are not sufficiently pled.  Plaintiffs also assert that the Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses fail as a matter of law.  Finally, Plaintiffs assert that the Twenty-Fourth Affirmative Defense is not a defense.

Defendant responds that nearly all of the affirmative defenses Plaintiffs now seek to strike have been at issue since 2009 when

Defendant filed its first Answer.  The only "new" affirmative defenses Plaintiffs seek to strike are the Sixteenth Affirmative Defense (safe harbor defense), which is substantially similar to the Sixth Affirmative Defense, and the Thirteenth Affirmative Defense (res judicata), which the Court expressly granted Defendant leave to assert.  Defendant asserts that Plaintiffs have, therefore, had three years to conduct discovery regarding the affirmative defenses Plaintiffs now seek to strike. Defendant also points out that discovery is closed, other than on the new claim alleged in the new Count II.  Finally, Defendant asserts that the affirmative defenses are sufficient, and Plaintiffs are not prejudiced.

In an exercise of this Court's discretion, the Motion to Strike is denied.  At this point in the litigation, the Motion to Strike only serves to delay the proceedings.  Moreover, the defenses give Plaintiffs fair notice of the nature of the defenses, particularly in light of the fact that Plaintiffs have had the opportunity to explore the basis of the defenses during discovery.  See, e.g., Green v. Kubota Tractor Corp., 2012 WL 1416465, at *3 (N.D. Ill. 2012) (finding that while the affirmative

defenses contained minimal facts, the Second Amended Complaint and the Answer put the plaintiffs on notice of the events on which the defenses were based and the plaintiffs had ample opportunity to explore the basis for the defenses in discovery, which had been completed); Codest Eng'g v. Hyatt Int'l Corp., 954 F. Supp. 1224, 1228 (N.D. Ill. 1996)("generally pleaded defenses have long been held sufficient, and invulnerable to a motion to strike, as long as the pleading gives the plaintiff fair notice of the nature of the defense").

## IV. CONCLUSION

For the reasons stated, Plaintiffs' Motion to Strike Dish's Insufficient Defenses Pursuant to Fed.R.Civ.P. 12(f) (d/e 276) is DENIED.

ENTER: May 23, 2013

FOR THE COURT:

         s/Sue E Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE