E-FILED
Monday, 10 February, 2014 04:23:12 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09-3073 |
| DISH NETWORK, LLC, | ) ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Plaintiffs' Opposition to Dish's Emergency Motion and Plaintiffs' Cross-Motion to Enforce Opinion 279 and for Discovery Sanctions (d/e 317) (Motion 317). For the reasons set forth below, Motion 317 is GRANTED IN PART, DENIED IN PART AS MOOT, and DENIED IN PART.

On September 13, 2013, Defendant Dish Network, LLC (Dish) filed an Emergency Motion for Extension of Eleven Days to Produce Call Record Analyses (d/e 315) (Motion 315). This Court had previously set

September 16, 2013, as the deadline for completing additional fact discovery on the new claims added by Count II of Plaintiffs' Second Amended Complaint and Demand for Jury Trial (d/e 275) (Complaint). Text Order entered March 21, 2013. Motion 315 stated that Dish sought an additional eleven days to produce a new set of call record data analyses. Plaintiffs responded with a combined document that included Motion 317 and their opposition to Motion 315. This Court granted Motion 315 over Plaintiffs' objections and reserved ruling on Motion 317. Text Order entered September 24, 2013.

The Plaintiffs filed Motion 317 because Dish produced new data analyses of outbound calls to customers that included data in two new fields: the "Disconnect Date" and "Account Active (Y/N)" data fields. Dish had not previously produced data from these two fields in its prior discovery productions in this case. Plaintiffs argued that the data were relevant to determining whether call recipients had established business relationships (EBRs) with Dish. Plaintiffs argued that production of the new data at the end of fact discovery was improper and violated this

Court's Opinion entered April 24, 2013 (d/e 279) (Opinion 279). The Plaintiffs prayed for the following relief:

> (1) deny Dish's motion to extend the discovery deadline for its late analyses; (2) order Dish to produce documents detailing its communications about these analyses; (3) issue an order enforcing Opinion 279 and precluding Dish from relying on the new EBR data it purported to produce the day before the end of fact discovery; and (4) award fees and costs to the United States.

Motion 317, at 17-18.

Dish responded that it included the two new data fields because its expert may have needed the data to respond to the Plaintiffs' experts during expert discovery. Dish Network's Response to Plaintiffs' Cross-Motion to Enforce Opinion 279 and for Discovery Sanctions (d/e 323), at 11-12.[1] The parties have now completed expert discovery. Dish has informed the Court that neither its experts nor the Plaintiffs' experts used the data from "Disconnect Date" and "Account Active (Y/N)" data fields in formulating their opinions. Supplemental Opposition to Plaintiffs' Cross-Motion to Enforce Opinion 279 and for Discovery Sanctions (d/e 335) (Supplemental Opposition), at 2 ("Expert discovery

---

[1] The Court uses the page numbers assigned by the Court's CM/ECF system. Dish did not number the pages of this document.

is now completed, and neither DISH's expert nor Plaintiffs' expert rely on the data for their opinions or conclusions.").

In light of Dish's representations, neither party intends to use the disputed data in the "Disconnect Date" and "Account Active (Y/N)" data fields in Dish's September 2013 call data analyses. Dish does not intend to use the data. The Plaintiffs also do not want these data used. Motion 317, at 18. Therefore, the Court will allow the Plaintiffs' third request for relief in Motion 317, in part, and bar the use of the data in the "Disconnect Date" and "Account Active (Y/N)" data fields produced by Dish in September 2013. Dish's decision not to use the data in these two data fields renders moot the Plaintiffs' request to enforce Opinion 279.

The Plaintiffs' first two requests for relief in Motion 317 are also moot. Dish asked this Court to deny Dish's requested extension of the discovery deadline. The Court denied that request when it granted Motion 315 of the Plaintiffs' objections. The Plaintiffs also asked this Court to order "Dish to produce documents detailing its communications about these analyses." The Plaintiffs sought this relief to support their

opposition to Motion 315 and to support their request to bar the use of data from the "Disconnect Date" and "Account Active (Y/N)" data fields. Those two issues have now been resolved. Therefore, these portions of Motion 317 are now moot.

The remaining portion of Motion 317 asks the Court to award the United States its fees and costs for bringing a motion to enforce Opinion 279. Motion 317, at 17. Fed. R. Civ. P. 37(b)(2)(C). The issue of whether Opinion 279 must be enforced is now moot. The Court, therefore, will deny the request for fees and costs to enforce Opinion 279.

CONCLUSION

Plaintiffs' Opposition to Dish's Emergency Motion and Plaintiffs' Cross-Motion to Enforce Opinion 279 and for Discovery Sanctions (d/e 317) is GRANTED IN PART, DENIED IN PART AS MOOT, and DENIED IN PART. The parties are barred from using the data set forth in the "Disconnect Date" and "Account Active (Y/N)" data fields in the call data analyses produced by Defendant Dish Network, LLC, in September 2013. The Plaintiffs' requests to enforce Opinion 279, to

deny Dish's motion to extend the discovery deadline, and to order Dish to produce documents detailing its communications about these analyses are denied as moot. Plaintiffs' request for an award of fees and costs to the United States is denied.

Enter: February 10, 2014

FOR THE COURT:

                                            s/ Sue E. Myerscough
                                    SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE