IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09-3073 |
| DISH NETWORK, L.L.C., | ) ) | |
| Defendant, | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Defendant Dish Network, L.L.C.'s Motion to Maintain Under Seal Certain Documents filed in Support of its Motion for Summary Judgment (d/e 358). The Motion is GRANTED IN PART and DENIED IN PART.

On January 6, 2014, Defendant filed its Motion for Summary Judgment (d/e 346), Memorandum in Support (d/e 347), and exhibits thereto (d/e 348). The Court granted Defendant leave to file the Memorandum in Support and the exhibits under seal until January 16,

2014, at which time Defendant would refile its memorandum with the appropriate redactions and confidentiality designations and file a renewed motion for leave to file confidential information under seal, if necessary. See January 8, 2014 Text Order.

On January 16, 2014, Defendant filed a Motion to Maintain Under Seal Certain Documents Filed in Support of its Motion for Summary Judgment (d/e 358). In the Motion, Defendants seek to maintain under seal three categories of documents: (1) documents and deposition testimony claimed by Plaintiffs or third parties to be confidential; (2) documents containing consumer personally identifiable information; and (3) two documents that contain Defendant's attorney-client privileged communications.

Defendant first requests that certain documents identified by Plaintiffs or third party as confidential remain under seal pending Defendant's motion to unseal them. On January 17, 2014, Defendant filed its Motion to Unseal Portions of its Memorandum in Support of its Motion for Summary Judgment and to Unseal Certain Exhibits Thereto.

The Court has granted the Motion. Therefore, these documents shall not remain under seal.

Defendant also requests that consumer personally identifiable information remain under seal. Therefore, Defendant requests that it be permitted to file the following documents containing personally identifiable information in redacted form: DX-10; DX-14; DX-21; DX-23; DX-30; DX-33; DX-34; DX-35; DX-36; DX-37; DX-38; DX-39; DX-41; DX-42; DX-43; DX-44; DX-45; DX-46; DX-47; DX-48; DX-50; DX-53; DX-54; DX-55; DX-56; DX-57; DX-58; DX-59; DX-60; DX-61; DX-62; DX-63; DX-64; DX-65; DX-66; DX-67; DX-68; DX-69; DX-73); DX-74: DX-76; DX-77; DX-78; DX-79; DX-80; DX-81; DX-82; DX-83; DX-84; DX-85; DX-86; DX-87; DX-88; DX-89; DX-94; DX-100; DX-103; DX-113; DX-116; DX-117; DX-118; DX-121; DX-122; DX-123; DX-125; DX-128; DX-130; DX-131; DX-132; DX-134; DX-136; DX-144; DX-145; DX-154; DX-159; DX-181; DX-182; DX-187; DX-190; DX-193; DX-195; DX-210; DX-212; DX-214; DX-215; DX-216; and DX-219. Plaintiffs do not oppose Defendant's request to file for the public

docket redacted versions of exhibits containing consumers' personally identifiable information.

Defendant last seeks to maintain the seal on two documents, DX-80 and DX-81.  Defendant asserts the documents contain Defendant's attorney-client privileged communications.  The documents are e-mail chains reflecting internal Defendant communications and communications between Defendant and employees and representatives from Defendant's telemarketing vendor eCreek regarding a particular consumer who had been called by an eCreek agent despite being on at least two do-not-call lists.

Defendant asserts that on June 12, 2012, Magistrate Judge Cudmore ordered Defendant to produce certain documents that Defendant had previously withheld based on privilege assertions.  See Opinion, d/e 151.  Defendant asserts it complied with the Order and produced the information.  Defendant argues, however that it still wishes to assert the privilege on the documents and preserve its right to appeal Magistrate Judge Cudmore's ruling.  Defendant asks that the two

documents DX-80 and DX-81 remain sealed to preserve Defendant's appeal rights.

