E-FILED
Tuesday, 17 February, 2015 03:15:49 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and the STATES of CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09-3073 |
| DISH NETWORK, LLC, | ) ) | |
| Defendant, | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on Plaintiff State of California's Motion for Leave to File Third Amended Complaint (d/e 452) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

BACKGROUND

California asks for leave to amend Count VIII of the Second Amended Complaint and Demand for Jury Trial (d/e 257) (Second Amended Complaint). Count VIII alleges that Defendant Dish Network, LLC (Dish), engaged in unfair competition in violation of

the California Business and Professions Code § 17200 et seq. (Unfair Competition Law). Second Amended Complaint, ¶ 82. Section 17203 of the Unfair Competition Law authorizes injunctive relief to stop unfair competition. Section 17200 defines unfair competition, in part, as "any unlawful, unfair or fraudulent business act or practice . . . ." Acts that violate some other law are "unlawful" and so violate the Unfair Competition Law. See Davis v. HSBS Bank Nevada, N.A., 691 F.3d 1152, 1168 (9th Cir. 2012). The other statutes violated are referred to as "borrowed" statutes. Id. Count VIII currently alleges that Dish engaged in unfair competition by violating: (1) the Telephone Consumer Protection Act (TCPA), 42 U.S.C. § 227, as alleged in Counts V and VI of the Second Amended Complaint; (2) California Business and Professions Code § 17592(a) as alleged in Count VII; and (3) California Civil Code § 1770(a)(22)(A). Second Amended Complaint, ¶ 82.

California first asks to amend Count VIII to allege that Dish also committed unfair competition by violating the Telephone Sales Rule (TSR), 16 C.F.R. §§ 310.4(b)(1)(iii)(B) and 310.4(b)(1)(iv), as alleged in Counts I and III of the Second Amended Complaint. Motion, at 1. The Court has already determined that Dish

committed some of the alleged violations of the TSR set forth in Counts I and III. <u>Opinion entered December 12, 2014 (d/e 445) (Opinion 445)</u>, at 231-33. California describes the proposed amendment as "a piggybacking of the TSR violation already at issue in the case." <u>Plaintiff California's Memorandum of Law in Support of Motion for Leave to File Third Amended Complaint (d/e 453) (California Memorandum)</u>, at 6. Dish opposes this aspect of the Motion.

California also asks leave to amend to correct scrivener's errors in the Second Amended Complaint located at page 3, ¶ 5; and in the prayer for relief at page 25, ¶ 7; page 27, ¶¶ 13 and 14. The proposed changes are reflected in the proposed Third Amended Complaint accompanying the Motion. Dish does not oppose this request to correct scrivener's errors. This aspect of the Motion will be allowed.

## ANALYSIS

This Court should freely allow amendments to pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). This Court may, in its discretion, deny a request to amend a pleading when the amendment would be futile. <u>Foman v. Davis</u>, 371 U.S. 178, 182

(1962); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 666 (7th Cir. 2007). In this case, the proposed amendment would be futile.

The Unfair Competition Law does not authorize an action based on a borrowed statute if the underlying statute contains an express bar that would prohibit the action. Yanting Zhang v. Superior Court, 57 Cal.4th 364, 377, 304 P.3d 163, 171 (Cal. 2013); Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 182, 973 P.2d 527, 541 (Cal. 1999). In such cases, the plaintiff may not use the Unfair Competition Law to circumvent or "plead around" the bar. Yanting Zhang, 304 P.3d at 171; Cel-Tech Communications, Inc., 972 P.2d at 541. In this case, applicable federal law contains such a bar.

The Federal Trade Commission (FTC or Commission) promulgated the TSR pursuant to Telemarketing Consumer Fraud and Abuse Prevention Act (Telemarketing Act). 15 U.S.C. § 6102. See Opinion 445, at 10-11. The Telemarketing Act authorizes California to bring an action "in an appropriate district court of the United States" for violations of the TSR under certain circumstances. 15 U.S.C. § 6103(a). Section 6103(d) of the

Telemarketing Act, however, prohibits California from bringing an action for violations of the TSR if an action is pending which has been brought on behalf of the FTC for the alleged violation:

> (d) Actions by Commission
>
> Whenever a civil action has been instituted by or on behalf of the Commission or the Bureau of Consumer Financial Protection for violation of any rule prescribed under section 6102 of this title, no State may, during the pendency of such action instituted by or on behalf of the Commission or the Bureau of Consumer Financial Protection, institute a civil action under subsection (a) or (f)(2) of this section against any defendant named in the complaint in such action for violation of any rule as alleged in such complaint.

15 U.S.C. § 6103(d).

The United States has brought the claims in Counts I and III of the Second Amended Complaint on behalf of the FTC. Second Amended Complaint, at 1; 15 U.S.C. § 56(a); see Opinion 445, at 19. The Telemarketing Act, therefore, prohibits California from bringing an action for violations of the TSR alleged in Counts I and III, at least while the United States' claims are pending. 15 U.S.C. § 6103(d). California describes the proposed amendment as "a piggybacking of the TSR violation already at issue in the case" through use of the Unfair Competition Law. California

Memorandum, at 6.  Section 6103(d) bars California from piggybacking on the claims in Counts I and III directly.  California may not use the Unfair Competition Law to "plead around" this express bar.  Yanting Zhang, 304 P.3d at 171; Cel-Tech Communications, Inc., 972 P.2d at 541.  The proposed amendment, therefore, would be futile.

California argues that the savings clause in the Telemarketing Act allows California to bring an action to enforce its own statute, the Unfair Competition Law.  The Telemarketing Act's savings provision limits the effect of the Telemarketing Act on the power of California to enforce its own laws in its own courts:

> (f) Actions by other State officials
>
> (1) Nothing contained in this section shall prohibit an authorized State official from proceeding in State court on the basis of an alleged violation of any civil or criminal statute of such State.

15 U.S.C. § 6103(f)(1).  This Court does not comment on whether this savings provision would allow California to proceed with the proposed claim in California state court.  See Rose v. Bank of America, N.A., 57 Cal.4th 390, 395, 304 P.3d 181, 184 (Cal. 2013) (an action could be brought in state court under the Unfair

Competition Law based on a borrowed federal statute that did not authorize a private cause of action because the federal statute contained a savings provision).

Section 6103(f)(1) of the Telemarketing Act does not limit the effect of § 6103(d) to bar California from bringing an action in this Court at this time. California may not bring an action in this Court for the violations of the TSR alleged in Counts I and III because the United States is currently pursuing those claims on behalf of the FTC. 15 U.S.C. § 6103(d). California cannot use the Unfair Competition Law to plead around that bar. <u>Yanting Zhang</u>, 304 P.3d at 171. The proposed amendment would be futile.

THEREFORE, Plaintiff State of California's Motion for Leave to File Third Amended Complaint (d/e 452) is ALLOWED in part and DENIED in part. California's request to amend the Second Amended Complaint to correct scrivener's errors in the Second Amended Complaint located at page 3, ¶ 5; and in the prayer for relief at page 25, ¶ 7; page 27, ¶¶ 13 and 14 is ALLOWED. The Motion is otherwise DENIED. The Plaintiffs are directed to file a Third Amended Complaint with the corrections of the scrivener's

errors by February 27, 2015. The Defendant Dish is directed to file an answer to the Third Amended Complaint by March 20, 2015.

Enter: February 13, 2015

____/s Sue E. Myerscough____
UNITED STATES DISTRICT JUDGE