IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and the STATES of CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09-3073 |
| DISH NETWORK, LLC, | ) ) | |
| Defendant, | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on Defendant Dish Network L.L.C.'s (Dish) Limited Motion for Reconsideration of Opinion 445 (d/e 446) (Dish Motion to Reconsider). This Court entered its Opinion on December 11, 2014 (d/e 445) (Opinion 445), resolving the parties cross-motions for summary judgment. Dish asks the Court to reconsider two findings in Opinion 445: (1) Dish is liable under Count I of the Second Amended Complaint (d/e 257) for 2,386,386 telemarketing calls made to numbers on the National Do-Not-Call Registry and one or more of the internal do-not-call

lists of Dish, its Telemarketing Vendors eCreek Service Group (eCreek) and EPLDT-Ventus (EPLDT), or Dish's authorized retailers (Retailers) that engaged in telemarketing; and (2) Issues of fact exist regarding whether Dish is liable under Count VI of the Second Amended Complaint for pre-recorded telemarketing calls made by Dish or its Telemarketing Vendors. See Opinion 445, at 231-32.

Motions for reconsideration, "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). For the reasons set forth below, the Court finds that Opinion 445 contains a manifest error. Therefore, the Dish Motion to Reconsider is ALLOWED in part and DENIED in part. Partial summary judgment should not have been granted to establish liability in Count I on the 2,386,386 calls. The determination that issues of fact exist with respect to Dish's liability for the prerecorded calls in Count VI, however, was correct.

I. The 2,386,386 Calls in Count I

The United States alleged in Count I that Dish initiated or caused others to initiate outbound telemarketing calls to persons whose telephone numbers were on the National Do-Not-Call

Registry (Registry), in violation of the Telephone Sales Rule (TSR). 16 C.F.R. § 310.4(b)(1)(iii)(B); Second Amended Complaint, ¶ 66; See Opinion 445, at 158-77. The United States sought partial summary judgment, in part, based on Dish calling records from September 1, 2007 to March 12, 2010 (2007 – 2010 calling records). See Opinion 445, at 120-21. Dish's expert Dr. Erez Yoeli, Ph.D., opined that the 2007-2010 call records showed that Dish had initiated over 7,000,000 telemarketing calls to numbers on the Registry. Opinion 445, at 121-22. Dish's expert John Taylor, examined the calls identified by Yoeli and opined that most of the calls did not violate the TSR for various reasons. Taylor concluded that the records showed that Dish initiated 501,650 calls to numbers on the Registry for which Taylor could not find a reason to exclude them from violating the TSR. Opinion 445, at 124.

This Court found that no issue of fact existed regarding the 501,650 calls that Yoeli identified as violations and Taylor opined that he could not identify a reason to exclude those calls from liability. Opinion 445, at 167. The Court also rejected some of Taylor's other reasons for excluding additional calls from liability. The Court concluded that the United States was entitled to partial

summary judgment establishing that Dish was liable for 1,707,713 calls from the 2007-2010 call records based on Yoeli's opinions and Taylor's analysis of those opinions. Opinion 445, at 167-69, 232. The Court also granted partial summary judgment in Count I for calls made by Dish Retailers JSR Enterprises and Satellite Systems Network. Opinion 445, at 176, 232. The Court also granted partial summary judgment on an additional 2,386,386 calls based on Yoeli's opinions which the Court stated that Dish did not dispute with any evidence. Opinion 445, at 232. The Dish Motion to Reconsider only concerns the grant of partial summary judgment for the additional 2,386,386 calls.

The 2,386,386 calls at issue in the Dish Motion to Reconsider concerns the relationship with the Registry and a separate prohibition in the TSR. The TSR prohibits initiating a call to a person who has stated that he or she does not wish to receive calls by or on behalf of the seller (a do-not-call request) regardless of whether the person placed his or her number on the Registry. 16 C.F.R. 310.4(b)(iii)(A); Opinion 445, at 177. The United States alleged a separate claim against Dish in Count II of the Second Amended Complaint for initiating or causing others to initiate

telemarketing calls to persons who previously made a do-not-call request. Second Amended Complaint, Count II ¶¶ 67.

Dish is responsible for honoring a person's do-not-call request if the person made the request to a Dish employee or to an agent of Dish. Opinion 445, at 182-83. Dish agreed that its Telemarketing Vendors eCreek and EPLDT were its agents, but Dish disputed whether it had an agency relationship with its Retailers. The Court found that issues of fact existed regarding whether Dish had an agency relationship with the Retailers. As such, issues of fact existed regarding whether Dish was obligated to honor do-not-call requests made to Retailers. Opinion 445, at 185.

Dish, its Telemarketing Vendors, and its Retailers each kept lists of persons who made do-not-call requests. The parties refer to these lists as "entity-specific do-not-call lists" or "internal do-not-call lists." See Opinion 445, at 12. Taylor identified 903,246 telemarketing calls in the 2007-2010 call records that Dish made to numbers on the internal do-not-call lists of Dish and its Telemarketing Vendors. The Court entered partial summary judgment finding liability for these calls in Count II. Opinion 445,

at 178.  Dish does not challenge this holding in the Motion to Reconsider.

Taylor identified 7,321,163 calls in the 2007-2010 call records that Dish made to numbers on Retailer internal do-not-call lists. Plaintiffs' Initial Summary Judgments Exhibits (d/e 342), Exhibit 28, Expert Rebuttal Report of John Taylor dated November 6, 2013, at 11, Table 3c.  The Court denied partial summary judgment in Count II on these calls because issues of fact remained regarding whether the Retailers were agents of Dish.  If Dish did not have an agency relationship with a Retailer, then Dish was not obligated to honor a person's do-not-call request made to the Retailer.  Opinion 445, at 186-91.

The Plaintiffs' expert Yoeli identified the additional 2,386,386 calls at issue in the Dish Motion to Reconsider by combining and comparing Taylor's analysis of Dish calls to numbers on the Registry and Taylor's analysis of Dish calls to numbers on all of the internal do-not-call lists.  Plaintiffs Initial Summary Judgment Exhibits (d/e 342), Exhibit 38, Declaration of Dr. Erez Yoeli dated December 18, 2013, ¶ 29(b).  Yoeli added the 903,246 calls to numbers on the internal do-not-call lists of Dish and the

Telemarketing Vendors with the 7,321,163 calls to numbers on the Retailer internal do-not-call lists to come up with a total of 8,224,409 telemarketing calls in the 2007-2010 call records that were made to numbers on some internal do-not-call list.

Yoeli compared the 8,224,409 calls with Taylor's analysis of calls to numbers on the Registry. Yoeli found that 2,397,390 of the 8,224,409 calls were made to numbers that were on the Registry. Taylor had included 11,004 of the 2,397,390 calls in the 501,650 calls which he could not exclude as violations of the TSR as calls to numbers on the Registry. Yoeli opined that the remaining 2,386,386 calls were additional calls to numbers on the Registry in which the call recipients had made do-not-call requests. Plaintiffs Initial Summary Judgment Exhibits (d/e 342), Exhibit 38, Declaration of Dr. Erez Yoeli dated December 18, 2013, ¶ 29(b).

The United States asked for partial summary judgment for the 2,386,386 calls in Count I because the calls were to numbers that were both on the Registry and on one of the internal do-not-call lists. The United States argued that these calls violated the TSR regardless of Taylor's reasons for excluding them from violating the rule against calls to numbers on the Registry. Taylor's exclusions

applied to calls to numbers that were on the Registry. These 2,386,386 calls to numbers on the Registry were independently illegal because the calls violated the TSR's prohibition against calling people who previously made a do-not-call request. <u>Motion for Summary Judgment (d/e 341)</u>, at 90-91,113, Table I.

This Court erred in Opinion 445 in accepting Yoeli's analysis and the United States' argument regarding the 2,386,386 calls.[1] Yoeli assumed that Dish was obligated to honor all do-not-call requests made to all of its Retailers. Based on this assumption, Yoeli analyzed the 8,224,409 calls on all the internal do-not-call lists to come up with the 2,386,386 additional illegal calls to numbers on the Registry.

Issues of fact exist regarding whether Dish was obligated to honor do-not-call requests made to Retailers. If at trial the Court finds that Dish was not obligated to honor these do-not-call requests, then 7,321,163 of the 8,224,409 calls that Yoeli analyzed were not illegal because the do-not-call requests were made to Retailers. If so, then a large percentage of the 2,386,386 calls that Dish made between 2007 and 2010 were not illegal because of the

---

[1] The Court does not address whether the Court might accept Yoeli's analysis at trial. The outcome at trial will depend of the resolution of the disputed issues of fact.

do-not-call requests to Retailers. Yoeli did not divide the 2,386,386 calls into calls to numbers on Retailer internal do-not-call lists and calls to numbers on the internal do-not-call lists of Dish and the Telemarketing Vendors. At summary judgment, the Court should have viewed the facts most favorably to Dish and assumed that all of the 2,386,386 calls were directed to numbers on the Retailers' do-not-call lists.

If so, the 2,386,386 calls could only be illegal, for purposes of summary judgment, because numbers called were on the Registry. The Court, however, already granted partial summary judgment for 1,707,713 calls to numbers on the Registry reflected in 2007-2010 call records and found that Taylor's opinions created issues of fact for all the remaining calls in those call records. The Court, therefore, should have found that issues of fact existed with respect to the 2,386,386 calls. Yoeli's analysis depended on Dish's obligation to honor do-not-call requests to Retailers. Dish's obligation to honor those requests to Retailers was subject to proof of an agency relationship, an issue of fact at this time. The Court erred is granting partial summary judgment on the 2,386,386 calls in Count I.

The United States argues that the Court properly granted partial summary judgment on the 2,386,386 calls because Dish failed to dispute the United States' relevant statements of undisputed fact. The Court granted partial summary judgment on the 2,386,386 calls because Dish failed to cite evidence. Opinion 445, at 169.

Upon reconsideration, the Court finds that Dish elsewhere in its opposition presented evidence to establish that issues of fact existed regarding whether the Retailers were agents of Dish. See Opinion 445, at 187-92. Dish also argues that it was not liable for the 2,386,386 calls because the United States' argument relied on the Retailer's internal do-not-call lists:

> **2,386,386 Alleged Internal List & NDNCR Violations.** First, with respect to the FTC's claims that there are 2,386,386 violations that are raw hits to the NDNCR and to DISH's internal list, Plaintiffs rely on purported hits to the internal Do Not Call lists maintained by various Independent Retailers not even identified by Plaintiffs, rather than the Do Not Call requests made to DISH itself. (Plaintiffs' Motion at 90.) As set forth herein, the FTC cannot prove that these unidentified Independent Retailers were "telemarketers" of DISH, rather than their own sellers, so as to require DISH to collect and honor Do Not Call requests made to a separate legal entity.

Defendant Dish Network L.L.C.'s Opposition to Plaintiffs' Motion for Summary Judgment (d/e 369, 374), at 232 (emphasis in the original; footnote omitted). Dish's legal argument, combined with its factual submissions elsewhere in its opposition to summary judgment, were sufficient to oppose the United States' claim that it was entitled to partial summary judgment in Count I for the 2,386,386 calls at issue. The Court will allow reconsideration and vacate the grant of partial summary judgment for liability on the 2,386,386 calls in Count I. The remainder of the holdings in Count I are unaffected by this Opinion.

II. Dish Prerecorded Calls

The Plaintiff States of California, Illinois, North Carolina and Ohio (Plaintiff States) alleged in Count VI of the Second Amended Complaint that Dish violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by making prerecorded telemarketing calls to residents of those states. The Federal Communications Commission (FCC) Rule, promulgated under the TCPA, generally prohibits making prerecorded telemarketing calls to residential telephone subscribers. 47 C.F.R. § 64.1200(a)(3); see 47 U.S.C. § 227(b)(1)(B). During the relevant time period, the FCC Rule allowed

prerecorded calls to a residential telephone subscriber if the seller had an Existing Business Relationship with the recipient of the call. See Opinion 445, at 25.

The evidence at summary judgment established that Dish made 98,054 prerecorded telemarketing calls. Almost all of the calls were made in various foreign languages, such as Chinese, Korean, French, German, and several other languages. The English translation of the texts of these calls indicate that the calls were directed to existing customers of Dish to market foreign language programing to ethnic or national groups. Dish conceded in its briefing that the calls were directed to existing Dish customers. Based on this concession, the Court disregarded portions of an affidavit from Dish's expert Taylor that attempted to raise factual questions about the recipients of the prerecorded telemarketing calls. Opinion 445, at 39.

The Court also found that issues of fact existed in Count VI regarding whether the recipients of the 98,054 prerecorded calls had an Existing Business Relationship with Dish. Opinion 445, at 213. Dish argues that the Court's finding of an issue of fact is inconsistent with its finding that Dish conceded that the

prerecorded calls were existing residential customers of Dish.  Dish argues that this inconsistency constitutes a manifest error.

The Court disagrees.  The supposed inconsistency results because different parties have the burdens of proof on different issues.  The Dish concession relates to two issues.  The Plaintiff States must show that the prerecorded calls were directed to residential telephone subscribers.  The TCPA and the FCC Rule prohibits prerecorded telemarketing to residential telephone subscribers.  47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200(a)(3).  At summary judgment, the Plaintiff States had the burden of proof on this issue.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Dish conceded that the calls were directed to existing Dish customers.  Dish, thus, conceded the factual issue that the calls were directed to residential customers.  The Court did not consider Taylor's opinions on this matter because Dish conceded this issue on which the Plaintiff States had the burden of proof.

The Existing Business Relationship exception raised by Dish was an affirmative defense.  Opinion 445, at 162-63.  Dish, therefore, had the burden to prove that no issues of fact existed on this defense.  Celotex Corp., 477 U.S. at 322.  The Plaintiff States

did not concede that the Existing Business Relationship exception applied to these calls.  See <u>Plaintiffs' Opposition to Defendant's Motion for Summary Judgment (d/e 378)</u>, at 232-33.  The Court properly found that Dish failed to establish that no factual issue existed on this point.  See <u>Opinion 445</u>, at 213.  The Court's treatment of Dish's concession was proper.  There was no error.

      THEREFORE, Defendant Dish Network L.L.C.'s Limited Motion for Reconsideration of Opinion 445 (446) is ALLOWED in part and DENIED in part.  The Court reconsiders and vacates its holding that Dish is liable for violating the TSR as alleged in Count I with respect to the 2,386,386 calls as set forth in Opinion 445 at 232.  The Court finds that issues of fact exist with respect to these 2,386,386 calls.  This Opinion does not affect the Court's granting of partial summary judgment in Count I establishing Dish's liability for (1)1,707,713 calls on the 2007-2010 Dish call records to numbers on the Registry; (2) 2,349,031 calls that Dish Retailer JSR Enterprises made to numbers on the Registry; and (3) 381,811 calls that Dish Retailer Satellite Systems Network made to numbers on the Registry; and, further, this Opinion does not affect any other

finding or holding in Opinion 445. The Dish Motion to Reconsider is otherwise denied.

Enter: February 13, 2015

                    /s Sue Myerscough    
            UNITED STATES DISTRICT JUDGE