E-FILED
Tuesday, 17 February, 2015  04:33:05 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and the STATES of CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09-3073 |
| DISH NETWORK, LLC, | ) ) ) | |
| Defendant, | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the parties Statements Regarding Trial Management (d/e 460, 461, 465, 470, 476). The Court asked the parties to take a position on how the trial should proceed. The parties have now stipulated to waive jury trial in this matter. Stipulation re Waiver of Jury Trial (d/e 457) (Stipulation). In light of the Stipulation, the Court exercises in its discretion and authority to manage its docket and determines that this matter will be tried in a single bench trial on all remaining issues without bifurcation.

A single trial will promote judicial economy. A bifurcated bench trial might have been a consideration if some issues of liability had not yet been determined. Under those circumstances, a bifurcated trial on liability only might have saved some trial time if Defendant Dish Network L.L.C. (Dish) could have prevailed on all issues of liability. But, Dish is liable for at least some of the alleged violations. <u>Opinion entered December 11, 2014 (d/e 445)</u>, at 231-38. Thus, the Court will try the remedies issues regardless of the outcome of the remaining liability issues. Under these circumstances, the Court determines that the most efficient course is a single bench trial.

Dish has also requested that the Court direct the Plaintiffs, "within fourteen days, to identify the additional alleged violations that they will attempt to prove at trial. DISH also respectfully requests that the Court order Plaintiffs to identify the retailers with respect to which they will attempt to prove agency at trial." <u>Defendant Dish Network L.L.C.'s Resposne to Plaitniffs' Statement Regarding Trial Management and Reply in Further Support of Dish's Statement Regarding Trial Management (d/e 470) (Dish Reply)</u>, at 5. The Court asked counsel for the Plaintiffs at the

January 9, 2015, telephone conference whether the Plaintiffs intended to try to establish liability for additional calls beyond the ones on which the Plaintiffs sought summary judgment.  Counsel stated that the Plaintiffs intended to prove additional violations.  Counsel satisfied the Court's inquiry at that time.

The Plaintiffs have further clarified their position in their response to Dish's request.  <u>Plaintiffs' Response to Dish's Additional Statement Regarding Trial (d/e 476)</u>, at 2.  The Court will not require a more definite statement of issues to be tried at trial at this time.  The proper vehicle to define the issues for trial is the pretrial order.  <u>See</u> Fed. R. Civ. P. 16(d); Local Rule 16.1(F).

The Plaintiffs mentioned briefly the possibility of adopting special procedures "to streamline the bench trial."  <u>Plaintiffs' Response to Defendant's Statement Regarding Trial (d/e 465)</u>, at 4.  These types of matters may be addressed at the pretrial conference.  <u>See</u> Fed. R. Civ. P. 16(e); Local Rule 16.1(E).

Dish indicates that it may wish to seek a continuance of the current trial schedule depending on the exact claims that the Plaintiffs intend to pursue at trial.  <u>Dish Reply</u>, at 7.  Any request

for a continuance should also be made by motion in accordance with the Rules.  See Fed. R. Civ. P. 7(b); Local Rule 7.1.

THEREFORE the Court determines, after considering the parties' Statements Regarding Trial Management (d/e 460, 461, 465, 470, 476), and in light of the Stipulation re Waiver of Jury Trial (d/e 457), all remaining issues in this matter will be tried before the Court in a single bench.

Enter: February 13, 2015

                           /s Sue E. Myerscough
                       UNITED STATES DISTRICT JUDGE