## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **and the STATES of** | ) | |
| **CALIFORNIA, ILLINOIS,** | ) | |
| **NORTH CAROLINA, and OHIO,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 09-3073** |
| | ) | |
| **DISH NETWORK, LLC,** | ) | |
| | ) | |
| **Defendant,** | ) | |

## <u>OPINION</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on PossibleNow, Inc.'s (PossibleNOW) Motion for Intervention Pursuant to F.R.C.P. 24 for Leave to File Motion for Reconsideration, *Instanter* (d/e 454) (Motion).  For the reasons set forth below, the Motion is ALLOWED and PossibleNOW's request for reconsideration is ALLOWED in part.

PossibleNOW asks the Court for leave to make a limited intervention in this case to request reconsideration of one paragraph in this Court's Opinion entered December 11, 2014 (d/e

445 ) (Opinion 445). All parties have no objection to the request to intervene. Plaintiffs' Response to PossibleNOW's Motion to Intervene and Proposed Motion to Reconsider Opinion 445 (d/e 466) (Plaintiffs' Response), at 1; Statement that Defendant Dish Network, L.L.C. Does not Oppose PossibleNOW, Inc.'s (1) Motion for Intervention or (2) Motion for Reconsideration (d/e 468) (Dish Response), at 1. Therefore, the Court allows PossibleNOW to intervene for the limited purpose of presenting its proposed "Intervening Defendant's Motion for Reconsideration, *Instanter*, of Opinion 445" (Motion to Reconsider), attached as an exhibit to PossibleNOW's Memorandum in Support of Motion for Intervention Pursuant to F.R.C.P. 24 (d/e 455).

The Motion to Reconsider asks the Court to strike from Opinion 445 the first full paragraph on page 211 (Paragraph). The Paragraph states:

> The FCC Rule safe harbor also requires the party seeking the safe harbor to purchase access to the Registry "from the administrator of the national database." 47 C.F.R. § 64.1200 (c)(2)(i)(E). In 2008, Dish stopped acquiring the updated versions of the Registry from the administrator, the FTC. Dish started acquiring the updated Registry from PossibleNOW, in violation of this requirement of the FCC Rule safe harbor. Dish is not entitled to a safe harbor defense in Count V.

Opinion 445, at 211.  The "Registry" is the National Do-Not-Call Registry (also referred to the NDNCR) administered by the Federal Trade Commission (FTC).  Dish was required to purchase updated versions of the Registry from the administrator, the FTC, to comply with the safe harbor provisions of the Federal Communication Commission's (FCC) Rule promulgated under the Telephone Consumer Protection Act (TCPA).  47 U.S.C. § 227; 47 C.F.R. § 64.1200 (c)(2)(i)(E).  See Opinion 445, at 27-30 for a discussion of the safe harbor provisions of the FCC Rule.

Defendant Dish Network, L.L.C. has no opposition to PossibleNOW's Motion to Reconsider.  Dish Response, at 1.

The Plaintiffs also have no opposition to PossibleNOW's Motion to Reconsider as long as the striking of the Paragraph does not affect the finding that Dish is not entitled to a safe harbor defense under either the FCC Rule or the Telephone Sales Rule (TSR).  The TSR was promulgated by the FTC pursuant to the Telemarketing Consumer Fraud and Abuse Prevention Act.  15 U.S.C. § 6102; see Opinion 445, at 10-24 for a discussion of the TSR. Plaintiffs' Response, at 1.

The Plaintiffs also have changed their position with respect to the factual issue of whether Dish stopped acquiring an updated version of the Registry from the FTC in 2008. At summary judgment, the Plaintiffs disputed whether Dish properly acquired updated versions of the Registry. Dish stated as an undisputed fact in its summary judgment briefing:

> 21. In addition, DISH maintained a current version of the FTC's NDNCR, which it updated monthly. (DX-157, Davis Dep. 257:5-15.)

Defendant Dish Network L.L.C.'s Memorandum of Law in Support of its Motion for Summary Judgment (d/e 349), at 17 Statement of Undisputed Fact (DSUF) ¶ 21. The Plaintiffs disputed DSUF ¶ 21 as follows:

> **Response:** Registry records establish that Dish did not update its version of the Registry monthly. Declaration of Ami Dziekan at ¶ 9, Ex. A, Mar. 4, 2014 (Pls.' Ex. 300). In fact, when the Registry debuted in 2003, Dish did not maintain a current version of the Registry for several months. *Id.* Furthermore, Dish itself stopped downloading the Registry in 2008 and has not downloaded it since. *Id.* at ¶ 9. A reasonable factfinder could reject DUF21 based on this evidence.

Plaintiff's Opposition to Defendant's Motion for Summary Judgment (d/e 378), at 22, Response to DSUF ¶ 21 (emphasis in the original).

The Plaintiffs now do not dispute that Dish properly purchased updated versions of the Registry after 2008, "Thus, even though Dish purchased access to the National Do-Not-Call Registry—a point the Plaintiffs do not contest—the Court correctly found that Dish satisfied neither the TSR nor the TCPA safe harbor . . . ." <u>Plaintiffs' Response</u>, at 2.

Because the Plaintiffs no longer dispute whether Dish properly purchased updated versions of the Registry from the FTC after 2008, the Court will allow the Motion to Reconsider in part. The Court will strike all of the Paragraph except the last sentence, "Dish is not entitled to a safe harbor defense in Count V." The last sentence will remain because, even without the struck statement, Dish is not entitled to the safe harbor defense under the FCC Rule in Count V for the other reasons stated in Opinion 445. <u>See Opinion 445</u>, at 210-11.

This change does not affect any other portion of Opinion 445. The FCC Rule safe harbor defense does not relate Count VI brought under the TCPA. <u>See</u> <u>Opinion 445</u>, at 210 n. 27. The TSR safe harbor provision does not contain a requirement that the seller must purchase the Registry directly from the administrator. 16

C.F.R. § 310.4(b)(3). Thus, the change does not affect any issue related to the claims brought under the TSR. The remaining claims are based on state law and do not relate to the FCC Rule safe harbor defense except for Count VIII. Count VIII alleges a violation of the California Unfair Competition Law, in part, because Dish violated the TCPA and the FCC Rule as alleged in Count V. <u>See Opinion 445</u>, at 217-18. The holdings for Count VIII, therefore, depend in part on the determination that Dish is not entitled to the safe harbor defense in Count V. The Court's striking of portions of the Paragraph does not affect the Court's holding that the safe harbor defense is not available in Count V, and so, does not change the holdings for Count VIII. The holdings in Opinion 445 are not changed by this one factual change made by this Opinion.

THEREFORE, PossibleNow, Inc.'s Motion for Intervention Pursuant to F.R.C.P. 24 for Leave to File Motion for Reconsideration, *Instanter* (d/e 454) is ALLOWED. PossibleNOW may intervene and is given leave to file Intervening Defendant's Motion for Reconsideration, *Instanter*, of Opinion 445 (Motion to Reconsider). **The Clerk is directed to file the Motion to Reconsider, a copy of which is attached as an exhibit to**

**PossibleNOW's Memorandum in Support of Motion for Intervention Pursuant to F.R.C.P. 24 (d/e 455).** The Motion to Reconsider is ALLOWED in part. The first full paragraph on page 211 of this Court's Opinion entered December 11, 2014 (d/e 445) (Opinion 445), which starts on the third line of page 211, is stricken except for the last sentence which reads, "Dish is not entitled to a safe harbor defense in Count V." This last sentence remains in Opinion 445. **The Clerk is directed to strike through the stricken part of this paragraph of Opinion 445.** All of the holdings in Opinion 445 remain unchanged by the one factual change made by this Opinion.

 Enter: February 13, 2015


     \_\_\_\_\_/s Sue E. Myerscough_____
     UNITED STATES DISTRICT JUDGE