## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>and the STATES of )<br>CALIFORNIA, ILLINOIS, )<br>NORTH CAROLINA, and OHIO, )<br> )<br>   Plaintiffs, )<br> )<br>   v. )<br> )<br>DISH NETWORK, LLC, )<br> )<br>   Defendant, ) | No. 09-3073 |

## <u>OPINION</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on Plaintiff States of California, Illinois, North Carolina, and Ohio's (Plaintiff States) Motion in Limine Regarding Admission of Supplement Under Rule 26(e) (d/e 489) (Motion 489), and Defendant Dish Network, LLC's (Dish) Cross-Motion to Strike Plaintiff's Post-Discovery Expert Disclosures, Preclude the Use of Any Related Evidence at Trial, and for Cost and Attorneys' Fees (d/e 491) (Motion 491) (collectively "Motions").  For the reasons set forth below, the Motions are ALLOWED in part and DENIED in part.

The Plaintiffs allege that Dish is liable for millions and millions of telemarketing telephone calls that violated the Telemarketing and Consumer Fraud and Abuse Prevention Act 15 U.S.C. § 6105 (Telemarketing Act); the Federal Trade Commission Act, 15 U.S.C. § 45 (FTC Act); the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA); the Federal Trade Commission (FTC) regulation entitled the Telephone Sales Rule promulgated under the Telemarketing Act and the FTC Act, 16 C.F.R. Part 310 (TSR); and the Federal Communications Commission (FCC) regulation promulgated under the TCPA, 47 C.F.R., 64.1200 (FCC Rule); and comparable state laws of the Plaintiff States. <u>Second Amended Complaint and Demand for Jury Trial</u> (d/e 257) (Second Amended Complaint), Counts I through XII.

The Plaintiff States allege claims for civil penalties for illegal calls to residents of the Plaintiff States in violation of the TCPA and certain of each State's consumer protection statutes. <u>Id.</u>, at 25-28, <u>Prayers for Relief</u>. The TCPA authorizes State Attorneys General to bring actions on behalf of the residents of such states for violations of the TCPA or the FCC Rule. Each Attorney General can seek injunctive relief and secure actual damages or $500 per violation, or

both. The Attorneys General could also recover triple the penalties, or $1,500.00 per violation, if the defendant willfully or knowingly violated the TCPA. 47 U.S.C. § 227(g).

Both sides used experts who relied on telephone area codes to determine whether a call was made to a resident of a Plaintiff State. The Plaintiff States' expert Dr. Erez Yoeli, Ph.D., relied on area codes of the telephone numbers called to determine the residency of the recipients.  E.g., Plaintiffs' Summary Judgment Exhibits (d/e 342), PX 38, Declaration of Dr. Erez Yoeli, Appendix C, Revised Rebuttal Report by Dr. Erez Yoeli, dated December 14, 2012, at 10-12, Tables 5 through 9.  Dish's expert John Taylor similarly used area codes to determine residency.  Taylor opined that calls were intrastate calls based on the area codes of the numbers called. E.g., Plaintiffs' Summary Judgment Exhibits (d/e 342), PX 26, Revised Expert Report of John T. Taylor dated September 20, 2012, at 4-5.  Taylor also used area codes to identify the number of calls to residents of the Plaintiff States.  E.g., Plaintiffs' Summary Judgment Exhibits (d/e 342), PX 28, Rebuttal Report of John T. Taylor dated November 6, 2013, at 3, 9-17, Tables 2a through 9c.

The parties' expert witnesses also prepared opinions related to whether the recipients of Dish telemarketing calls were residential telephone subscribers. The TCPA and the FCC Rule prohibited certain telemarketing calls to "residential telephone subscribers," including calls to residential telephone subscribers whose telephone numbers were registered on the National Do Not Call Registry (Registry). See Opinion entered December 11, 2014 (d/e 445 ) (Opinion 445), at 24; 47 U.S.C. § 227(c)(1); 47 C.F.C. § 64.1200(c)(2). Dish's expert, Dr. Robert Fenili, Ph.D., analyzed the make-up of the telephone numbers registered on the Registry. Dr. Fenili opined that by 2011, over half of the numbers on the Registry were wireless telephone numbers, only 28.2% were numbers for residential landlines, and 12.2% were business landline numbers. Dish Summary Judgment Exhibits (d/e 348), DX 189, Expert Report of Dr. Robert N. Fenili dated July 26, 2012, at 10 Table 1b.

In response, Dr. Yoeli analyzed the make-up of the telephone numbers that Dish and certain of its authorized retailers called. Dr. Yoeli took random samples of sets of call records that were produced in discovery. The call records sampled Dish call records for calls from 2003 to 2007, a second set of Dish call records from

2007 to 2010, and call records from four authorized retailers.[1]

Plaintiffs' Summary Judgment Exhibits (d/e 342), PX 38,

Declaration of Dr. Erez Yoeli, Appendix C, Revised Rebuttal Report

by Dr. Erez Yoeli, dated December 14, 2012, at 8-9. The samples

were sent to Richard Stauffer at PossibleNOW, Inc. (PossibleNOW).

PossibleNOW maintains current and historical databases that

contain directory information about telephone numbers and about

numbers on the Registry. Both sides in this case have used

PossibleNOW's services. Taylor and Stauffer both work for

PossibleNOW. PossibleNOW is the subcontractor that maintains

the Registry for the FTC. Dish also employs PossibleNOW to assist

it in complying with state and federal do-not-call telemarketing laws

and regulations. See Opinion 445, at 71-73, 141-43.

Stauffer ran Dr. Yoeli's samples through PossibleNOW's

directory databases to identify the telephone numbers in the

samples that were wireless, business, residential, or Voice over

Internet Protocol (VoIP) numbers. Stauffer explained in his

deposition that PossibleNOW collected and maintained current and

---

[1] The 2003-2007 call records contain Dish calling records from October 2003 through September 2005, December 2005 through December 2006, and January 2007 through August 2007. The 2007-2010 call records contain Dish calling records from September 1, 2007, to March 12, 2010. Opinion 445, at 118, 120.

historical directory information.  Stauffer testified that the directory information for residential landlines included the residential address where the phone was located.  <u>Plaintiffs' Summary Judgment Exhibits (d/e 380)</u>, PX 356, <u>Richard Stauffer Deposition, dated November 28, 2102</u>, at 353.

The PossibleNOW databases contained identifying information for many, but not all, of the sample telephone numbers that Dr. Yoeli provided.  The results from the 2007-2010 call records showed that 94% of the identified calls in the sample were directed to residential landlines and 69% of all calls were directed to residential landlines.  The results from the 2003-2007 call records showed that 85% of the identified calls in the sample were directed to residential landlines and 67 % of all calls were directed to residential landlines.  Results were also secured for each of the samples from the authorized retailers' call records.  <u>Plaintiffs' Summary Judgment Exhibits (d/e 342)</u>, PX 38, <u>Declaration of Dr. Erez Yoeli</u>, Appendix C, <u>Revised Rebuttal Report by Dr. Erez Yoeli, dated December 14, 2012</u>, at 9.

All discovery closed in this matter on December 19, 2013.
Text Order entered March 21, 2013, as modified by Text Order entered November 7, 2013.

On February 5, 2014, Taylor prepared another declaration. Defendants Summary Judgment Exhibits (d/e 368), DX 238, Declaration of John Taylor dated February 5, 2014. In paragraph 10 of that declaration, Taylor stated, in relevant part:

> There is an additional factor, however, which renders any attempt to identify calls placed to a consumer within any particular state a matter of guesswork. In his work, Dr. Erez Yoeli assumed that the area code associated with a number dialed by DISH or one of its retailers actually rang in the state to which the area code was assigned. In performing my work in this case, I relied on Dr. Yoeli's assumption out of necessity (since I was retained to critique his work), but it is not a valid assumption. First, to the extent that the . . . calls were made to cell numbers, and given that those numbers are not portable, *i.e.*, they can be retained by the cell customer no matter how many times they change providers or move locations, there is no guarantee that a cell number with a Springfield, Illinois area code, for example, actually rings in Springfield, much less Illinois. In addition, with the proliferation of wireless family plans, even wider distribution of area codes outside of their original state exist (*e.g.*, one member buys the shared plan in one state with a designated area code – as one member of the family goes away to school out of state, joins the armed services, or relocates for some other reason, the telephone number with the original area code goes with the family member). In the end, while the question of where the telephone was purchased and the contract

administered can be determined, the question of where the telephone actually rings cannot.

Id., ¶ 10 (internal citation omitted) (emphasis in the original).

The Plaintiffs objected to Taylor's February 5, 2014, Declaration. Dish responded that paragraph 10 did not contain any expert opinions; rather, the paragraph only stated "predicate information included to give context to Mr. Taylor's subsequent testimony." Reply in Support of Motion to File Corrected DX-238 (d/e 428), at 3-4. The Court accepted Dish's characterization of the quoted material and found that the paragraph had no probative value. Opinion 445, at 38-39.

Dish, however, argued at summary judgment that the area code of a telephone number did not prove that the recipient of the telemarketing call was a resident of the state associated with the area code. Dish cited authority from the FCC and FTC and persuasive judicial authority to support this argument. See Opinion 445, at 145-46.

On December 11, 2014, this Court entered partial summary judgment. Opinion 445, at 231-38. The Court found that Dish was liable for making over 50,000,000 telemarketing calls that violated

the TSR, Telemarketing Act, and the FTC Act.  The Court found

liability on specific sets of calls identified by the parties' experts

(Partial Summary Call Sets).  <u>Opinion 445</u>, at 19, 232-33.  The

Court also found that Dish engaged in a pattern or practice of

making telemarketing calls that violated the TCPA to residential

telephone subscribers in all of the Plaintiff States and made calls to

residents of the Plaintiff States of California, Illinois, and North

Carolina that violated relevant state laws.  Ohio did not seek partial

summary judgment on its state law claim, so the Court made no

findings with respect to that claim.  Issues of fact, however,

precluded granting summary judgment on any of the Plaintiff

States' claims.  <u>Opinion 445</u>, at 234-37.

One of the remaining issues of fact concerns proof of the

number of calls to residents of each State.  The Court found that

the legal and regulatory authority cited by Dish was sufficient to

create an issue of fact concerning whether area codes proved the

residency of the call recipient.  The Plaintiff States argued that area

codes established residency of the call recipient as a matter of law.

The Court rejected the Plaintiff States' position.  The Court held

that a State Plaintiff could only recover civil penalties for illegal calls

made to residents of the Plaintiff State. When read favorably to Dish for purposes of summary judgment, the authorities cited by Dish could indicate that the area code of a telephone number did not establish the geographical location of the telephone subscriber. Opinion 445, at 201-02, 204-07. The Court noted, however, that Dish presented no quantitative evidence at summary judgment on the percentage of telephone numbers in which the area code was associated with one state, but the subscriber of the number resided in a different state. See Opinion 445, at 205.

On reconsideration, the Court found that issues of fact existed as to one of the Partial Summary Call Sets, consisting of 2,386,386 calls (Reconsideration Call Set). The Court modified Opinion 445 to hold that issues of fact existed as to the Reconsideration Call Set. Opinion entered February 17, 2015 (d/e 478) (Opinion 478), at 10-11.

This matter is set for trial on July 21, 2015. The parties are required to file the pretrial order by May 15, 2015. Text Order entered April 1, 2015. The parties agreed to make the first pretrial disclosures by April 24, 2015. Memorandum of Law in Support of

State Plaintiffs' Motion *in Limine* Regarding Supplementation under Rule 26(e), at 6, n. 4.

On April 16, 2015, Plaintiff States' counsel sent a letter (Letter) to Defense counsel disclosing a new analysis of call record data by Dr. Yoeli (April 2015 Analysis) and, also, summarizing some factual information reflected in PossibleNOW databases.  Motion 489, Exhibit 1, Letter.  The Letter disclosed that in 2015, Dr. Yoeli selected random samples from the Partial Summary Call Sets, including the Reconsideration Call Set.  He provided the samples to Stauffer who compared the samples with the PossibleNOW directories as he had done with the other samples in 2012.  Stauffer identified the calls that could be identified as wireless, business, residential, or VoIP in PossibleNOW's databases.  Stauffer also identified the residential landline telephone numbers located in each Plaintiff State by using the address information of the residential landline telephone numbers on the PossibleNOW databases, rather than area codes.  Dr. Yoeli used the information from Stauffer to opine on the percentage of identified calls and the percentage of all calls that were made to residential landlines in

each of the Plaintiff States.  <u>Letter</u>, at 2-3.  Dr. Yoeli's original analysis did not contain a breakdown by State.

The Letter also discussed the factual information that Stauffer retrieved from the PossibleNOW databases,

> This inquiry confirmed that there are apparently no residential landlines where the geographic area codes do not match the state where the landline is located—information that we also expect Mr. Stauffer to convey at trial when he testifies about the residential directory assistance database.  Of the 29,082 landline database matches returned, only 40 addresses did not match the state that the area code suggests—about one-tenth of one percent (.01%) of the total. . . The underlying data for those 40 landlines reveals not that the landline is located in some state other than that indicated by the area code, but that the database does not contain "state" data associated with that landline.

<u>Letter</u>, at 3.

The Letter stated that the Plaintiff States sent the Letter as a supplemental disclosure under Rule 26(e).  The Letter stated that the April 2015 Analysis was a supplement to Dr. Yoeli's previous opinions.  <u>Letter</u>, at 1; <u>see</u> Fed. R. Civ. P. 26(a)(2)(E) and 26(e).

Dish responded on April 17, 2015.  Dish stated that the April 2015 Analysis was not a supplement, but an undisclosed, inadmissible expert opinion.  Dish asked the Plaintiff States to withdraw the Letter and not present any of the information set forth

in the Letter at trial.  <u>Defendant Dish Network L.L.C.'s Cross-Motion to Strike State Plaintiffs' Post-Discovery Expert Disclosures, Preclude the Use of any Related Evidence at Trial, and for Costs and Attorneys' Fees (d/e 491)</u>, attached <u>Declaration of Elyse Echtman</u>, Exhibit K, <u>Letter dated April 17, 2015</u>.

The parties conferred, but did not resolve this dispute.  The Motions followed.  The Plaintiff States ask the Court to rule in limine that the information in the Letter is admissible at trial.  Dish asks the Court to bar the information in the Letter and sanction the Plaintiff States by awarding Dish costs and fees.

ANALYSIS

The admissibility of Dr. Yoeli's April 2015 Analysis at trial turns on whether the April 2015 Analysis is a supplement to Dr. Yoeli's prior expert opinions or whether the April 2015 Analysis is a new expert opinion.  Supplements to existing opinions must be disclosed within the time set for pretrial disclosures.  Fed. R. Civ. P. 26(e)(2) and 26(a)(3)(B).  Pretrial disclosures in this case began on April 24, 2015.  New expert opinions, however, must be disclosed within the time set for expert discovery in the Rule 16(b) scheduling order.  Fed. R. Civ. P. 16(b) and 26(a)(2)(D).  All discovery closed in

this case in December 2013.  The disclosure in the Letter was untimely by more than a year if the April 15 Analysis was a new opinion.  Such untimely information may not be used at trial unless the late disclosure is substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1).

A party must make a supplemental disclosure if the original disclosure "in some material respect . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A); <u>see</u> Fed. R. Civ. P. 26(a)(2)(E).  A supplemental expert disclosure typically updates, corrects, refines, or otherwise modifies an existing expert opinion "based on information acquired subsequent to the original disclosure or a realization that the original disclosure was incomplete or incorrect."  <u>Mintel Intern. Group, Ltd. v. Neergheen</u>, 636 F. Supp.2d 677, 685-86 (N.D. Ill. 2009) (quoting <u>Baldwin Graphic Systems, Inc. v. Siebert, Inc.</u>, 2005 WL 1300763, at *2 (N.D. Ill. February 22, 2005) (internal quotation marks omitted)).  A new opinion based on a new method of analysis or new underlying theory of the case is not a supplement.  <u>Council 31 v. Ward</u>, 1995

WL 549022 (N.D. Ill. September 12, 1995).  See Mintel Intern.

Group, Ltd., 636 F.Supp.2d at 685 (supplemental opinions which

send the case on a "wholly different track" may be excluded as

improper).

Dr. Yoeli used a new methodology in the April 2015 Analysis to

determine the location of residential landline telephones.  Dr. Yoeli

used area codes in his original opinions to determine location, but

the April 2015 Analysis uses actual addresses in the PossibleNOW

directory database.  The use of addresses is clearly a new

methodology and a new opinion.  This is not a correction of

erroneous or incomplete information, but a change in method of

analysis.

Dr. Yoeli changed the method of analysis because this Court

rejected the Plaintiff States' prior legal position.  The Plaintiff States

took the position that area codes provided complete information to

determine state location of a telephone number as a matter of law.

See Opinion 445, at 206.  Dr. Yoeli's use of area codes was

consistent with this legal position.  This Court rejected that

argument.  Id.  Dr. Yoeli now presents an opinion based on a

different methodology to analyze the location of residential

telephone subscribers.  Given the context of the Plaintiff States'
legal position, this portion of the April 2015 Analysis is not a
supplement, but a new opinion.  The Plaintiff States' disclosure of
this new opinion is untimely.  The untimely opinion is only
admissible if the late disclosure is harmless or substantially
justified.  Fed. R. Civ. P. 37(c).[2]

Yoeli's change in methodology is not harmless.  The number of
calls to residents of the Plaintiff States is a significant issue.  The
Plaintiff States may seek civil penalties of up to $1,500.00 per call
on behalf of residents for willful violations of TCPA.  47 U.S.C. §
227(g).  Dish has prepared arguments to challenge Yoeli's use of
area codes to determine location of telephone subscribers, and so
the number of illegal calls to residents of each Plaintiff State.
Discovery is closed, and the Court has ruled on summary
judgment.  Now, at this late date, Dr. Yoeli presents a new method
of determining the location of a residential telephone subscriber.

---

[2] The Plaintiff United States argues that Dish is barred by the doctrine of judicial estoppel.  The United
States argues that Dish should be judicially estopped because Dish argued that similar post-discovery
opinions in Taylor's February 2014 declaration were admissible as supplemental opinions.  Judicial
estoppel applies if the Court accepted the prior position that Dish asserted.  See Matter of Cassidy, 892
F.2d 637, 641 (7th Cir. 1990).  This Court did not accept Dish's prior argument about Taylor's February
2014 opinion.  Rather, the Court did not rule on the issue because the opinion was immaterial; Dish had
already conceded the factual issue that the opinion sought to address.  See Opinion 445, at 39.  Judicial
estoppel does not apply.

The change could prejudice Dish.  See Council 31 v. Ward, 1995 WL 549022, at *1.

The Plaintiff States, however, may be substantially justified to use the expert opinions in the April 2015 Analysis in rebuttal. Dish's expert Taylor changed his position on area codes after discovery closed.  He relied on area codes to determine location of residential subscribers in his reports, but after discovery closed he stated under penalty of perjury that area codes were not reliable. Taylor claims that he had to use area codes because he was hired to critique Dr. Yoeli's opinions, and Dr. Yoeli used area codes.  This statement makes little sense.  Taylor had no trouble critiquing the use of area codes in February 2014; he could have made the same critique in a timely fashion in his expert opinion reports. Furthermore, Taylor's February 2014 statement under oath was not presented as an expert opinion, but as "predicate information included to give context to Mr. Taylor's subsequent testimony." Reply in Support of Motion to File Corrected DX-238 (d/e 428), at 3-4.  At this point, the Plaintiff States (and the Court) do not know what Taylor will opine at trial about determining the residency of telephone subscribers.  Given this ambiguity in Dish's expert

Taylor's statements, it is only prudent for the Plaintiff States to prepare some sort of response.[3]

The Court has broad discretion to determine what evidence may be presented in rebuttal at trial. <u>Finley v. Marathon Oil Co.</u>, 75 F.3d 1225, 1231 (7th Cir. 1996). Given the uncertainty of Taylor's potential testimony on this issue, and the uncertainty of what else Dish may present at trial, the Court will not bar the use of expert opinions in the April 2015 Analysis at this time; the Plaintiff States may seek to admit the opinions for rebuttal purposes. Once the Court has heard Dish's evidence, the Court in its discretion will decide whether the opinions may be admissible in rebuttal.

The factual data underlying the April 2015 Analysis is not barred from use at trial for any purpose. The underlying factual data showed that in 29,042 out of 29,082 landline numbers checked, the state in the address of a phone number was the same as the state associated with the telephone number's area code. The existence of the underlying factual data was disclosed during

_____

[3] Rebuttals to expert opinion should be disclosed within thirty days of the party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii). Since Dish has not disclosed what Taylor will opine at trial, any thirty-day time period has not begun. <u>See also</u> <u>Finley v. Marathon Oil Co.</u>, 75 F.3d 1225, 1231 (7th Cir. 1996).

discovery. The call records and the PossibleNOW databases were disclosed, including the fact that the PossibleNOW residential landline directory database included addresses. Because the existence of the underlying factual data was disclosed in discovery, no supplemental disclosure was required. Rule 26 only obligated the Plaintiff States to supplement their Rule 26 factual disclosures if "the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P. 26(e); <u>see</u> <u>Stolarczyk ex rel. Estate of Stolarczyk v. Senator Intern. Freight Forwarding, LLC</u>, 376 F.Supp.2d 834, 843 (N.D. Ill. 2005) (failure to disclose witness in Rule 26 disclosures was harmless if witness was disclosed in discovery); <u>Laboratory Skin Care, Inc. v. Coleman v. Keebler Co.</u>, 997 F. Supp. 1102, 1107 (N.D. Ind. 1998) ("'no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process'") (quoting Advisory Committee Notes to 1983 Amendments to Rule 26(e)(1)). Dish could have acquired the data in discovery and conducted a

similar factual comparison.  The underlying factual information is not barred by Rule 26 or Rule 37.[4]

Dish argues that the Plaintiffs had to produce the specific comparison of this factual information in discovery, not just the existence of the data, in order to avoid the obligation to supplement. The Court disagrees.  Rule 26 only requires disclosure of a description and the location of the information that may be used at trial.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(a)(1)(A)(ii).  The disclosure in discovery that PossibleNOW had directory addresses for residential telephone numbers was a sufficient disclosure of additional information to meet the supplemental disclosure obligations under Rule 26(e).  The Plaintiff States are not barred from using the underlying factual data.

Dish asks for additional time to respond to the April 2015 Analysis.  Dish also asks for the Court to reopen all expert discovery.  The Plaintiff United States and the Plaintiff States object to any delay in the trial date.

The Court has carefully considered the matter and finds that in the interests of justice, Dish must be given some additional time

---

[4] The Court is not deciding any evidentiary issues related to the admissibility of the underlying factual data at trial.  The Court is only deciding that the factual evidence is not barred under the discovery rules.

to respond to the expert opinions in the April 2015 Analysis, but the Court will not reopen expert discovery for any other purpose. These opinions may only be used, if at all, in rebuttal. This narrow use does not warrant reopening expert discovery for any other purpose.

The Court, therefore, gives Dish until June 15, 2015, to depose Dr. Yoeli and Stauffer and until July 15, 2015, to provide the Plaintiffs with a written response, including the disclosure of any additional expert opinions. The scope of this discovery is limited to the opinions set forth in the April 2015 Analysis. The Plaintiffs will have until August 1, 2015, to depose Dish's expert who rendered opinions disclosed in its response.

This extension will force a continuance of the trial and other deadlines. The Court grants this extension over the Plaintiffs' objection to this change. The interests of justice require a small extension. The pretrial order is due September 1, 2015; motions in limine are due September 1, 2015; responses to motions in limine are due September 15, 2015. The Final Pretrial Conference set for June 1, 2015, is vacated and reset for September 28, 2015 at 1:30

p.m.  The Bench Trial set for July 21, 2015, is canceled and reset for October 6, 2015, at 9:00 a.m.

Last, Dish asks for costs and expenses.  The Court has discretion to award costs and fees for motions brought under Rule 37(c).  Fed. R. Civ. P. 37(c)(1)(A).  The Court, in its discretion, determines that no fees or expenses are warranted.  The Court has not barred any evidence.  The Court has determined that, depending on Dish's evidence at trial, the April 2015 Analysis may be used in rebuttal.  Therefore, Dish should incur any costs and expenses to prepare a response.  The Court, in its discretion, determines that Dish is not entitled to an award of expenses or fees.

## CONCLUSION

**THEREFORE Plaintiff States of California, Illinois, North Carolina, and Ohio's Motion in Limine Regarding Admission of Supplement Under Rule 26(e) (d/e 489), and Defendant Dish Network, LLC's (Dish) Cross-Motion to Strike Plaintiff's Post-Discovery Expert Disclosures, Preclude the Use of Any Related Evidence at Trial, and for Cost and Attorneys' Fees (d/e 491) are ALLOWED in part and DENIED in part.  The schedule of this proceeding is amended as follows. Defendant is given until**

June 15, 2015, to depose Dr. Erez Yoeli and Richard Stauffer and until July 15, 2015, to provide the Plaintiffs with a written response, including the disclosure of any additional expert opinions.  The scope of this discovery is limited to the opinions set forth in the April 2015 Analysis discussed in this Opinion. The Plaintiffs have until August 1, 2015, to depose Dish's expert who rendered opinions disclosed in its response.  The pretrial order is due September 1, 2015; motions in limine are due September 1, 2015; responses to motions in limine are due September 15, 2015.  The Final Pretrial Conference set for June 1, 2015, is vacated and reset for September 28, 2015 at 1:30 p.m.  The Bench Trial set for July 21, 2015, is canceled and reset for October 6, 2015, at 9:00 a.m.

Enter: May 13, 2015


_____/s Sue E. Myerscough_____
UNITED STATES DISTRICT JUDGE