IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 09-3073 |
| DISH NETWORK, LLC, ) ) | |
| Defendant, ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on Defendant Dish Network, L.L.C's (Dish) Expedited Motion to Preclude New Expert Opinions and to Compel the Production of Materials Related to Plaintiffs' April 2015 Analysis (d/e 500) (Motion 500). Oral argument is not necessary since the parties have thoroughly briefed the matter. Dish's request for oral argument is denied.

Dish asks the Court to compel compliance with subpoenas served on Dr. Erez Yoeli and Rick Stauffer. This Court already explained that it would not compel compliance with subpoenas

because such motions must be filed in the district where compliance is required.  <u>Text Order entered June 29, 2015</u>; Fed. R. Civ. P. 45(d)(2)(B)(i).  In this case, compliance was required in Montana and Georgia.  <u>See</u> <u>Declaration of Elyse D. Echtman dated June 24, 2015 (d/e 502) (Echtman Declaration 502)</u>, Exhibit C, <u>Subpoena addressed to Rick Stauffer</u>; and Exhibit G, <u>Subpoena addressed to Dr. Erez Yoeli</u>.  Dish must seek compliance in appropriate District Courts in those States.

Dish also asks the Court to bar information disclosed by the Plaintiffs in June 2015.  For the reasons set forth below, the Motion 500 is ALLOWED in part and DENIED in part.

## BACKGROUND

Dish seeks to bar information that relates to the claims of Plaintiff States of California, Illinois, North Carolina, and Ohio (Plaintiff States) against Dish.  The Plaintiffs alleged that Dish made millions of illegal telemarketing calls in violation of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6105 (Telemarketing Act); the Federal Trade Commission Act, 15 U.S.C. § 45 (FTC Act); the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA); the Federal Trade Commission (FTC)

regulation entitled the Telemarketing Sales Rule promulgated under the Telemarketing Act and the FTC Act, 16 C.F.R. Part 310 (TSR); the Federal Communications Commission (FCC) regulation promulgated under the TCPA, 47 C.F.C. § 64.1200 (FCC Rule); and the laws of each Plaintiff State.  <u>Second Amended Complaint and Demand for Jury Trial (d/e 257) (Second Amended Complaint)</u>, Counts I through XII.

On December 11, 2014, the Court entered partial summary judgment.  <u>Opinion entered December 11, 2014 (d/e 445) (Opinion 445)</u>, at 231-38.  The Court found that Dish was liable for making over 50,000,000 calls in violation of the TSR, Telemarketing Act, and the FTC Act.  The Court found Dish engaged in a pattern or practice of making telemarketing calls nationally to residential telephone subscribers (including subscribers in the Plaintiff States) that violated the TCPA and FCC Rule, as well as certain state laws, but issues of fact remained regarding the number of violations.  In particular, the Court found that one issue of fact existed concerning whether telephone area codes were sufficient to prove the residency of the call recipients.  <u>Opinion 445</u>, at 210-02, 204-07, 234-37.  <u>See</u>

Opinion entered May 13, 2015 (d/e 499) (Opinion 499), at 1-11 for a detailed summary of the relevant issues regarding area codes.

On April 16, 2015, Plaintiff States' counsel sent a letter (April 16 Letter) to Defense counsel disclosing a new analysis of call record data by the Plaintiffs' expert Dr. Erez Yoeli, Ph.D. (April 2015 Analysis). The April 16 Letter also summarized information collected from databases of PossibleNOW, Inc. (PossibleNOW), that provided part of the basis for the April 2015 Analysis.[1] Dr. Yoeli collected samples from the records of the calls which the Court found violated the TSR, Telemarketing Act, and the FTC Act.[2] Dr. Yoeli provided the sample call records to Richard Stauffer (a/k/a Rick Stauffer) at PossibleNOW. The PossibleNOW databases contained telephone directories for prior years, including residential telephone directories. Stauffer and his staff at PossibleNOW

---

[1] PossibleNOW is involved in the telemarketing regulation industry and has provided services to both sides of this case:

> PossibleNOW maintains current and historical databases that contain directory information about telephone numbers and about numbers on the [National Do-Not-Call] Registry. Both sides in this case have used PossibleNOW's services. [Dish's expert witness John] Taylor and [Plaintiffs' consultant Richard] Stauffer both work for PossibleNOW. PossibleNOW is the subcontractor that maintains the National Do-Not-Call Registry for the FTC. Dish also employs PossibleNOW to assist it in complying with state and federal do-not-call telemarketing laws and regulations. See Opinion 445, at 71-73, 141-43.

Opinion 499, at 5

[2] Dr. Yoeli also collected a sample of calls from a set of 2,386,386 calls for which the Court, on reconsideration, vacated partial summary judgment because issues of fact existed on the question of liability. Opinion entered February 17, 2015 (d/e 478), at 10-11.

identified the telephone numbers in Dr. Yoeli's sets of call records that were listed on landline residential telephone directories on the dates of the calls and then collected the addresses listed for those telephone numbers in the same telephone directories. Stauffer and his staff also identified the telephone numbers in the samples that were listed in the PossibleNOW databases as business or wireless numbers. Some numbers could not be identified by type in the databases. April 16 Letter, attached Declaration of Rick Stauffer dated March 25, 2015, at 6-17.

Of the 29,082 identified landline telephone numbers listed in national residential directories on the relevant dates of the calls, 29,042 of the listed addresses for those numbers were in the same states to which the area codes were assigned. April 16 Letter, at 3; see Opinion 499, at 11-13 for a summary of the April 2015 Analysis and the information collected from PossibleNOW databases.

Dr. Yoeli analyzed the information collected by the PossibleNOW databases. Dr. Yoeli defined the term "Identified Calls" as the calls that could be identified as calls to residential landlines, business numbers, or wireless numbers. Dr. Yoeli then determined the percentage of all sample calls in each Plaintiff State

that were made to residential landline telephone numbers in that State and the percentage of Identified Calls in each Plaintiff State that were made to residential landline telephone numbers in that State.  April 16 Letter, at 2-3.

The Plaintiff States moved to allow the use of the April 2015 Analysis at trial as a supplement of Dr. Yoeli's previous expert opinions and also to allow the use of the underlying factual information.  State Plaintiffs' Motion in Limine Regarding Admission of Supplementation Under Rule 26(e) (d/e 489) (Motion 489).  Dish moved to strike the April 2015 Analysis, "(and the new factual data upon which they are premised)." Defendant Dish Network L.L.C.'s Cross-Motion to Strike State Plaintiffs' Post-discovery Expert Disclosures, Preclude the Use of any Related Evidence at Trial, and for Costs and Attorneys' Fees (d/e 491) (Motion 491), attached Defendant Dish Network L.L.C.'s Memorandum of Law in Opposition to State Plaintiffs' Motion *in Limine* and in Support of Dish's Expedited Cross-Motion to Strike State Plaintiffs' Post-discovery Expert Disclosures, Preclude the Use of any Related Evidence at Trial, and for Costs and Attorneys' Fees (Dish Memorandum 491), at 16.  Motions 489 and 491 were allowed in

part and denied in part. The Court held that the April 2015 Analysis was a new, untimely expert opinion that could not be used in the Plaintiffs' case in chief. The Court determined that the April 2015 Analysis, however, may be appropriate rebuttal depending on the evidence presented by Dish. Opinion 499, at 13-18. The Court determined that the existence of the underlying factual data in the PossibleNOW databases was adequately disclosed in discovery, so the factual data itself would not be barred under the discovery rules. Opinion 499, at 18-21.

The Court gave Dish some additional time to conduct limited discovery on the April 2015 Analysis. The Court gave Dish until June 15, 2015 to depose Dr. Yoeli and Stauffer, and until July 15, 2015 to provide Plaintiffs with any written response, including the disclosure of any additional expert opinions. The Court gave the Plaintiffs until August 1, 2015, to depose any additional Dish expert witnesses. Opinion 499, at 21.

Dish deposed Stauffer on June 10, 2015. Stauffer testified that he determined that PossibleNOW made a mistake in collecting the data supplied to Dr. Yoeli. Stauffer stated that the number of calls identified as calls to landline numbers listed in residential

telephone directories may have included some calls to disconnected or inactive telephone numbers. Stauffer testified that this error led to a "5 percent overstatement of identifiable residential numbers." Echtman Declaration 502, accompanying excerpts of Deposition of Richard Stauffer (d/e 510), at 35-36. At the time of the deposition, Stauffer's staff was revising the data collection to correct this error. On June 14, 2015, Plaintiffs' counsel sent Defense counsel Stauffer's revised data compilation. Echtman Declaration 502, Exhibits F, Email dated June 14, 2015.

Dish deposed Dr. Yoeli on June 15, 2015. At that time Dr. Yoeli provided a revised analysis (June 2015 Analysis) of calls to residential subscribers in the Plaintiff States, based on the revised data from PossibleNOW. Plaintiffs' Opposition to Dish Network, LLC's Motion to Preclude, attached excerpts of Deposition of Dr. Yoeli dated June 15, 2015, at 140-42.

## ANALYSIS

Dish now asks the Court to bar the use of the June 2015 Analysis and the underlying data at trial. The June 2015 Analysis is untimely for the same reasons as the April 2015 Analysis. See Opinion 499, at 13-18. The June 2015 Analysis may not be used in

the Plaintiffs' case in chief for the same reasons. The Plaintiffs may not present Dr. Yoeli's expert testimony in the Plaintiffs' case in chief about either the April 2015 Analysis or the June 2015 Analysis, including testimony about the sampling process he used to collect the sample call sets, his analysis of the data from the PossibleNOW databases, and his opinions regarding any correlation between area codes and residency based on the data collected from PossibleNOW databases.

The Plaintiffs may be substantially justified in presenting the June 2015 Analysis in rebuttal, depending on what Dish presents in its case in chief regarding area codes and residency. Dish's expert has made seemingly inconsistent statements about the applicability of area codes to determine residency. Until Dish presents its case, the Court and the Plaintiffs do not know what to expect from Dish's expert. Depending on what Dish presents, the Court, in its discretion, may allow Plaintiffs to present the June 2015 Analysis in rebuttal. See Opinion 499, at 13-18.

The revised data collected from PossibleNOW databases will not be barred under the discovery rules for the same reasons as the data underlying the April 2015 Analysis. The existence of the

factual information in the PossibleNOW databases was adequately disclosed in discovery, and so, the factual information from those databases will not be barred by the discovery rules.  See Opinion 499, at 18-21; Fed. R. Civ. P. 26(e)(1)(A) (supplemental disclosure under Rule 26(a) is not required when the information has been made known to the other parties during discovery).

Any prejudice to Dish from the delay in disclosure of the June 2015 Analysis has been alleviated because the Court limited its use, if at all, to rebuttal, and because the Court gave Dish additional time to prepare any response.  The Court provided Dish with an additional two months, until September 15, 2015, to provide any written response, including the disclosure of any additional expert opinions.  Text Order entered June 29, 2015.  The additional time alleviates any prejudice from any delay in the disclosure of evidence that might be used in rebuttal only, if at all.

Dish argues that data collected from the PossibleNOW databases is not factual evidence, but untimely expert testimony.  Dish did not argue in support of its Motion 491 that data collected from the PossibleNOW databases was expert testimony.  See Dish Memorandum 491, at 15-16.  Dish only argued that the content of

the PossibleNOW databases had not been properly disclosed in discovery, and so, the data collected from those databases after discovery closed should be barred.  Id.  The Court did not discuss whether the data collection was factual evidence in Opinion 499 because the parties did not dispute the matter.

The Court disagrees with Dish's current position that the data collected from PossibleNOW databases at issue in Motion 500 constitutes expert testimony.  Expert testimony consists of testimony in which a witness' scientific, technical, or specialized knowledge will help the trier of fact to understand the evidence. See Fed. R. Evid. 701(c) and 702(a).  The existence of a telephone number on a national residential telephone directory on a given date is a fact generally understood by the lay public without the help of an expert's specialized knowledge.  The existence of an address for the same telephone number on the same date in the same national telephone directory is a fact generally understood by the lay public without the help of an expert's specialized knowledge.  Thus, the factual information collected by Stauffer from PossibleNOW databases is information generally understood by the lay public and is not expert testimony.  See United States v. Little,

2005 WL 2334711, at *6 (E.D. Cal. September 23, 2005) (witness who collected and summarized data from IRS computer data bases was not presenting expert testimony). The expert discovery rules do not apply. See Fed. R. Civ. P. 26(a)(2)(A).

Dish cited one case to support its current argument. United States v. Kavalchuk, 2011 WL 5080314 (D. N.H. October 21, 2011). The Kavalchuk case concerned a forensic examination of computers and computer hard drives. Id., at *1. Here, Stauffer did not conduct a forensic examination. He and his staff collected addresses for landline telephone numbers from national telephone directories. The information collected was factual information that is generally understood by the lay public without the help of an expert's specialized knowledge. The information is not expert testimony.

The Plaintiffs disclosed in discovery that PossibleNOW databases contained telephone directories with addresses. See Opinion 499, at 6, 18-20 (citing Plaintiffs' Summary Judgment Exhibits (d/e 380), PX 356, Richard Stauffer Deposition, dated November 28, 2012, at 353.). The disclosed data contained in those

databases are not barred by the discovery rules.  See Opinion 499, at 18-20.

The Court, again, is not deciding any evidentiary questions regarding the foundation and admissibility of these data, only that the data are not barred by the discovery rules.  See Opinion 499, at 20, n. 4.  The evidentiary issues have not been presented by the parties, and the Court makes no comment on such matters.

Dish raises for the first time in its reply a claim that the Plaintiffs acted in bad faith.  Defendant Dish Network L.L.C's Reply Memorandum of Law in Further Support of its Motion to Preclude New Expert Opinions (d/e 512), at 5-8.  Dish gives no reason why it failed to raise its claim of bad faith in the Motion.  Raising new matters in a reply is improper.  See e.g., United States v. Hughes, 970 F.2d 227, 235 n. 6 (7th Cir. 1992); Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc., 235 F.R.D. 435, 436 (N.D. Ill. 2006).  The Court further sees no bad faith in making

revisions to correct an error in data collection.  The Court will not consider Dish's improperly raised claim of bad faith.

## CONCLUSION

**THEREFORE, Defendant Dish Network, L.L.C's Expedited Motion to Preclude New Expert Opinions and to Compel the Production of Materials Related to Plaintiffs' April 2015 Analysis (d/e 500) is ALLOWED in part and DENIED in part.**

**Enter: August 4, 2015**

                                       **/s Sue E. Myerscough**
                              **UNITED STATES DISTRICT JUDGE**