UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATES OF CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO,<br><br>Plaintiffs,<br>v.<br><br>DISH NETWORK, LLC,<br><br>Defendant. | Case No. 3:09-cv-03073-SEM-TSH<br><br>**PLAINTIFFS' MOTION IN LIMINE TO ADMIT INTO EVIDENCE EXHIBITS PRODUCED BY DISH** |

To save time during the December 7, 2015 Final Pretrial Conference and during trial, Plaintiffs move *in limine* to admit into evidence the Plaintiffs' Exhibits listed in Attachments A and B, all of which are documents produced by Dish. The relevance and authenticity of these exhibits are not in question. Proposed Plaintiffs' exhibits numbered PX0001-PX0432 were offered in support of summary judgment, and all exhibits from PX0433 are new.[1] Late on November 2, 2015, Dish sent Plaintiffs two versions of a list of Plaintiffs' proposed trial exhibits of fact to which Dish agreed to stipulate as to admissibility, and Plaintiffs have tried to exclude these stipulated exhibits from Attachments A and B. Plaintiffs reserve the right to supplement this list with additional exhibits if the need arises.

This motion asks the Court to admit into evidence the Plaintiffs' Exhibits listed in Attachment A, based on Opinion 445's ruling that that all of Plaintiffs' summary judgment

---

[1] Plaintiffs are filing a separate motion *in limine* today to admit into evidence all of Plaintiffs' summary judgment exhibits that Opinion 445 found were admissible, as well as to enter into the trial record certain of Plaintiffs' proposed material facts and conclusions of law that reflect factual and legal findings from Opinion 445.

exhibits documents that were produced by Dish are authentic and admissible as non-hearsay statements of a party opponent under Fed. R. Evid. 802(d)(2)(D).  (Opinion 445 at 41).

The exhibits listed in Attachment B were also produced by Dish and reflect statements by consumers and other third parties who were not Dish employees or agents.  Plaintiffs seek to offer the statements in these exhibits into evidence for the non-hearsay purposes of showing that the statements were made and that Dish had notice of them.

### BACKGROUND

In response to Plaintiffs' discovery requests and Court orders in this case, as well as to Civil Investigative Demands ("CIDs") issued by the Federal Trade Commission ("FTC") during its 2005-2009 investigation of Dish, Dish produced all of the proposed exhibits listed in Attachments A and B.  Declaration of Grace Garner, ¶ 3 (Attachment C).  Proposed exhibits with a Bates prefix starting with "FTC305" or "FTC 306" are documents that Dish produced to FTC during the 2005-2009 investigation; proposed exhibits with a Bates prefix starting with "DISH" are documents Dish produced to Plaintiffs during this litigation.  *Id.* ¶ 4. Proposed exhibits with Bates prefixes starting with "DEFENDER," or "JSR" are documents that originated from Dish but that Plaintiffs obtained in discovery from Dish retailers Defender Direct and JSR Enterprises' former principal, Richard Goodale.  *Id.*

The proposed exhibits in Attachment A reflect statements by Dish employees or agents (including Dish vendors and Dish retailers) made in the course of their work for Dish.  These exhibits include call record files produced by Dish for its own calls during the October 2003-March 2007, dozens of Dish and retailer emails and letters, as well as Dish presentations and communications relevant to the issues in this case.  *See generally* Attachment A.  The proposed

exhibits in Attachment B include communications with Dish by consumers or other third parties not affiliated with Dish.

## ARGUMENT

This motion seeks a ruling establishing the authenticity of and admitting all of Plaintiffs' proposed exhibits that fall into two categories: (1) documents containing statements by Dish employees or agents made during the scope of their work for Dish (Attachment A), as statements of a party-opponent; and (2) documents containing statements by third-parties, including consumers and regulators (Attachment B), for the non-hearsay purpose of proving that the statements were made or that they put Dish on notice.

### A. DISH DOES NOT CONTEST AUTHENTICITY OF ITS DOCUMENTS

All of the proposed exhibits in Attachments A and B that were created and maintained by Dish and produced by Dish to Plaintiffs are authentic. (d/e 445 at 41-42). Authentication "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). Dish provided its proposed exhibit objections to Plaintiffs today, November 2, 2015, and Dish does not appear to challenge the authenticity of any Dish-produced document. See Draft Final Pretrial Order Exs. J, K, L.

### B. THE PROPOSED EXHIBITS IN ATTACHMENTS A AND B ARE RELEVANT

All of the proposed exhibits in Attachments A and B are relevant to the claims that Plaintiffs must prove at trial. Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence," and it is "of consequence in determining the action." Fed. R. Evid. 401. Evidence that does not meet both criteria is inadmissible. Fed. R. Evid. 402. By producing these documents in response to Plaintiffs' and the FTC's requests, Dish effectively conceded that they are relevant to this case.

3

The tables in the Attachments A and B include a brief description of each exhibit Plaintiffs move to admit into evidence. These documents include, for example, call records containing the violative telemarketing calls made by Dish and its retailers from 2003-2007 for which Plaintiffs assert Dish is liable (*see, e.g.,* Attachment A (PX0434, PX0435, PX0771-PX0896); documents showing Dish's knowledge and awareness of the telemarketing laws (Attachment B (PX0052, PX0441, PX0538, PX1078; and emails and letters reflecting Dish's communications with its retailers (Attachment A (PX0458, PX0514, PX0532). These exhibits are relevant to, *inter alia*, the number of telemarketing calls made or caused by Dish that violate the various federal and state statutes here; whether civil penalties are appropriate under the TSR; and whether some or all of Dish's retailers are its agents. Such exhibits tend to increase the evidentiary basis for the Court to determine whether Dish—through either its own calls or those by its retailers—committed millions of violations of the TSR, TCPA, and state statutes at issue in this case; whether Dish should be held liable for payment of civil penalties (and the amount of those penalties); and whether Dish's retailers were its agents for purposes of the TCPA and state law claims.[2]

    **C.    THE PROPOSED EXHIBITS IN ATTACHMENT A ARE ADMISSIBLE AS STATEMENTS OF A PARTY OPPONENT**

The exhibits listed in Attachment A were produced by Dish and are admissible against Dish as non-hearsay under Federal Rule of Evidence 801(d)(2), because they contain statements of a party opponent.[3] Rule 801(d)(2) provides that an opposing party's statement is non-hearsay

---

[2] If the Court prefers that Plaintiffs establish the relevance of each individual exhibit, Plaintiffs seek leave to file a supplemental motion that sets forth these points this after the November 2, 2015 motion in limine deadline.

[3] Many of Plaintiffs' exhibits that qualify as non-hearsay under Rule 801(d)(2)(D) would also be admissible non-hearsay under another provision of the rules. For example, PX1249 is a letter

if, *inter alia,* it "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."

At summary judgment, the Court embraced this reading of Rule 801(d)(2), finding that it could consider the statements from documents produced by Dish as non-hearsay statements of the party opponent: "A statement made by an employee or agent of Dish within the scope of the employment or agency relationship is not hearsay, but a statement of Dish as a party opponent. Fed. R. Evid. 801(d)(2)(D). Such non-hearsay statements do not require further foundation evidence." (Opinion 445 (d/e 445, at 41-42 (citing *Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 761 (7th Cir. 2003)); *see also WRR Envtl. Servs., Inc. v. Admiral Ins. Co.*, No. 10-C-843, 2012 WL 3904364, at *2 n.3 (E.D. Wis. Sept. 7, 2012); *Architectural Iron Workers Local No. 63 Welfare Fund v. United Contractors, Inc.*, 46 F. Supp. 2d 769, 772 (N.D. Ill. 1999).

The Court's prior evidentiary ruling as to the authenticity and admissibility of such documents is the law of the case, and controls unless there good reason for departing from it. *Kathrein v. City of Evanston, Ill.*, 752 F.3d 680, 685 (7th Cir. 2014) (quoting *Tice v. Am. Airlines, Inc.*, 373 F.3d 851, 853 (7th Cir. 2004)); *Universal Guar. Life Ins. Co. v. Coughlin*, 481 F.3d 458, 462 (7th Cir. 2007). No such reason exists here, nor has there been any manifest error or a change in the law to warrant the Court reexamining its prior determination that documents created and produced by Dish proposed exhibits are authentic and admissible as non-hearsay. *See Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

As to proposed exhibits that reflect statements by Dish's retailers, those documents also come in as non-hearsay under Fed. R. Evid. 801(d)(2)(D). (*See, e.g.,* PX0458, PX0514, PX0532,

---

made by Dish counsel or employees for the purpose of this litigation and are thus non-hearsay under Fed. R. Evid. 801(d)(2)(C) as statements by a person whom Dish authorized to make a statement on the subject.

5

PX 1065, PX1117). Fed. R. Evid. 801(d)(2)(D) expressly provides that statements made by a party's "agent or . . . on a matter within the scope of that relationship and while it existed" are not hearsay. Here, the retailer statements that Plaintiffs seek to admit against Dish were made by individual Dish retailers in the course of their relationship with Dish. (*See, e.g.,* PX 0458 (emails between Mike Trimarco and Reji Musso about Dish Pronto's telemarketing violations); PX1065 (notes on Satellite Systems Network's conversations with Dish about telemarketing violations). Although an issue for trial remains as to whether Dish's retailers were its agents such that Dish is liable for the retailers' illegal conduct under an agency law theory, the existence of the agency relationship need not be proven for the statement to be admitted as non-hearsay and considered. Fed. R. Civ. P. 801(d)(2) ("The statement must be considered but does not by itself establish . . . the existence or scope of the [agency] relationship under (D). . . "). Thus these statements by Dish retailers in Attachment A are also admissible.

      The proposed exhibits in Attachment A are non-hearsay statements by Dish employees and agents, and Plaintiffs respectfully request that the Court admit them into the trial evidence.

      **D.    THE PROPOSED EXHIBITS IN ATTACHMENT B ARE ADMISSIBLE FOR NON-HEARSAY PURPOSES**

      Attachment B lists Plaintiffs' proposed exhibits that Dish produced and that contain statements by third-parties, such as consumers or regulators, Plaintiffs offer these exhibits not for the truth of the statements they contain, but for the fact that the statements were made or that Dish was on notice of their content. Documents may be admissible for such non-hearsay purposes. "If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." Fed. R. Evid. 801(c) Advisory Committee's Notes (1972); *see also* Fed. R. Evid. 801(c)(2) (defining hearsay as an out of court statement offered "to prove the truth of the matter asserted in the

statement"); *Vulcan Golf, LLC v. Google Inc.*, 726 F. Supp. 2d 911, 915 (N.D. Ill. 2010) (documents offered to demonstrate what the parties agreed to were admissible); *see also Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 468 (7th Cir. 2008) (letter from plaintiff's lawyer to defendant offered to show notice was admissible); *Walker v. Alcoa, Inc.*, No. 4:06-CV-120-JVB, 2008 WL 2356997, at *5 (N.D. Ind. June 9, 2008) (declaration by defendant's employee admissible to show the effect of third parties' statements on the the defendant employer); *Marrese v. Am. Acad. of Orthopaedic Surgeons*, No. 80 C 1405, 1991 WL 5827, at *3 (N.D. Ill. Jan. 15, 1991), *aff'd*, 977 F.2d 585 (7th Cir. 1992) (evaluations by third parties were admissible to show the effect of the commentary on defendant's Board or to show that the adverse comments were made).

Because the proposed exhibits listed in Exhibit B are offered for non-hearsay purposes, Plaintiffs respectfully request that the Court admit them into the trial evidence.

## **CONCLUSION**

Based on the foregoing, the authenticity of the documents in Attachments A and B is not contested, and the documents are admissible either as non-hearsay statements of a party opponent or for a non-hearsay purpose. Plaintiffs respectfully request that the Court admit into evidence all of the proposed exhibits in these attachments.

Dated: November 2, 2015                                        Respectfully,

OF COUNSEL:                                                     FOR THE UNITED STATES:

LOIS C. GREISMAN                                                BENJAMIN C. MISER
Associate Director for Marketing Practices                      Principal Deputy Assistant Attorney General
                                                                JONATHAN F. OLIN
WILLIAM MAXSON                                                  Deputy Assistant Attorney General
Assistant Director, Marketing Practices
                                                                MICHAEL S. BLUME, Director
RUSSELL DEITCH
GARY IVENS                                                          /s/  Patrick R. Runkle
Attorneys                                                       LISA K. HSIAO
Federal Trade Commission                                        PATRICK R. RUNKLE
600 Pennsylvania Ave. NW, Room 288                              SANG H. LEE
Washington, DC  20580                                           Trial Attorneys
Telephone: 202-326-2585 (Deitch),                               Consumer Protection Branch
202-326-2330 (Ivens)                                            U.S. Department of Justice
Fax: 202-326-3395                                               PO Box 386
                                                                Washington, DC  20044-0386
                                                                Telephone: 202-532-4892 (Hsiao)
                                                                202-532-4723 (Runkle)
                                                                202-532-4793 (Lee)
                                                                Fax: 202-514-8742
                                                                Lisa.K.Hsiao@usdoj.gov
                                                                Patrick.R.Runkle@usdoj.gov
                                                                Sang.H.Lee@usdoj.gov

                                                                GREG GILMORE
                                                                Assistant U.S. Attorney
                                                                U.S. Attorney's Office for C.D. Ill.
                                                                318 S. 6th St.
                                                                Springfield, IL  62701-1806
                                                                Telephone: 217-492-4450
                                                                Fax: 217-492-4512
                                                                Greg.Gilmore@usdoj.gov

FOR THE PEOPLE OF THE STATE OF CALIFORNIA

KAMALA D. HARRIS
Attorney General of the State of California
JINSOOK OHTA
JON WORM
Deputy Attorney General
Consumer Law Section
Office of the Attorney General
110 W. "A" Street, Suite 1100
San Diego, CA 92101-3702
Telephone: 619-645-2089
Fax: 619-645-2062
jinsook.ohta@doj.ca.gov
Jon.worm@doj.ca.gov

FOR THE PEOPLE OF THE STATE OF ILLINOIS

LISA MADIGAN
Attorney General of Illinois
ELIZABETH BLACKSTON
Assistant Attorney General; Chief, Consumer Fraud Bureau

PHILIP HEIMLICH
PAUL A. ISAAC
Assistant Attorney General
Consumer Fraud Bureau
500 South Second St.
Springfield, IL 62706
Telephone: 217-782-4436
Fax: 217-782-1097
pheimlich@atg.state.il.us
pisaac@atg.state.il.us

FOR THE STATE OF OHIO

MIKE DEWINE
Attorney General of Ohio
ERIN B. LEAHY
JEFFREY LOESER
Assistant Attorneys General
Consumer Protection Section
Ohio Attorney General's Office
30 E. Broad St., 14th Floor
Columbus, OH 43215-3414
Telephone: 614-466-3980 (Ziegler)
           614-752-4730 (Leahy)
Fax: 866-768-2648
Erin.Leahy@ohioattorneygeneral.gov
Jeffrey.Loeser@ohioattorneygeneral.gov

FOR THE STATE OF NORTH CAROLINA

ROY COOPER
Attorney General of North Carolina
DAVID KIRKMAN
Assistant Attorney General
Office of the Attorney General
114 W. Edenton St.
Raleigh, NC 27699-9001
Telephone: 919-716-6000
Fax: 919-716-6050
dkirkman@ncdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy the foregoing Plaintiffs' Motion in Limine was served via ECF this 2d day of November 2015, upon each of the persons listed below:

>Peter Bicks
>Elyse Echtman
>John Ewald
>pbicks@orrick.com
>eechtman@orrick.com
>jewald@orrick.com
>
>Joseph A. Boyle
>jboyle@kelleydrye.com
>
>Counsel for Dish Network, LLC

>s/ Patrick R. Runkle
>PATRICK R. RUNKLE