IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>and the STATES OF CALIFORNIA, )<br>ILLINOIS, NORTH CAROLINA, )<br>and OHIO, )<br>)<br>Plaintiff, )<br>)<br>v.                             )<br>)<br>DISH NETWORK, L.L.C., )<br>)<br>Defendant.                 ) | No. 09-3073 |

## OPINION

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

This matter comes before the Court on Plaintiffs' Motion in Limine to Preclude Argument or Evidence Regarding Registry Hygiene or Composition (d/e 531) (Motion).  For the reasons set forth below, the Motion is DENIED.

Defendant Dish Network, LLC (Dish), intends to present evidence concerning the composition of the telephone numbers registered on the National Do Not Call Registry (Registry), and the

operation of the Registry.  Proposed Pretrial Order, Exhibit D, Dish Network L.L.C.'s Proposed Findings of Fact, at 36-38 ¶¶145-57.  The Plaintiffs ask the Court to bar in limine this evidence or argument related to this evidence.  The Plaintiffs seek to bar this evidence in limine because the evidence is irrelevant and confusing.  Motion, at 2.

The Court will not bar the evidence in limine on relevance grounds.  Evidence is relevant if it has a tendency to make a fact more or less probable and the fact is of consequence.  Fed. R. Evid. 401.  To bar the evidence of relevance grounds, the Plaintiffs must show "that the evidence is inadmissible for any relevant ground." Sallenger v. City of Springfield, 2007 WL 2683791, at *1 (C.D. Ill. September 4, 2007).

In this case, the composition of the telephone numbers on the Registry is relevant to Count V at least.  Count V alleges violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the Federal Communications Commission Rule (FCC Rule) promulgated thereunder, 47 C.F.R. § 12.6400.  Third Amended Complaint and Demand for Jury Trial (d/e 483) (Complaint), Count

V.  The applicable portions of the TCPA and the FCC Rule bar calls to residential telephone subscribers whose telephone numbers are on the Registry.  See <u>Opinion entered December 12, 2014 (d/e 445)</u>, at 202.  The types of numbers on the Registry (e.g., residential landlines, Voice over Internet Protocol (VoIP), wireless) may be relevant to determining whether telemarketing calls were directed to residential telephone subscribers.  At this point, the Court will not bar the evidence in limine on relevance grounds.

The Plaintiffs also argue that the evidence will be confusing.  The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of confusion.  Fed. R. Evid. 403.  This is a bench trial.  The Court has reviewed the extensive filings in this case and is quite familiar with the legal and factual issues.  The risk that the Court would be confused is minimal.  The Plaintiffs have not shown that this minimal risk outweighs the probative value of the evidence.  The Court will not exclude this evidence under Rule 403.

CONCLUSION

THEREFORE, Plaintiffs' Motion in Limine to Preclude Argument or Evidence Regarding Registry Hygiene or Composition (d/e 531) is DENIED.

Enter: December 7, 2015

_____/s Sue E. Myerscough_____
**UNITED STATES DISTRICT JUDGE**
