IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, </br> and the STATES OF CALIFORNIA, </br> ILLINOIS, NORTH CAROLINA, </br> and OHIO, </br> </br> Plaintiff, </br> </br> v. </br> </br> DISH NETWORK, L.L.C., </br> </br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | </br> </br> </br> </br> </br> </br> </br> No. 09-3073 |

## OPINION

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

This matter comes before the Court on Plaintiffs' Motion in Limine to Preclude Certain Evidence of Settlements (d/e 532) (Motion). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

The Plaintiff United States seeks civil penalties from Defendant Dish Network, LLC (Dish), for alleged knowing violations of the Telephone Sales Rule (TSR), 16 C.F.R. Part 310, as amended. See Pretrial Order (d/e 564), at 4. The Federal Trade Commission (FTC) promulgated the TSR pursuant to the Telemarketing Fraud and

Abuse Prevention Act (Telemarketing Act). 15 U.S.C. § 6102. A violation of the TSR is treated as an unfair and deceptive act or practice in violation of a rule promulgated under the Federal Trade Commission Act (FTC Act). 15 U.S.C. §§ 57a and 6102(c)(1). Section 5(m) of the FTC Act, 15 U.S.C. § 45(m), authorizes civil penalties "against any person, partnership, or corporation which violates any rule under this chapter respecting unfair or deceptive acts or practices . . . with actual knowledge or knowledge fairly implied on the basis of objective circumstances that such act is unfair or deceptive and is prohibited by such rule." 15 U.S.C. § 45(m)(1)(A).

In determining the appropriate amount of penalties, the Court must, "take into account the degree of culpability, any history of prior such conduct, ability to pay, effect on ability to continue to do business, and such other matters as justice may require." 15 U.S.C. § 45(m)(1)(C). The FTC authorized the Attorney General to bring this action against Dish for violations of the TSR. See Third Amended Complaint (d/e 483), at 1-2.

Dish indicates that it plans to submit into evidence stipulated judgments in other cases brought by the FTC or the United States

for violations of the TSR.  See Pretrial Order, Exhibit G, Dish Proposed Conclusions of Law, ¶¶ 119-25.  Dish also intends to submit public statements by the FTC concerning these stipulated judgments.  Id.  The statements and the judgments are collectively referred to herein as the Stipulated Judgments.

The Stipulated Judgments include stipulated judgments against four Dish Retailers:  Star Satellite, LLC; New Edge Satellite; Planet Earth Satellite; and Vision Quest.  The Stipulated Judgments also include a stipulated judgment against a telephone service provider named Guardian Communications.  These five stipulated judgments (Dish-related Stipulated Judgments) were based on telemarketing calls that form part of the basis of the United States' claim against Dish at issue in this case.  See Motion, at 3-5; Defendant Dish Network, L.L.C.'s Opposition to Plaintiffs' Motion in Limine to Preclude Certain evidence of Settlements (d/e 550) (Opposition), at 5-7.

The remainder of the Stipulated Judgments concern telemarketing cases that are unrelated to Dish or the facts of this case (Non-Dish related Stipulated Judgments).  See Motion, at 5-8; Opposition, Appendix A, Chart of Penalties in Other Cases (Chart).

Dish states that the Stipulated Judgments "provide guidance to the Court on appropriate statutory penalties, if any, under the TSR." Opposition, at 4. Dish also states that the Stipulated Judgments are relevant "for gauging proportionality and culpability." Id.

The United States moves to bar this evidence in limine as inadmissible because: (1) the evidence consists of settlement discussions used to prove the amount of a disputed claim; (2) the evidence is irrelevant; (3) the probative value of the evidence is substantially outweighed by the danger of undue delay and wasting time; and (4) Dish improperly attempts to use the evidence "to nullify Congress' judgment about how FTC Act violations should be penalized." Motion, at 3-8 (quotation on p. 8); see Fed. R. Evid. 401, 403 and 408(a).

## ANALYSIS

The parties do not dispute that each of the Stipulated Judgments reflects settlements of the claims in those cases. See Motion, at 2; Opposition, at 10-12. Rule 408 of the Federal Rules of Evidence states, in part, that evidence of accepting a valuable consideration to compromise a claim is inadmissible to prove or disprove the amount of a disputed claim. Fed. R. Evid. 408(a). This

Court must consider the "spirit and purpose" of the policy to exclude settlement evidence when applying Rule 408:

> In deciding whether Rule 408 should be applied to exclude evidence, courts must consider the spirit and purpose of the rule and decide whether the need for the settlement evidence outweighs the potential chilling effect on future settlement negotiations. The balance is especially likely to tip in favor of admitting evidence when the settlement communications at issue arise out of a dispute distinct from the one for which the evidence is being offered.

Zurich Am. Ins. Co. v. Watts Indus., Inc., 417 F.3d 682, 689-90 (7th Cir. 2005) (citations omitted).

The Non-Dish-related Stipulated Judgments all concern disputes that are distinct and unrelated to this case. The admission of that evidence would have little chilling effect on the prospect of future settlement negotiations. See Zurich Am. Ins. Co., 417 F.3d at 689-90; United States v. McCorkle, 1994 WL 329679, at *2 (N.D. Ill. July 7, 1994). The Court will not exclude evidence of the Non-Dish Related Stipulated Judgments under Rule 408.

Settlement discussions in related cases may have more of a chilling effect on the prospect of future settlement negotiations. In Walker v. Walker, 701 F.3d 1110 (7th Cir. 2012), for example, the parties were the same divorcing parents in both the case before the

court and in the related case where the settlement offer was made, and both cases affected custody of their children.  In such situations, a party would be less likely to make statements in a settlement offer in one case if the statement could later be used against him or her in the other case.  Walker, 701 F.3d at 1117.

In Quad/Graphics, Inc. v. Fass, 724 F.2d 1230 (7th Cir. 1983), the plaintiff sought to pierce the corporate veil and impose personal liability on the two individual principals for corporate breaches of contract.  The plaintiff settled with one of the individual defendants.  Quad/Graphics, 724 F.2d at 1231.  In such situations, where liability for damages may be joint and several, a plaintiff would be more reluctant to make an offer in settlement to one defendant for part of the claim if the non-settling defendant could admit the amount of the offer to try to limit his or her liability.  See Id. at 1236.

The claims for civil penalties in this case and in the Dish-related Stipulated Judgments are in many ways distinct and closer to evidence of settlement amounts in unrelated cases.  The Dish-related Stipulated Judgments concern some of the same telemarketing calls as this case, but other factors affecting the

claims for civil penalties in each case are unique.  To recover civil penalties, each defendant must have acted with actual knowledge or knowledge fairly implied to recover civil penalties against that particular defendant.  15 U.S.C. § 45(m)(1)(A).  The proof on this issue could be different for each defendant.  The amount of the penalties in each case would depend on the specific circumstance of each defendant.  The Court would need to consider each defendant's degree of culpability, history of prior conduct, ability to pay, and ability to continue to do business in each case separately in order to determine the appropriate penalty for that particular defendant.  15 U.S.C. § 45(m)(1)(C).  The defendant in each case only would be liable for the civil penalties awarded in that case.[1]  Given that many considerations for imposing civil penalties are unique to each case, the admission of the Dish-related Stipulated Judgments is less likely to chill the prospect of future settlement negotiations.  Zurich Am. Ins. Co., 417 F.3d at 689-90.  The Court, therefore, will not bar the Dish-related Stipulated Judgments in limine under Rule 408.

---

[1] The Court does not address whether joint liability for civil penalties may be appropriate in other cases.

Furthermore, the real issue in a bench trial is whether the Court will give any weight to the evidence.  The Court is aware of the substance of the evidence already.  The Stipulated Judgments and the related FTC statements have been submitted as part of Dish's pretrial submissions.  See Opposition, Appendix A, Table; Pretrial Order, Appendix A, Chart (identifying the Stipulated Judgments by exhibit numbers on the Pretrial Order, Attachment L, Defendant's Exhibit List).  The Seventh Circuit observed in Walker:

> Since this was a trial to the court, the contents of the letter [containing a settlement offer] were very likely to come to the judge's attention anyway; the court had to read the letter in order to determine whether it was admissible.  At that point, the horse was effectively out of the barn.  In any event, the critical question is whether the judge was entitled to give weight to the letter.

Walker, 701 F.3d at 1118.  The Court will reserve ruling at this time whether the spirit and purpose of Rule 408 will ultimately affect the weight, if any, given to the Dish-related Stipulated Judgments.  The Stipulated Judgments, however, will not be barred in limine under Rule 408.

The Plaintiffs also argue that the Stipulated Judgments are irrelevant.  Motion,  See Fed. R. Evid. 401.  The relevance of civil penalty amounts in settlements to the penalties proven in a fully

litigated case may be limited. Dish seeks to present the Stipulated Judgments to show proportionality and culpability. Proportionality is not a statutory factor in § 5(m)(1)(C), although justice or equity may possibly require the Court to consider proportionality. The Stipulated Judgments also may possibly give some insight into culpability, but the probative value may be limited because of the lack of information about the Defendants in the other case.

The relevance of the Stipulated Judgments may also be limited because the amounts may have been reduced by the benefits of avoiding the cost and time delay of litigation. A government agency may be willing at the beginning of a case to accept significantly less than the full amount that it is entitled to recover to secure immediate relief and changes in business practices rather than incur the costs and years of delay that litigation would require. See Winchester Packaging, Inc. v. Mobil Chemical Co., 14 F.3d 316, 320 (7th Cir. 1994) ("[P]arties typically are willing to settle for less than they would demand at trial, in order to avoid the expenses and uncertainty of a full-blown litigation . . . ."); Hudspeth v. C.I.R., 914 1207, 1213 (9th Cir. 1990) (A settlement offer "may be motivated by desire for peace . . . .").

Still, the variances between penalties in the Stipulated Judgments and the penalties sought in this case are quite large, and those variances may have some relevance. The Court, therefore, will not at this point bar the Stipulated Judgments in limine on relevance grounds. The Court, again, will consider the probative value of the evidence at the conclusion of the trial.

The Plaintiffs also argue under Rule 403 that the probative value of the Stipulated Judgments will be outweighed by undue delay and wasting time. The Plaintiffs argue that the case will devolve into mini-trials about the background of each of the Stipulated Judgments. The Court will not allow that to happen. Assuming the Stipulated Judgments are otherwise admissible, Dish may submit them. The lack of background information may be a factor in weighing their probative value, if any, but the Court will not allow mini-trials on such collateral matters. The risk of undue delay or wasting time, therefore, should not be significant.

Finally, the Plaintiffs argue that admission of the Stipulated Judgments will, "nullify Congress' judgment about how FTC Act violations should be penalized." <u>Motion</u>, at 8. The Court sees no nullification. Congress authorized the FTC to enforce the

Telemarketing Act and the FTC Act, including securing civil penalties under FTC Act § 5(m).  The FTC entered into the settlements that resulted in the Stipulated Judgments.  The FTC further issued the public statements about the Stipulated Judgments.  The admission of this evidence may provide some information about the FTC's view of the appropriate amount of civil penalties in settlement of those particular cases in light of Congressional purposes embodied in § 5 of the FTC Act, and in particular §5(m).  The parties can address the probative value of this evidence for determining the amount of civil penalties in this fully litigated case against a different party.   Admission of the Stipulated Judgments, however, will not nullify Congressional intent.  The Court will not bar in limine the admission of the Stipulated Judgments.

## CONCLUSION

**Plaintiffs' Motion in Limine to Preclude Certain Evidence of Settlements (d/e 532) is DENIED.**

**Enter: December 15, 2015**

_____/s Sue E. Myerscough_____
**UNITED STATES DISTRICT JUDGE**