IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK, L.L.C.,<br><br>Defendant. | No. 09-3073 |

## OPINION

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

This matter comes before the Court on Defendant Dish Network L.L.C.'s Motion in Limine to Exclude the May 2008 Letter for Purposes of Proving Dish's Liability or Penalties Related to Telemarketing Violations and Memorandum in Support Thereof (d/e 533) (Motion). For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND

The Plaintiffs allege that Defendant Dish Network, L.L.C. (Dish), violated the Telephone Sales Rule (TSR), 16 C.F.R. Part 310, as amended; the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227; and consumer protection and telemarketing laws of each of the State Plaintiffs.  See Pretrial Order (d/e 564), at 2-3.  The Federal Trade Commission (FTC) authorized the Attorney General to bring the TSR claims against Dish.  See Third Amended Complaint (d/e 483), at 1-2.  The FTC commenced its investigation of Dish's telemarketing practices in 2005.  During the FTC investigation, Dish produced calling records from October 2003 through September 2005, December 2005 through December 2006, and January 2007 through August 2007 (collectively 2003-2007 Call Records).  See Opinion entered December 12, 2014 (d/e 445) (Opinion 445), at 118.

On May 21, 2008, and August 14, 2008, attorney Lewis Rose representing Dish sent letters to an FTC attorney Russell Deitch (2008 Letters).  The 2008 Letters contained an analysis of call records for the months of June through September 2005, and April and October of 2004, 2005, 2006, and 2007 (2008 Analysis).  The

Plaintiffs previously stated that Dish's attorney sent the 2008 Letters during the course of settlement negotiations:

> During settlement negotiations with the FTC in 2008, Dish created and provided detailed analyses of portions of its 2003-2007 call records aimed at showing that it had a low rate of do-not-call violations. Dish sent two analyses: one for calls between June and September 2005, and the other for calls during the Aprils and Octobers of the years 2004-2007. *See* Letter from Rose to Deitch (May 21, 2008) (Ex. 25); Letter from Rose to Deitch (Aug. 14, 2008) (Ex. 26).

Plaintiffs' Third Motion to Compel Discovery Responses (d/e 143) (Motion 143), at 9. In addition, Dish marked the 2008 Letters, "Confidential Settlement Communications Subject to Rule 408." Motion, Exhibit A, May 21, 2008 Letter; Plaintiffs' Supplemental Summary Judgment Exhibits (d/e 380), Exhibit 320, August 14, 2008 Letter.

Dish seeks to bar the admission of the 2008 Letters containing the 2008 Analysis as statements made during compromise negotiations. Fed. R. Evid. 408. The Plaintiffs argue that the 2008 Letters were not covered by Rule 408 because the 2008 Letters were advocacy pieces rather than offers of compromise.

## ANALYSIS

Rule 408 states:

> **(a) Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> > **(1)** furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> > **(2)** conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> **(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408 (emphasis in the original). Rule 408 promotes settlement by encouraging frank discussions during settlements negotiations without fear that the statements would be used against the party later during the proceeding. See Banckard America, Inc. v. Universal Bancard Systems, Inc., 203 F.3d 477, 483 (7th Cir. 2000) ("Because settlement talks might be chilled if such

discussions could later be used as admissions of liability at trial, the rule's purpose is to encourage settlements.").[1]

The Court found at summary judgment that Dish waived the exclusion of the 2008 Analysis under Rule 408. Both parties used the 2008 Analysis to prove or disprove the validity of the Plaintiffs' claims. The Plaintiffs included the 2008 Letters in its summary judgment submission. Plaintiffs Supplemental Summary Judgment Exhibits (d/e 380), PX 319, May 21, 2008 Letter, and PX 320, August 14, 2008 Letter. Dish used 2008 Analysis indirectly by relying on the findings of Magistrate Judge Cudmore in his Opinion entered July 20, 2012 (d/e 165) (Opinion 165). Judge Cudmore stated that the 2003-2007 Call Records included calls that were not telemarketing calls. Opinion 165, at 13. Judge Cudmore based his statement on the 2008 Analysis. Id.; see Opinion 445, at 54-55. Dish used Judge Cudmore's statement based on the 2008 Analysis to dispute the validity of the Plaintiffs' claims. Opinion 445, at 54-

---

[1] Plaintiffs' Motion in Limine to Preclude Certain Evidence of Settlements (d/e 532) concerns admission of statements about settlement amounts in other cases, not statements by the parties to this case during settlements negotiations of the claims in this case. The balancing analysis used in determining whether to admit statements from other cases is not necessary here. See Zurich Am. Ins. Co. v. Watts Indus., Inc., 417 F.3d 682, 689-90 (7th Cir. 2005). The chilling effect that admitting the statement could have on future negotiations requires application of Rule 408 to this circumstance. The chilling effect requires the Court to give no weight to such evidence. See Walker v. Walker, 701 F.3d 1110, 1118 (7th Cir. 2012).

55. The Court denied Dish's request to bar the use of the 2008 Analysis at summary judgment under Rule 408 because both parties used the 2008 Analysis to prove or disprove the validity of the Plaintiffs' claims. The Court held that in such circumstances, Dish waived the right to assert Rule 408 to bar the Plaintiffs' use of the 2008 Analysis. Id., at 55.

The parties now both state that Rule 408 is not waived with respect to the 2008 Analysis. Motion, at 7; Plaintiffs' Opposition to Dish's Motion in Limine to Exclude the May 2008 Letter for Purposes of Proving Dish's Liability or Penalties Related to Telemarketing Violations (d/e 547) (Opposition), at 3, n.3. The parties both rely on a statement in the Advisory Committee Notes that a party may not unilaterally waive Rule 408:

> The amendment makes clear that Rule 408 excludes compromise evidence even when a party seeks to admit its own settlement offer or statements made in settlement negotiations. If a party were to reveal its own statement or offer, this could itself reveal the fact that the adversary entered into settlement negotiations. The protections of Rule 408 cannot be waived unilaterally because the Rule, by definition, protects both parties from having the fact of negotiation disclosed to the jury.

Fed. R. Evid. 408, Advisory Committee Notes to the 2006 Amendments. The Advisory Committee Notes do not address the

circumstance here in which both parties used the settlement material to either prove or disprove the validity of a claim.  The Court, therefore, is not convinced that the quote from the Advisory Notes covers the circumstance that existed at summary judgment in this case.  The Plaintiffs, however, have now withdrawn their previous position and agree with Dish that the issue of exclusion of the 2008 Letters under Rule 408 has not been waived.  Opposition, at 3, n.3.  Since the Plaintiffs have withdrawn their waiver claim, the Court will apply Rule 408 to the 2008 Letters.

Rule 408 excludes admission of the 2008 Letters to prove or disprove the validity of the Plaintiffs' claims or to impeach by prior inconsistent statement or contradiction.  Rule 408(a)(2) excludes any statement made during compromise negotiations.  Dish's attorney made the statements in the 2008 Letters during settlement "[d]uring settlement negotiations."  Motion 143, at 9.  Neither Dish nor the Plaintiffs may use the 2008 Letters or the 2008 Analysis contained therein to prove or disprove the validity of the Plaintiffs' claims or to impeach by prior inconsistent statement or contradiction.

The Plaintiffs argue that the 2008 Letters are not subject to Rule 408 because the letters do not contain any offer of compromise or mention of compromise. Rule 408 covers more than statements about offers of compromise. Rule 408(a)(1) covers offers or acceptance of offers to compromise, but Rule 408(a)(2) covers any statement made during compromise negotiations. See United States v. Schurz, 1999 WL 593999, at *3 (S.D. Ind. June 23, 1999). The parties agree that the 2008 Letters were sent during ongoing settlement negotiations in 2008. The statements in the 2008 Letters are covered by Rule 408(a)(2).

The Plaintiffs argue that the 2008 Letters were advocacy pieces rather than statements made to offer a compromise. The 2008 Letters, however, were issued during settlement negotiations. Motion 143, at 9. The fact that the 2008 Letters advocate Dish's position does not change the fact that they were made during settlement negotiations. Rule 408(a)(2) applies.

The cases on which the Plaintiffs rely did not involve statements made during settlement negotiations. In Steinberg v. Obstetrics-Gynecological & Infertility Group, P.C., 260 F.Supp.2d 492, 498 (D. Conn. 2003), the document at issue was a letter from

the plaintiff's former attorney to the plaintiff's current attorney in which the former attorney discussed the plaintiff's claim. The former attorney recounted discussions with opposing counsel, but the discussions did not occur in the context of settlement negotiations. The letter in that case had nothing to do with settlement.

In <u>Winchester Packaging Inc. v. Mobile Chemical Co.</u>, 14 F.3d 316, 319 (7th Cir. 1994), the Seventh Circuit upheld the exclusion of the parties' settlement statements under Rule 408. In doing so, the Court stated that a bill or demand for full payment along with a threat of legal action was not a settlement offer subject to Rule 408. <u>Id.</u> at 319-21. This case does not apply here. The bill or demand described by the Seventh Circuit was not made during settlement discussions. The 2008 Letters were made during settlement discussions.

In <u>In re Initial Public Offering Securities Litigation</u>, 2004 WL 60290 (S.D.N.Y. January 12, 2004), the documents at issue were "Wells Submissions" to the Securities and Exchange Commission (SEC). Wells Submissions were part of a formalized SEC process through which targets of investigations may submit written

statements to the SEC "setting forth their interests and position in regard to the subject matter of the investigation."  Id. at *1.  The Wells Submissions were submitted to the SEC Commissioners with the SEC staff memorandum.  Id.  The Wells Submissions were advocacy pieces to avoid liability during the investigative phase, not settlement offers.  Id. at *3.  The United States also does not contend that the 2008 Letters were part of any similar process at the FTC.  The 2008 Letters were part of settlement negotiations.  The Initial Public Offering Securities Litigation case does not apply.  The 2008 Letters may not be used to prove or disprove the validity of the Plaintiffs' claims or to impeach by prior inconsistent statement or contradiction.

The 2008 Letters may be used to prove or disprove some matter other than the validity or amount of the Plaintiffs' claims or to impeach by a prior inconsistent statement or a contradiction.  Fed. R. Evid. 408(b).  Both parties indicate that they plan to use the 2008 Letters for some other purpose.  The Court will address the parties' attempts to admit the 2008 Letters for other purposes at trial as the issue arises.

**CONCLUSION**

**Defendant Dish Network L.L.C.'s Motion in Limine to Exclude the May 2008 Letter for Purposes of Proving Dish's Liability or Penalties Related to Telemarketing Violations and Memorandum in Support Thereof (d/e 533) is GRANTED.**

**Enter: December 15, 2015**

           /s Sue E. Myerscough
      **UNITED STATES DISTRICT JUDGE**