IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO, <br><br>    Plaintiff, <br><br>v. <br><br>DISH NETWORK, L.L.C., <br><br>    Defendant. | No. 09-3073 |

# OPINION

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

This matter comes before the Court on Defendant Dish Network, L.L.C.'s (Dish) Motion in Limine to Preclude Plaintiffs from Presenting Evidence of 2003-2007 Call Records and Memorandum in Support Thereof (d/e 535) (Motion). For the reasons set forth below, the Motion is DENIED.

# BACKGROUND

The Plaintiffs allege that Defendant Dish violated the Telephone Sales Rule (TSR), 16 C.F.R. Part 310, as amended; the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227; and

consumer protection and telemarketing laws of each of the State Plaintiffs. See Pretrial Order (d/e 564), at 2-3. The Federal Trade Commission (FTC) authorized the Attorney General to bring the TSR claims against Dish. See Third Amended Complaint (d/e 483), at 1-2.

The FTC commenced its investigation of Dish's telemarketing practices in 2005. During the FTC investigation, Dish produced calling records from October 2003 through September 2005, December 2005 through December 2006, and January 2007 through August 2007 (collectively 2003-2007 Call Records). See Opinion entered December 12, 2014 (d/e 445) (Opinion 445), at 118.

Dish produced the 2003-2007 Call Records on disc in three stages, the first on September 22, 2005, the second on August 1, 2007, and the last on September 7, 2007. See Plaintiffs' Third Motion to Compel Discovery Responses (d/e 143), Exhibits 21, 22, and 23, Transmittal Letters for Dish CID Production (Transmittal Letters). Dish's Corporate Counsel Dana Steele wrote the transmittal letter accompanying the first portion of the production. Steele stated, in part:

> Per our conversation, please find enclosed the following in response to the CID issued by your office to EchoStar Communications Corporation ("EchoStar") . . . .
>
> 1. 1DVD with listing of all outbound telemarketing calls made on behalf of EchoStar from October 17, 2003 through December 31, 2004* **(CONFIDENTIAL)**;
>
> . . . .
>
> *A second DVD with the listing of calls from January 1, 2005 to date of the CID request was damaged during copying and will be forwarded to you upon its completion.

Motion 143, Exhibit 21, Letter from Dana Steele to Russell Deitch dated September 22, 2005.  Dish was named EchoStar Communications Corporation in 2005.  See Opinion entered December 12, 2014 (d/e 445), at 2.

Dish's outside counsel Jeffrey Blum wrote the other two transmittal letters.  Blum stated in the second transmittal letter, "[E]nclosed find nine (9) CD-Rom's (sic) containing EchoStar Call Data" from December, 2005 through December, 2006."  Blum stated in the third transmittal letter, "[E]nclosed find six (6) CD-Rom's (sic) containing EchoStar Call Data from January, 2007 through August, 2007."  Motion 143, Exhibits 22 and 23, Letters

from Jeffrey Blum to Russell Deitch dated August 1, 2007, and September 10, 2007.

On September 18, 2007 Dish representative Robert Menjivar sent a facsimile transmission to FTC representative Lori Kalani concerning the meaning of the field codes on the call record data. Motion 143, Exhibit 24, Facsimile Transmission dated September 18, 2007 (Facsimile).  Menjivar stated:

> Per our earlier phone conversation, please find the information you requested below.  The field codes in the call data files you have received from EchoStar are as follows:
>
> **contact_date** – Date and Timestamp for when EchoStar or contracted outbound dialing company made the call
>
> **customer_type** – Two types (CSG Account Number or Lead ID) which states if the contact was an Existing Business Relation (EBR) or potential contact via a lead.
>
> **customer_value** – Value is either the account number itself or the lead's phone number
>
> **media_type** – only value is Internal Telemarketing
>
> **media_value** – contact phone number
>
> **contact_result_code** – disposition result from the attempted contact
>
> **code_desc** – complete description for the code

Id. (emphasis in the original).

The Plaintiffs intend to submit the 2003-2007 Call Records as records of Dish outbound telemarketing calls.  The Plaintiffs intend to use the quoted statements by Dish representatives to show that the 2003-2007 Call Records are records of outbound telemarketing calls.  Dish moves to bar the 2003-2007 Call Records on relevance grounds.  Motion, at 1-2.

## ANALYSIS

To bar evidence on relevance grounds, Dish must show "that the evidence is inadmissible for any relevant ground." Sallenger v. City of Springfield, 2007 WL 2683791, at *1 (C.D. Ill. September 4, 2007).  Evidence is relevant if it has a tendency to make a fact more or less likely to be true and the fact is of consequence in determining the action. Fed. R. Evid. 401.  This case concerns Dish's outbound telemarketing calls.  The 2003-2007 Call Records are clearly relevant if they contain telemarketing calls.  The Transmittal Letter from Corporate Counsel Steele states that the records she produced were a "listing of all outbound telemarketing calls made on behalf of EchoStar."  Menjivar stated in the Facsimile that the codes in the records related to telemarketing calls to existing customers and prospects.   These statements support the

inference that the 2003-2007 Call Records were all records of telemarketing calls. The 2003-2007 Call Records, therefore, may be relevant to prove or disprove the Plaintiffs' claims regarding telemarketing practices. The Court will not bar the 2003-2007 Call Records on relevance grounds in limine.

Dish argues that other evidence shows that the 2003-2007 Call Records were not all telemarketing calls. The Court will resolve any conflicts in the evidence at the bench trial. The conflicting evidence does not support barring admission of the 2003-2007 Call Records in limine.

Dish also relies heavily on Magistrate Judge Cudmore's Opinion entered July 20, 2012 (d/e 165) (Opinion 165). Dish argues that Opinion 165 shows that the 2003-2007 Call Records were not all telemarketing calls. Dish argues that the 2003-2007 Call Records are not relevant because the Plaintiffs have no evidence to separate the telemarketing calls in the 2003-2007 Call Records from the non-telemarketing calls. The Court disagrees. Judge Cudmore was deciding the Plaintiffs' motion to compel additional discovery from Dish concerning the 2003-2007 Call Records. Judge Cudmore denied the request because the

additional discovery would result in undue delay.  Opinion 165, at 15.  Judge Cudmore was not making findings of fact under Federal Rule of Civil Procedure 52 after consideration of all the evidence.  His factual statements in Opinion 165 are not necessarily controlling at trial.

Dish notes that Judge Cudmore stated in Opinion 165, "The Plaintiffs made a choice to focus on the data from the 2007-2010 calls; the Plaintiffs will have to live with their choice."  Id. at 14.  This statement, in context, only means that the Plaintiffs would not be allowed to secure additional discovery on the 2003-2007 Call Records.  Judge Cudmore did not preclude the Plaintiffs from using then available evidence concerning the 2003-2007 Call Records, including the Transmittal Letters and Facsimile.  The Transmittal Letters and the Facsimile sufficiently show that the 2003-2007 Call Records may be relevant and should not be barred in limine on relevance grounds.

Dish also notes that Judge Cudmore stated that the 2003-2007 Call Records "included non-telemarketing calls."  Opinion 165, at 13.  Dish argues that after Judge Cudmore made this statement, the Plaintiffs never secured additional evidence to prove

which of the calls reflected in the 2003-2007 Call Records were telemarketing calls.

Again, Judge Cudmore made the quoted statement in Opinion 165 in the context of resolving the Plaintiffs' request to compel additional discovery about the 2003-2007 Call Records. Judge Cudmore was not making findings of fact after consideration of all the evidence at trial.

Furthermore, Judge Cudmore based the quoted statement on two letters that Dish wrote to the FTC during settlement negotiations in 2008 (2008 Letters). The letters contained an analysis of samples of the 2003-2007 Calls Records (2008 Analysis). See Opinion 165, at 13. This Court has granted Dish's motion to exclude the 2008 Letters containing the 2008 Analysis at trial under Federal Rule of Evidence 408 (d/e 533) in a companion Opinion filed on the same date as this Opinion. The 2008 Letters, therefore, cannot be used to prove or disprove the validity of the Plaintiffs' claims. Judge Cudmore based his quoted statement on the 2008 Analysis in the 2008 Letters, and so, his statement cannot be used to prove or disprove the validity of Plaintiffs' claims concerning the 2003-2007 Calls Records.

The Transmittal Letters and the Facsimile tend to show that the 2003-2007 Call Records may all be records of telemarketing calls. Because the 2003-2007 Call Records may be relevant, the Court will not bar the records in limine on relevance grounds.

## CONCLUSION

**Defendant Dish Network, L.L.C.'s Motion in Limine to Preclude Plaintiffs from Presenting Evidence of 2003-2007 Call Records and Memorandum in Support Thereof (d/e 535) is DENIED.**

**Enter: December 15, 2015**

                                  /s Sue E. Myerscough
                        **UNITED STATES DISTRICT JUDGE**