## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) and the STATES OF CALIFORNIA, ) ILLINOIS, NORTH CAROLINA, ) and OHIO, ) ) Plaintiffs, ) ) v. ) ) DISH NETWORK, L.L.C., ) ) Defendant. ) | No. 09-3073 |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge**.

This cause is before the Court on Plaintiffs' Motion in Limine to Preclude Evidence Post-Dating the Close of Fact Discovery (d/e 526).  The Motion is GRANTED IN PART and DENIED IN PART.  Dish Network, L.L.C. (Dish) may use at trial the publicly available consent judgments, complaints, and orders to demonstrate how the government valued violations in other cases.  Dish is precluded from using at trial the scrubbing criteria documents.  Dish's failure to timely produce the September and October audits and the Compliance Documents was not substantially justified or harmless.

As a sanction, the Court will reopen discovery on the issue of a permanent injunction and require Dish to pay the reasonable expenses, including attorney's fees, incurred by Plaintiffs to conduct that additional discovery.  A separate hearing on the permanent injunction will be held.  Witnesses Matt Cagle and Steven Gniadek may testify at the hearing on the permanent injunction.  Witnesses Steve Swain, Kevin Gelston, Josh Sitko, and Supriya Surender are barred from testifying.

## I. INTRODUTION

This case is currently set for trial in January 2016.  One of the forms of relief Plaintiffs have sought since the beginning of this case in 2009 is a permanent injunction.  See Compl. ¶ 97 (d/e 1); Third Am. Compl. ¶ 98 (d/e 483); see also Prayer for Relief (seeking a permanent injunction to prevent future violations of the Telemarketing Sales Rule (TSR) and the Federal Trade Commission Act (FTC Act)).

Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes the Court to issue a permanent injunction in the proper case.  The Telephone Consumer Protection Act (TCPA) similarly authorizes the Plaintiff States to seek injunctive relief to stop violations of the

TCPA.   47 U.S.C. § 227(g).  To prove a claim for a statutory injunction, Plaintiffs must demonstrate a violation and "some reasonable likelihood of future violations."  Commodity Futures Trading Comm'n v. Hunt, 591 F.2d 1211, 1220 (7th Cir. 1979). "While past misconduct does not lead necessarily to the conclusion that there is a likelihood of future misconduct, it is 'highly suggestive of the likelihood of future violations.'"  Hunt, 591 F.2d at 1220 (quoting S.E.C. v. Mgmt. Dynamics, Inc., 515 F.2d 801, 807 (2nd Cir. 1975)).

In September and October 2015, Dish produced to Plaintiffs over 1,100 pages of documents not previously produced.  Also in September 2015, Dish identified in its witness list four witnesses who had not previously been disclosed and two who had only been disclosed in May 2015 on an earlier witness list.

Plaintiffs move to strike all of the documents and witnesses not previously disclosed and to preclude Dish from generally introducing at trial any evidence from the time period after June 30, 2012, when fact discovery ended.  Plaintiffs assert this relief is necessary because, from mid-2012 until recently, Dish took the position that the relevant time period ended with the close of fact

discovery.  According to Plaintiffs, Dish refused to produce evidence post-dating June 2012 and never updated its productions to reflect post-June 2012 conduct.

## II. BACKGROUND

After several extensions, this Court ultimately ordered that fact discovery would close on May 25, 2012, with an extension to June 30, 2012 for limited purposes.  See May 23, 2012 Text Order. Plaintiffs treat June 30, 2012 as the date discovery closed.[1]

Dish made its initial Rule 26 disclosures on March 23, 2010, and updated those disclosures on May 25, 2012 and April 30, 2013. See Pls. Motion, Attachments A-C (d/e 526-1, 526-2, 526-3).  In the April 2013 supplement, Dish asserted:

> DISH Network believes that most, if not all, documents pertinent to its defenses, with the exception of call record analysis refuting Plaintiffs' claimed violations, have been produced or made available to Plaintiffs for review.  DISH Network will make a further production of any additional, non-privileged documents if requested by Plaintiffs in the normal course of this litigation.

---

[1] In March 2013, after the Court granted Plaintiffs leave to file a new Count II (alleging Dish engaged in or caused other telemarketers to engage in initiating outbound telephone calls to persons on the internal do-not-call list), the Court extended discovery on Count II to September 16, 2013.  See Consent Proposed Case Schedule (d/e 259); March 21, 2013 Text Order. That extension does not apply here.

<u>See</u> Pls. Mot., Attachment C at 3 (d/e 526-3).

On July 8, 2013, Plaintiffs sent a letter to Dish reminding Dish of its obligation to update and supplement its discovery responses pursuant to Federal Rule of Civil Procedure 26.  Pls. Mot., Attachment D (d/e 526-4).  The parties met on July 30, 2013 to confer about this and other discovery issues.

During that conference, which Plaintiffs had transcribed, counsel for Dish denied that Dish had a duty to supplement once discovery closed.  Pls. Mot., Declaration of Grace Garner (d/e 526-5), Ex. 1, Tr. at 139 (d/e 526-5).  Counsel for Dish asserted that Dish had a duty to correct prior incorrect information but that Dish had no duty to supplement with documents or information created after the close of discovery in May 2012.  <u>Id.</u>  Because Dish had not produced any call records after March 2010, counsel for Plaintiffs asked Dish to stipulate that Dish would not argue that injunctive relief was inappropriate because Plaintiffs had not proved any violative calls after March 2010.  <u>See</u> <u>Id.</u> at 141, 145, 150-51.  After initially refusing to stipulate, Dish's counsel ultimately stated:

> I think we can reach—again, our desire to put down in a
> stipulation kind of like what both parties have agreed to
> here—it does not have to be signed off but a letter

agreement understanding—what we will produce and
what we can and can't argue at the trial with respect to
the information that has been produced.

Id. at 151.  No stipulation was ever entered.  However, on

September 27, 2013, Dish sent Plaintiffs an "updated TCPA tracker"

(consumer complaints about telemarketing) pursuant to the parties'

agreement on July 30, 2013.  See Dish Resp., Letter, Ex. L (d/e

553-13) (but also stating that most of the entries were not related to

or in response to a telemarketing campaign by Dish).  Dish also

asserts that it provided an updated do-not-call list.  Dish Resp. at

9.

On December 11, 2014, this Court granted in part and denied

in part the parties' cross-motions for summary judgment.  See

Opinion 445.  On April 1, 2015, this Court set the matter for trial

on July 21, 2015, and ordered the parties to file a proposed final

pretrial order by May 15, 2015.  On May 8, 2015, Dish sent

Plaintiffs a proposed Findings of Fact (in preparation of the final

pretrial order) asserting several facts relating to Dish's current

compliance with telemarketing law, the decrease in telemarketing-

related complaints, and the bolstering of Dish's written procedures.

See Dish Resp., Elyse D. Echtman Aff. ¶ 15 (d/e 553-1), Ex. M (d/e

553-14).  Also in May 2015, Dish sent Plaintiffs a witness list containing, as is relevant herein, two new witnesses who had not been identified on any of Dish's Rule 26 disclosures: Dish employees Kevin Gelston and Steve Swain.  Dish Resp., Ex. N (d/e 553-15).  Dish did not indicate the subject of their testimony or their job titles.

On May 13, 2015, the Court reopened discovery on a limited issue, not relevant to the issues herein, and continued the trial to October 6, 2015.  Opinion (d/e 499).  The Court ordered the parties to prepare a proposed final pretrial order by September 1, 2015.  On June 29, 2015, after Dish filed an additional motion, the Court moved the trial to January 5, 2016 and ordered the parties to file a proposed final pretrial order by November 2, 2015.   See June 29, 2015 Text Order.

On September 25, 2015, Dish sent a list of trial witnesses to Plaintiffs which included the two new witnesses identified on the May 2015 witness list, Gelston and Swain, as well as four new individuals Dish had not previously listed on any of Dish's Rule 26

disclosures[2]:  Matt Cagle, Steven Gniadek, Josh Sitko, and Supriya
Surender.  Pls. Mot., Declaration of Grace E. Garner (d/e 526-5),
Ex. 2.  Cagle and Gniadek were identified as employees of
CompliancePoint (a subsidiary of PossibleNOW).  The others were
identified as Dish employees.  The subject of their testimony was
not identified on the witness list.

On September 30, 2015, Dish produced over 1,100 pages of
documents.  On October 27, 2015, Dish produced another batch of
documents.  The documents included the following, as described by
Dish:

(1) two audits of Dish's recent outbound telemarking
campaigns, one analyzing calls between August 1, 2015
and September 19, 2015 (the September 2015 audit) and
one analyzing calls from September 20 through October
20, 2015 (the October audit).

(2) Dish's new written policy entitled "DISH Outbound
Operations Policy—Summary of Processes and
Procedures," created after the issuance of this Court's

---

[2] Plaintiffs originally challenged eight witnesses but Dish agreed to withdraw
two –Krystal Davidson and Men Wang—from its witness list.   Dish Resp. at 13.
Therefore, the Court will limit its examination to the six witnesses.

order on summary judgment.  Dish intends to use the
manual as evidence of its current compliance efforts,
which Dish asserts is relevant to the Court's analysis of
whether an injunction is appropriate.

(3) updated charts tracking the number of TCPA
complaints Dish received in recent years, up to 2015
(which the parties refer to as a "TCPA tracker").  During
discovery, Dish provided an earlier version of the same
document that recorded TCPA complaints up to 2011.

(4) Dish's Do-Not-Call Policy, revised in April 2014, that
Dish asserts is largely consistent with Dish's prior Do-
Not-Call Policies and is complemented by the new 2015
Outbound Operations document described above.  Dish
asserts this document is relevant for determining
injunctive relief.

(5)  Dish's Do-Not-Call Escalations Form Workflow
Update, which was updated in February 2015.  Dish uses
the "form to remove customer phone numbers from DISH
lists in escalated situations."  Dish Resp. at 6.  Dish
asserts that the form provides the Court important

information regarding Dish's efforts to improve its do-not-
call compliance.

(6) Dish's current Standard Operating Procedures, which
provides detailed instructions to Dish Outbound
Operations employees for processing specific calling lists.
Dish asserts that the document is evidence of Dish's
current practices, which is relevant to the injunction
analysis.

(7) publically available consent judgments, complaints,
and orders, which Dish claims are relevant to
demonstrate how the government valued violations in
other cases.

See Dish Resp. at 4-6 (d/e 553); see also Pls. Mot. at 5-6.  Plaintiffs
also assert that Dish produced documents that appear to reflect
scrubbing criteria for various calling campaigns, but Dish does not
address these documents.  Pls. Mot. at 6.

On October 15, 2015, Dish advised Plaintiffs that if they had
any questions about the documents, Dish was willing to make a
witness or witnesses available to testify pursuant to Rule 30(b)(6).

Plaintiffs declined the offer.  On November 2, 2015, Plaintiffs filed
the Motion at issue herein.

### III. THE PARTIES' POSITIONS

Plaintiffs seek to bar Dish from offering evidence, testimony, or
argument about the proposed Dish trial exhibits listed in Exhibit 3
to the Garner Declaration, as well as other new exhibits that Dish
has produced or may produce that relate to the post-June 2012
time period.[3]  Plaintiffs also request that the Court preclude the
testimony of Dish witnesses Matt Cagle, Kevin Gelston, Steve
Gniadek, Josh Sitko, Supriya Surender, and Steven Swain about
any information or events that occurred after the close of general
fact discovery in June 2012.  Plaintiffs argue that the disclosures
are untimely, the document production was highly selective and did
not include all of the documents that would have been responsive to
Plaintiffs' prior document requests, and mandatory exclusion is
warranted under Federal Rule of Civil Procedure 37.

According to Plaintiffs, Dish cannot fail to produce updated
discovery related to this case and then, on the eve of trial, produce

---

[3] Plaintiffs do not concede the admissibility of the documents and expressly
challenged the admissibility of the documents in their objections to Dish's
proposed trial exhibits.

new information and identify new witnesses.  Plaintiffs further assert that the prejudice caused by the late disclosures and productions cannot be cured.  Even if Plaintiffs had time to obtain, review, and analyze the full production (as opposed to the selective production made by Dish), depose witnesses knowledgeable about that information, and depose the newly identified witnesses, Plaintiffs will suffer prejudice from the further delay of the trial.

Dish responds that Plaintiffs seek a sweeping mandatory injunction but ignore the existence of current evidence that shows that Dish's telemarketing compliance continues to improve.  Dish states that its disclosures complied with the federal rules, Rule 37 does not bar the evidence or witnesses, and that, even if Rule 37 bars the evidence, the Court should exercise its discretion to permit it.

Dish explains that it is unlikely to call all six witnesses at trial but included them on its pretrial disclosure witness list to preserve Dish's ability to call them.  Sitko and Surender will testify about Dish's outbound dialing operations.  Cagle and Gniadek will testify about the September and October 2015 audits.  Gelston, Vice President of Corporate Accounting, and Swain, Senior Vice

President and Chief Financial Officer, will testify about Dish's
current financial condition.  Only Cagle and Gniadek will be called
to testify about current compliance efforts.  Dish Resp. at 2.

## IV. ANALYSIS

### A.    Dish Had an Obligation to Supplement, and Dish's Recent Disclosures were Untimely

Dish asserts that it has fulfilled all of its discovery obligations
and had no duty to supplement with the recently produced
information.

Rule 26 of the Federal Rules of Civil Procedure requires a
party to disclose, without awaiting a discovery request, the name
and address of each individual likely to have discoverable
information that the disclosing party may use to support its claims
or defenses, unless the use would be solely for impeachment.  Fed.
R. Civ. P. 26(a)(1)(A)(i).  The disclosure must include the subject of
the information each individual is likely to have.  Id.  A party must
also provide "a copy—or a description by category and location—of
all documents" within the party's possession, custody, or control
that the disclosing party may use to support its claims or defenses,

unless the use would be solely for impeachment.  Fed. R. Civ. P.

26(a)(1)(A) (ii).

Federal Rule of Civil Procedure 26(a)(3) requires, in addition to

the disclosures required by Rule 26(a)(1) and (a)(2) (disclosure of

expert testimony), that a party provide certain pretrial disclosures

about the evidence that it may present at trial other than for

impeachment.  Fed. R. Civ. P. 26(a)(3)(A).  This includes the name of

each witness the party expects to present and those it may call if

needed (i.e. a witness list) and the identification of each document

or other exhibit the party expects to offer and those it will offer if

the need arises (i.e. an exhibit list).  Fed. R. Civ. P. 26(a)(3)(A)(i), (iii).

These disclosures must be made at least 30 days before trial,

unless the court orders otherwise.  Fed. R. Civ. P. 26(a)(3)(B).

In addition, parties have an ongoing duty to supplement their

initial disclosures and discovery responses.  Federal Rule of Civil

Procedure 26(e) provides:

> **(1) *In General.*** A party who has made a disclosure under
> Rule 26(a)--or who has responded to an interrogatory,
> request for production, or request for admission--must
> supplement or correct its disclosure or response:

> **(A)** in a timely manner if the party learns that in some
> material respect the disclosure or response is incomplete

or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

**(B)** as ordered by the court.

Fed. R. Civ. P. 26(e) (emphasis in original). One of the purposes of Rule 26(e) is to "prevent surprise at trial." Talbert v. City of Chi., 236 F.R.D. 415, 421 (N.D. Ill. 2006); see also In re FedEx Ground Package Sys., Inc. Emp't Practices Litig., No. 3:05-MD-527 RM, 2007 WL 2128164, at * 3 (N.D. Ind. July 23, 2007) ("Long gone are the days of litigation by ambush where key witnesses or critical information is sprung on the opponent at the last moment, too late to respond, counter[,] or learn the details of the information").

Dish first argues that it complied with its duty under Rule 26(a) by disclosing that it would rely on "Telemarketing compliance materials regarding internal Do Not Call list compliance, including DISH Network's 'Do Not Call' policies and their revisions." Dish Resp. at 7, citing Dish's Rule 26 Second Supplemental Disclosures (April 30, 2013) (d/e 526-3). [4] Dish suggests that the documents it recently produced fall within this category of documents and,

---

[4] Dish indicates it supplemented its Rule 26 disclosures in April 2013 even though Dish believed it had no obligation to do so. Dish Resp. at 9.

therefore, were properly disclosed in the Rule 26 Second
Supplemental Disclosures.

However, Dish also advised Plaintiffs in the Rule 26 Second
Supplemental Disclosures that "most, if not all, documents
pertinent to its defenses, with the exception of call record analysis
refuting Plaintiffs' claimed violations, have been produced or made
available to Plaintiffs for review." See d/e 526-3 at 3.  The
documents Dish now seeks to admit as evidence had not been
produced or made available to Plaintiffs for review, and Dish did not
supplement its Rule 26(a) disclosure after April 2013 to provide
Dish with the new documents until shortly before trial (September
and October 2015).  Therefore, Dish did not comply with Rule 26
by, in its Rule 26 Second Supplemental Disclosures, generally
describing the types of documents that Dish might use to support
its defenses.

Dish next argues that it complied with its duty to respond to
Plaintiffs' discovery requests pursuant to Rule 34.  According to
Dish, Plaintiffs' Second Request for Production of Documents only
sought telemarketing compliance monitoring and enforcement
documents for the time period of October 1, 2003, to the date on

which production was made.  Def. Resp. at 7 (d/e 553) citing Pls.'
Second Request for Production of Documents to Dish Network, LLC,
¶ 5 (d/e 47-2).  Dish contends that the duty to respond terminated
once Dish responded, unless Dish had a further duty to
supplement.  Dish asserts it did not have a further duty to
supplement because there is no on-going duty to supplement
during the entire case.  Resp. at 8, quoting Thompson v. Ret. Plan
for Emps. of S.C. Johnson & Sons, Inc. No. 07-CF-1047, 2010 WL
2735694, at *1 (E.D.Wis. July 12, 2010).   Moreover, Plaintiffs did
not ask for additional supplementation, other than an updated copy
of Dish's data recording consumers' do-not-call complaints (TCPA
trackers), which Dish provided in September 2013.

The Court disagrees.  Dish had a duty to supplement its
responses to Plaintiffs' discovery.  Although the Second Request for
Production sought documents from October 1, 2003 to the date
production was made, the Second Request for Production also
provided that:

> These requests impose a continuing obligation, which
> may extend up to and during the course of trial in this
> case.  Responsive documents that you obtain or discover
> after your initial production must be produced promptly

by supplemental production to the fullest extent provided
by law.  <u>See</u> Fed. R. Civ. P. 26(e).

Pls.' Second Request for Production of Documents to Dish Network,

LLC, ¶ 1 (d/e 47-2).  As the discovery request recognized, Dish had

a duty to supplement pursuant to Federal Rule of Civil Procedure

26(e).  <u>See</u> Fed. R. Civ. P. 26(e) (imposing a duty to supplement Rule

26(a) disclosures and discovery responses).  Moreover, despite

Dish's suggestion to the contrary, several cases have held that the

duty to supplement extends beyond the close of discovery.  <u>See</u>,

<u>e.g.</u>, <u>Francis v. AIT Labs.</u>, No. 1:07-CV-0626, 2008 WL 2561222, at

* 1 (S.D. Ind. June 26, 2008) (holding that "[n]owhere in the Rule is

it stated or implied that the obligation to supplement ceases with

the passage of the discovery deadline");  <u>Episcopo v. Gen. Motors</u>

<u>Corp.</u>, No. 02 C 8675, 2004 WL 628243, at * 7 (N.D. Ill. Mar. 29,

2004) (holding that "the language of Rule 26(e)(2) is broad enough

to require supplemental disclosures under certain circumstances,

regardless of whether discovery has closed, and is consistent with

the spirit behind the discovery rules, which is to promote a liberal

discovery process in an effort to narrow the issues for trial and to

prevent unfair surprise.") (quotations and citations omitted), <u>aff'd</u>

128 F. App'x 519 (2005) (affirming grant of summary judgment); Marianjoy Rehab. Hosp. v. Williams Elecs. Games, Inc.,  No. 94 C 4918, 1996 WL 411395, at * 3 (N.D. Ill. July 19, 1996) (finding it would "defeat the purpose of Rule 26(e) if the duty of supplementation did not survive the close of discovery").

Dish cites Thompson v. Retirement Plan for Employees of S.C. Johnson & Sons, Inc., 2010 WL 2735694, at *1, for the proposition that a general, on-going duty to supplement does not exist throughout the entire life of the action.  In Thompson, the class plaintiffs in an ERISA action filed a motion to compel the defendants to provide additional discovery.  Although discovery had closed, the plaintiffs argued that the defendants had an on-going duty to supplement their earlier discovery responses by producing documents generated since the close of discovery.  Id.

The district court was "not convinced that additional discovery [was] either necessary or appropriate."  Id.  The court had issued three months earlier a decision on cross-motions for summary judgment and directed the defendants to recalculate the lump sum distributions.  As such, the court did not believe the requested discovery had any relevance to the sole remaining issue.

The court further expressed disagreement with the "view that Rule 26(e)(1) automatically mandates the disclosure of all documents falling under a request for production that were created after the close of discovery." Id. According to the Thompson court, Rule 26(e) provides that "the duty to supplement is triggered when a party later becomes aware of information or documents that undermine the accuracy or completeness of its original discovery responses." Id. The court distinguished the cases finding a duty to supplement after the close of discovery on the ground that supplementation was only required under particular circumstances, "such as when the use of the previously undisclosed discovery unfairly disadvantages or surprises the opposing party." Id. Because the defendants there did not intend to use the subject documents and because the court did not believe the documents sought were relevant, the court refused to compel the defendants to produce the additional discovery. Id.

Even applying the standard identified in Thompson, this Court finds that supplementation was required because Dish intends to use the evidence and the evidence is relevant. Moreover, the

previously undisclosed evidence unfairly disadvantages and surprises Plaintiffs.

Finally, to the extent Dish argues that Plaintiffs were required to ask for supplemental documents, the Court disagrees. The duty to supplement is automatic, and Plaintiffs were not obligated to make supplemental discovery requests. See Gonzalez v. Rodgers, No. 2:09-CV-225-JTM-PRC, 2011 WL 5040673, at *7 (N.D. Ind. Oct. 24, 2011) (finding that "Defendants are not obligated to provide supplemental discovery requests to trigger [plaintiff's] duty to supplement").

The Court also finds that Dish was required to supplement its Rule 26(a) disclosures with the names of the additional individuals likely to have discoverable information that Dish might use to support its defenses. To the extent Dish argues that it was sufficient to list the individuals on the pre-trial witness list, the Court disagrees.

Federal Rule of Civil Procedure 26(a)(3) requires certain pretrial disclosures at least 30 days before trial or as ordered by the Court. This Court initially ordered that the parties submit the proposed final pretrial order (which would include the witness list)

on May 15, 2015.  After the case was continued, the deadline was set for September 1, 2015.  Ultimately, the deadline for submitting the proposed final pretrial order was November 2, 2015.  Dish disclosed Gelston and Swain to Plaintiffs on May 8, 2015 and the remaining four witnesses on September 25, 2015.

Disclosing witnesses pursuant to Federal Rule 26(a)(3) does not cure the failure to disclose the identity of individuals likely to have discoverable information under Rule 26(a).  See Mitchell v. Iowa Interstate RR Ltd., No. 07-1351, 2010 WL 2089305, at * 2 (C.D. Ill. May 25, 2010)  (finding that the failure to disclose witnesses in the Rule 26(a)(1) disclosures was not cured by listing them on the pretrial disclosures pursuant to Rule 26(a)(3) after the close of discovery).  Rule 26(a)(3) provides that, "in addition to" the requirements of Rule 26(a),(1), a party must make pretrial disclosures, which includes providing a list of any witness the party intends to present at trial.  A party cannot avoid the requirements of Rule 26(a)(1) and Rule 26(e) by adding a name of a previously undisclosed person to the party's pretrial disclosure under Rule 26(a)(3).  See Lujano v. Town of Cicero, No. 07 C 4822, 2011 WL 6822204, at *6 (N.D. Ill. Dec. 23, 2011) (barring affidavits of affiants

who were not identified in the Rule 26 disclosures where the plaintiff did not present any reason why the individuals were not identified earlier, noting "she could not add names to her [Rule 26] disclosures at trial without a timely supplementation pursuant to Rule 26(e)").

In sum, the Court finds that Dish had a duty to disclose the recently disclosed evidence and witnesses and that the disclosures at issue herein were untimely.  Discovery closed in June 2012.  The Court ruled on summary judgment on December 11, 2014.  This case was originally set for trial on July 21, 2015, although this date was subsequently extended to October 6, 2015 and then January 5, 2016.  (The trial is currently set for January 19, 2016).  Dish waited until shortly before the trial scheduled in July 2015 to disclose Gelston and Swain and waited until shortly before the January 2016 trial to disclose the remaining witnesses and the documents. Such disclosures are untimely.  See, e.g. Sys. Dev. Integration LLC v. Computer Sciences Corp., No. 09-CV-4008, 2012 WL 2953063, at *2 (N.D. Ill. July 19, 2012) (holding that Rule 26(e) does not allow a party to wait more than two years after the close of discovery and after the court rules on summary judgment to supplement its

discovery responses and initial disclosures); Barlow v. Gen. Motors Corp., 595 F. Supp. 2d 929, 935-36 (S.D. Ind. 2009) (noting that "Rule 26(e) was intended to ensure prompt disclosure of new information, not to allow parties to spring late surprises on their opponents under the guise of a 'supplement' to earlier disclosures").

## B.   Sanctions Will Be Imposed for the Late Disclosures that Were Neither Substantially Justified Nor Harmless

If a party fails to provide information or identify a witness as required by Federal Rule of Civil Procedure 26(a) or 26(e), "the party is not allowed to use that information or witness  . . . at a trial, unless the failure was substantially justified or is harmless."   Fed. R. Civ. P. 37(c)(1).  The exclusion of evidence is automatic unless the party can show that its violation was justified or harmless. Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998). However, Rule 37(c) also provides that, "[i]n addition to or instead of" the sanction of exclusion, "the court, on motion and after giving an opportunity to be heard," can impose other sanctions, including ordering "payment of the reasonable expenses, including attorney's fees, caused by the failure" to disclose or supplement.  Fed. R. Civ. P. 37(c)(1)(A); McAtee v. Buca Rests., Inc., No. 1:10-cv-1090-SEB-

DKL, 2011 WL 6016648, at *4 (S.D. Ind. Dec. 2, 2011) (finding the defendant's supplemental response untimely and requiring, as a sanction, that the defendant pay the costs associated with the plaintiff's liability expert's revision of the expert report based on the new information).  It is within this Court's discretion whether the Rule 26 violation was substantially justified or harmless.  David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003).

When determining whether the late disclosure was substantially justified, "the inquiry focuses upon the actual ability to timely disclose or else upon whether the party had a legal basis to argue that disclosure as not actually required."  Bull v. Bd. of Trs. of Ball State Univ., No. 1:10-cv-00878-JMS-TAB, 2012 WL 76137, at *2 (S.D. Ind. Jan. 10, 2012).  The relevant factors the court considers to determine whether a violation is harmless include "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date."  David, 324 F.3d at 857.

1.     <u>Late Disclosure of the Audits and Compliance Documents
       Was Not Substantially Justified or Harmless</u>

Dish argues that it was substantially justified in only recently disclosing the two audits because Dish produced them within one week of their completion.  Dish asserts that the audits evaluated all of Dish's outbound telemarketing campaigns during the relevant time period and were conducted by a subsidiary of PossibleNOW. Dish is not using the audits to demonstrate that its calling records over the last five years were perfect but to demonstrate current compliance so that the Court can determine whether future violations are likely for purposes of deciding whether to enter a permanent injunction.

Dish also argues that any potential discovery violation is harmless because Dish produced the documents in good faith. Dish asserts that it supplemented the record to give the Court and Plaintiffs a full picture of Dish's current compliance and asserts that these documents will allow the trial to run smoothly.  Finally, Dish asserts that these documents are necessary given that Plaintiffs are seeking a mandatory injunction that would have devastating effects on Dish's business.

Plaintiffs argue that the late disclosures are inexcusable because Dish led Plaintiffs to believe in 2013 that Dish had produced everything it was going to produce, represented that it had fulfilled its discovery obligations, and refused to update its discovery productions going forward.  Plaintiffs further argue that the late disclosure is not harmless because Plaintiffs are prejudiced. Plaintiffs assert the prejudice cannot be cured because Dish has produced only a portion of those documents favorable to Dish and not all of the documents Plaintiffs had requested during discovery. In particular regard to the audits, Plaintiffs note that Dish did not produce the underlying call records or any other information about the telemarketing campaigns.  Plaintiffs also express concern that Dish will simply generate additional call records, perform another audit, and this issue will arise again.

The Court agrees with Dish that the evidence will be relevant to the issue of whether a permanent injunction is necessary.  The Court is troubled, however, by the position Dish took in this litigation that evidence beyond the close of discovery was not relevant.  Moreover, Dish has known since the beginning of this case that Plaintiffs sought a permanent injunction.  Dish could

have taken a number of steps to alert Plaintiffs to Dish's intent to produce evidence of Dish's current compliance well before a few months before trial.  Instead, Dish stopped providing any call records after 2010 and then produced an audit of certain call records a few months before trial.  As best as the Court can tell, Dish did not produce similar information before the close of discovery or anytime thereafter until September and October 2015. This case has been set for trial several times, and never before, as the date of trial neared, has Dish produced this type of information to Plaintiffs.  Moreover, it appears that Dish only produced a highly selective portion of the documents.  According to Plaintiffs, Dish did not produce the underlying call records or any other information about the telemarketing campaigns.

Dish's conduct and untimely disclosure leaves Plaintiffs with no means to challenge Dish's audits, and Plaintiffs are substantially prejudiced by this late disclosure.  The Court finds that the untimely production of this evidence was neither substantially justified nor harmless.

The Court also finds that Plaintiffs' untimely production of the Outbound Operations Policy, updated TCPA tracker, Do-Not-Call

Policy (revised April 2014), Do-Not-Call Escalations Form Workflow
Update (revised February 2015), and current Standard Operating
Procedures (hereinafter, the Compliance Documents) was not
substantially justified or harmless.  Most of these documents were
updated or revised well before Dish produced them.  Moreover, Dish
knew that Plaintiffs wanted the TCPA tracker documents because
Plaintiffs specifically requested them at the July 2013 meet-and-
confer.  Nonetheless, Dish failed to provide Plaintiffs with updated
information after September 2013 (the last time Dish provided
Plaintiffs with TCPA tracker information) and took the position that
evidence after June 2012 was not relevant.  Therefore, the Court
finds that the failure to produce the Compliance Documents earlier
was not substantially justified.

The Court also finds that the failure to produce the
Compliance Documents was not harmless.  Dish intends to admit
the evidence to show Dish's current compliance with the
telemarketing laws.  Plaintiffs will be prejudiced by the admission of
this evidence because they have never had the opportunity to
depose anyone about the documents or ensure that the new
procedures have been implemented.

The Court will not, however, exclude the audits or the compliance evidence.  Although the case law suggests that exclusion is mandatory when the Court finds that a Rule 26 violation was not substantially justified or harmless (see, e.g., Salgado, 150 F. 3d at 742), Rule 37(c) specifically provides that this Court can, instead of excluding the evidence, order payment of reasonable expenses, including attorney's fees, caused by the failure, as well as other appropriate sanctions.  Fed. R. Civ. P. 37(c)(1)(A), (C).[5]  Consequently, in an exercise of discretion, the Court will bifurcate the preliminary injunction issue from the other issues in this case and reopen discovery solely on the issue of the permanent injunction.  This case will proceed to trial on January 19, 2016 on all other aspects of the case.  In addition, Dish shall pay Plaintiffs' reasonable expenses, including attorney's fees, for conducting such discovery.  If Dish is not willing to give Plaintiffs all of the supplemental discovery necessary on the permanent injunction issue, which would include call records for all telemarketing campaigns conducted during the relevant time

---

[5] The requirement of a motion and opportunity to be heard has been met because Plaintiffs filed a motion in limine and Dish has responded.  See, e.g., McAtee, 2011 WL 6016648, at *4 (finding due process satisfied where the defendant had an opportunity to address its Rule 26 violation).

period, and pay Plaintiffs reasonable expenses, including attorney's fees, then the evidence will not be admitted.

Plaintiffs shall submit to the Court, on or before January 4, 2016, a proposed discovery schedule that identifies the scope of the additional discovery, dates for compliance, a date for the hearing on the permanent injunction, and a date for Plaintiffs to submit their reasonable expenses and attorney's fees.  Dish shall file a response on or before January 15, 2016.  The Court will then enter an order setting the scope and timeline for the additional discovery.

Plaintiffs are understandably concerned that Dish will produce another audit as the date for trial or the hearing on the permanent injunction nears.  This case needs to be resolved.  Continually producing newly-created evidence only serves to further delay this case and imposes an undue burden on the parties and the Court. Therefore, if any additional supplementation is necessary, the party seeking to supplement must obtain leave of Court to do so.  Dish is advised that absent extraordinary circumstances, no additional audits will be permitted.  Plaintiffs are also advised that the September and October 2015 audits will be considered by the Court only as evidence of Dish's current compliance.  The Court fully

recognizes that the audits represent only two audits of limited calls, during a limited time period. The Court is also well aware that Dish has refused to provide call records since 2010. All of this will factor into the weight the Court gives the September and October 2015 audits.

    2.   <u>Documents Pertaining to Scrubbing Criteria are Excluded</u>

Plaintiffs also seek to preclude Dish from producing certain documents Dish recently produced that appear to be related to scrubbing criteria for Dish calling campaigns. Plaintiffs assert that Dish's witness swore these documents did not exist. Dish does not address these documents.

In an Opinion entered in April 2013, this Court held that Defendant was precluded from using at summary judgment or trial any documents or information about the creation and scrubbing of telemarketing campaign lists that it did not provide to Plaintiffs in discovery. <u>See</u> Opinion (d/e 279). Dish cannot avoid this ruling by producing such documents shortly before trial. Moreover, Dish does not address the documents containing scrubbing criteria in its response. Therefore, the Court finds the issue forfeited. Dish

cannot use at trial the documents pertaining to scrubbing criteria, which are identified as trial exhibits DTX-688 through DTX-711.

3.    Failure to Produce Publicly Available Consent
        Judgments, Complaints, and Orders is Harmless

Finally, Dish produced a number of publicly available consent judgments, complaints, and orders to demonstrate how the government valued violations in other cases.  Dish indicates that some of the documents were created in 2014 and 2015 while others existed while discovery was open.  Dish asserts it produced the documents only as a courtesy and that it had no obligation to produce publicly available cases during discovery.

The Court finds that any failure to produce the documents is harmless.  Plaintiffs will not be prejudiced by the admission of the documents should they be found admissible, which Dish intends to introduce only to show how the government valued violations in other cases.

4.    Failure to Timely Disclose Witnesses Cagle and
        Gniadek Was Substantially Justified but Witnesses
        Swain, Gelston, Sitko, and Surender are Barred From
        Testifying

Dish argues that its omission of the six witnesses was substantially justified and harmless.

Dish intends to call witnesses Swain and Gelston to testify about Dish's ability to pay a civil penalty.  Dish asserts that the introduction of these two witnesses is harmless and substantially justified because Plaintiffs introduced the issue by arguing at summary judgment that Dish could afford to pay a massive civil penalty and seeking to introduce evidence of Dish's financial condition.  In addition, Plaintiffs' summary judgment filings show that Plaintiffs have collected substantial information about Dish's finances.  Finally, Dish's publicly filed 2014 Annual Report identifies Swain as the Senior Vice President and Chief Financial Officer of the company.

Supplementation is "required only in certain circumstances, such as when the additional information 'has not otherwise been made known to the other parties during the discovery process . . . .'" Gutierrez v. AT&T Broadband, LLC, 382 F.3d 725, 733 (7th Cir. 2004) (quoting Fed. R. Civ. P. 26(e)(1), (2)).  As Dish notes, Plaintiffs have collected substantial information about Dish's finances and Swain is identified as the Senior Vice President and Chief Financial Officer of the company in the 2014 Annual Report. However, Dish did not produce the 2014 Annual Report during

discovery or point to any other evidence disclosed during discovery that would have put Plaintiffs on notice that Swain or Gelston had discoverable information.  <u>See</u> <u>Gutierrez</u>, 382 F.3d at 734 (finding the district court abused its discretion by considering the affidavit of an undisclosed witness where the witness's name was found on a document uncovered by plaintiffs but not disclosed by the defendant and where the defendant's own Rule 30(b)(6) designee did not know the witness when asked about him).  Plaintiffs are prejudiced by Dish's failure to disclose these witnesses because Plaintiffs have not had the opportunity to depose them.  In addition, Dish took the position in 2013 that evidence after the close of discovery was not relevant.  For all these reasons, the omission of Swain or Gelston was neither harmless nor substantially justified, and neither will be permitted to testify.

Dish also seeks to introduce the testimony of Sitko and Surender about outbound dialing operations.  Dish does not provide any additional information about what their testimony would be, other than that it is not on the issue of current compliance issues.  <u>See</u> Dish Resp. at 2 (d/e 553).

Dish argues that the omission of Sitko and Surender is harmless because their names came up in two depositions (in 2010 and 2011), and their names show up on some documents produced in discovery.  Supplemental disclosures are not required where the information has otherwise been made known to the other party during discovery.  Gutierrez, 382 F.3d at 733.   However, the deposition testimony to which Dish refers only briefly mentioned Sitko and Surender, identified them as business operations specialists in the Outbound Operations Department, and identified their job duties.  Moreover, at the time of one of the depositions, Surender had only worked for the company for three weeks.  See Joey L. Montano Deposition of March 15, 2011 (d/e 553-16).

Further, Dish has not shown that the references to Sitko and Surender in other documents produced during discovery put Plaintiffs on notice that Sitko and Surender possessed discoverable information Dish might use to support its defenses.  In a case of this size, with the amount of discovery that has been produced, and with the limited information Dish has provided about what testimony Sitko and Surender are expected to give, the failure to timely disclose them is not harmless.  Dish does not explain why

the failure was substantially justified, and the Court finds that it was not. Therefore, neither Sitko nor Surender will be permitted to testify.

Finally, Dish argues that the omission of Cagle and Gniadek is substantially justified because they only recently performed the audits, had no earlier connection to this case, and could not have been disclosed earlier. Because the Court is allowing Dish to present evidence of the audits, the Court finds that omission of Cagle and Gniadek was substantially justified as their identity was not known to Dish earlier.

Any other objections to the introduction of evidence post-June 2012 shall be addressed at trial.

## V. CONCLUSION

**For the reasons stated, Plaintiffs' Motion in Limine to Preclude Evidence Post-Dating the Close of Fact Discovery [526] is GRANTED IN PART and DENIED IN PART. IT IS HEREBY ORDERED:**

**1. Dish may use at trial, subject to a challenge by Plaintiffs that the documents are not otherwise admissible, the consent judgments, complaints, and orders in other cases.**

Page **37** of **39**

2.     **Dish is precluded from using the scrubbing criteria documents (Ex. DTX-688 through DTX-711).**

3.     **Dish's failure to timely produce the September and October 2015 audits and the Compliance Documents was not substantially justified or harmless.  As a sanction, the Court will reopen discovery on the issue of a permanent injunction and require Dish to pay the reasonable expenses, including attorney's fees, incurred by Plaintiffs to conduct that additional discovery.  A separate hearing on Plaintiffs' request for a permanent injunction will be held, and the September and October 2015 audits and Compliance Documents may only be admitted at that separate hearing.  Plaintiffs shall submit to the Court, on or before January 19, 2016, a proposed discovery schedule that identifies the scope of the additional discovery, dates for compliance, a date for the hearing on the permanent injunction, and a date for Plaintiffs to submit their reasonable expenses and attorney's fees.  Dish shall file a response on or before February 8, 2016.  Thereafter, the Court will set the scope of discovery and the schedule.  The case will still proceed to trial on all other issues on January 19, 2016.  Dish is**

**advised that no additional audits will be allowed into evidence absent extraordinary circumstances.**

**4.  The failure to timely disclose witnesses Cagle and Gniadek was substantially justified.  Cagle and Gniadek may only testify at the hearing on the permanent injunction.**

**5.  The failure to timely disclose witnesses Swain, Gelston, Sitko, and Surender was neither substantially justified nor harmless.  These four witnesses are barred from testifying.**

**6.  The Court shall address any other objections to the introduction of evidence post-June 2012 at trial.**

ENTER: January 4, 2016

FOR THE COURT:

<u>    s/Sue E Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE