## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| and the STATES OF CALIFORNIA, | ) | |
| ILLINOIS, NORTH CAROLINA, | ) | |
| and OHIO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 09-3073 |
| | ) | |
| DISH NETWORK, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge**.

This cause is before the Court on Plaintiffs' Motion for Partial Judgment on the Pleadings and Motion to Preclude Dish's New "Mistake of Law" Defenses (d/e 530).  The Motion is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

Plaintiff United States seeks civil penalties from Defendant Dish Network, LLC (Dish), for alleged knowing violations of the Telemarketing Sales Rule (TSR), 16 C.F.R. Part 310, as amended.  See Pretrial Order (d/e 564), at 4.  The Federal Trade Commission

(FTC) promulgated the TSR pursuant to the Telemarketing Fraud and Abuse Prevention Act (Telemarketing Act). 15 U.S.C. § 6102. A violation of the TSR is treated as an unfair and deceptive act or practice in violation of a rule promulgated under the Federal Trade Commission Act (FTC Act). 15 U.S.C. §§ 57a and 6102(c)(1). Section 5(m) of the FTC Act, 15 U.S.C. § 45(m), authorizes civil penalties "against any person, partnership, or corporation which violates any rule under this chapter respecting unfair or deceptive acts or practices ... with actual knowledge or knowledge fairly implied on the basis of objective circumstances that such act is unfair or deceptive and is prohibited by such rule." 15 U.S.C. § 45(m)(1)(A).

To recover civil penalties, the United States must prove "actual knowledge or knowledge fairly implied on the basis of objective circumstances that such act is unfair or deceptive and is prohibited by such rule." 15 U.S.C. § 45(m)(1)(A). A person knowingly violates an FTC rule if, under the circumstances, a reasonable, prudent person would have known of the existence of the rule and that his or her acts or practices violated the rule. See United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131,139-40 (4th Cir. 1996) (citing S. Conf.

Rep. 93-1408, 93d Cong., 2d Sess. 1974, U.S. Code Cong. & Admin. News 1974, pp. 7755, 7772).  The United States Supreme Court has suggested that Section 45(m)(1)(A) provides for a mistake-of-law defense to civil liability.  <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA</u>, 559 U.S. 573, 583-84 (2010) (noting that when Congress intends to provide a mistake-of-law defense, it does so explicitly, giving as an example the FTC Act's administrative-penalty provision, 15 U.S.C. §§ 45(m)(1)(A), (C)); <u>see</u> <u>also</u> <u>United States v. Corps. for Character, L.C.</u>, No. 2:11-cv-419-RJS, 2015 WL 4577051, at *13 (D. Utah Mar. 31, 2015) (finding a question of fact remained whether the defendants had actual or implied knowledge that their calls violated the FTC Act and the TSR, where the defendants argued a mistake-of-law or a mistake-of-fact defense).

In Paragraph 99 of the Third Amended Complaint (d/e 483), Plaintiffs sought monetary civil penalties pursuant to Section 5(m)(1)(A) of the FTC Act.  <u>See</u> Third Am. Compl. ¶ 99 (citing 15 U.S.C. § 45(m)(1)(A)).  Plaintiffs alleged that Dish's "violations of the TSR were committed with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A)."  <u>Id.</u>

In Dish's Answer (d/e 484), Dish asserted that the allegations in Paragraph 99 contained legal conclusions to which no responsive pleading was required.  Answer to Third Am. Compl. ¶ 99 (d/e 484).  Dish also denied the allegations in Paragraph 99 that Dish committed any TSR violation for which a civil penalty was available or could be proved.  Id.  The Answer contained numerous defenses but did not allege a mistake-of-law defense.  The prior complaints and answers contained similar allegations and responses.  See First Am. Compl. ¶ 95 (d/e 5); Answer to First Am. Compl. ¶ 95 (d/e 26) (denying that Dish committed any TSR violation); Second Am. Compl. ¶ 99 (d/e 257); Answer to Second Am. Compl. ¶ 99 (d/e 263) (denying that Dish committed any TSR violation or caused any injury).  Dish's prior answers did not raise a mistake-of-law defense.

Nonetheless, in its pretrial materials, Dish proposed numerous conclusions of law that indicated Dish intended to raise a mistake-of-law defense:

> No. 104. When a defendant makes a mistake of law, the court will not impute knowledge of the law to the defendant for civil penalties purposes under the FTC Act. . . . DISH made exactly such a mistake.  Starting in 2003, the TSR stated: "An outbound telephone call is 'abandoned' . . . if a person answers it and the telemarketer does not connect the call to a sales

representative within two (2) seconds of the person's completed greeting." 16 C.F.R. § 301.4(b)(1)(iv). DISH interpreted the requirement that a telemarketer "connect the call to a sales representative" broadly, to prohibit silence, but to permit prerecorded messages from sales representatives.

No. 108. Further leading to DISH's reasonable confusion was the fact that, before October 16, 2012, it was not a violation under the TCPA, a separate but overlapping statute, to make prerecorded calls "to a person with whom the caller has an established business relationship at the time the call is made." [Citations omitted].

No. 109. Because DISH made a mistake of law in believing that the TSR did not penalize calls delivering prerecorded messages, DISH should not be charged with a knowing violation of the TSR for abandoned calls made during that period. . . .

No. 110. DISH additionally misinterpreted the TSR's vicarious liability standard. The TSR states, "[i]t is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to engage in, or for a seller to cause a telemarketer to engage in, "certain conduct, including initiating calls to numbers on the Registry, and abandoning calls in specified circumstances. [citation omitted]. . . . DISH interpreted "cause" to mean that it would be liable for causing its Retailers' TSR violations only if it had an established agency relationship with those Retailers. Because DISH outsourced its work to independent contractors, it believed they were individually responsible for compliance with the statutes and regulations.

No. 111: Because Section 45(m) of the FTC Act contains a mistake of law defense, DISH is not liable for civil penalties in either of these circumstances. . . .

No. 200:  Inasmuch as [California Business and Professions Code] Section 17593 provides for the same civil penalty as available under the FTC Act, the analysis of whether to award such a civil penalty and the amount of such civil penalty should be analyzed consistently with the FTC Act. [Citation omitted.]

See d/e 528-7 (pp. 33-35, 65) (proposed pretrial order); d/e 564 (pp. 33-35, 65) (final pretrial order).

In their Motion, Plaintiffs[1] argue that Dish was required to plead mistake as a defense under Federal Rule of Civil Procedure 8 and plead it with particularity under Federal Rule of Civil Procedure 9(b).  Because Dish did not do so, Plaintiffs seeks partial judgment on the pleadings.  Plaintiffs also ask that Dish be precluded from offering its mistake-of-law defense during trial because Dish failed to disclose or produce documents relating to the defense.   Plaintiffs argue that Dish's failure to plead the defense was prejudicial because the mistake involves Dish's attorneys' interpretations of the law and such information was not generally available to Plaintiffs through discovery because of the attorney-client privilege and work-product doctrine.   Finally, Plaintiffs assert that Dish should be

---

[1] The States join in this Motion because "Dish appears prepared to make a mistake-of-law argument in connection with (1) the amount of penalties to which the States are entitled under their respective state statutes and (2) whether the State are entitled to treble damages under the TCPA."  Pls. Mot. at 2 n.1.

precluded under Federal Rules of Civil Procedure 37(b) and 37(c) from presenting evidence about its newfound mistake-of-law defense. Because Dish never disclosed any information about its attorneys' mistakes of law, Dish willfully failed to produce documents on the topic despite the United States' discovery requests for all telemarketing compliance materials.

Dish responds that Plaintiffs bear the burden of proving they are entitled to civil penalties for TSR violations under 15 U.S.C. § 45(m). Consequently, Dish did not have to plead mistake of law because Dish must only plead affirmatively those defenses on which it bears the burden of proof. Dish also argues that Rule 9(b) does not apply because Dish had no obligation to plead mistake at all, and Rule 9(b) provides that lack of knowledge may be denied generally, which Dish did when Dish contested knowledge in Plaintiffs' complaint. Finally, Dish denies that it withheld documents supporting its mistake-of-law defense and asserts that it has produced documents in support of its defense.

Dish intends to assert a mistake-of-law defense concerning two issues: (1) the TSR's restrictions on prerecorded calls; and (2) Dish's liability under the TSR for causing another entity's

violations.  Dish states that it produced numerous examples of confusion regarding both standards, including its internal Do-Not-Call Policies, revised in February 2004 and February 2006, which reflected a belief that certain prerecorded calls to existing customers were permissible.  Dish also produced documents reflecting its potential confusion regarding liability for causing Retailer violations, indicating that Dish believed it would not be liable if it lacked an agency relationship with Retailers.  Dish points out that it has twice argued in this lawsuit that the FTC's interpretation of the causation standard was wrong and that Dish lacked reasonable notice of the FTC's interpretation.  Resp. at 3, citing Resp. to Mot. to Dismiss (d/e 15-1 at 2) and Supplemental Memorandum of Law Regarding Agency Deference (d/e 434 at 19).

## II. ANALYSIS

When a party responds to a pleading, the party must "state in short and plain terms its defense to each claim asserted against it" and "affirmatively state any avoidance or affirmative defense."  See Fed. R. Civ. P. 8(b)(1)(A), 8(c).  Courts have interpreted this is as two separate requirements:  (1) a requirement to state each non-affirmative defense; and (2) a requirement to state any affirmative

defense.  See, e.g., Illinois Conference of Teamsters & Employers
Welfare Fund v. Steve Gilbert Trucking, 878 F. Supp. 140, 141
(C.D. Ill. 1995) (finding that fraud in the execution was not an
affirmative defense but still should have been included as a defense
in the answer), aff'd in part and rev'd in part, 71 F.3d 1361 (7th Cir.
1995) (finding fraud in the execution was an affirmative defense
that was waived by the failure to include it in the answer); F.T.C. v.
AMG Servs., Inc., No. 2:12-cv-536-GMN-VCF, 2014 WL 5454170, at
*3 (D. Nevada Oct. 27, 2014) (noting that Rule 8(b)(1)(A) requires a
party state its defenses to each claim and Rule 8(c) requires a party
plead any affirmative defense and discussing the pleading
requirements for each).  In addition, fraud and mistake must be
pleaded with particularity, while knowledge may be alleged
generally.  Fed. R. Civ. P. 9(b); but see Bankers Trust Co. v. Old
Republic Ins. Co., 959 F.2d 677, 683 (7th Cir. 1992) (noting, in
dicta, that "we can find neither judicial nor scholarly discussion of
the rationale" for the mistake-of-law aspect of Rule 9(b)).

Regardless of whether mistake of law is an affirmative defense,
Dish did not plead the defense at all, despite listing 24 other
defenses and affirmative defenses in its Answer to the Third

Amended Complaint.  Dish was required, pursuant to Rule
8(b)(1)(A), to states its defenses to each claim asserted against it,
regardless of whether they were affirmative defenses.  Because Dish
failed to plead mistake of law, Dish has forfeited that defense.  See,
e.g., Steve Gilbert Trucking, 71 F.3d at 1365 (finding that the
defendant waived its fraud in the execution defense by failing to
plead the affirmative defense in its answer).

Dish argues that, even if Dish should have pleaded the
defense, Plaintiffs are not prejudiced because Dish produced
documents in support of its mistake-of-law defense.  See, e.g.,
Phillips v. Quality Terminal Servs., LLC, 855 F. Supp.2d 764, 789
(N.D. Ill. 2012) (technical failure to comply with Rule 8(c) was not
fatal if the plaintiff was not prejudiced).  Those documents include
the portion of Dish's 2004 and 2006 "Do-Not-Call" Policy that
provided, in general, that artificial and prerecorded voices shall not
be used to deliver a message to any residential phone line.  See
Dish Resp., Ex. A (d/e 549-2), Ex. B (d/e 549-3).  The Policies
further provided that automated messages could be delivered to
existing subscribers for customer service reminders.  Id.  Dish also
points to emails that purportedly reflect Dish's "potential confusion

regarding its liability for causing Retailer's violations, indicating that DISH believed that it would not be liable if it lacked any agency relationship with Retailers."  Dish Resp. at 3; Ex. C (d/e 549-4), Ex. D (d/e 549-5).

Plaintiffs dispute that the documents put them on notice of a mistake-of-law defense.  Plaintiffs assert that the Do-Not-Call policies do not reflect anything about Dish's "mistake."  Moreover, the emails do not contain any mention of compliance with the TSR, "making very dubious the idea that the United States was supposed to have used this document to determine that Dish planned to assert a TSR 'mistake of law' defense at trial nearly a decade after the fact."  Pls. Reply at 5 (d/e 558).  Plaintiffs also argue that they are left with no meaningful way to test Dish's mistake-of-law defense at trial because Dish did not provide or permit discovery on how the mistakes were made.  Id. at 6.

The Court finds that the most prudent course is to permit Dish to raise the mistake-of-law defense but bar Dish from producing any witnesses or evidence that Dish did not produce in discovery, unless the failure was substantially justified or harmless. See Fed. R. Civ.  P. 37(c) (providing that if a party fails to provide

information or identify a witness as required by Rule 26(a) or 26(e), the party may not use that information or witness unless the failure was substantially justified or harmless). Dish has consistently argued that Dish was not liable for Retailers' violations absent an agency relationship. Moreover, Dish argued at summary judgment that, at the time the calls were made, the FTC Allowed prerecorded calls to persons with established business relationships with Dish. This at least provided Plaintiffs with some notice of Dish's mistake-of-law defense. Dish will not, however, be permitted to introduce any evidence not previously provided to Plaintiffs.

### III. CONCLUSION

For the reasons stated, Plaintiffs' Motion for Partial Judgment on the Pleadings and Motion to Preclude Dish's New "Mistake of Law" Defenses (d/e 530) is GRANTED IN PART and DENIED IN PART. Dish may present evidence on its mistake-of-law defense in response to Plaintiffs' claim for civil penalties. However, Dish may not use any information that has not been provided to Plaintiffs in discovery or present any witnesses who have not been disclosed on the subject unless Dish can show that the failure was substantially justified or harmless.

ENTER: January 6, 2016

FOR THE COURT:

                                    __s/Sue E. Myerscough__
                                    SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE