IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> and the STATES OF CALIFORNIA, ) <br> ILLINOIS, NORTH CAROLINA, ) <br> and OHIO, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DISH NETWORK, L.L.C., ) <br> ) <br> Defendants, ) | No. 09-3073 |

**OPINION**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

This matter came before the Court for a hearing on February 17, 2016 (February 17 Hearing), to consider the admission of Defendant Dish Network, LLC's (Dish) remaining trial exhibits (Dish Trial Exhibits), for the bench trial that commenced on January 19, 2016. The United States appeared by Assistant United States Attorneys Lisa Hsiao, Patrick Runkle, and Sang Lee; The State of California appeared by Deputy Attorneys General Jinsook Ohta and Jon Worm; The State of Illinois appeared by Assistant Attorneys

General Elizabeth Blackston and Philip Heimlich; the State of North Carolina appeared by Special Deputy Attorney General David Kirkman; the State of Ohio appeared by Assistant Attorneys General Erin Leahy and Jeffrey Loeser; The Federal Trade Commission appeared by attorneys Russell Deitch and Gary Ivens; Dish appeared by its attorneys Peter Bicks, Elyse Echtman, John Ewald, and Joseph Boyle.  Illinois Assistant Attorneys General Blackston and Heimlich appeared in person, and all other attorneys appeared by video conference.  Dish's General Counsel Stanton Dodge and in-house counsels Larry Katzin and Brett Kitei also appeared at the hearing by telephone.  The Court ruled on the motions to admit Dish Trial Exhibits and Plaintiffs' objections thereto in open court at the February 17 Hearing.  Upon the admission of the exhibits, the portion of the bench trial commenced on January 19, 2016, was completed.

The Court entered a schedule for preparation of the second portion of the bench trial for injunctive relief and for the remaining issues raised Dish's by the State Plaintiffs' submission of the testimony Richard Stauffer.  Stauffer submitted testimony regarding a summary of data in January 2016 of the states of residence

associated with telephone numbers in the call records of some of the calls for which the Court found liability at partial summary judgment (January 2016 Stauffer Analysis).  See Opinion entered January 4, 2016 (d/e 575) (Opinion 575), at 38-39; Defendant Dish Network, LLC.'s Response to the State Plaintiffs' Request for Additional Discovery (d/e 598) (Response 598), attached Exhibit A, Excerpt of Transcript of Proceedings on January 26 (Stauffer Transcript Excerpt), at 837-44; see also Opinion entered December 14, 2014 (d/e 445), at 204-02.  The Court further resolved issues regarding the time period and the scope of additional discovery.  The Court previously gave Dish the option to decline to conduct additional discovery with respect to the Plaintiffs' claims for injunctive relief with the understanding that Dish would not be allowed to use the documents disclosed in the September and October 2015 supplemental discovery disclosures.  See Opinion 575, 8-9, 38.  Dish has not yet decided whether it will decline to conduct such additional discovery.  Dish's requests for attorney fees and expenses for additional discovery regarding the January 2016 Stauffer Analysis, including the January 25, 2016, deposition of Richard Stauffer, is allowed.  The Court will not bar the Plaintiffs

from conducting further analysis of the state of residence associated with telephone numbers.

For the reasons stated of record in open Court, the Court ruled as follows:

**<u>RELEVANT TIME PERIOD FOR DISCOVERY</u>**

The time period of additional discovery shall cover the time period from April 2010 to January 2016 (Time Period).

**<u>RELEVANT SCOPE OF DISCOVERY</u>**

<u>**Supplemental Injunctive Relief Discovery**</u>

The scope of discovery for injunctive relief shall include the following for the Time Period (hereinafter referred to as Supplemental Injunctive Relief Discovery):

- \*   All telemarketing call records, with all available data fields.
- \*   Entity-specific Do-Not-Call list(s) for Dish and its Retailers.
- \*   Dish's Established Business Relationship (EBR) Data including any information from which Dish determines whether it has an EBR, such as inquiries and leads and dates, current customers, former customers, customer

  termination dates, last payment dates, and activation dates; and

* Records related to telemarketing compliance, including lead lists, documents related to the creation of calling lists scrubbing requests, scrubbing receipts, documents related to consumer complaints and investigations into and responses to those complaints, audits, and any audit related documents.

### Supplemental Stauffer Discovery

The scope of discovery for matters related to the January 2016 Stauffer Analysis (collectively referred to hereinafter as Supplemental Stauffer Discovery):

* The data underlying January 2016 Stauffer Analysis contained in databases maintained by Stauffer's employer PossibleNOW, Inc.

* Documents in Dish's possession that contain information regarding the residential addresses associated with the telephone numbers contained in the Dish 2007-2010 calling records.

Dish objects to allowing discovery of consumer addresses in its records. The objection is overruled. The Court explained during the bench trial that the Court allowed additional discovery was in order to develop a complete record with all relevant information:

> THE COURT: Well, I have bent over backwards to try to allow everybody to disclose and have extensions of time, and make sure both sides got all the information. But I'm the trier of fact and I need as much . . . information as I can get . . . to decide this case.

<u>Stauffer Transcript Excerpt</u>, at 838. The Court further determined for reasons stated of record at the February 17 Hearing that the Plaintiffs' prior discovery requests sought information in Dish's possession about addresses associated with telephone numbers on calling records. Based on the testimony of Dish's witnesses at the bench trial, particularly Russell Bangert and Joey Montano, the addresses in Dish's possession also appear to be the best evidence to identify the illegal calls that Dish made to residents of the State Plaintiffs. Dish's records on addresses associated with the telephone numbers listed on Dish 2007-2010 calling records are, therefore, within the scope of the Supplemental Stauffer Discovery.

**SCHEDULE OF PROCEEDINGS**

The schedule for discovery deadlines, the date for the trial on injunctive relief and additional matters related to the Stauffer January 2016 Analysis, and requests for fees and expenses are as follows:

**March 4, 2016**

Dish and Plaintiffs to propound fact discovery, including third-party subpoenas, regarding the Supplemental Stauffer Discovery.

**March 28, 2016:**

Dish to produce via secure FTP all telemarketing call records with all available data fields for the Time Period. This includes Dish's entity specific Do-Not-Call lists and EBR Data for Dish and its Retailers (including any information from which Dish determines whether it has an EBR, such as inquiries and leads and dates, current customers, former customers, customer termination date, last payment dates, and activation dates).

**April 4, 2016**

Dish to produce via secure FTP all other records relating to telemarketing compliance for the Time Period for both Dish and its retailers. This will include records related to telemarketing

compliance, including lead lists, documents related to the creation of calling lists, scrubbing requests, scrubbing receipts, audits, and any audit related documents.

**April 11, 2016**

Dish to produce documents concerning consumer complaints and investigations into and responses to those complaints for the Time Period.

**April 25, 2016**

Plaintiffs to produce any expert reports related to Supplemental Injunctive Relief Discovery; and Dish and the Plaintiffs to respond to the opposing parties' Supplemental Stauffer Discovery.

**May 23, 2016**

Dish to produce any responsive experts report related to Supplemental Injunctive Relief Discovery; and Dish to complete depositions, if any, related to the Supplemental Stauffer Discovery.

**June 20, 2016**

Plaintiffs to produce any rebuttal expert reports related to the Supplemental Injunctive Relief Discovery.

**June 27, 2016**

Dish to produce any expert reports related to the Supplemental Stauffer Discovery, including expert reports related to the Stauffer January 2016 Analysis.

**August 8, 2016**

Close of supplemental discovery, including expert depositions.

**Tuesday, October 25, 2016 at 9:30 a.m.**

Permanent injunction hearing and hearing on additional evidence regarding the Stauffer January 2016 Analysis.

**November 21, 2016**

Plaintiffs to submit their requests for reasonable expenses and attorney's fees for Supplemental Injunctive Relief Discovery. Dish to submit its request for reasonable expenses and attorney's fees for Supplemental Stauffer Discovery, including the attorney's fees and expenses incurred in preparing for and taking the January 25, 2016 deposition of Mr. Stauffer.

**December 5, 2016**

Deadline to object to requests for attorney's fees and expenses.

**IT IS THEREFORE SO ORDERED.**

**Enter: February 23, 2016**

　　　　　　　　　　　　　　**＿＿＿/s Sue E. Myerscough＿＿＿**
　　　　　　　　　　　　　　**UNITED STATES DISTRICTJUDGE**