UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

UNITED STATES OF AMERICA and the
STATES OF CALIFORNIA, ILLINOIS,
NORTH CAROLINA, and OHIO,

        Plaintiffs,
  v.

DISH NETWORK, LLC,

        Defendant.

Case No. 3:09-cv-03073-SEM-TSH

**MOTION IN LIMINE TO STRIKE PORTIONS OF REBECCA KIRK FAIR'S SEPTEMBER 15, 2016 RESPONSIVE EXPERT REPORT AND PRECLUDE TESTIMONY REGARDING DR. EREZ YOELI'S 2012 ANALYSIS AND POSSIBLENOW'S METHODOLOGY**

The States of California, Illinois, North Carolina, and Ohio (collectively "State Plaintiffs") respectfully submit this motion *in limine* to strike portions of Ms. Rebecca Kirk Fair's September 15, 2016 Revised Responsive Expert Report ("2016 Responsive Report") and request the Court preclude her from testifying on issues related to Dr. Yoeli's 2012 analyses based on residential outputs from PossibleNOW's historical databases ("2012 Residential Analysis").[1]

## INTRODUCTION

Ms. Kirk Fair's 2016 Responsive Report goes well beyond the proper scope of expert evidence in this proceeding. In February 2016, after trial testimony revealed that Dish failed to produce critical evidence during pre-trial discovery, this Court ordered limited supplemental discovery on "[d]ocuments in Dish's possession that contain information regarding the residential addresses associated with the telephone numbers contained in the Dish 2007-2010

---

[1] State Plaintiffs bring this motion for the Court to rule on the issue at trial and are not requesting the Court expedite its decision before trial unless the Court so pleases.

calling records." d/e 624 at 5. Dish produced the missing residential address records to State Plaintiffs, and this Court permitted State Plaintiffs' expert Dr. Erez Yoeli to submit a supplemental report analyzing the newly produced information ("2016 Address Analysis"). Several weeks later, Dish's expert Rebecca Kirk Fair submitted her 2016 Responsive Report that not only rebutted Dr. Yoeli's 2016 Address Analysis, but also attacked Dr. Yoeli's 2012 Residential Analysis and the PossibleNOW data upon which it is based.

Neither Dr. Yoeli's 2012 Residential Analysis nor the PossibleNOW database reports are at issue in this second-phase trial. Dish's expert John Taylor submitted reports in 2012 and 2013 rebutting this analysis. Dish cross-examined Dr. Yoeli extensively about his 2012 methodology and the results of his analysis during the first phase of trial. That phase is now over, and Dish has exhausted all of its opportunities to attack the 2012 Residential Analysis.

The issue now before the Court—and the only issue on which Ms. Kirk Fair may opine—is the state-of-residence correlation between the area codes in Dish's 2007-2010 calling records and the new address data Dish supplied to State Plaintiffs after the close of the first phase of trial. In her 2016 Responsive Report, however, Ms. Kirk Fair goes well beyond the limited scope of discovery ordered by this Court, attacking old analyses by State Plaintiffs' experts that were submitted well before the first phase of trial and which Dish has already had ample opportunity to cross-examine and rebut. Dish is attempting through Ms. Kirk Fair's testimony to reopen old issues and introduce new rebuttal theories that it failed to properly raise during initial discovery and the first phase of trial. Such attempts are not only forbidden but also sanctionable under the Federal Rules of Civil Procedure. This Court should therefore strike those portions of Ms. Kirk Fair's report that go beyond the substance of Dr. Yoeli's 2016 analysis on addresses produced by Dish, and exclude any such testimony at trial.

2

## BACKGROUND

**Limited Post-Trial Discovery**

Ms. Kirk Fair's 2016 Revised Report was submitted during a period of limited supplemental discovery. At trial in January 2016, two witnesses had revealed that Dish possessed but had failed to produce records linking residential addresses to the phone numbers in its 2007-2010 call records. Opinion 624 at 6. On February 24, 2016, shortly after the first phase concluded, this Court ordered Dish to turn over the previously unproduced address data, and permitted the parties to conduct limited discovery regarding this critical new evidence. Opinion 624 at 5-6.[2]

The Court ordered Plaintiffs to provide any supplemental expert report on Dish's address information only by July 5, 2016 and Dish to provide any responsive expert report by July 29, 2016. Text Order entered June 14, 2016. Neither this Order nor any other gave Dish permission to provide expert opinion beyond an analysis of the address data that the Court ordered Dish to produce.  Dr. Yoeli provided his expert report on July 5, 2016, and a revised report on July 7, 2016. Revised Supplemental Expert Report of Dr. Erez Yoeli (Ex. 1). Dish's expert Rebecca Kirk Fair provided her responsive expert report on August 3, 2016, a revised report on September 15, 2016, and a revised Exhibit 11 on September 19, 2016. Revised Responsive Expert Report of Rebecca Kirk Fair (Ex. 2).[3]  Ms. Kirk Fair did not confine her analysis to Dr. Yoeli's 2016 Report, and instead surprised State Plaintiffs by mounting a detailed attack on the Residential Analysis Dr. Yoeli had performed in 2012 and the data he relied on in doing so. Dr.

---

[2] Opinion 624 also permitted limited discovery regarding Richard Stauffer's 2016 PossibleNOW analysis. Opinion 624 at 5. That analysis was held in abeyance by the Court until Dish provided State Plaintiffs with the 2007-2010 calling records, at which point the analysis was rendered moot. State Plaintiffs withdrew the 2016 Stauffer Analysis on June 8, 2016. *State Plaintiffs' Response to the Court's May 11, 2016 Text Order and Motion for Proposed Discovery Schedule*, D/e 679, at 1. Dish's 2007-2010 call records are now the only remaining issue raised in Opinion 624.

[3] Ms. Kirk Fair's report is filed under seal because it has been marked highly confidential.

Yoeli's 2016 expert report nowhere mentions his 2012 Residential Analysis, except for stating generally that his "conclusions provide further evidence that a significant percentage of Dish's and its retailers' calls were made to residential landline numbers associated with the Plaintiff States." Ex. 1at 6.

**Yoeli's 2012 Residential Analysis**

Dr. Yoeli's 2012 Residential Analysis included an October 6, 2012 rebuttal report submitted as part of the initial round of expert reports during the initial discovery period in this litigation. The 2012 Residential Analysis consisted of an analysis of whether Dish's and its retailer's calls were made to residential phone numbers, and was based on data obtained from Richard Stauffer of PossibleNOW. Rebuttal Report, d/e 245-4 at 8-9. Dish's expert John Taylor specifically responded to Yoeli's 2012 Residential Analysis—including criticizing Stauffer's PossibleNOW methodology—in rebuttal reports submitted on November 12, 2012 and November 6, 2013. Rebuttal Report of John Taylor, d/e 493-1 at 25-26; Rebuttal Report of John Taylor, d/e 424-1 at 7-17. The initial discovery period, including expert discovery, closed on December 19, 2013. Text Order entered November 7, 2013.

At trial in January 2016, Dr. Yoeli testified regarding his 2012 Residential Analysis, including his reliance on PossibleNOW database results. Dish had a full opportunity to cross-examine Dr. Yoeli there, and also elicited testimony from Mr. Taylor regarding his criticisms of Dr. Yoeli's 2012 analyses and methodology. Trial Tr. 196-201; Trial Tr. at 3238-3346. Ms. Fair nonetheless devoted a significant portion of her 2016 report to analyzing and rebutting Dr. Yoeli's 2012 Residential Analysis as well as the PossibleNOW data Mr. Stauffer provided to Dr. Yoeli in 2012. Ex. 2 at 33-44.

**The States' Residential Area Code 2015 Analysis**

Prior to the close of discovery in 2013, experts on both sides treated area codes as indicative of the state of residence for the call recipient.[4] At summary judgment, Dish argued for the first time that area code did not prove that the recipient of the telemarketing call was a resident of the state associated with the area code. Despite the close of discovery, on February 5, 2014 Dish's expert John Taylor issued an additional declaration stating that the area code of a number dialed by Dish may not ring in the state to which the area code is assigned. *See* D/e 499 at 7-8. In its summary judgment opinion, the Court found that an issue of fact remained as to whether calls were placed to states that matched the assigned area code. D/e 445 at 201-07.

In Aril 2015, in response to Dish's new argument and the Court's summary judgment ruling, State Plaintiffs provided a supplemental analysis of call record data by Dr. Yoeli. *See* Opinion, d/e 499 at 11-12. Yoeli's April 2015 analysis relied on residential and area code analysis by PossibleNOW. *Id.* On June 15, 2015, Dr. Yoeli provided a revised analysis based on revised data from PossibleNOW. See Opinion, d/e 517 at 8. On September 15, 2015, Dish's new expert, Rebecca Kirk Fair, issued a rebuttal report addressing both Yoeli's April 2015 and June 2015 analyses. Because the States discovered an error in the 2015 PossibleNOW analysis, they therefore withdrew Dr. Yoeli's April and June 2015 expert opinions, rendering Ms. Kirk Fair's September 2015 rebuttal report moot. d/e 543-1. In her current rebuttal report to Yoeli's 2016 analysis, Ms. Kirk Fair seeks to revive the contents of her September 2015 rebuttal report to the

---

[4]Plaintiff's expert Dr. Yoeli issued his first expert report on July 19, 2012, and a revised report on December 14, 2012. Report of Dr. Erez Yoeli, d/e 245-3; Report of Dr. Yoeli, d/e 245-7. Dish's expert John Taylor issued an expert report on July 26, 2012 and a revised expert report on September 20, 2012. Expert Report of PossibleNOW, PTX 1243; Revised Expert Report of PossibleNOW, PTX 26. Dr. Yoeli issued a rebuttal report on October 16, 2012 in response to John Taylor and Robert Fenilli's reports, and a revised rebuttal report on December 14, 2012. Rebuttal Report, d/e 245-4; Revised Rebuttal Report, d/e 245-8. John Taylor issued rebuttal reports to Dr. Yoeli's reports on November 12, 2012 and November 6, 2013. Rebuttal Report by John Taylor, d/e 493-1 at 21-26; Rebuttal Report of John Taylor, d/e 424-1.

States' withdrawn analysis. This is outside the scope of the limited post-trial expert discovery allowed by the Court.

## ARGUMENT

Federal Rule of Civil Procedure 26 governs the timing and scope of expert evidence. Fed. R. Civ. P. 26. The Rule requires a party to disclose a complete statement of all opinions the expert witness will express and the basis and reasons for them at the time specified for expert disclosure by rule or by the court. Fed. R. Civ. P. 26(a)(2)(A) and (D). When a scheduling order permits rebuttal experts and opinions, they are "limited to contradicting or rebutting evidence on the same subject matter identified by another party in its expert disclosures." *Stanfield v. Dart*, No. 10-C-6569, 2013 WL 589222, at *3 (N.D. Ill. Feb. 14, 2013), citing *Butler v. Sears Roebuck & Co.*, No. 06-C-7023, 2010 WL 2697601, at *1 (N.D. Ill. July 7, 2010).

Further, the rebuttal report must not extend "well beyond" the scope of the other party's expert reports. *Jorgenson Forge Corp. v. Consarc Corp.*, No. C00–1879Z, 2002 WL 34363668, at *1 (W.D. Wash. Jan. 9, 2002). A rebuttal is not the appropriate place for presenting new arguments unless doing so is substantially justified and causes no prejudice. *Ebbertv. Nassau Cnty.*, No. CV 05–5445, 2008 WL 4443238, at *13 (E.D.N.Y. Sept. 26, 2008). Moreover, the responding "party may not offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief." *Noffsinger v. Valspar Corp.*, No. 09-C-916, 2011 WL 9795, at *6 (N.D. Ill. Jan. 3, 2011); *Akeva L.L.C. v. Mizuno Corp*, 212 F.R.D. 306, 310-11 (M.D. N.C. Dec. 20, 2012)(expert surprised opposing party when it submitted testimony "as makeup for initially inadequate or incomplete preparation.").

"Fail[ure] to obey a scheduling or other pretrial order," including a discovery order, may be grounds for sanction under Rule (16)(f). Fed. R. Civ. P. 16(f)(1)(C). Additional grounds exist

under Rules 37(c) and 37(b)(2)(A)(i)-(vii) where a party deviates from the requirements of Rule 26(a) without substantial justification. Here, evidentiary sanctions are warranted under Rules 16(f), 26(a)(2) and 37(c). State Plaintiffs move to strike those paragraphs of Ms. Kirk Fair's 2016 Responsive Report that references Dr. Yoeli's 2012 analysis and any supporting residential data provided by Mr. Stauffer and preclude her from testifying or providing any further opinions on the matter.

A.  **Ms. Kirk Fair's Opinions On Dr. Yoeli's 2012 Analysis and Mr. Stauffer's Methodology Constitute Opinions That Should Have Been Disclosed Before the Close of the Initial Period of Expert Discovery**

Ms. Kirk Fair's revised opinions on matters related to Dr. Yoeli's 2012 Residential Analysis are untimely and should have been disclosed by Dish within the appropriate timeframe. Rule 26(a)(2)(B) requires an expert report to contain complete opinions in the timeframe set by the court. Here, expert discovery encompassing the 2012 Residential Analysis ended on December 19, 2013. When the court ordered limited supplemental discovery in February 2016, it was limited to discovery regarding a PossibleNOW January 2016 analysis that has since been withdrawn, and Dish's previously unproduced address data for its 2007-2010 call records. Opinion 624.  It did not reopen the general expert discovery period that had closed in 2013, and did not include Dr. Yoeli's 2012 Residential Analysis.

Indeed, Dish's expert John Taylor already addressed Dr. Yoeli's 2012 Residential Analysis and the use of PossibleNOW historical database before the close of discovery in 2013. Responding to Dr. Yoeli's October 16, 2012, rebuttal report, Mr. Taylor specifically opined on the use of historical phone data from PossibleNOW's database, explaining that "Dr. Yoeli's use of the PN historical analysis of Residential, Business, Wireless and portable telephone numbers is not based on a solid understanding of the data set used for the analysis." John Taylor Rebuttal

7

Report, November 12, 2012 (Ex. 3). Mr. Taylor also made statements in depositions about Dr. Yoeli's 2012 statistical conclusions drawn from the samples sent to PossibleNOW. Taylor Dep., 200:11-206:1, Dec. 6, 2012. (Ex. 4).

In light of the fact that discovery concerning the 2012 analyses ended and that Dish's prior expert had the opportunity to and did, in fact, address Dr. Yoeli's 2012 Residential Analysis, it is inappropriate for Ms. Kirk Fair to now devote nearly a quarter of her responsive report to supplying new information and analysis to supplement Mr. Taylor's previously expressed opinions about the method by which Dr. Yoeli drew his 2012 samples, Mr. Stauffer's methodology in analyzing data in 2012, and the proper use of the PossibleNOW's historical database. Ex. 2 at 34. Dish's opportunity to present expert discovery on the issues in Dr. Yoeli's 2012 report has passed.

Rule 37 states that a party who fails to provide information required by Rule 26(a) or 26(e)(1) is not permitted to use as evidence at a hearing or trial unless such "failure is substantially justified and harmless." Fed. R. Civ.P. 37(c)(1). Ms. Kirk Fair's opinions related to 2012 are improper and untimely under Rule 26 and should, therefore, be excluded under Rule 37. Fed. R. Civ.P. 37(c)(1) and (b)(2)(A)(i)-(iv). Such a late disclosure is neither substantially justified nor harmless. State Plaintiffs have properly confined their current analysis to Dish's newly produced 2007-2010 calling records. Allowing Dish to reopen an attack at this late stage would be patently unfair to State Plaintiffs.

**B.     Ms. Kirk Fair's Opinions on Dr. Yoeli's 2012 Analysis and Mr. Stauffer's Methodology are Outside the Scope of Opinion 624**

Along with being untimely, Ms. Kirk Fair's opinions related to 2012 issues should be stricken as improper because they exceed the scope of what the Court has permitted in this extended period of discovery. Opinion 624 confines this supplemental discovery to the 2007-

8

2010 call records Dish had failed to previously tender during discovery.[5] Opinion 624 at 5. For that reason, Ms. Kirk Fair's detailed responsive attack on Dr. Yoeli's 2012 analysis and data Mr. Stauffer provided are outside the scope of discovery under the terms of the Court's order. Ms. Kirk Fair's analysis deviates from the scope of the order in an attempt to do the work Dish's previous experts failed to do and to add weight to its case in chief.

> i. Ms. Kirk Fair's Opinions On Dr. Yoeli's 2012 Analysis and Rick Stauffer's Methodology Are Well Beyond Dr. Yoeli's 2016 Analysis of Dish's 2007-2010 Call Records

First, Ms. Kirk Fair's responsive report goes well beyond an ordinary attempt to contradict Dr. Yoeli's 2016 report and instead strays into an entirely different subject matter. The issue pending is Dr. Yoeli's 2016 analysis and that analysis alone. His 2016 analysis mentions nothing about his 2012 Residential Analysis, nor does it reference residential data from PossibleNOW. Rather, Dr. Yoeli took the new address data produced pursuant to court order and used the "new data to determine how many of those calls were made to addresses in the Plaintiff State." He received and analyzed the address data Dish provided to see if they correlated to the area codes indicated in the call records. From this procedure he concluded that "a significant percentage of Dish's and its retailers' calls were made to residential landline numbers associated with the Plaintiff States." Ex. 1 at 6.

The early part of Ms. Kirk Fair's report directly responds to that analysis. Ex. 2 at 7-32. Beginning in Section VIII B, however, she zeros in on alleged deficiencies in the 2012 analysis and the data that underlies it. She discusses the reliability of Dr. Yoeli's 2012 sampling procedure and expresses her views on the permissible use of the historical PossibleNOW residential database. Ms. Kirk Fair's report also extensively questions data provided by Mr.

---

[5] The only other discovery issue identified in Opinion 624 was rendered moot by the production of the 2007-2010 call records. *See* d/e 679.

9

Stauffer in 2015 and references her own 2015 report attacking his analyses, in spite of the fact that this critique is moot because State Plaintiffs withdrew Mr. Stauffer's 2015 analyses in December 2015. This reliance on her 2015 report critiquing withdrawn analyses further demonstrates that she has gone well beyond simply responding to Dr. Yoeli's 2016 Analysis.

Ms. Kirk Fair justifies the excursion into work done in 2012 by pointing to Yoeli's statement that the 2007-2010 data is "further evidence" that many of Dish's calls went to land lines in State Plaintiffs. She infers that if Dr. Yoeli was not relying on the withdrawn 2015 Stauffer analysis, he must have been "attempting to extrapolate results from his only standing analysis, his 2012 analysis." Ex. 2, at 44. Such a leap, however, is not justified by Dr. Yoeli's deposition testimony where he clarifies that merely meant to express that, because the 2016 address data produced by Dish appear to be sourced from residential addresses, his 2016 analysis provides "additional evidence in the same flavor." Yoeli Dep. 121:18-25, Aug. 12, 2016 (Ex. 5). Dish's leap is simply a pretext for Dish to mount an attack that Dish's previously-retained experts should have properly performed before the close of the discovery deadline to begin with.

Additionally, Ms. Kirk Fair's justification disregards the fact that Dr. Yoeli has previously opined that area code correlates to state of residence without referring to the work of Mr. Stauffer. For instance, Dr. Yoeli's March 5, 2014 declaration describes the procedure by which he analyzed 1000 complaints consumers submitted within a day of receiving a violative call. PX305. Upon reviewing them, he "determined that for all the calls with an area code assigned to a Plaintiff state, the self-reported address in the complaint matched the state the area code was assigned to by NANPA." PX0305-006-007. Dr. Yoeli's statement that the new records are "further evidence" of this repeatedly confirmed finding is not enough to re-open the door for an attack on his original analyses.

Ms. Kirk Fair's diversions into Dr. Yoeli's 2012 analyses should, therefore, be stricken for going beyond scope of Opinion 624. See *Akeva L.L.C. v. Miszuno Corp*, 212 F.R.D. 306 (M.D. N.C. 2012) (striking rebuttal testimony that deviated from court approved discovery plan); *King v. Allstate Insurance Company*, No. 11-cv-00103, 2013 WL 4461584, *2 (D. Colo. Aug. 19, 2013)(striking report where the court reopened to examine single issue and the rebuttal report went beyond that issue).

    ii.    *Ms. Kirk Fair's Opinions Regarding Dr. Yoeli's 2012 Analysis Constitute an Improper Attempt to Bolster Dish's Defense at Trial*

Second, Ms. Kirk Fair's extended attack on Dr. Yoeli's 2012 analysis is an inappropriate attempt to remedy deficiencies in Dish's trial defense. Dish has long been aware that Dr. Yoeli's 2012 analyses incorporated information about the residential nature of a phone number received from the historical databases of PossibleNOW, and has had ample opportunity to undermine his testimony.

At trial, Dish unsuccessfully attempted to strike Dr. Yoeli's conclusions regarding the match between area codes and the consumers' self-reported state of residence in the consumers' Sentinel complaints. Trial Tr. Vol. 2, 324:5-325:3 (Yoeli). Dish extensively cross-examined Dr. Yoeli on his sampling technique and on the data he used to identify residential landlines, Trial Tr. Vol. 2, 388:18-393:25 (Yoeli), and cross-examined him regarding Mr. Stauffer's 2012 call return analyses, Trial Tr. vol. 2, 394:8-399:11.

Dish also had its opportunity to cross-examine Mr. Stauffer on the purported errors related his 2012 analyses. Trial Tr. vol. 5, 705:13-15 (Stauffer). When Dish's own expert Mr. Taylor testified, he declined the opportunity to attack Mr. Stauffer's 2012 analysis, even though

11

he had an open opportunity to do so at trial.[6] Mr. Taylor never questioned Dr. Yoeli's use of PossibleNOW residential data in 2012 (even though he had done so in his rebuttal reports) or undermined his conclusions about area codes matching state of residence. To the contrary, Mr. Taylor acknowledged that the rate of match between area code and state of residence for residential landlines from 2007-2010 was about 97%. Trial Tr. vol. 15, 3333:18-3335:5 (Taylor). He further agreed that, as of 2009, it would be consistent with his expert opinion that area codes would match state of residence 90% of the time. Trial Tr. vol. 15, 3335:6-13.

Dish's use of Ms. Kirk Fair's responsive expert report to do what Mr. Taylor and other witnesses could and should have done constitutes an impermissible attempt to bolster its case in chief. Allowing Dish to do so at this point is patently unfair to the State Plaintiffs, who have been forced, at their own expense, to conduct numerous analyses with PossibleNOW when Dish had relevant data in its possession the whole time—data showing that area code matches state of residence in vast majority of Dish's own records.

Where part of an expert's testimony constitutes improper bolstering but other parts fairly respond to the conclusions of the opposing party's experts, "the appropriate course is to limit the proposed rebuttal expert's testimony rather than striking it altogether." *Noffsinger v. Valspar Corp.*, 2011 WL 9795, at *6-7 (N.D. Ill. Jan. 3, 2011); *cf. Stanfield v. Dart*, 10-C-6569, 2013 WL 589222 (N.D. Ill. February 14, 2013)(striking new expert report where it failed to address defendant's expert and instead bolstered plaintiffs case in chief). State Plaintiffs move to strike Ms. Kirk Fair's 2016 Responsive Report to the extent it bolsters testimony about 2012 that Dish should have elicited at trial.

---

[6] The Court asked Dish whether Dish's expert intended to attack Mr. Stauffer's 2012 analysis. Dish counsel responded that Mr. Taylor had previously opined that PossibleNOW's area code data was not fit for the purpose it was being used for and that it would be a conflict for Mr. Taylor to testify against his boss. Trial Tr. vol. 5, 826:23-827:14.

**CONCLUSION**

Based on the foregoing, State Plaintiffs respectfully request the Court strike Paragraphs 15 and 107-139, 140, and 143 of Ms. Kirk Fair's Revised Report and preclude testimony regarding Dr. Yoeli's 2012 Residential Analysis and Mr. Stauffer's 2012 PossibleNOW methodology.


Dated:   October 20, 2016                           Respectfully submitted,


| FOR THE PEOPLE OF THE STATE OF ILLINOIS | FOR THE PEOPLE OF THE STATE OF CALIFORNIA |
|---|---|
| LISA MADIGAN<br>Attorney General of Illinois | KAMALA D. HARRIS<br>Attorney General of the State of California |
| /s/ Philip Heimlich<br>ELIZABETH BLACKSTON<br>PHILIP HEIMLICH<br>PAUL A. ISAAC<br>Assistant Attorneys General<br>Consumer Fraud Bureau<br>500 South Second St.<br>Springfield, IL 62706<br>Telephone: 217-782-4436<br>Fax: 217-782-1097<br>eblackston@atg.state.il.us<br>pheimlich@atg.state.il.us<br>pisaac@atg.state.il.us | JINSOOK OHTA<br>ADELINA ACUÑA<br>JON WORM<br>Deputy Attorneys General<br>Consumer Law Section<br>Office of the Attorney General<br>600 West Broadway, Suite 1800<br>San Diego, CA 92101<br>Telephone: 619-645-3182 (Ohta)<br>                 619-645-2067 (Worm)<br>Fax: 619-645-2271<br>jinsook.ohta @doj.ca.gov<br>adelina.acuna@doj.ca.gov<br>jon.worm@doj.ca.gov |

| FOR THE STATE OF OHIO | FOR THE STATE OF NORTH CAROLINA |
|---|---|
| MIKE DEWINE<br>Attorney General of Ohio | ROY COOPER<br>Attorney General of North Carolina |
| ERIN B. LEAHY<br>JEFFREY LOESER<br>Assistant Attorneys General<br>Consumer Protection Section<br>Ohio Attorney General=s Office<br>30 E. Broad St., 14th Floor<br>Columbus, OH  43215-3414<br>Telephone: 614-752-4730 (Leahy)<br>            614-728-1172 (Loeser)<br>Fax: 866-768-2648<br>Jeffrey.Loeser@ohioattorneygeneral.gov<br>Erin.Leahy@ohioattorneygeneral.gov | David N. Kirkman<br>Special Deputy Attorney General<br>Consumer Protection Division<br>Office of the Attorney General<br>114 W. Edenton St.<br>Raleigh, NC  27602-0629<br>Telephone: 919-716-6000<br>Fax: 919-716-6050<br>dkirkman@ncdoj.gov |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing STATE PLAINTIFFS' MOTION IN LIMINE TO STRIKE PORTIONS OF REBECCA KIRKFAIR'S SEPTEMBER 15, 2016 RESPONSIVE EXPERT REPORT AND PRECLUDE TESTIMONY REGARDING DR. EREZ YOELI'S 2012 ANALYSIS AND POSSIBLENOW'S METHODOLOGY was served via ECF on this 20th day of October, 2016, upon the persons listed below:

Peter A. Bicks
Elyse D. Echtman
John L. Ewald
pbicks@orrick.com
eechtman@orrick.com
jewald@orrick.com

Joseph A. Boyle
Lauri A. Mazzuchetti
jboyle@kelleydrye.com
lmazzuchetti@kelleydrye.com

Counsel for Dish Network, LLC

/s/   Philip Heimlich
Philip Heimlich