Atkinson-Baker Court Reporters
www.depo.com

```
                UNITED STATES DISTRICT COURT
            FOR THE CENTRAL DISTRICT OF ILLINOIS
                     SPRINGFIELD DIVISION

---------------------------------X
UNITED STATES OF AMERICA and the )
STATES OF CALIFORNIA, ILLINOIS,  )
NORTH CAROLINA, and OHIO,        )
                                 )
               Plaintiffs,       ) Case No.:
                                 ) 3:09-cv-03073-SEM-TSH
         v.                      )
                                 )
DISH NETWORK, L.L.C.,            )
                                 )
               Defendant.        )
---------------------------------X



                VIDEOTAPED DEPOSITION OF

                   REBECCA KIRK FAIR

                   NEW YORK, NEW YORK

                   SEPTEMBER 20, 2016
```

ATKINSON-BAKER, INC.
COURT REPORTERS
(800) 288-3376
www.depo.com

REPORTED BY: HELEN SHUM
FILE NO.: AA099A7

1

Atkinson-Baker Court Reporters
www.depo.com

```
                        R. K. FAIR
```

A.  I think we're having a disconnect about the concept of reliability.  So I think they are reliable for ensuring that individuals get billed when they are entered, and that is how DISH is using them.  Based on the entry dates for those data, the majority of the information was entered well after the times of the calls at issue.

So they are reliable for the purpose for which DISH was maintaining them, but given the disconnect between the timing of the call and the address data, I relied on the service data, which were contemporaneously entered and active for those customers.

Q.  Okay.  So are you saying that the billing data for let's say -- I'm just going to say for the year 2007, that the billing data for 2007 was entered long -- could have been entered long after the fact to cover a time frame prior to the entry?

A.  The DISH data and all the data here are complicated.  So maybe we can go back to the Exhibit 2, and it may even be easier if you enter into the record some pictures of the data, but if we look at 2007, we have more than 300,000 service addresses.  We have well below 50,000 billing addresses.  We have lots of billing

28

```
1                    R. K. FAIR
```

| | | |
|---|---|---|
| 2 | addresses that appear to have been entered for lots of | 09:48:03 |
| 3 | records in 2011. | 09:48:08 |
| 4 | So what I'm saying is there were customers | 09:48:10 |
| 5 | who were active in prior years, where the billing | 09:48:12 |
| 6 | address for those customers got recorded in those | 09:48:16 |
| 7 | variable -- under that variable name in subsequent | 09:48:19 |
| 8 | years.  I don't know particularly why.  It would not | 09:48:22 |
| 9 | surprise me if it was due to a change in the way they | 09:48:26 |
| 10 | were recording their data and their data sets that they | 09:48:30 |
| 11 | suddenly wanted to distinguish between service address | 09:48:33 |
| 12 | and billing address. | 09:48:35 |
| 13 | I have cable in two houses.  My billing | 09:48:37 |
| 14 | address is, in fact, my primary home, even though my | 09:48:40 |
| 15 | service address is on the Cape.  So all I'm saying is | 09:48:43 |
| 16 | the data that applied to a call and an account number | 09:48:48 |
| 17 | circa 2007 was generally associated with a service | 09:48:53 |
| 18 | address. | 09:48:57 |
| 19 | If I add more address data inside Group A, | 09:48:57 |
| 20 | the chance only goes up with contradictions, and since | 09:49:02 |
| 21 | as you read, my first paragraph of Section A is that if | 09:49:05 |
| 22 | there are contradictions, they are not included in that | 09:49:08 |
| 23 | stage in the hierarchy. | 09:49:12 |
| 24 | So I could try and do what you're saying. | 09:49:14 |
| 25 | I think it's inappropriate given when the service data | 09:49:18 |

Atkinson-Baker Court Reporters
www.depo.com

| | R. K. FAIR | |
|---|---|---|
| 1 | | |
| 2 | were entered into the system to use it to determine the | 09:49:21 |
| 3 | physical location of an individual at the time of a 2007 | 09:49:26 |
| 4 | call. | 09:49:31 |
| 5 | Q.   Okay.  You meant billing? | 09:49:31 |
| 6 | A.   Sorry.  The billing address is | 09:49:34 |
| 7 | inappropriate to use to figure out the physical | 09:49:36 |
| 8 | location, and that I used the appropriate address data | 09:49:39 |
| 9 | given the entry dates for the addresses. | 09:49:42 |
| 10 | Q.   Okay.  So if I'm understanding you | 09:49:45 |
| 11 | correctly, this sudden rise in entry of billing data, | 09:49:48 |
| 12 | some of this was entry of activity that was not | 09:49:55 |
| 13 | contemporaneous to 2011; they were entering in activity | 09:50:00 |
| 14 | from previous years? | 09:50:05 |
| 15 | MS. ECHTMAN:  Objection. | 09:50:06 |
| 16 | A.   I'm uncomfortable describing it as entering | 09:50:07 |
| 17 | activity as opposed to entering billing data, billing | 09:50:11 |
| 18 | address information for customers who existed prior to | 09:50:15 |
| 19 | 2011. | 09:50:19 |
| 20 | Q.   Okay.  But the actual activity that they | 09:50:20 |
| 21 | were recording in 2011, that was contemporaneous | 09:50:34 |
| 22 | activity? | 09:50:37 |
| 23 | MS. ECHTMAN:  Objection; vague. | 09:50:39 |
| 24 | A.   Actually, I'm afraid I have no idea what | 09:50:41 |
| 25 | you asked.  Try again. | 09:50:44 |

30

Rebecca Kirk Fair
September 20, 2016