IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09-3073 |
| DISH NETWORK, L.L.C., | ) ) | |
| Defendants. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on Defendant Dish Network, L.L.C.'s (Dish) Motion to Strike State Plaintiffs' New Post-Trial Evidence Related to Residential Numbers (d/e 745) (Motion 745). For the reasons set forth below, the Motion is DENIED.

Dish asks the Court to strike paragraphs 44 through 56 of the State Plaintiffs' Additional Post-Trial Proposed Findings of Fact (d/e 730) (Paragraphs 44-56), and "preclude the introduction of any evidence related to the number of call records with a match between

the area code and the address in the SSN [Satellite Systems Network] call records.  Motion 745, at 2, 8.

Paragraphs 44-56 are not evidence.  The paragraphs are proposed findings of fact.  The Plaintiff States cite exhibit DTX 906 to support these proposed findings.  Exhibit DTX 906 has been admitted into evidence at trial.  Exhibit DTX 906 is an Excel spreadsheet that contains information in 381,811 call records.  Dish's expert John Taylor opined that the call records in DTX 906 were records of outbound telemarketing calls to persons whose telephone numbers were registered on the National Do-Not-Call Registry (Registry).  Taylor further opined that he could not identify a reason that the 381,811 calls did not violate the FTC's Telephone Sale Rule (TSR), 16 C.F.R. Part 310.  The Court found at summary judgment that these calls violated the TSR.  See Opinion entered December 14, 2014 (d/e 445), at 176, 232.

Taylor included addresses and telephone numbers with area codes in Exhibit DTX 906.  The Plaintiff States' counsel counted and compared area codes and states of residence in the addresses that Taylor included to argue that the area codes agreed with the states of residence.  Attorneys make such arguments about what

admitted evidence shows.  See Jones v. Lincoln Electric Co., 188 F.3d 709, 731 (7th Cir. 1999).  Dish may rebut the Plaintiff States' arguments and have done so.  See Dish Network L.L.C.'s Response to Plaintiffs' Post-Trial Submissions (d/e 749), at 3-4.

Dish argues that Plaintiff States' attorneys are attempting to perform analyses that require an expert.  The Court disagrees.  Exhibit DTX 906 is not raw data.  Dish's expert Taylor prepared DTX 906.  Taylor selected the 381,811 call records that he included in the spreadsheet.  Taylor included the addresses and telephone numbers with area codes in those records.  Taylor performed the expert analysis of the raw data to produce the spreadsheet.  The Plaintiff States' counsel only counted the information in the records Taylor prepared to argue their case.  They may do so.

The Court will review and consider the validity of the Plaintiff States' arguments about the meaning of the information in DTX 906 in the same manner as any other arguments made by the parties.  The Court will consider Dish's rebuttal arguments as well.  None of these arguments, however, are evidence.  The Court, therefore, has no need or basis to strike Paragraphs 44-56 as improperly submitted evidence.

THEREFORE, Defendant Dish Network, L.L.C.'s Motion to Strike State Plaintiffs' New Post-Trial Evidence Related to Residential Numbers (d/e 745) is DENIED.

Enter: January 26, 2017

                                       /s Sue E. Myerscough
                                UNITED STATES DISTRICT JUDGE