IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATES of CALIFORNIA, ILLINOIS, NORTH CAROLINA, and OHIO,  Plaintiffs,  v.  DISH NETWORK LLC,  Defendant. | No. 09-3073 |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

The Court has identified a legal issue which the parties have not adequately addressed in their post-trial submissions. The Plaintiffs seek civil penalties or statutory damages for acts of Order Entry Retailers. At least some of these claims may require the application of agency law. The parties have addressed principles of agency law regarding a principal's liability for the actions of an agent.

The parties, however, have not addressed whether a principal's liability under agency law for punitive remedies for the actions of an

agent should apply to any claim in this case, and if so, how.  The Seventh Circuit has held that under both federal and Illinois law a principal is only liable for punitive damages for the acts of an agent if the principal knew of or ratified the acts.  See City of Chicago v. Matchmaker Real Estate Sales Center, Inc., 982 F.2d 1086, 100 (7th Cir. 1992) (principal liable for punitive damages if she knew of or ratified the agent's acts) (applying federal law); accord Jannotta v. Subway Sandwich Shops, Inc., 125 F.3d 503, 514 (7th Cir. 1997) (corporation liable for punitive damages for acts of a managerial employee or if the corporation authorized or ratified that acts) (applying Illinois law).

The Restatement supports requiring such proof to impose punitive damages on a principal.  Restatement (Third) of Agency, § 7.03 comment e (2006) (citing with approval Restatement (Second) of Torts, § 909). Comment e to § 7.03 further states that imposing statutory penalties on principals for the acts of a third party should depend on the language and purpose of the statute:

> A statute may authorize the award of punitive damages or may provide for a penalty, such as treble damages, that may be awarded to a plaintiff injured by a defendant's violation of the statute.  When a defendant is not itself the actor who committed the conduct that

> violates the statute, the court must then determine whether the actor's conduct should be attributed to the defendant. Unless the language of the statute itself resolves the question, the determination should reflect the purpose of the statute.

Restatement (Third) of Agency, § 7.03 comment e.

The Court directs the parties to submit supplemental memoranda of law to address whether the legal principles discussed in Restatement (Third) of Agency § 7.03 comment e and the two cited cases should apply to any claim in this case, and if so, how those legal principles should apply. The Plaintiffs shall file a single, joint supplemental memorandum of law. Each side's supplemental memorandum shall not exceed twenty pages. The Plaintiffs' and Defendant's supplemental memoranda shall be due simultaneously on February 28, 2017.

**Enter: February 9, 2017**

                                   /s Sue E. Myerscough  
                          **UNITED STATES DISTRICT JUDGE**