E-FILED
Wednesday, 14 February, 2018  02:55:16 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD
DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and the STATES of CALIFORNIA, ILLINOIS, OHIO, and NORTH CAROLINA, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09-3073 |
| DISH NETWORK, LLC, | ) ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter came before the Court on February 13, 2018 for a status hearing for Defendant Dish Network, LLC's (Dish) Notice of Hearing Request (d/e 847) (Dish Notice) pursuant to Section I of the Amended Order for Permanent Injunction (d/e 822) (Injunction Order).  Plaintiff United States appeared by Assistant U.S. Attorneys Lisa Hsiao and Patrick Runkle; Plaintiff State of California appeared by Assistant Attorney General Jinsook Ohta; Plaintiff State of Illinois appeared by Assistant Attorneys General Paul A. Isaac and Elizabeth Blackston; Plaintiff State of Ohio appeared by Assistant

Attorneys General Jeffrey Loeser and Erin Leahy; and Plaintiff State of North Carolina appeared by Assistant Attorney General Teresa Townsend. Federal Trade Commission Attorneys Russell Deitch and Gary Ivens also appeared. Defendants appeared by their attorneys Elyse Echtman, John Ewald, and Lauri Mazzuchetti. Dish in-house attorneys Lawrence Katzin and Brett Kitei also appeared at the hearing.[1]

Section I of the Injunction Order directed Dish to prove the Demonstration Requirements to the Plaintiffs to the Plaintiffs' satisfaction within 120 days of the Effective Date of the Injunction Order, or October 3, 2017. Injunction Order at 12.[2] Dish provided its proof to the Plaintiffs on October 3, 2017 (October 3, 2017 Evidence). See <u>Dish Network L.L.C.'s Notice of Telemarketing Compliance Plan (d/e 829)</u>. The Injunction Order directed the Plaintiffs to notify the Court if they were not satisfied. The Plaintiffs did so Friday February 2, 2018. <u>Plaintiffs' Notice of Dish's Failure to Meet this Court's Demonstration Requirements (d/e 844)</u>

---

[1] Illinois Assistant Attorneys Isaac and Blackston and Dish attorneys Echtman and Ewald appeared in person. Assistant Attorney General Hsiao and FTC Attorneys Deitch and Ivens appeared by videoconference. All other participants appeared by telephone.
[2] "Demonstration Requirements" and "Effective Date" are defined terms in the Injunction Order.

(Plaintiffs' Notice).  The Plaintiffs' Notice included expert opinions of Dr. Erez Yoeli and Norman D'Amours.  Plaintiffs' Notice, Appendices A and B, Declarations of Norman D'Amours and Dr. Erez Yoeli.  Dish then had two business days to request a hearing.  Injunction Order, § I, at 12.  Dish did so on Tuesday February 7, 2018. Dish Notice.  The Injunction Order stated that the hearing would be held within 30 days and no discovery would be taken prior to the hearing.  Dish has the burden of proof at the hearing to prove the Demonstration Requirements to the Court.  Injunction Order, at 13.

The Court called the Status Hearing to discuss the hearing (Hearing) to be held pursuant to the Dish Notice.  The Court explained to the parties that the prohibition on discovery did not limit the evidence that Dish could produce at the Hearing to just the October 3, 2017 Evidence.  Dish may produce additional evidence to clarify or expand upon the October 3, 2017 Evidence.  The additional evidence may include rebuttal expert witnesses to respond to the opinions of Plaintiffs' experts Dr. Yoeli and D'Amours.  The Court decided at the Status Hearing to allow expert discovery prior to the Hearing, including expert discovery requests and expert depositions.  The Court further determined that the

parties would need more than 30 days to conduct expert discovery and prepare for the hearing.

The Court and the parties discussed the timing of the hearing. The Plaintiffs estimated a hearing of eight to nine hours of court time for their presentation. Dish estimated a hearing would take two weeks of court time. The Court and the parties discussed holding the hearing sometime during the second half of June and the first week of July 2018. The Court directed the parties to determine the availability of parties and witnesses during that time.

The Court ordered the following schedule:

- The parties shall report by February 16, 2018, the availability of witnesses and parties during the period beginning the week of June 17, 2018 through the first week of July 2018.

- Plaintiffs shall provide Dish with the facts and data underlying the opinions of Dr. Yoeli and D'Amours by February 22, 2018.

- Dish shall disclose to the Plaintiffs all additional witnesses and documents that Dish intends to present at the Hearing by April 16, 2018.

- Dish shall disclose rebuttal expert reports by April 16, 2018.

- Dish shall disclose the facts and data underlying the rebuttal opinions by April 26, 2018.
- The parties shall file all pre-hearing motions by May 1, 2018.
- The parties shall complete all expert discovery, including expert depositions, by May 21, 2018.
- The parties shall file simultaneous pre-Hearing briefs on June 1, 2018.
- The parties shall file simultaneous post-Hearing briefs two weeks after the completion of the Hearing.

Upon review of the parties' reports on availability of witnesses and parties, the Court shall set the Hearing.

ENTER: February 14, 2018

*s/ Sue E. Myerscough*
UNITED STATES DISTRICT JUDGE