Plaintiffs oppose Defendant's request to keep DX-80 and DX-81 under seal.  See d/e 366.  According to Plaintiffs, Defendant voluntarily produced the two documents in October 2010.  Plaintiffs also assert that Defendant has not asserted any privilege claim over the documents because it did not identify them on any privilege log and has not attempted to claw them back as privileged.  Plaintiffs state that the emails do not include any attorneys or reference any attorney communication.

In addition, Plaintiffs argue that whether DX-80 and DX-81 remain under seal has no bearing on any appeal Defendant might pursue of Magistrate Judge Cudmore's  Order.  First, DX-80 and DX-81 were not part of Judge Cudmore's Order, which found Defendant had waived its privileges over certain Defendant documents and ordered such documents turned over.  Moreover, even if the two documents had been subject to Magistrate Judge Cudmore's ruling, Defendant did not appeal

the order to district court, which is required to appeal the issue to the court of appeals. See Hunt v. DaVita, Inc., 680 F.3d 775, 780 n. 1 (7th Cir. 2012) (the failure to object to a magistrate judge's non-dispositive order ordinarily waives the right to object on appeal).

The Court agrees with Plaintiffs. Defendant has not sought leave to file a reply to dispute Plaintiffs' assertion that Defendant voluntarily produced the documents to Plaintiffs and never asserted a privilege over the documents. The Court has examined Defendant's Privilege Log (d/e 95-13) and did not find DX-80 or DX-81 listed therein. In addition, the Court has examined the documents and, with the exception of some personally identifiable information, does not find that the documents contain privileged information that should remain under seal. Finally, even if the documents were addressed by Magistrate Judge Cudmore in his Order (d/e 151), Defendant did not file objections to that Order with this Court. Therefore, Defendant has likely waived the right to appeal the issues and has nothing to preserve.

Defendant also asks that the Court postpone the filing of redacted exhibits until the Court rules on Defendant's anticipated motion to unseal Plaintiffs' and third-parties' claimed confidential material. Defendant filed said motion on January 17, 2014, and the Court has ruled on the Motion. Therefore, the Court will not postpone the filing of the redacted and unsealed exhibits.

IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Maintain Under Seal Certain Documents filed in Support of its Motion for Summary Judgment (d/e 358) is GRANTED IN PART and DENIED IN PART.

    a. Defendant's request that certain documents claimed by Plaintiffs and third-parties as confidential remain under seal pending a ruling on Defendant's motion to unseal the documents is DENIED AS MOOT because the Court has ruled on the motion to unseal.

    b. The following documents containing personally identifiable information shall be publicly filed in redacted form: DX-10; DX-14; DX-21; DX-23; DX-30; DX-33; DX-34; DX-35; DX-36; DX-37;

DX-38; DX-39; DX-41; DX-42; DX-43; DX-44; DX-45; DX-46; DX-47; DX-48; DX-50; DX-53; DX-54; DX-55; DX-56; DX-57; DX-58; DX-59; DX-60; DX-61; DX-62; DX-63; DX-64; DX-65; DX-66; DX-67; DX-68; DX-69; DX-73); DX-74: DX-76; DX-77; DX-78; DX-79; DX-80; DX-81; DX-82; DX-83; DX-84; DX-85; DX-86; DX-87; DX-88; DX-89; DX-94; DX-100; DX-103; DX-113; DX-116; DX-117; DX-118; DX-121; DX-122; DX-123; DX-125; DX-128; DX-130; DX-131; DX-132; DX-134; DX-136; DX-144; DX-145; DX-154; DX-159; DX-181; DX-182; DX-187; DX-190; DX-193; DX-195; DX-210; DX-212; DX-214; DX-215; DX-216; and DX-219.

c. Exhibits DX-80 and DX-81 shall not be maintained under seal. Defendant shall file DX-80 and DX-81 in the public docket but may redact personally identifiable information.

2. Defendant shall file refile all of the documents ordered refiled by this Court on or before March 17, 2014.

ENTER: February 19, 2014

FOR THE COURT:

                                    <u>s/Sue E Myerscough</u>
                                    SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE